**UNITED STATES DISTRICT COURT**
*EASTERN DISTRICT OF PENNSYLVANIA*
*3810 United States Courthouse*
*Sixth and Market Streets*
*Philadelphia, Pennsylvania 19106-1741*
*Email:  Chambers_of_Judge_Michael_Baylson@paed.uscourts.gov*

*Chambers of*                                                                              *Telephone:  (267) 299-7520*
*Michael M. Baylson*                                                         *Fax:  (267) 299-5078*
*United States District Judge*

gary.samms@obermayer.com            mhaverstick@kleinbard.com
richard.limburg@obermayer.com        szimmer@kleinbard.com
ebutkovitz@kleinbard.com               svance@kleinbard.com
jvoss@kleinbard.com

April 10, 2023

**<u>Re: Greenwood Gaming v. POM of Pennsylvania LLC (22-4434)</u>**

Dear Counsel,

Please be prepared to answer the following questions at the oral argument on Wednesday, April 12, 2023, at 11:00 a.m., and do not file anything prior to this argument:

1. Are there any pending cases regarding the legality of Defendants' "skill games" pending before the Pennsylvania Supreme Court, Superior Court, or Commonwealth Court? If yes, please provide details.

2. If yes, are there any of the issues in those cases present in this case?

3. Would any potential preclusion of those issues be limited to POM's devices?  Or would it apply to Miele Manufacturing or Pace-O-Matic's products as well?

4. Is the appropriate course of action for this Court to put this case in suspense? Why?

5. If the Court denies the motion and allows it to proceed to discovery, would discovery in this case duplicate the discovery from any other case?

6. Under Sandoz, does the decision on the pending Motion to Dismiss depend on whether the relevant legal principle is a statute, administrative regulation, or court precedent?

7. Are there cases applying Sandoz where the relevant legal principle is a state statute, not an administrative regulation?

8. Is the legal standard governing the proximate cause analysis for the RICO claim the same as that governing the Lanham Act claim?

9. Does Miele Manufacturing's Amusements division operate any locations that has skill machines and thereby actually or potentially compete directly with Parx Casinos?

10. Are there "relatively unique circumstances" (Lexmark, 572 U.S. at 140) that would allow or require the Court to find that proximate cause exists under the Lanham Act, even if the Court find that Plaintiff and Defendants are not direct competitors?

11. If Parx wanted to, would it be able to buy skill machines from a manufacturer such as Defendants and host the machines at its casinos?

12. Are Plaintiff's allegations related to tax fraud reliant on alleged violations of the Pennsylvania Gaming Statute?

13. What specific allegations does Plaintiff make that Defendants conducted their allegedly illegal enterprise with the specific intent to harm Plaintiff's business relations?

    Sincerely yours.

    /s/ Michael M. Baylson

    Michael M. Baylson
    United States District Court Judge