

**Gary M. Samms**
Direct Dial: 215-665-3054
gary.samms@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
P: 215.665.3000
F: 215.665.3165

April 20, 2023

<u>*Via Email:*</u> *Chambers_of_Judge_Michael_Baylson@paed.uscourts.gov*

Hon. Michael M Baylson
3810 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

> RE: Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc., Case No. 2:22-cv-04434-MMB (E.D.Pa.)

Dear Judge Baylson:

During the oral argument in this matter on April 12, 2023, you spoke of an alternative to simply granting or denying the defendants' motion to dismiss Greenwood's amended complaint, namely denying the motions to dismiss without prejudice, requiring an answer, and allowing written discovery (only) to proceed. You pointed out that such discovery would allow each side to evaluate the strength of its case and would have the advantage of definitively preserving the documentary record.

After consultation with our client, we have no objection to this approach.

We would like to make two brief points concerning the letter and the Order of the York County Court of Common Pleas that Mr. Voss sent to you on Monday, April 17, 2023 (ECF 33).  First, as is clear from the Order, it was based on the Commonwealth's lack of preparedness and inability to go forward with its case on the day of hearing.  It was not based on any evidence presented by the claimants or any legal arguments of counsel.

4887-4596-4382 v1

Second, the Order has no bearing on Greenwood's allegation that the defendants' games are used for actual gambling (regardless of whether they are per se gambling devices).  It also has no bearing on Greenwood's argument that the games are prohibited by 18 Pa.C.S. §5513 as a matter of law when §5513 is read with the Gaming Act's definition of slot machines, as required by Pennsylvania's law on statutory construction, 1 Pa.C.S. §1932.

No Pennsylvania court has addressed the actual gambling (versus *per se* gambling device) argument and none has addressed whether §5513 must be construed together with the definition of slot machines in the Gaming Act because they are <u>in pari materia</u>.  Greenwood attempted to intervene to make the latter argument in POM of Pennsylvania, LLC vs Pennsylvania Dept of Revenue and City of Philadelphia, 418 M.D. 2018 (Comms. Court), but Greenwood's petition to intervene was never granted.  That case has generated multiple appeals to the Pennsylvania Supreme Court.  Mr. Voss provided you with a copy of Greenwood's Jurisdictional Statement in support of its appeal, but did not provide his own client's Answer seeking to quash Greenwood's appeal and contending Greenwood has no standing in that matter.  Any suggestion by POM that the issue should be decided by the Pennsylvania Supreme Court is contrary to the position they have taken in their Answer to Greenwood's jurisdictional statement and should be estopped.

Respectfully submitted,

GARY M. SAMMS

GMS/bb
cc:   Matthew H. Haverstick, Esq. (via email) (mhaverstick@kleinbard.com)
      Marc F. Lovecchio, Esq. (via email) (mlovecchio@mcclaw.com)