**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREENWOOD GAMING & ENTERTAINMENT, INC.** <br> *Plaintiff,* <br><br> v. <br><br> **POM OF PENNSYLVANIA, LLC et al.,** <br> *Defendants.* | **CIVIL ACTION** <br><br> **NO. 22-4434** |

**MEMORANDUM**

Plaintiff does business as Parx Casino ("Parx") – a casino operator in the Commonwealth

of Pennsylvania.  Defendants are manufacturers and sellers of "Pennsylvania Skill games."  The

complaint alleges that the skill games manufactured and distributed by Defendants are illegal

under Section 5513 of the Pennsylvania Crimes Code, and that Defendants are liable to Plaintiff

for damages.

Based on the alleged skill games "criminal enterprise", the complaint asserts four counts:

1) <u>RICO</u> under 18 U.S.C. § 1961(3) predicated on:

    a. Violations of Section 5513 of the Pennsylvania Crimes Code (operating or

       manufacturing illegal slot machines) – which also implicates 18 U.S.C. § 1955

       (violation of state gambling laws);[1]

    b. False Advertising; and

    c. Wire and Mail Fraud.

---

[1]     This statute makes violation of state gambling laws a federal crime if it meets certain scale requirements (at least 5 persons, at least $2,000 in daily revenue, and at least 30 days of continuous operation of the business).  Concisely, the cause of action requires proving Defendants' violation of state laws.

2) <u>False Advertising</u> under the Lanham Act under 15 U.S.C. § 1125(a)(1) based on false representations that it operates games that are 1) legal and 2) predominantly based on skill.

3) <u>Common Law Unfair Competition</u> under Pennsylvania law.

4) <u>Tortious Interference with Business Relations</u> under Pennsylvania law.

## I.   ALLEGED FACTS

Parx alleges it operates casinos in Pennsylvania, and that one component of its casino business is the operation of gambling slot machines.  The operation of gambling slot machines is subject to the requirements of the Pennsylvania Gaming Act – which imposes both licensing and location requirements. Parx is licensed to place and operate approved slot machines at approved locations.

Defendant Pace-O-Matic, Inc. ("Pace-O-Matic") is a Wyoming corporation which designs and licenses software and game components of "Pennsylvania Skill" games – machines that have a strong physical resemblance to slot machines but allegedly have a skill-based element. Plaintiff alleges Defendant POM of Pennsylvania ("POM") is a Wyoming-based affiliate of Pace-O-Matic that works with Pace-O-Matic and Co-Defendant Miele Manufacturing to market, sell, maintain, and collect net revenue generated from Pennsylvania Skill machines.  Defendant Miele Manufacturing, Inc. ("Miele") is a Pennsylvania corporation which manufactures machines for Pace-O-Matic according to its specifications.

Collectively, these Defendants manufacture, sell, advertise, and distribute "Pennsylvania Skill" machines.  Plaintiff alleges that under Pennsylvania law, these "skill machines" are subject to the Pennsylvania Gaming Statute.  Accordingly, unlike typical slot machines, they are sold to

locations such as convenience stores and bars, instead of casinos.  There are allegedly over

80,000 skill game machines in the state of Pennsylvania.

Plaintiff alleges that since these machines are illegal under Pennsylvania's Crimes Code,

Defendants have operated an illegal enterprise that harms Plaintiff by reducing Plaintiff's profits

and market share because consumers use the skill machines instead of Plaintiff's slot machines.

## II.    PROCEDURAL HISTORY

Plaintiff filed the initial complaint in the Court of Common Pleas in Philadelphia County on

October 7, 2022.  See ECF 1.  Defendants noticed removal to this Court on November 4, 2022.

ECF 1.  Pace-O-Matic and POM filed a joint Motion to Dismiss on November 11, 2022.  ECF 7.

Miele filed a brief in support of the joint Motion to Dismiss on November 14, 2022.  ECF 12.

Plaintiff filed an Amended Complaint on November 21, 2022.  ECF 13.  Defendants filed

renewed Motions to Dismiss (identical in substance) on January 3, 2023.  ECF 18 & 19.  Plaintiff

filed a response on February 1, 2023.  ECF 22.  Pace-O-Matic and POM filed a reply brief on

February 17, 2023.  ECF 25.  Miele joined the reply brief in full.  ECF 26.  Oral Argument was

held on April 12, 2023.

## III.   SUMMARY OF ARGUMENTS

The legality of the skill machines has been extensively litigated in Pennsylvania state courts[2]

and is currently before the Pennsylvania Supreme Court.  See Jurisdictional Statement, POM of

---

[2]     See POM of Pennsylvania, LLC v. Dep't of Revenue, 221 A.3d 717 (Pa. Commw. Ct. 2019).  There, the Commonwealth Court of Pennsylvania held that the Gaming Act, which regulates legal gambling in Pennsylvania, does not regulate Defendants' skill game machines. Id. at 730.  Instead, the proper statute regulating unlicensed machines in unlicensed locations is Section 5513 of the Pennsylvania Crimes Code – a criminal statute.  Id. at 736.  The court did not decide whether POM's skill games are illegal gambling devices under the Crimes Code, as "both parties appear to acknowledge discovery is required in order to resolve."  Id. at 737, n19.

<u>Pa v. Dept of Rev, Apl of: Greenwood</u>, et al, Dkt. No. 12 EAP 2023 (Pa. Mar. 20, 2023).

Defendants' Motion to Dismiss, however, primarily focuses on other issues.[3]  Specifically,

Defendants assert the following:

A) <u>Improper Enforcement without Private Cause of Action</u>: each count is an improper attempt to enforce a statute which does not provide for private cause of action privately.

B) <u>Lack of Proximate Cause</u>: each count lacks proximate causation because the theory of harm is too speculative.

C) <u>Inapplicability of the Pennsylvania Gaming Act</u>: to the extent the complaint is based on this statute, a recent case from the Commonwealth Court of Pennsylvania (<u>See POM of Pennsylvania, LLC v. Dep't of Revenue</u>, 221 A.3d 717 (Pa. Commw. Ct. 2019)) suggests all claims should be dismissed as the statute is inapplicable here.

D) <u>Particularity of Fraud Claims</u>: Wire and Mail Fraud are listed among the predicate offenses for the RICO charge but are not pled with the requisite specificity to survive a Rule 12 motion.

**A.  Improper Enforcement of Law Which Does Not Allow a Private Cause of Action**

Defendants argue that the complaint is an attempt to enforce a regulatory scheme that does

not offer private plaintiffs Plaintiff a cause of action.  They assert that under existing case law,

courts in this district have held that none of the cause of actions cited here – RICO, Lanham Act,

Common Law Unfair Competition, and Tortious Interference with Business Relations - can be

---

[3]     That is not to say that Defendants concede illegality or do not contest the issue at all. Mot. at 2 ("Parx's Amended Complaint also is built upon the legally erroneous assumption that the Miele skill games are subject to the Pennsylvania Race Horse Development and Gaming Act. . .. They are not"); Reply at 2 ("two different Courts of Common Pleas, after full hearings, have held the POM games **do not** violate the Crimes Code") (emphasis in original).

used to enforce state laws or regulations that do not otherwise provide for private causes of action.

In response, Plaintiffs argue that RICO expressly provides such a right of action for plaintiffs harmed by racketeering activity and that, unlike in the case law Defendants cite, the alleged crimes fit under the definition of racketeering activity in 18 U.S.C. § 1961(1). The Lanham Act has expressly created a private right of action. Moreover, Plaintiff argues that the case law Defendants cite is distinguishable because it involves interpretation of regulations, which is allocated to administrative agencies. Here, the legal principle at issue is a statute, which is for courts to interpret.

## B.  Lack of Proximate Causation

Defendants argue that Plaintiff's theory of harm for the RICO count fails to state a claim with the requisite proximate causation because the relation between the injury asserted and the conduct alleged is too remote and speculative. Specifically, they argue that:

- There is no way to demonstrate that Parx lost even a single customer because of Defendants' conduct.

- Any number of other factors could have resulted in the alleged injuries.

Plaintiff argues that the standard for proximate causation is that the injury must be the "natural and foreseeable result of Defendants' conduct." Plaintiff asserts that diversion of business from Plaintiff's slot machines was a natural, foreseeable, and intended consequence of Defendants' business, which caused it harm, directly and specifically. Plaintiff argues that it has presented a straight-forward theory of harm: the existence of these "illegal" machines outside of casinos adversely impact Plaintiff's slot machine business in the casinos. Plaintiff also argues

that it is a direct competitor of the manufacturers because Defendants "oversee and manage an enterprise that not only manufactures and distributes illegal slot machines, but also places, operates, maintains, and advertises those machines – all of which put the Illegal Slots Enterprise in direct competition with lawful slots operators like Parx Casino."  Resp. at 23.

Both sides cite U.S. Supreme Court and Third Circuit precedents on proximate cause that favor their positions.

Beyond the RICO claim, Defendants' arguments regarding proximate cause for each other count are very similar with slight tweaks to fit the relevant case law:

- *Lanham Act*: "relatively unique circumstances" are required for proximate cause to exist in a Lanham Act case between indirect competitors.  No such circumstances exist here, and Plaintiff is not a direct competitor.  Plaintiff contends that they are a direct competitor, but does not address whether relatively unique circumstances would exist.

- *Common law unfair competition claim*:  Federal precedents have held that common law claims for unfair competition under Pennsylvania law are functionally equivalent to a Lanham Act claim for deceptive marketing

- *Tortious Interference with Business Relations*:  Defendants' arguments here essentially mirror their arguments on RICO regarding the lack of direct, non-speculative, causal harm.  Plaintiff's responses largely mirror its responses for RICO.

### C.  The Pennsylvania Gaming Act

Defendants argue that to the extent that the complaint is based on violations of the Pennsylvania Gaming Act, it is precluded by the Commonwealth Court of Pennsylvania case.

See POM of Pennsylvania, LLC v. Dep't of Revenue, 221 A.3d at 730.  Defendants ask the Court to dismiss those parts of the complaint as a matter of law.

Plaintiff calls this argument a red herring, contending that the complaint is not about the Gaming Act, but instead alleges that Defendants violate the Pennsylvania Crimes Code and the federal statutes cited in the Amended Complaint.  Defendants' reply simply reiterates the previous position: there are 28 references to the Gaming Act in the Amended Complaint and to the extent it is based on the Gaming Act, it should be dismissed.

**D.  Particularity of Fraud Claims**

Defendants argue that Parx has failed to meet Rule 9(b)'s standard of particularity in alleging fraud.  Specifically, Defendants assert that the allegations are general and do nothing more than reference publication of allegedly false statements on the websites, filing of unidentified tax returns through US mails or whiles, and unspecified calls, wires, and communications.

Plaintiff argues that the heightened standard of Rule 9(b) is a notice standard and that (as this Court has noted previously),[4] the standard should be relaxed when applied to allegations of corporate fraud where plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs.  Plaintiff asserts its claims are concrete enough to survive a Rule 12 motion, even if discovery will be needed to add specificity.

---

[4]      See Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc., No. CV 13-2930, 2016 WL 1642414 (E.D. Pa. Apr. 26, 2016) (Baylson, J.).

IV.   **LEGAL STANDARD**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual

allegations as true and views them in a light most favorable to the plaintiff.  Doe v. Univ. of the

Scis., 961 F.3d 203, 208 (3d Cir. 2020).  To survive this motion, a plaintiff must include

sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on

its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it

suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements

of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662,

678-79 (2009) (citing Twombly, 550 U.S. at 555).  To survive the motion, a plaintiff must "plead

'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to

draw the reasonable inference that the defendant is liable for misconduct alleged.'"  Warren Gen.

Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578

F.3d 203, 210 (3d Cir.2009)).

V.   **CONCLUSION**

While the motion touches on a range of issues, the underlying foundational legal question is

whether these skill machines are legal under Pennsylvania law.  If the machines are not illegal,

most, if not all, of Plaintiff's claims would likely fail.  The legality of the skill machines is

presently before the Pennsylvania Supreme Court.  See Jurisdictional Statement, POM of Pa v.

Dept of Rev, Apl of: Greenwood, et al, Dkt. No. 12 EAP 2023 (Pa. Mar. 20, 2023).  At the oral

argument, the Court noted the alternatives that were presented.  It is unclear how long that case

will take to resolve.  Yet this question is fundamental to the viability of the present case.

If the Court dismissed the Amended Complaint with prejudice, it would allow Plaintiff to

take an immediate appeal to the Third Circuit, which would preclude any discovery that may be

relevant in the event that the Pennsylvania Supreme Court handed down a decision which gave Plaintiff some right to proceed, on its Amended Complaint, which of course could be amended further, if necessary.  On the other hand, the Motion to Dismiss could be denied and full discovery proceed, which of course would be very expensive for the parties and may prove improper if rulings are handed down by the Pennsylvania Supreme Court, adverse to Plaintiff.

The Court has decided to adopt a "middle" position as mentioned at the oral argument, as set forth in the attached Order.

An appropriate order follows.