**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENWOOD GAMING            :
ENTERTAINMENT, INC.,            :
           Plaintiff,            :       CIVIL ACTION
           :
           :
       v.            :
           :
SKILL OF PENNSYLVANIA, LLC     :
PACE-O-MATICE, INC. AND       :       NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.      :
           Defendants.       :

**ANSWER AND AFFIRMATIVE DEFENSES OF MIELE MANUFACTURING, INC.
TO PLAINTIFF'S AMENDED COMPLAINT**

AND NOW, comes Defendant Miele Manufacturing, Inc. ("Miele"), by and through its

attorney, Marc F. Lovecchio, Esquire, and pursuant to the Federal Rules of Civil Procedure as

well as the Order of Court dated May 5, 2023, files this Answer and Affirmative Defenses to

Plaintiff's Amended Complaint as follows:

**NATURE OF THE CASE**

1.       Denied. Miele specifically denies that it manufactures, sells, and distributes

illegal slot machines and that it operates a criminal racketeering enterprise. To the contrary,

Miele manufactures and distributes a legal, electronic game of skill (the Skill Game). Multiple

Pennsylvania courts have found that the Skill Game is not an illegal gambling device. *See*

*Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling*

*Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three*

*Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P.

Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order

(C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No.

965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).[1] Further, the Commonwealth Court has held that the Skill Game is not subject to the Gaming Act. *POM of Pennsylvania, LLC v. Com. of Pa. Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019), *appeals filed*, Nos. 10-12 EAP 2023 (Pa.). No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

2.    Admitted in part, denied in part. Miele admits that the General Assembly passed the Gaming Act in 2004. The remainder of the averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

3.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

**PARTIES**

4.    Admitted.

5.    This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

---

[1] The Dauphin County and Monroe County decisions are presently on appeal before the Pennsylvania Superior Court, docket numbers 606 MDA 2023 and 840 EDA 2023, respectively.

6.    Admitted.

7.    Admitted in part, denied in part. It is admitted that Pace-O-Matic designs and licenses software and game fills for the Skill Game. The balance of this paragraph is denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

8.    Admitted.

9.    Admitted. By way of further answer, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

10.   Admitted.

11.   Admitted in part, denied in part. Miele admits that it sells the Skill Game. It is specifically denied that the Skill Game is an illegal slot machine and that Miele collects "gaming revenue" from the Skill Game. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

12.   Admitted.

13.   Admitted. By way of further answer, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

14.    Admitted in part and denied in part. Miele is a Pennsylvania corporation. Miele's principal place of business is 66 mall Parkway, Muncy, PA 17756.

15.    Admitted in part and denied in part.  Miele manufactures electronic machines. The remaining allegations in this paragraph are denied. It is specifically denied that Miele manufactures, sells, and distributes illegal slot machines. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

16.    Denied. By way of further answer, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

17.    Denied.  Miele Amusement is a trade name and not a "division."  It does not operate any Skill Games.  By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

**JURISDICTION AND VENUE**

18.    Admitted.

19.    Admitted.

**FACTS**

20.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

4

21.    Admitted in part, denied in part. Miele specifically denies that the Skill Game is an illegal slot machine. Miele admits that POM of Pennsylvania, LLC ("POM") is responsible for licensing, software, game fills and trademarks for the Skills Game. By way of further response, Miele incorporates its answer to paragraph 1.  No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

22.    Denied.  Miele manufactures amusement games. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

23.    Admitted.

24.    Admitted in part and denied in part. Miele loads POM software and game fills into a cabinet. Denied that the cabinet is a slot machine or illegal. Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

25.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

26.    Denied. Miele specifically denies that the website www.PennsylvaniaSkills.com is its website. Miele further specifically denies any characterization of the Skill Game that appears on the unaffiliated website www.PennsylvaniaSkills.com. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill

5

Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

27.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

28.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

29.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

30.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

31.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

32.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

33.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

34.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

35.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, the manner in which Plaintiff has defined "Operators" incorporates an assumption that such entities are engaged in unlawful gambling, and as such, the inference of that term, when used here, and elsewhere in the Amended Complaint, is expressly denied.

36.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

37.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, the manner in which Plaintiff has defined "Location Businesses" incorporates an assumption that such entities are engaged in unlawful gambling, and as such, the inference of that term, when used here, and elsewhere in the Amended Complaint, is expressly denied.

38.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

39.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

40.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

41.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

42.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

43.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

44.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

45.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

46.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

47.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

48.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

49.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

50.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

51.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

52.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

53.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

54.     Admitted. By way of further answer, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

55.     Denied. See the responses to paragraphs 35 and 37 regarding use of the term "Operators" and "Location Businesses." By way of further answer, because the Skill Game is a

9

legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

56. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

57. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

58. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

59. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

60. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele specifically denies that the phrase "slot machine" in the Gaming Act means the same thing as the phrase "slot machine" in the Crimes Code.

61. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

62.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

63.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

64.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

65.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

66.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

67.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

11

68.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

69.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

70.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

71.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

72.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

73.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

74.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

75.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

76.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

77.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

78.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

79.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

80.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

81.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

82.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

83.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

84.     Admitted.

85.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

86.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

87.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

88.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

89.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

90.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

91.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

92.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

93.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

94.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

95.     Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

96.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

97.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

98.     Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.  By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

99.     Denied.  By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

100. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

101. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

102. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

103. Denied. After reasonable investigation, Miele are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

104. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

105. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

106. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine,

17

it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019),

107. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

108. Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

109. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

110. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

18

111.    Denied. After reasonable investigation, Miele are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

112.    Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

113.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

114.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

115.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

116.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

117.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

118.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

119.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

120.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

121.    Admitted in part, denied in part. Miele admits the POM website is correctly quoted. The balance of this paragraph is denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

122.    Admitted in part and denied in part. Miele has a website that contains some or part of the quoted language. The website also contains further information regarding its Skill Games. Admitted that the Skill Games are legal and do not constitute gambling devices.

123.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

124.   Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

125.   Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

126.   Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

127.   Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

128.   Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

129.   Admitted in part, denied in part. Miele admits that Pace-O-Matic develops software as described. The balance of the allegations in this paragraph are denied. By way of further response, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

130.   Denied as stated.

131.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

132.    Denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

## COUNT I

133.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. Miele incorporates by reference its responses and answers to paragraphs 1 – 132 of the Amended Complaint as fully as if said responses and answers were restated at length herein.

134.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

135.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law

22

136.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

137.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

138.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

139.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

140.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

141.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

142.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

143.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

144.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

145.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

146.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

147.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

148.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

149.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

150.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

151.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

152.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

153.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

154.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

155.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

156.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

157.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

158.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

159.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, Miele demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

JURY TRIAL DEMANDED

## COUNT II

160.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. Miele incorporates by reference its responses and answers to paragraphs 1 – 159 of the Amended Complaint as fully as if said responses and answers were restated at length herein.

161.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

162.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

163.    Denied as stated. Admitted that the website states as quoted. The website, as stated in this paragraph, belongs to Pace-O-Matic.

164.    Denied as stated.  See as well, Miele's answer to paragraph 122 of the Amended Complaint.

165.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

166.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed

factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

167.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

168.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

169.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

170.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed

30

factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

171.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

172.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

173.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

174.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed

factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

175.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

176.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

177.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

178.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed

factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

179.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, Miele demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

JURY TRIAL DEMANDED

**COUNT III**

180.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. Miele incorporates by reference its responses and answers to paragraphs 1 – 179 of the Amended Complaint as fully as if said responses and answers were restated at length herein.

181.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling

device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

182.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

183.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

184.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

185.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling

34

device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

186.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

187.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in  *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

188.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

189.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

190.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the Skill Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

191.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

192.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to

paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

193.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

194.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

195.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

196.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to

paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

197.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

198.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, Miele demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

JURY TRIAL DEMANDED

**COUNT IV**

199.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. Miele incorporates by reference its responses and answers to paragraphs 1 – 198 of the Amended Complaint as fully as if said responses and answers were restated at length herein.

38

200. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

201. Denied. After reasonable investigation, Miele is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, it denies them and demands strict proof thereof at the time of trial.

202. Denied.

203. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

204. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

205. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling

device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

206. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

207. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

208. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

209. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, Miele incorporates its answer to paragraph 1. No court in Pennsylvania has held that the Skill Game is an illegal gambling

device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, Miele demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

JURY TRIAL DEMANDED

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the statute of limitations.

3.      Plaintiff's claims are barred by the laches doctrine.

4.      Plaintiff's claims are barred by res judicata.

5.      At no time whatsoever did Miele engage in long-term, organized conduct to violate state or federal laws.

6.      Plaintiff's civil RICO claim is nothing more than a traditional and ordinary business dispute.

7.      Plaintiff cannot demonstrate that its business was injured as a result of a RICO violation, which is denied by Miele.

8.      Plaintiff has no concrete financial loss directly flowing from Miele's purported violation of RICO.

9.      At no time, whatsoever, did Miele commit any qualifying criminal action.

10.     Plaintiff cannot establish any pattern of racketeering activity by Miele.

11.     Plaintiff cannot establish that Defendants are a distinct enterprise.

41

12.    At no time whatsoever did Miele make any false or misleading statements regarding the Skill Games or their legality.

13.    At no time did Miele engage in any conduct that materially or at all deceived or tended to deceive consumers or likely mislead consumers.

14.    Plaintiff cannot establish that, because of Miele's alleged conduct, there is a likelihood of harm to Plaintiff.

15.    Plaintiff cannot establish an actual diversion of sales or if so, a causal connection between such and Miele's alleged conduct.

16.    Plaintiff is not a competitor of Miele.

17.    None of Miele's conduct, as alleged by Plaintiff, reasonably influenced customer decision making.

18.    All of Miele's alleged conduct was substantiated.

19.    Miele's advertising did not convey untruthful facts.

20.    To the extent non-factual statements were made by Miele, which are denied, they are not actionable

21.    As to any claims that Miele made marketing statements, said statements were not deceptive and no consumer would rely on any alleged exaggerated statements, which exaggerated statements are denied.

22.    Plaintiff has failed to exhaust its administrative remedies.

23.    At all times relevant hereto, Miele has fully complied with all applicable federal and state laws.

24.    At all times relevant hereto, Miele's conduct was an essential part of its business operations and justified under the business justification theory.

42

25.     As to the Plaintiff's tortious interference claim, Miele raises the defenses of fair competition, truth, justification, privilege, lack of causation, lack of underlying wrongful act and lack of damages.

26.     Miele reserve their rights to assert additional defenses and counterclaims upon future investigation and discovery and upon further delineation of Plaintiff's specific claims in this action.

WHEREFORE, Miele demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

JURY TRIAL DEMANDED

Respectfully submitted,

**McCORMICK LAW FIRM**

By_____
                Marc F. Lovecchio
                ID No. 41244
                Attorney for Defendant
                Miele Manufacturing, Inc.
                835 West Fourth Street
                Williamsport, PA 17701
                Phone: (570) 326-5131
                Fax: (570) 326-5529
                Email:  mlovecchio@mcclaw.com

43

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING         :
ENTERTAINMENT, INC.,          :
            Plaintiff,      :     CIVIL ACTION
                         :
                         :
        v.                    :
                         :
POM OF PENNSYLVANIA, LLC     :
PACE-O-MATICE, INC. AND       :     NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.    :
            Defendants.    :

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                               **McCORMICK LAW FIRM**

By _____
           Marc F. Lovecchio
           ID No. 41244
           Attorney for Defendant
           Miele Manufacturing, Inc.
           835 West Fourth Street
           Williamsport, PA 17701
           Phone: (570) 326-5131
           Fax: (570) 326-5529
           Email:  mlovecchio@mcclaw.com

44

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING         :
ENTERTAINMENT, INC.,        :
            Plaintiff,     :     CIVIL ACTION
                                  :
                                  :
            v.                 :
                                  :
POM OF PENNSYLVANIA, LLC    :
PACE-O-MATICE, INC. AND      :     NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.    :
            Defendants.    :

### CERTIFICATE OF SERVICE

I, Marc F. Lovecchio, hereby certify that a true and correct copy of the

forgoing ***Answer of Miele Manufacturing, Inc. to Plaintiff's Amended***

***Complaint*** was served upon the following, this 9th day of May 2023, as follows:

**Via E-filing**
Gary Samms, Esquire
Richard Limburg, Esquire
Attorneys for Plaintiffs
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
*Attorneys for Plaintiffs*


Edward T. Butkovitz, Esquire
Matthew H. Haverstick, Esquire
Joshua Voss, Esquire
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor
|Philadelphia, PA 19103
*Attorneys for Defendants POM of Pennsylvnia, LLC and Pace-O-Matic, Inc.*

45

**McCORMICK LAW FIRM**

By _____

Marc F. Lovecchio
ID No. 41244
Attorney for Defendant
Miele Manufacturing, Inc.
835 West Fourth Street
Williamsport, PA 17701
Phone: (570) 326-5131
Fax: (570) 326-5529
Email:  mlovecchio@mcclaw.com