**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : | No. 2:22-CV-04434-MMB |
|  | : |  |
| *Plaintiff,* | : |  |
| v. | : |  |
|  | : |  |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : |  |
|  | : |  |
| *Defendants.* | : |  |

## POM OF PENNSYLVANIA, LLC'S AND PACE-O-MATIC, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants POM of Pennsylvania, LLC (POM) and Pace-O-Matic, Inc. (together, the POM Defendants), by and through their undersigned counsel, hereby respond to the Amended Complaint of Plaintiff Greenwood Gaming & Entertainment, Inc. (hereafter, Parx) as follows:

### NATURE OF THE CASE

1. Denied. POM Defendants specifically deny that they manufacture, sell, and distribute illegal slot machines and that they operate a criminal racketeering enterprise. To the contrary, the POM Defendants manufacture and distribute a legal, electronic game of skill (the "POM Game"). Multiple Pennsylvania courts have found that the POM Game is not an illegal gambling device. *See Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No, CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin

Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).[1] Further, the Commonwealth Court has held the POM Game is not subject to the Gaming Act. *POM of Pennsylvania, LLC v. Com. of Pa. Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019), *appeals filed*, Nos. 10-12 EAP 2023 (Pa.). No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

2.    Admitted in part, denied in part. POM Defendants admit that the General Assembly passed the Gaming Act in 2004. The remainder of the averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

3.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is

---

[1] The Dauphin County and Monroe County decisions are presently on appeal before the Pennsylvania Superior Court, docket numbers 606 MDA 2023 and 840 EDA 2023, respectively.

an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

## PARTIES

4. Admitted.

5. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

6. Admitted.

7. Admitted in part, denied in part. It is admitted that Pace-O-Matic designs and licenses software and game fills for the POM Game. The balance of this paragraph is denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

8. Admitted.

9. Admitted. By way of further answer, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

10. Admitted.

11. Admitted in part, denied in part. POM Defendants admit that they sell the POM Game. It is specifically denied that the POM Game is an illegal slot machine and that POM Defendants collect "gaming revenue" from the POM Game. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

12. Admitted.

13. Admitted. By way of further answer, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

14. The allegations in this paragraph are directed at a party other than POM Defendants and therefore no response is required.

15. The allegations in the first sentence of this paragraph are directed at a party other than the POM Defendants and therefore no response is required. The remaining allegations in this paragraph are denied. It is specifically denied that POM Defendants manufacture, sell, and distribute illegal slot machines. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device.

Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

16.     The allegations in this paragraph are directed at a party other than the POM Defendants and therefore no response is required. By way of further answer, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

17.     The allegations in this paragraph are directed at a party other than the POM Defendants and therefore no response is required. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

## JURISDICTION AND VENUE

18.     Admitted.

19.     Admitted.

## FACTS

20.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

21.     Admitted in part, denied in part. POM Defendants specifically deny that the POM Game is an illegal slot machine. POM Defendants admit that they

are responsible for licensing, software, game fills and trademarks for the POM Game. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

22.     The allegations in the first sentence of this paragraph are directed at a party other than the POM Defendants and therefore no response is required. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

23.     Admitted.

24.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

25.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

26.     Denied. POM Defendants specifically deny that the website www.PennsylvaniaSkills.com is their website. POM Defendants further specifically

deny any characterization of the POM Game that appears on the unaffiliated website www.PennsylvaniaSkills.com. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

27.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

28.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

29.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

30.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

31. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

32. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

33. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

34. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

35. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, the manner in which Plaintiff has defined "Operators" incorporates an assumption that such entities are engaged in unlawful gambling, and as such, the inference of that term, when used here, and elsewhere in the Amended Complaint, is expressly denied.

36.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

37.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, the manner in which Plaintiff has defined "Location Businesses" incorporates an assumption that such entities are engaged in unlawful gambling, and as such, the inference of that term, when used here, and elsewhere in the Amended Complaint, is expressly denied.

38.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

39.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

40.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is

an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

41.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

42.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

43.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

44.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

45.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

46.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

47.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

48.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

49.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

50.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

51.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is

an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

52.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

53.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

54.     Admitted. By way of further answer, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

55.     Denied. See the responses to paragraphs 35 and 37 regarding use of the term "Operators" and "Location Businesses." By way of further answer, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

56.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

57.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

58.     Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

59.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

60.      Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants specifically deny that the phrase "slot machine" in the Gaming Act means the same thing as the phrase "slot machine" in the Crimes Code.

61.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

62.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

63.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

64.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

65.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

66.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

67. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

68. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

69. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

70. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

71. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

72.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

73.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

74.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

75.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

76.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

77.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments

of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

78.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

79.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

80.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

81.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

82.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

83.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments

of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

84.     Admitted.

85.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

86.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

87.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

88.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

89.     Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

90. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

91. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

92. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

93. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

94. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

95. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

96. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

97. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

98. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without

support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

99.     Denied.  By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

100.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

101.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

102.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

103.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

104.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

105.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

106.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot

machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019),

107.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

108.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

109.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments

in this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

110. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

111. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

112. Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

113. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth

Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

114. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

115. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

116. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

117. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

118. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

119. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

120. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

121. Admitted in part, denied in part. POM Defendants admit the website is correctly quoted. The balance of this paragraph is denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

122. The allegations in this paragraph are directed at a party other than POM Defendants and therefore no response is required.

123. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

124. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is

an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

125. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

126. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

127. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

128. Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

129. Admitted in part, denied in part. POM Defendants admit that Pace-O-Matic develops software as described. The balance of the allegations in this paragraph are denied. By way of further response, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming

Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

130.    The allegations in this paragraph are directed at a party other than POM Defendants and therefore no response is required.

131.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

132.    Denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

## COUNT I

133.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. POM Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

134.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

135. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law

136. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

137. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

138. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

139.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

140.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

141.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

142. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

143. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

144. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

145. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

146.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

147.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

148.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

149.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

150. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

151. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

152. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

153.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

154.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

155.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

156.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

157.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

158.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

159.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, POM Defendants demand the entry of judgment in their favor dismissing with prejudice any and all claims asserted against them, together with any other relief this Court deems just and appropriate.

## COUNT II

160.     This paragraph is an introductory incorporation by reference paragraph to which no response is required. POM Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

161.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

162.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

163.     Denied as stated. Admitted that the website states as quoted. The website, as stated in this paragraph, belongs to Pace-O-Matic.

164.     The allegations in this paragraph are directed at a party other than POM Defendants and therefore no response is required.

165.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied.

166.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

167.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

168.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

169.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

170.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

171.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

172.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

173.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

174. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

175. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

176. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

177.   Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

178.   Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

179.   Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, POM Defendants demand the entry of judgment in their favor dismissing with prejudice any and all claims asserted against them, together with any other relief this Court deems just and appropriate.

## COUNT III

180.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. POM Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

181.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

182.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

183.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in

Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

184.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

185.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

186.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

187.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

188. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

189. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

190. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law. Finally, because the POM Game is a legal, electronic game of skill, and not a slot machine, it is not subject to the Gaming Act, as the Pennsylvania Commonwealth Court expressly found in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Dept. of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

191. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

192. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

193. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this

paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

194. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

195. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

196. Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

197.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

198.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, POM Defendants demand the entry of judgment in their favor dismissing with prejudice any and all claims asserted against them, together with any other relief this Court deems just and appropriate.

## COUNT IV

199.    This paragraph is an introductory incorporation by reference paragraph to which no response is required. POM Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

200.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments

of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

201.    Denied. After reasonable investigation, POM Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they deny them and demand strict proof thereof at the time of trial.

202.    Denied.

203.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

204.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

205.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further

47

response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

206.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

207.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

208.    Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

209.     Denied. The averments in this paragraph are legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, the allegations are denied. By way of further response, the POM Defendants incorporate their answer to paragraph 1. No court in Pennsylvania has held the POM Game is an illegal gambling device. Therefore, Plaintiff's entire theory of the case is without support under Pennsylvania law.

WHEREFORE, POM Defendants demand the entry of judgment in their favor dismissing with prejudice any and all claims asserted against them, together with any other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

By pleading the following defenses, as provide for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, POM Defendants do not concede they possess or assume the burden to prove any of them. POM Defendants maintain that Parx retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Amended Complaint. The assertion of any particular affirmative defense below is not an admission that Parx has or can meet its burden of proof relative to the applicability of said affirmative defense; POM Defendants deny any and all claims alleged by Parx.

1.     Parx's Amended Complaint fails to state a claim upon which relief may be granted.

2.     Parx's claims are barred by the statute of limitations.

3.     Parx's claims are barred by the doctrine of laches.

4. Parx's claims are barred by res judicata.

5. Parx's claims are barred by the doctrine of unclean hands.

6. POM Defendants reserve their rights to assert additional defenses and counterclaims upon future investigation and discovery and upon further delineation of Parx's specific claims in this action.

WHEREFORE, POM Defendants demand the entry of judgment in their favor dismissing with prejudice any and all claims asserted against them, together with any other relief this Court deems just and appropriate.

Respectfully submitted,

Dated: May 19, 2023

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Edward T. Butkovitz (No. 309565)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Eml: mhaverstick@kleinbard.com
ebutkovitz@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the POM Defendants'

Answer and Affirmative Defenses to be served via the Court's CM/ECF system on

the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*


Dated: May 19, 2023                    /s/ Matthew H. Haverstick
                                       Matthew H. Haverstick