# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:* (215) 569-5447
*Fax:* (215) 832-5447
*Email:* william.cruse@blankrome.com

July 11, 2023

**VIA E.C.F.**

Hon. Michael M. Baylson
United States District Court
Eastern District of Pennsylvania

      Re: *Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434-MMB

Dear Judge Baylson:

  We write on behalf of Plaintiff Greenwood Gaming & Entertainment, Inc. in response to the letter, dated July 6, 2023, submitted by Defendants POM of Pennsylvania, Inc. and Pace-O-Matic, Inc., alerting the Court to the Commonwealth Court of Pennsylvania's opinion issued that same day in the matter *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, Commw. Ct. Nos. 609-612 C.D. 2022. Therein, Defendants represent to the Court: "This new, statewide, binding authority . . . rejects the predicate legal theory at the heart of the Parx Amended Complaint," specifically, that Defendants' slot machines are illegal gambling devices under Section 5513(a) of the Crimes Code and the Gaming Act. This is not an accurate statement of the *Pinnacle* case or Pennsylvania state law.

  In fact, yesterday, July 10, 2023, the Commonwealth Court issued an Order in the matter *POM of Pennsylvania, LLC v. Bureau of Liquor Control Enforcement et al.*, Commw. Ct. No. 222 M.D. 2022, staying that action "pending a final appellate determination of the POM Games' legality under Section 5513 of the Pennsylvania Crimes Code, 18 Pa. C.S. § 5513." A copy of this Order and supporting Opinion are attached as Exhibit 1. In the supporting Opinion, the Commonwealth Court reviews in detail the "numerous . . . state court actions . . . which involve the status of the [POM] Games under the Crimes Code," and states that "the Superior Court presumably will render Commonwealth-wide decisions adjudicating whether the POM Games are *per se* illegal under the Crimes Code." In sum, according to the Commonwealth Court, the illegality of Defendants' slot machines has yet to be finally adjudicated by a Pennsylvania state court.

  Furthermore, *Pinnacle* involved a different game and the trial court's decision and the

Commonwealth Court's affirmation of the same were based on a fact intensive investigation under Section 5513 of the Crimes Code's gambling device *per se* analysis. Indeed, as shown in the trial court and Commonwealth Court opinions, the case was determined largely upon the testimony of regulatory and gaming experts retained by Pinnacle; the state did not provide any competing expert testimony. In short, *Pinnacle* was decided on its specific facts and the trial strategies employed by the parties to that case. It is not "statewide, binding authority" in this case or any other case involving Defendants' slot machines, as Defendants represent in their July 6, 2023 letter to the Court.

Lastly, the Commonwealth Court's Opinion in *Pinnacle* does not address a central issue in this case: the Gaming Act's enlargement of the definition of a "slot machine," which modified Section 5513 of the Crimes Code. Under Section 5513 of the Crimes Code, as modified, Defendants' slot machines are illegal. *See* ECF No. 13 (Amended Complaint) at ¶¶ 58-68 (citing 4 Pa.C.S. § 1103, 4 Pa.C.S. § 1903(a)(2), 18 Pa.C.S. § 5513).

Respectfully submitted,

William R. Cruse

cc: All parties (via ECF)