IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : | No. 2:22-cv-4434-MMB |
|  | : |  |
| *Plaintiff,* | : |  |
| v. | : |  |
|  | : |  |
| POM OF PENNSYLVANIA, LLC, | : |  |
| PACE-O-MATIC, INC., and | : |  |
| MIELE MANUFACTURING, INC., | : |  |
|  | : |  |
| *Defendants.* | : |  |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S
BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

Based on recently issued precedential authority from the Pennsylvania

Commonwealth Court, which forecloses Parx's core theory of liability, the Court

should reconsider the May 5, 2023 Order and grant the POM Defendants' Motion to

Dismiss.

## I.   PROCEDURAL HISTORY AND FACTS

### A.   Procedural History

The procedural history of this matter is at page 3 of the Court's May 5, 2023

Memorandum Opinion (Document 35). In the companion Order entered the same

day (Document 36), the Court denied the POM Defendants' Motion to Dismiss

(Document 18). *See* May 5, 2023 Order at ¶ 1.

### B.   Facts

The "foundational legal question" here is whether the POM Defendants' skill

games are "legal under Pennsylvania law." *See* Memo. Op. at 8. On July 6, 2023, the

Pennsylvania Commonwealth Court, a statewide appellate court sitting in its

appellate jurisdiction, published binding precedent on this precise legal question as it concerns a competitor's skill games. The Commonwealth Court held, in part, that the legal analysis Plaintiff Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino (hereafter, Parx) asks this Court to adopt is foreclosed.

To explain, in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, Nos. 609-12 CD 2022, ___A.3d____, 2023 WL 4359462 (Pa. Cmwlth. July 6, 2023), the Commonwealth Court was asked to review a trial court's finding that certain skill games—created by Banilla Games and owned by Pinnacle Amusements—were not illegal "slot machines" under Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513. *Id.* at *1, *3.[1] At the outset of its appellate review, the Commonwealth Court declared the Pennsylvania Race Horse Development and Gaming Act (the Gaming Act), 4 Pa.C.S. §§ 1101-1904, did not apply to a Crimes Code analysis. Indeed, the Court stated that "the instant controversy must be decided under the framework that stems from Section 5513 of the Crimes Code." *Id.* at *2 n.3 (citing, *inter alia*, *POM of Pa., LLC v. Dep't of Revenue*, 221 A.3d 717, 731 (Pa. Cmwlth. 2019)). In so stating, the Commonwealth Court approved the portion of the trial court's opinion where it "explicitly rejected" application of the Gaming Act, which the trial court rejected after the Bureau of Liquor Control Enforcement "acknowledged the inapplicability of the Gaming Act[.]" *See id.* (citing trial court opinion at 17).

---

[1] The trial court opinion affirmed by the Commonwealth Court is on the docket in this case at Document 44, Exbibit B (page 18 of 44).

From this gating legal principle on the inapplicability of the Gaming Act, the Commonwealth Court then proceeded to analyze whether the allegedly unlawful "slot machines" were legal games of skill under the Crimes Code. *See id.* at \*2-\*6. The Court did so under an established three-part test under Section 5513, which involves an analysis of the elements of consideration, chance, and reward. *See id.* at \*3. After setting forth the test and reviewing the factual record against the same, the Commonwealth Court sided with the trial court's finding that the skill games at issue were not illegal gambling devices under the Crimes Code and affirmed the order compelling their return to the owner. *See id.* at \*6.[2] [3]

---

[2] In so doing, the Commonwealth Court aligned with the *multiple* trial courts that have likewise ordered the return of the POM Defendants' skill game. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023), *appeal pending* 707 CD 2023 (Pa. Cmwlth.); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, slip op. (C.P. Monroe May 19, 2023), *appeal pending* 840 EDA 2023 (Pa. Super.); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, No. M.D. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Defendants' skill game is an illegal gambling device.

Of further note, the Commonwealth appealed the decision in *In re Three Pennsylvania Skill Amusement Devices*. That appeal is presently pending in the Commonwealth Court. On July 7, 2023, the appellees filed an application to expedite briefing. On July 10, 2023, the Court ordered the Commonwealth to respond to application by July 17. If the application is granted, the appeal will be fully briefed and ready for argument perhaps as early as September 2023. Further, if the Commonwealth Court follows the same timeline as the *Pinnacle Amusement* appeal (which was argued in April 2023), a decision in *In re Three Pennsylvania Skill Amusement Devices* will be released in approximately December 2023.

[3] If the Bureau of Liquor Control Enforcement elected to pursue the *Pinnacle Amusement* appeal further, it could *not* do so as of *right*. Instead, it would have to file a petition for allowance of appeal (also known as allocatur) with the

3

The Commonwealth Court's (and trial court's) analysis that the Gaming Act did not apply to determine whether the skill games were "slot machines" stands in sharp contrast to the analysis demanded in Parx's Amended Complaint. In paragraphs 59 through 66, Parx lays out a case for "illegality" that *expressly* asks this Court—as a matter of law—to apply the Gaming Act's definition of "slot machine" to the Crimes Code.[4] In other words, Parx wants this Court to do the very

---

Pennsylvania Supreme Court within 30 days of the July 6 order. 42 Pa.C.S. § 724(a); Pa.R.A.P. 1112-1113. Further review of the appeal by the Supreme Court would be discretionary. Pa.R.A.P. 1114(a) ("review of a final order of the … Commonwealth Court is not a matter of right, but of sound judicial discretion").

[4] The Amended Complaint (Document 13), states in relevant part as follows:

59.    Section 5513(a) of the Pennsylvania Crimes Code makes it illegal to intentionally or knowingly make, assemble, set up, maintain, sell, lend or lease "any ... slot machine or any device to be used for gambling purposes" except as permitted under the Gaming Act, the State Lottery Law, Bingo Law, or the Local Option Small Games of Chance Act. 18 Pa. C.S. § 5513(a) and (e.1).

60.    Because Section 5513(a) of the Crimes Code and the Gaming Act each relate to the same things or to the same class of things, *i.e.*, slot machines or any devices to be used for gambling purposes, the Pennsylvania Rules of Construction require that they "shall be construed together, if possible, as one statute." 1 Pa.C.S. §1932; *see also* 1 Pa.C.S. §1921(c)(5); *PHD v. RRD*, 56 A.3d 702, 706 (Pa.Super. 2012); *PPL Holtwood, LLC v. Pike County Board of Assessment & Revision of Taxes*, 846 A.2d 201, 207 (Pa.Cmwlth. 2004).

61.    Section 1103 of the Gaming Act as amended defines "slot machines," "skill slot machines," and "hybrid slot machines," regardless of the extent to which skill or chance determines the outcome.

62.    Section 1103 of the Gaming Act provides that the term "**Slot Machine**" includes:

....

63.    In 2017, the Commonwealth enlarged the definition of "slot machine" to include "skill slot machine" and "hybrid slot machine." 4 Pa.C.S. §1103, "Slot Machine," (1)(a)(iii), as enacted by 2017, October 30, P.L. 419, No. 42, §3, effective immediately. In a skill slot machine, the outcomes are predominantly affected by skill. In a hybrid slot machine, the outcomes are affected by a combination of skill and chance.

64.    As far as slot machines are concerned, the Gaming Act abolished any distinction between games of skill and games of chance.

4

thing the Commonwealth Court just affirmed should not be done when analyzing the lawfulness of a skill game under Pennsylvania law.

And critically, at oral argument on the POM Defendants' Motion to Dismiss—despite threads of an alternative theory on "skill versus chance" being summarily pleaded in the Amended Complaint, *see* Amd. Compl. ¶ 67—Parx conceded its *only* theory of liability was the one just rejected by the Commonwealth Court. In fact, Parx serially took pains to highlight that its liability claim was based entirely on using the Gaming Act to define the Crimes Code. Parx identified this argument as "the issue" before this Court no less than four times:

- MR. SAMMS: It is important to note that none of those Common Pleas decisions that are being appealed currently *deal with **the issue** that's before this Court*. First of all, obviously, they're not RICO claims, obviously, but secondly, *they don't deal with the interpretation of the two statutes together, obviously, the gaming act and [5513]*.

  *See* Transcript at 11:25-12:5 (Document 42) (emphasis added).

- MR. SAMMS: So, I just wanted to -- those cases were decided on chance versus skill, *nowhere near the Crimes Code **interpretation that we're presenting** to the Court*.

  *See* Transcript at 15:6-8 (emphasis added).

- MR. SAMMS: And I apologize if I have been unclear, Your Honor. It cites 5513 for respective skill versus chance. What we're saying in our argument is that you have to read, Your Honor, according to the Pennsylvania statutes, 1932 statutes in pari materia, "statutes or

---

65. The Gaming Act repealed Section 5513 of the Crimes Code but only in so far as it is inconsistent with the Gaming Act. 4 Pa.C.S. §1903(a)(2), as enacted by 2004, July 5, P.L. 572, No. 71, §1, effective immediately. Thus, all slot machines – whether purely games of chance, games of skill or some hybrid – remain illegal in Pennsylvania except as specifically allowed and regulated by the Gaming Act.

66. The Illegal Slot Machines at issue here, which are not licensed under the Gaming Act, are thus illegal under the Crimes Code. 18 Pa.C.S. §5513(a)(1) and §5513(e.1)(4).

parts of statutes that are pari materia when they relate to the same persons or things or to the same class of persons of persons or things." Okay? So, here we're talking about slot machines. Okay? There is no definition of a slot machine in 5513 so you have to use the definition, read the statutes as one and it clearly says, Your Honor, in statute 1103 of 5513 that -- I'm sorry, of the Gaming Act. …. It's available to play or operate, the play or operation of which, whether by reason of skill or application of the element of chance or both. *So, what we're saying is **our issue** is, now that you read it with this definition, 5513 applies in a different way than what they've been arguing skill versus chance.*

> *See* Transcript at 24:10-25:2 (emphasis added).

- MR. SAMMS: They are still hung up on the skill versus chance issue with these midwestern and western parts of the state's seizures. *They are not presenting **the issue** that we are with respect to the reading of the statutes together that makes whether they are skill games or chance games illegal slots.* And that has never been decided by any Court of Common Pleas, Your Honor.

> *See* Transcript at 47:19-25 (emphasis added).

Finally, in a letter to this Court filed on July 11, 2023, Parx again reiterated that the "central issue in this case" is use of the Gaming Act to define the terms of the Crimes Code. *See* Parx Letter at 2 (Document 45). Parx claims the Commonwealth Court did not address this issue in *Pinnacle Amusement*, *see id.*, but Parx is incorrect. The opinion speaks for itself in discounting use of the Gaming Act in any way. *See Pinnacle Amusement*, 2023 WL 4359462 at *2 n.3. Lastly, Parx's letter suggests the legality of the POM Defendants' skill game under the Crimes Code remains unresolved, based on a recently issued, non-precedential Commonwealth Court opinion. *See* Letter at 1. But the only thing the opinion notes is that two appeals by the Commonwealth, from trial court decisions finding the

6

POM Defendants' skill game to be *lawful* under the Crimes Code,[5] are pending on appeal. *See POM of Pennsylvania, LLC v. Bureau of Liquor Control Enforcement*, No. 222 MD 2022, slip op. at 6 (Pa. Cmwlth. July 10, 2023). No court has adopted Parx's claim that the POM Defendants' skill game violates Pennsylvania law. *See supra* footnote 2.

## II.   ARGUMENT

The Court should reconsider the May 5, 2023 Order to comport with the just-issued precedent from the Commonwealth Court. Reconsideration is appropriate where, among other things, the moving party shows an intervening change in the controlling law[.]" *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Youssef v. Anvil Intern.*, No. 06-cv-4926, 2008 WL 618654, at *1 (E.D. Pa. Mar. 3, 2008) (Baylson, J.) (stating same). Reconsideration is permitted by Local Rule 7.1(e).[6]

The *Pinnacle Amusement* decision justifies reconsideration and granting the Motion to Dismiss. As the POM Defendants argued in their Brief and Reply Brief, Parx is seeking with paragraphs 59-66 of the Amended Complaint to hold the POM

---

[5] The two appeals are: (1) *In re Three Pennsylvania Skill Amusement Devices*, No. 707 CD 2023 (Pa. Cmwlth.); and (2) *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, 840 EDA 2023 (Pa. Super.). The opinion notes both appeals are pending in the Superior Court, but recently the first appeal was transferred by the Superior Court to the Commonwealth Court. *See In re Three Pennsylvania Skill Amusement Devices*, No. 606 MDA 2023, order (Pa. Super. June 12, 2023).

[6] While Local Rule 7.1(e) directs motions for reconsideration to be filed within 14 days of order at issue, meeting that deadline would have been impossible here since the *Pinnacle Amusement* decision issued more than two weeks after the May 5 Order.

Defendants liable under RICO based on a state-law theory predicated on applying the Gaming Act's definition of a "slot machine" to the Crimes Code. *See* POM Brief at 11-13 (Document 18-1), POM Reply at 5-6 (Document 25); *see also* Memo. Op. at 6-7. Parx conceded at oral argument that its sole theory of liability was this Gaming Act theory. *See supra.* Before this Court's decision on the Motion to Dismiss, the POM Defendants did not have the Commonwealth Court's definitive ruling, which issued only on July 6, 2023. That ruling, as noted above, shows that the POM Defendants are correct: Parx cannot predicate a state-law Crimes Code violation based on any Gaming Act test or analysis. *See Pinnacle Amusement*, 2023 WL 4359462, at *2 n.3.

This Court should give the Commonwealth Court's appellate decision on this state-law subject significant deference.[7] Where the Pennsylvania Supreme Court has not yet spoken on an issue—such as is the case here—federal courts applying Pennsylvania law "must attempt to predict how that tribunal would rule." *In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014). In so predicting, federal courts must "give due deference to the decisions of intermediate state courts[,]" which, although not binding, are persuasive. *See id.* "The opinions of intermediate appellate state courts are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000)

---

[7] The Commonwealth Court is one of two intermediate appellate courts in Pennsylvania. *See generally* 42 Pa.C.S. § 762 (describing appellate jurisdiction of Commonwealth Court).

(quoting *West v. AT & T Co.*, 311 U.S. 223, 237 (1940)).

Here, nothing exists showing the Pennsylvania's Supreme Court would decide the relationship between the Gaming Act and the Crimes Code differently from the Commonwealth Court. To the contrary, as noted by the Luzerne County trial court in its opinion, since at least 1983 the Pennsylvania Supreme Court has defined what constitutes an illegal gambling device under Section 5513 according to the very three-part test (consideration, chance, and reward) applied by the Commonwealth Court in *Pinnacle Amusement*. *See* Trial court op. at 16; *see also Com. v. Two Elec. Poker Game Machines*, 465 A.2d 973, 977 (Pa. 1983) (three part test); *Com. v. Twelve Video Poker Machines*, 537 A.2d 812, 813 (Pa. 1988) (same); *Com. v. Irwin*, 636 A.2d 1106, 1107 (Pa. 1993) (same). This long-established test under the Crimes Code signals that the Commonwealth Court (and the Luzerne County trial court) proceeded correctly in rejecting the Gaming Act theory.

In light of the above, the Court should grant the Motion to Dismiss. The Commonwealth Court has decided the "foundational legal question" in this case—as a matter of law—against Parx, applying unbroken Supreme Court precedent from the early 1980s. As a result, Parx has presented no viable state-law theory to make plausible any of its state or federal claims.

## III.   CONCLUSION

The Commonwealth Court rejected Parx's core theory of liability on July 6, 2023. That decision is binding statewide precedent, and it forecloses Parx's claims in this Court. In the end, what is left here is Parx's request that this Court simply

allow it to "hang on" until maybe, someday, some court, somewhere in Pennsylvania animates their moribund theory of liability. This is not enough to aver a federal claim predicated on state law or to subject the Defendants to discovery in the interim. Therefore, the POM Defendants respectfully request that the Court grant their Motion for Reconsideration and modify the May 5, 2023 Order to grant the Motion to Dismiss.

Respectfully submitted,

Dated: July 11, 2023

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Edward T. Butkovitz (No. 309565)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Phone: (215) 568-2000
Eml: mhaverstick@kleinbard.com
ebutkovitz@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the POM Defendants'

Motion for Reconsideration, and Brief in Support, to be served via the Court's

CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: July 11, 2023                    /s/ Matthew H. Haverstick