## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
RESPONSE BRIEF IN OPPOSITION TO
DEFENDANTS POM OF PENNSYLVANIA, LLC'S AND PACE-O-MATIC, INC.'S
<u>MOTION FOR RECONSIDERATION</u>**

OBERMAYER REBMANN MAXWELL
& HIPPEL LLP
Gary Samms, Esq.
Richard Limburg, Esq.
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com

BLANK ROME LLP
William R. Cruse, Esq.
Danielle C. Hudson, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff,*
*Greenwood Gaming & Entertainment, Inc.*

## I.    <u>INTRODUCTION</u>

The POM Defendants' "Motion for Reconsideration" of this Court's May 5, 2023 Order denying Defendants' Motion to Dismiss (ECF No. 36) fails the test for reconsideration. It is not a proper motion for "reconsideration." While Defendants POM of Pennsylvania, LLC and Pace-O-Matic (the "POM Defendants") present to this Court the Commonwealth Court of Pennsylvania's July 6, 2023 opinion issued in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*[1] as "an intervening change in the controlling law" which "justifies reconsideration and granting [Defendants'] Motion to Dismiss," a look inside of this opinion at its plain text shows it is not; *Pinnacle Amusement **changed nothing***.

In footnote 3 to the *Pinnacle Amusement* opinion, the Commonwealth Court merely cites to its opinion, dated November 20, 2019, in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Department of Revenue*, about which this Court has already read a great deal of briefing and heard oral argument on POM's Motion to Dismiss. ECF Nos. 18 & 19. *Pinnacle Amusement* adds nothing new to the legal debate. Indeed, in *Pinnacle Amusement* the Commonwealth Court expressly states that it is following the precedent of *Department of Revenue*;[2] it was ***not*** making "an intervening *change* in the controlling law" which "justifies

---

[1] *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, Nos. 609-612 C.D. 2022, 2023 WL 4359462 (Commw. Ct. July 6, 2023).

[2] Footnote 3 of *Pinnacle Amusement* makes clear that the Commonwealth Court is merely restating a prior ruling:

> In the proceedings below, the trial court explicitly rejected BLCE's reliance on the Pennsylvania Race Horse Development and Gaming Act, 4 Pa.C.S. §§ 1101-1904 (Gaming Act) for the proposition that the seized machines were contraband. Trial Ct. Op. at 17. ***Rather, the instant controversy must be decided under the framework that stems from Section 5513 of the Crimes Code. See Trial Ct. Op. at 17 (citing POM of Pa., LLC v. Dep't of Revenue, 221 A.3d 717, 731 (Pa. Cmwlth. 2019) ("[T]he Gaming Act does not apply to unlicensed and/or illegal slot machines."); see also POM of Pa, 221 A.3d at 736 ("[S]ection 5513 of the Crimes Code, rather than any relevant provision of the Gaming Act, remains the preeminent statute governing illegal and unlicensed slot machines in the Commonwealth.")).*** The trial court noted that, at the hearing, BLCE

reconsideration and granting [Defendants'] Motion to Dismiss," as the POM Defendants represent to this Court. In fact, the business day following the Commonwealth Court's decision in *Pinnacle Amusement*, the Commonwealth Court issued an opinion in *POM of Pennsylvania, LLC v. Bureau of Liquor Control Enforcement et al.*, where it made clear that the final determination of the illegality of the POM Defendants' slot machines has yet to be determined under Pennsylvania law. With their Motion for "Reconsideration," the POM Defendants are simply relitigating an argument for dismissal which this Court already considered and denied. For this reason alone, the Motion should be denied.

*Pinnacle Amusement* also does not address a central question in this case: whether Defendants' devices are illegal "slot machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the Crimes Code under the statutory rule of construction of *pari materia*. No court applying Pennsylvania law has issued a final decision on this question. Even though Defendants routinely portray *Department of Revenue* as reaching this question, a plain reading of that opinion – where the rule of *pari materia* and the 2017 amendment to the Gaming Act's definition of an illegal "slot machine" are not even mentioned – shows that it does not.

There is no legal basis for entertaining Defendants' Motion, much less granting it. Parx Casino respectfully requests that the Court deny Defendants' Motion.

## II.    PROCEDURAL HISTORY AND FACTS

This Court denied Defendants' Motion to Dismiss on May 5, 2023.[3] In briefing to this Court, the parties argued the meaning and scope of the Commonwealth Court's November 20,

---

acknowledged the inapplicability of the Gaming Act to the instant controversy, but later attempted to re-raise those arguments. Trial Ct. Op. at 17. Regardless, BLCE has abandoned arguments regarding the Gaming Act on appeal before this Court.

*Pinnacle Amusement*, 2023 WL 4359462, at *2 n.3 (emphasis added).

[3] ECF No. 36.

2019 decision in *Department of Revenue*.[4] On July 6, 2023, the Commonwealth Court issued an opinion in *Pinnacle Amusement*, which is a different case involving a different device constructed by a different company.[5] In *Pinnacle Amusement*, the Commonwealth Court expressly states it is following its own precedent set in *Department of Revenue*, where the Commonwealth Court decided that the Gaming Act did not repeal (expressly or impliedly) or supplant sections of the Crimes Code. *See Pinnacle Amusement*, 2023 WL 4359462, at *2 n.3. Defendants' Motion, styled as a "Motion for Reconsideration," followed on July 11, 2023.[6]

## III.   LEGAL ARGUMENT

### A.   The Legal Standard Governing a Motion for Reconsideration.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 S. Ct. 2895, 90 L.Ed.2d 982 (1986). "A court should grant a motion for reconsideration only 'if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice.'" *Youssef v. Anvil Intern.*, No. 06-4926, 2008 WL 618654, at *1 (E.D. Pa. Mar. 3, 2008) (Baylson, J.) (quoting *Drake v. Steamfitters Local Union*, No. 420, No. 97-585, 1998 WL 564486, *3 (E.D. Pa. Sept. 3, 1998)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Id.* (quoting *Continental Casualty Co. v. Diversified Industries, Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

---

[4] *See, e.g.*, ECF No. 18-1, Argument Section II(B), at 11-13; ECF No. 25 at 5-6.

[5] It is also likely to be appealed and, therefore, is not finally decided.

[6] ECF No. 46.

4

**B.**     **The POM Defendants' Motion for Reconsideration Fails Because There Has Been No Intervening Change in Controlling Law.**

The POM Defendants mistakenly represent *Pinnacle Amusement* to this Court as "an intervening change in the controlling law" which "justifies reconsideration and granting [Defendants'] Motion to Dismiss."[7] It is not.

First, in *Pinnacle Amusement*, the Commonwealth Court, in fact, says it is merely following its own precedent:

> Rather, ***the instant controversy <u>must</u> be decided under the framework*** that stems from Section 5513 of the Crimes Code. See Trial Ct. Op. at 17 (citing ***POM of Pa., LLC v. Dep't of Revenue*, 221 A.3d 717, 731 (Pa. Cmwlth. 2019)** ("[T]he Gaming Act does not apply to unlicensed and/or illegal slot machines."); *see also POM of Pa*, 221 A.3d at 736 ("[S]ection 5513 of the Crimes Code, rather than any relevant provision of the Gaming Act, remains the preeminent statute governing illegal and unlicensed slot machines in the Commonwealth.")).

*Pinnacle Amusement*, 2023 WL 4359462, at *2 n.3 (emphasis added). Because *Pinnacle Amusement* adds nothing new to the debate over the illegality of the POM Defendants' slot machines, it cannot justify reconsideration of the Court's decision to deny the motion to dismiss.

Second, both *Department of Revenue* and *Pinnacle Amusement* were decided by multi-judge panels of the Commonwealth Court and both are reported opinions.[8] Under Pennsylvania law, both opinions have statewide precedential value, regardless of the fact that *Pinnacle Amusement* was decided on appeal from the Court of Common Pleas (Luzerne Co.) and *Department of Revenue* was decided in the Commonwealth Court's original jurisdiction. *See* 210 Pa. Code § 3716(a) ("A reported opinion of the Commonwealth Court en banc or three-Judge panel

---

[7] Br. at 1-2.

[8] *Department of Revenue* was decided in 2019 by Judges Leavitt, Cohn Jubelirer, Simpson, McCullough, Covey, Wojcik, and Fizzano Cannon. *Pinnacle Amusement* was decided in 2023 by Judges Covey, Dumas, and Leadbetter.

may be cited as binding precedent."). Thus, again, *Pinnacle Amusement* cannot serve as a basis for reconsideration of this Court's denial of Defendants' Motion to Dismiss.

Third, the business day following the Commonwealth Court's decision in *Pinnacle Amusement*, the Commonwealth Court issued an opinion in *POM of Pennsylvania, LLC v. Bureau of Liquor Control Enforcement et al.*, where it made clear that the final determination of the illegality of the POM Defendants' slot machines has yet to be determined under Pennsylvania law. Commw. Ct. No. 222 M.D. 2022 (staying action "pending a final appellate determination of the POM Games' legality under Section 5513 of the Pennsylvania Crimes Code, 18 Pa. C.S. §5513.").[9] The Commonwealth Court has said itself that there has been *no determinative change in Pennsylvania law on this issue*.

The remainder of the Commonwealth Court's opinion and findings in *Pinnacle Amusement* is fact-specific to that case and therefore cannot serve as a basis for reconsideration of this Court's denial of Defendants' motion to dismiss. *Pinnacle Amusement* involved a different game by a different game maker. The trial court's decision and the Commonwealth Court's affirmation of the same were based on a fact-intensive investigation under Section 5513 of the Crimes Code's gambling device *per se* analysis and under the pre-2017 amendment to the Gaming Act's three-part test for identification of an illegal gambling device. Indeed, as shown in the trial court and Commonwealth Court opinions, the case was determined largely upon the testimony of regulatory and gaming experts retained by Pinnacle; the state did not provide any competing expert testimony. In short, *Pinnacle* was decided on its specific facts about Pinnacle's games and the trial strategies employed by the parties to that case. It is not "statewide, binding authority" in this case or any other case involving *Defendants*' slot machines.

---

[9] A copy of this opinion is attached as Exhibit 1 to ECF No. 45.

In sum, the POM Defendants' "Motion for Reconsideration" fails the test for reconsideration. The parties argued the legal significance of *Department of Revenue* in Defendants' Motion to Dismiss.[10] The Commonwealth Court's citation to the same point in *Pinnacle Amusement* is not a proper basis for reconsideration. The POM Defendants are merely re-litigating an argument this Court already determined in its May 5, 2023 Order and Opinion.[11] Accordingly, the POM Defendants' Motion for Reconsideration should be denied.

C.      **Neither *Pinnacle Amusement* nor Any Other Case Has Addressed a Question at the Center of Parx Casino's Case Against Defendants.**

*Pinnacle Amusement* also has no precedential value in this case because neither it nor the case whose holding it repeats, *Department of Revenue*, addresses a question at the center of Parx Casino's case against Defendants. As asserted in Parx Casino's First Amended Complaint,[12] Defendants' devices are not just general *per se* illegal gambling devices, they are more specifically illegal **slot machines**, as criminalized by the Crimes Code incorporating the Gaming Act; thus, Defendants are operating their business in violation of the law. *See* 18 Pa.C.S.A. § 5513(a)(1) (defining an illegal "slot machine"), (e.1) (entitled "Construction" and stating: "Nothing in this section shall be construed to prohibit any activity that is lawfully conducted under . . . (4) [the Gaming Act]."). A 2017 amendment to the Gaming Act clarified the definition of a "slot machine," defining a device to be a "slot machine" regardless of whether chance, skill, or any combination thereof is involved. 4 Pa.C.S.A. § 1103 (including within the term "slot machine" any computerized terminal that upon payment of consideration is available to be played and "***whether by reason of skill or application of the element of chance or both***" may entitle the player to cash

---

[10] *See, e.g.*, ECF No. 18-1, Argument Section II(B), at 11-13; ECF No. 25 at 5-6.

[11] ECF Nos. 35-36.

[12] ECF No. 13, ¶¶ 58-68.

or credits to be exchanged for cash, as well as any "skill slot machine, hybrid slot machine and the devices or associated equipment necessary to conduct the operation of a skill slot machine or hybrid slot machine.").[13] Under the hornbook rule of statutory construction of *pari materia*, as codified in 1 Pa.C.S.A. § 1932, the same work used in two contexts (i.e., the Gaming Act and Crimes Code) must be given the same meaning in both contexts unless otherwise defined. Here, the rule of *in pari materia* applies all the more because the Crimes Code expressly defers to the Gaming Act in defining the scope of lawful conduct under the Gaming Act, *see* 18 Pa.C.S.A. § 5513(e.1), and devices meeting the Gaming Act's definition of "slot machine" are illegal gambling devices.

Neither the Commonwealth Court nor any other state or federal court applying Pennsylvania law have finally determined the question posed in this case regarding the illegality of Defendants' slot machines. In *Department of Revenue*, the Commonwealth Court determined only that the Gaming Act's statutory regime and the agency that implements it are not intended to regulate "[a]ll [u]nlicensed and/or [i]llegal [s]lot [m]achines." 221 A.2d at 730. After reviewing the Gaming Act and its legislative history, the Commonwealth Court determined that the Gaming Act did not "impliedly repeal" "section 5513 of the Crimes Code, as it pertains to gambling devices." *Id.* at 735. Under Section 1971 of the codified Rules of Statutory Construction, "[w]henever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to

---

[13] The POM Defendants' devices are "skill slot machines." These are illegal under Section 5513 of the Crimes Code pursuant to the 2017 amendment to the Gaming Act. *Department of Revenue*, 221 A.3d at 725 ("[S]ince POM alleges that players of the POM game must use skill, if the Gaming Act applies to unlicensed games then the POM Game would fit within the definition of 'Skill slot machine' under the Act.").

repeal all former statutes upon the same subject."[14] The Commonwealth Court did not even consider the rule of *pari materia* in connection to the 2017 amendment to the Gaming Act and Section 5513 of the Crimes Code. For this reason, as well, *Pinnacle Amusement* cannot serve as a reason for reconsideration of the Court's denial of Defendants' Motion to Dismiss.

In sum, Defendants' devices are illegal "slot machines" under the Crimes Code regardless of whether the Gaming Act's statutory regime and the agency that implements it apply as a whole to Defendants' illegal slot machines. To decide this issue, this Court need only follow the Pennsylvania rules of statutory construction and need not wait for a decision by any Pennsylvania court.

## IV.   CONCLUSION

For the foregoing reasons, the POM Defendants' Motion should be denied.

Dated: July 20, 2023

Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

 */s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

---

[14] The Commonwealth Court's opinion in *Department Revenue* focuses on the larger question of statutory supplantation and repeal, not the rule of *in pari materia*. For example, the Commonwealth Court explained its decision by citing the following reasons, all of which go to the question of statutory implantation and repeal:

- "First, the Gaming Act does not give the Gaming Control Board the jurisdiction or authority it now claims[,]" (221 A.3d at 731);
- Second, "the Gaming Act specifically regulates licensed slot machines in licensed facilities[,] (*id.*);
- Third, "the Gaming Act . . . gives the Bureau [only] the power to inspect and examine licensed entities" and [t]here is no indication . . . that the Gaming Control Board was given comprehensive authority over all illegal gambling activities in the Commonwealth[.]" (*Id.* at 731-32).

9

**BLANK ROME LLP**

 */s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Attorneys for Plaintiff, Greenwood Gaming
& Entertainment, Inc.*

10

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel of

record via the Court's electronic filing system.

*/s/ Danielle C. Hudson*
DANIELLE C. HUDSON