**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENWOOD GAMING &
ENTERTAINMENT, INC.,

    *Plaintiff,*

v.

POM OF PENNSYLVANIA, LLC,
PACE-O-MATIC, INC., and
MIELE MANUFACTURING, INC.,

    *Defendants.*

No. 2:22-cv-4434-MMB

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLARIFICATION AND TO COMPEL
COMPLIANCE WITH THE COURT'S MAY 5, 2023 ORDER**

**I.    INTRODUCTION**

Greenwood Gaming & Entertainment, Inc. ("Parx Casino") respectfully requests the Court's intervention to overcome Defendants' foundational objection to producing ***any*** documents in response to document requests issued at the direction of the Court. In the Court's May 5, 2023 Order denying Defendants' Motion to Dismiss (ECF No. 36), this Court considered and overruled at the pleadings stage Defendants' arguments against the legal merits of Parx Casino's case against Defendants and ordered document discovery to proceed, but stayed more extensive discovery, such as depositions. From the bench at the hearing on Defendants' Motion to Dismiss, the Court explained its decision about document discovery proceeding as having "the advantage of that, in my mind, and I've done this in other complex cases…is to not get into issues three or four years from now if I were to stay the case, or grant the Motion to Dismiss and the Third Circuit reversed me…[a]nd that gives the parties to know from each other's documents that they've received…and

may allow each side to reassess the strength or weaknesses of their cases if you have this production of documents."[1]

Notwithstanding the express text of the Court's Order and Your Honor's statements of record, the POM Defendants and Miele refuse to produce *any* documents because, in their view, "no court in Pennsylvania has held the POM Game is an illegal gambling device." This is the very same legal argument the Court overruled in denying Defendants' Motion to Dismiss. Worse, the question about the illegality of the Defendants' slot machines posed in this case – namely, that they are illegal "slot machines" as defined in the 2017 amendment to the Gaming Act and criminalized by the Crimes Code under the statutory rule of construction *in pari materia* – has not been addressed or determined by any Pennsylvania state or federal court.

Defendants' "interpretation" finds no footing in either the text of the Court's Order or statements from the bench. Defendants are simply engaged in obstruction. Embracing Defendants' obstruction and acquiescing to further delay in the cumbersome and lengthy process of document collection and production in a complex case like this would only serve to prolong the inevitable discovery process by "three or four years"—the exact predicament the Court intended to avoid with its May 5, 2023 Order.

Accordingly, Parx Casino respectfully requests that this Court grant this Motion reaffirming its Order that document discovery should proceed. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question so that the parties may work out any other objections to document requests, which are likely to change once the Court reaffirms that document discovery is to proceed.

---

[1] *Id.* at 18:16-19:22; *see also* ECF No. 36.

## II.    <u>PROCEDURAL HISTORY</u>

In the Court's May 5, 2023 Order denying Defendants' Motion to Dismiss, the Court ordered the parties to "serve Rule 34 requests within thirty (30) days."[2]  The Court further stated in its Order that it "envisions by this procedure that the parties will have each other's documents, at least after a 'first request,' but depositions and more extensive discovery will be stayed at this time."[3]

Adhering to this Order, on May 31, 2023, Parx Casino served separate sets of document requests on Defendants POM of Pennsylvania, LLC ("POM of PA"),[4] Pace-O-Matic, Inc. ("POM")[5] (POM of PA and POM are collectively referred to as the "POM Defendants"), and Miele Manufacturing, Inc. ("Miele").[6] These requests sought documents relating to topics relevant to Parx Casino's RICO, False Advertising, Common Law Unfair Competition, and Tortious Interference claims. For example, Parx Casino's document requests ask for comprehensive data regarding the Defendants' internal operations, corporate relationships, game mechanics, and financial operations. Parx Casino's requests also seek materials reflecting the Defendants' regulatory compliance, any studies or analyses pertaining to potential addictive properties of the games, and any documentation indicating efforts to enhance gaming profitability or manipulate skill-based components of the games.

---

[2] ECF No. 36.

[3] *Id*.

[4] A copy of Parx Casino's requests for production directed to POM of PA is attached hereto as **Exhibit 1**.

[5] A copy of Parx Casino's requests for production directed to POM is attached hereto as **Exhibit 2**. On May 19, 2023, the POM Defendants served forty-nine (49) requests directed to Parx Casino.

[6] A copy of Parx Casino's requests for production directed to Miele is attached hereto as **Exhibit 3**. On May 22, 2023, Miele served fifty-three (53) requests for production directed to Parx Casino.

In response to the ninety-six (96) requests to POM of PA and seventy-two (72) requests to POM, the POM Defendants responded with the same foundational objection to producing document in response to *each and every request*:

> No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection.[7]

Likewise, Miele's first objection incorporated the same type of objection to producing any documents:

> The determinative issue in this case is whether the Skill Games manufactured by Miele are illegal slot machines. Plaintiff's claims are premised entirely on the allegation that Miele manufactures illegal slot machines. No Court in Pennsylvania has held that the machine is an illegal gambling device. In fact, multiple Pennsylvania Court have held that Miele manufactures legal games of skill.[8]

---

[7] A copy of POM of PA's and POM's responses to Parx Casino's requests for production are attached hereto as **Exhibit 4** and **Exhibit 5**, respectively. The stock objection posed in response to the requests is as follows:

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

[8] A copy of Miele's responses to Parx Casino's requests for production is attached hereto as **Exhibit 6**.

All seventy-two (72) responses Miele provided to Parx Casino's document requests incorporated this objection.[9]

On July 12, 2023, the Parties met and conferred in an attempt to resolve this impasse. Parx Casino expressed its view that the Court's Order is clear: the document production shall proceed, but more extensive discovery, such as interrogatories, requests for admissions, and depositions, will await further determination by this Court or Pennsylvania state courts. Contrary to Parx Casino's viewpoint and the Court's explicit instructions, the POM Defendants and Miele maintained that the Court did not intend for document production to proceed over their objection to the legal foundation of Parx Casino's lawsuit. The Parties agreed that this foundational dispute obstructing any document discovery must be resolved by the Court for the discovery process to proceed and before any specific objections on a request-by-request basis can be addressed by the parties themselves or the Court, if necessary.[10]

Parx Casino therefore requests that the Court reaffirm its Order that document discovery is to proceed. Parx Casino further requests that the Court extend the motion to compel deadline to six (6) weeks from its determination of this question. This extension is necessary to provide sufficient time for the Parties to address any remaining substantive objections once document discovery is underway. The substance of Defendants' other objections may well change once the Court reaffirms that document discovery is to proceed.

## III.    **LEGAL ARGUMENT**

The Court's May 5, 2023 Order states:

> 3.    The parties shall serve Rule 34 requests within thirty (30) days. Objections are due within fourteen (14) days, to be

---

[9] *Id.*

[10] In contrast to Defendants, Parx Casino is prepared to produce documents in response to Defendants' requests upon entering into a satisfactory protective order and is willing to engage in a good faith meet and confer process on its objections.

followed by the usual requirement of a meet and confer process. Any motions to compel must be filed within sixty (60) days thereafter.

4.    The Court envisions by this procedure *that the parties will have each other's documents at least after a "first request"*, but depositions and more extensive discovery will be stayed at this time. [11]

It is Parx Casino's view that the Court's language is clear: the parties are to move forward with document requests and production but more extensive discovery, such as depositions, is stayed for now. Parx Casino's understanding of the Court's Order is further substantiated by the broader context provided by the Court at the April 12, 2023 hearing on Defendants' Motion to Dismiss, during which the Court contemplated *three* avenues for addressing Defendants' Motion to Dismiss. The *first* option was to stay the litigation "without any decision on the merits" and periodically revise the case. [12] The *second* option was to issue a ruling on the merits, either granting or denying the Motion to Dismiss and "proceed as any other case." [13] The *third* option, *which the Court selected here*, was to deny the Motion to Dismiss without prejudice, require Defendants to file an answer and any counterclaims, and conduct "very limited discovery" defined as "exchanging documents… -- but not having any depositions." [14]

The Court presented a clear and cogent rationale for its decision, explaining "the advantage of that, in my mind, and I've done this in other complex cases…is to not get into issues three or four years from now if I were to stay the case, or grant the Motion to Dismiss and the Third Circuit reversed me…[a]nd that gives the parties to know from each other's documents that they've

---

[11] ECF No. 36 (emphasis added).

[12] *Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 17:17-19.

[13] *Id.* at 18:2-9.

[14] *Id.* at 18:9-16.

6

received…and may allow each side to reassess the strength or weaknesses of their cases if you have this production of documents."[15]

Notwithstanding the express text of the Court's Order and Your Honor's statements of record, the POM Defendants and Miele refuse to produce any documents because, as they repeated in their recently filed Motion for Reconsideration (ECF No. 46), "no court in Pennsylvania has held the POM Defendants' skill game is an illegal gambling device."[16] But Defendants made the very same arguments in their briefing on their Motion to Dismiss (*see* ECF Nos. 18 and 19), which the Court considered and rejected in its May 5, 2023 Order. More importantly, as Parx Casino makes clear in its contemporaneously filed Opposition to the POM Defendants' Motion for Reconsideration, no Pennsylvania state or federal court has addressed the specific question central to Parx Casino's case: ***whether Defendants' devices constitute illegal "slot machines" as defined in the 2017 amendment to the Gaming Act and criminalized by the Crimes Code under the statutory rule of construction* in pari materia**. Indeed, this legal question, which rests on bedrock principles of statutory construction and interpretation, need not await any decision by Pennsylvania state courts because no state court has ruled thereupon.

Defendants are not offering a reasonable interpretation of the Court's May 5, 2023 Order. Their "interpretation" cannot find footing in the text of the Court's Order or the words spoken from the bench at the hearing on Defendants' Motion to Dismiss. What is going on here is simple to understand: Defendants are engaged in obstruction. Embracing Defendants' obstruction and acquiescing to further delay in the cumbersome and lengthy process of document collection and production in a complex case like this would only serve to prolong the inevitable discovery process

---

[15] *Id*. at 18:16-19:22.

[16] ECF No. 46 at 3 n.2.

by "three or four years"—the exact predicament the Court intended to avoid with its May 5, 2023 Order.

## IV.    CONCLUSION

For the foregoing reasons, Parx Casino respectfully requests that this Court grant this Motion reaffirming its Order that document discovery should proceed. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question.

Dated: July 20, 2023                                    Respectfully submitted,

                                                        **OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

                                                         */s/ Gary Samms*
                                                        Gary Samms, Esq.
                                                        Richard Limburg, Esq.
                                                        Gary.Samms@obermeyer.com
                                                        Richard.Limburg@obermeyer.com
                                                        Centre Square West
                                                        1500 Market Street, Suite 3400
                                                        Philadelphia, PA, 19102


                                                        **BLANK ROME LLP**

                                                         */s/ William R. Cruse*
                                                        William R. Cruse
                                                        Danielle C. Hudson
                                                        William.Cruse@blankrome.com
                                                        Danielle.Hudson@blankrome.com
                                                        One Logan Square
                                                        130 North 18th Street
                                                        Philadelphia, PA 19103

                                                        *Attorneys for Plaintiff, Greenwood Gaming & Entertainment, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

/s/ Danielle C. Hudson
DANIELLE C. HUDSON