# Exhibit 1

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By:   Gary Samms, Esquire (Attorney I.D. 58096)
        Gary.Samms@obermayer.com
        Richard Limburg, Esquire  (Attorney I.D. 39598)
        Richard.Limburg @obermayer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
 (215) 665-3000
*Counsel for Plaintiff*

| | |
|---|---|
| GREENWOOD GAMING<br>& ENTERTAINMENT, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>POM OF PENNSYLVANIA, LLC,<br>PACE-O-MATIC, INC., and<br>MIELE MANUFACTURING, INC.<br><br>                    Defendants. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF PENNSYLVANIA<br><br><br>CASE No. 2:22-cv-04434-MMB |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED TO DEFENDANT POM OF PENNSYLVANIA, LLC

To:   POM of Pennsylvania, LLC
        c/o  Edward T. Butkovitz
        Matthew H. Haverstick
        Kleinbard, LLC
        Three Logan square
        1717 Arch Street, 5th Floor
        Philadelphia, PA  19103

4882-8806-7943 v1

AND NOW this 31st day of May, 2023, Plaintiff, Greenwood Gaming & Entertainment, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby serves the following Requests for Production of Documents (First Set) and Things on Defendant POM of Pennsylvania, LLC (POM), by and through its counsel pursuant to Fed.R.Civ.P. 34.

## INSTRUCTIONS

1. You are required to produce the requested documents, electronically stored information, and other tangible things pursuant to Fed.R.Civ.P. 34 within thirty (30) days after service upon you.

2. Unless otherwise indicated in a specific Request, the relevant time-period for these Requests for Production is January 1, 2017 through the present.

3. As used herein, the words "you" and "your" refer to Defendant POM of Pennsylvania, LLC.

4. In responding to these Requests for Production, you are required to conduct a search to identify all documents or things in your possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you (as defined above) or your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators.

5. All electronically stored information should be produced in its native format unless Plaintiff's counsel agrees otherwise. To the extent that you use search terms or custodians to satisfy your obligations in responding to these requests, you are requested to identify the search terms and custodians you use.

6. All pages now stapled or fastened together must be produced, stapled or fastened together, and all documents which cannot be legibly copied must be produced in their original form.

7. If you are unable to respond to any Request in full, you should respond to the extent possible, indicating what portion of any Request cannot be responded to and the reason therefore.

8. To the extent that you consider any of the following Requests for Production objectionable, you should respond to so much of each Request as is not objectionable in your view, and separately state that part of each Request to which you object and each ground for each objection. If in answering these Requests you

4882-8806-7943 v1

claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, do not refuse to respond but set forth as part of your response the language you deem to be ambiguous and the interpretation you used used in responding to the Request.

9.    If you object to producing, or describing the content of, a communication or document on grounds of attorney/client privilege, work product privilege, or any other privilege, you should identify the communication or document you claim is privileged in whole or in part, specify each privilege you are claiming for the communication or document, and for each such communication or document provide its date, author, addressee(s), and subject, the persons to whom copies of the communication or document were furnished, and the basis on which you claim the privilege.

## DEFINITIONS

1.    The words "and" and "or" shall include "and/or."

2.    Use of the plural form of any word shall be deemed to include the singular form, and use of the singular form shall be deemed to include the plural form.

3.    The term "communication" means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, e-mails, instant messages, voice messages, advertisements, or any other form of oral or written exchanges of words, thoughts or ideas.

4.    "Complaint" refers to the Complaint filed by the Plaintiff Greenwood Gaming & Entertainment, Inc. against Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc. in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2022, No. 00660. "Amended Complaint" refers to the Amended Complaint filed by Plaintiff after the removal of the Complaint to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:22-CV-4434-MMB.

5.    "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography, computerized printout, or other means or process.

4882-8806-7943 v1

6.      The term "document" means any designated documents or electronically stored information in your custody or control, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to:

    a.    contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

    b.    letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and facsimile messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

    c.    memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

    d.    desk calendars, appointment books, pocket calendars, and diaries or notes or other personal memoranda;

    e.    minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

    f.    reports and summaries of interviews or negotiations;

    g.    books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

    h.    motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

    i.    Drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

    j.    any non-identical copy of any document; and

    k.    information stored in any computer, server, cloud, device, or in any electronic, magnetic or other medium.

4882-8806-7943 v1

7.    The term "meeting" means any gathering, formal or informal, of two or more persons.

8.    Unless otherwise indicated, the word "parties" shall refer to Plaintiff Greenwood Gaming & Entertainment, Inc., and Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc.

9.    "Person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission, board, agency, bureau or department.

10.   "Plaintiff", "Parx", or "Parx Casino" shall mean Greenwood Gaming & Entertainment, Inc.

11.   The terms "refer to," "relate to," "relating to" and "with regard to" shall mean concern or concerning, pertain or pertaining, discuss or discussing, mention or mentioning, reflect or reflecting, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing the specified subject.

12.   The term "writing" shall mean any handwritten, typed, or word-processed note, memorandum, communication or record (such as an email, text, tweet or screenshot).

13.   "Pennsylvania Operator Agreement" means any form of agreement used by POM and Miele to contract Operators and includes signed versions of the Pennsylvania Operator Agreement.

14.   The following capitalized terms have the same meaning as in the Pennsylvania Operator Agreement:

a.    "Pennsylvania Skill Game"

b.    "Pennsylvania Skill Game Terminal" or "Terminal"

c.    "Software"

d.    "Fill," and "Fill System"

e.    "Operator"

f.    "Location"

      g.      "Approved Location Agreement"

      h.      "Distributor"

      i.      "SSP" or "Software Service Provider"

      j.      "Gross Revenue"

      k.      "Net Revenue"

      l.      "Payouts"

      m.      "TID" or "terminal identification number"

      n.      "Marks"

15.      "Game" means a Pennsylvania Skill Game title, of which there may be several on a Terminal.

16.      "Miele" means Miele Manufacturing, Inc.

17.      "Pace-O-Matic" means Pace-O-Matic, Inc..

4882-8806-7943 v1

**Requests for Production of Documents**

1. Please produce a complete copy of every written agreement between you and Miele that in any way concerns Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals"), including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence, including in particular the Software Service Provider agreement and Pennsylvania Skill Games distribution agreement.

   **RESPONSE:**

2. Please produce a complete copy of every written agreement between you and Pace-O-Matic that in any way concerns to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

   **RESPONSE:**

3. Please produce signed copies of all Pennsylvania Operator Agreements between POM, Miele, and Operators that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements, and any related correspondence.

   **RESPONSE:**

4. Please produce a list of all Operators including: (1) the name of entity (2) its location (3) the name of the primary contact person (4) contact information.

   **RESPONSE:**

4882-8806-7943 v1

5.   Please produce signed copies of all Approved Location Agreements that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements, and any related correspondence.

   **RESPONSE:**

6.  Please produce documents sufficient to identify and explain the criteria for approval of an Operator and show how applications for approval of Operators are evaluated.

   **RESPONSE:**

7.   Please produce documents sufficient to identify and explain the criteria for approval of a Location and show how applications for approval of Locations are evaluated.

   **RESPONSE:**

8.   Please produce a list of all Locations, including: (1) the name of entity (2) its street address (3) the name of the primary contact person (4) contact information for the location; (5) the time periods when Pennsylvania Skill Game Terminals were  in place at each Location; (6) the number of Terminals at Location and TIDs for each; (7) the total sum of money wagered on each Terminal by Game and by month; (8) the Gross Revenue from each Terminal by Game and by month; (9) the Payouts from each Terminal by Game and by month; (10) each Operator's share of Net Revenue by Game and by month; (11) POM's share of Net Revenue by Game by month; (12) Pace-O-Matic's share of Net Revenue by Game by month.

   **RESPONSE:**

9.   Please produce a signed copy of your Software Service Provider agreement with Miele Manufacturing, Inc., including all exhibits, schedules, or

4882-8806-7943 v1

attachments to the agreement, and any amendments of the agreement, and any related correspondence.

**RESPONSE:**

10. Please produce a signed copy of the Pennsylvania Skill Games distribution agreement with Miele Manufacturing, Inc. including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreements, and any related correspondence.

**RESPONSE:**

11. Please produce documents establishing POM's ownership of or interest in the Marks.

**RESPONSE:**

12. Please produce documents establishing POM's ownership of or interest in the Software.

**RESPONSE:**

13. Please produce the articles of organization and operating agreement for POM along with any amendments adopted from time to time.

**RESPONSE:**

14. Please produce documents sufficient to identify the members and managers of POM as an LLC from its formation to the present.

**RESPONSE:**

4882-8806-7943 v1

15.   Please produce documents showing all distributions by POM to its members from 2015 to present.

     **RESPONSE:**

16.   Please produce any documents (including patents) describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

     **RESPONSE:**

17.   Please produce any communications between you, on the one hand, and any other defendant, on the other, that refer to Fills or the Fill System.

     **RESPONSE:**

18.   Please produce documents showing the annual sales of Fills to Operators and the revenue generated by the sale of Fills.

     **RESPONSE:**

19.   Please produce a list of Pennsylvania Skill Games by title.  For each Game, produce sufficient documents to describe and explain the gameplay, and the expected and actual pay tables.

     **RESPONSE:**

20.   Please produce any documents or communications between you, on the one hand, and any other defendant, Operator, Location, consultant, or testifying expert that you have used in other litigation, on the other, describing or illustrating the software for Pennsylvania Skill Games, including its design, operation, gameplay, optional settings, customizable features, and elements that can be enabled or disabled.

4882-8806-7943 v1

**RESPONSE:**

21.   Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by POM in advertising and promoting Pennsylvania Skill Games, or approved by POM for use by Miele, Operators or Location Owners.

   **RESPONSE:**

22.   Please produce copies of all information made available to the public by you, directly or indirectly, concerning the payouts of Pennsylvania Skill Games, how to play or win Pennsylvania Skill Games, or the legality of Pennsylvania Skill Games.

   **RESPONSE:**

23.   Please produce sufficient documents to identify and describe every promotion or promotional event for Pennsylvania Skill Games since January 1, 2017.

   **RESPONSE:**

24.   Please produce all documents evaluating the loyalty or other incentive programs mentioned in ¶4 of the Pennsylvania Operator Agreement.

   **RESPONSE:**

25.   Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to the legality of Pennsylvania Skill Games.

   **RESPONSE:**

4882-8806-7943 v1

26. Please produce copies of all written materials that you have approved for lobbying or otherwise communicating on your behalf with the Pennsylvania General Assembly or any of its constituent members.

   **RESPONSE**

27. Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

   **RESPONSE:**

28. Please produce copies of all representations made to Operators or players concerning the payouts, profits, or legality of Pennsylvania Skill Games.

   **RESPONSE:**

29. Please produce all documents that refer to or contain any complaint from an Operator regarding payouts, profit, length of game play, or skill or chance elements of game play.

   **RESPONSE:**

30. Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania.

   **RESPONSE:**

31. Please produce all documents that refer to or contain any communication from a consumer or user of any Pennsylvania Skill Game, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

4882-8806-7943 v1

**RESPONSE:**

32.    Please produce all documents that discuss the design, look, feel, gameplay, or "gaming experience" of Pennsylvania Skill Games, or that compare or contrast Pennsylvania Skill Games with slot machines, regulated casinos, or gambling.

**RESPONSE:**

33.    Please produce any documents describing or illustrating the specifications for Pennsylvania Skills Game Terminals.

**RESPONSE:**

34.    Please provide any documents describing or illustrating the game logic and algorithms governing the game play and prizes or awards for all Pennsylvania Skill Game titles that were first introduced after 2017, including puzzles, memory games, shooting games, or other challenges, the use of random numbers, the sequencing of games from wager to wager, the sequencing of challenges within games, paylines, pay tables, relation of rewards to player performance, theoretical return to player, and relation of rewards to theoretical return to player.

**RESPONSE:**

35. Please produce any documents referring to the incorporation or inclusion of or other role played by a random number generator in Pennsylvania Skill Games.

**RESPONSE:**

36.    Please produce an executable copy of the Software for each Game, plus the compiler, linker, other build tools, configurations and build instructions used by the developers of the Software, from 2017 to the present.

4882-8806-7943 v1

**RESPONSE:**

37. Please produce a human readable copy of the sourcecode or codebase for the Software for each Game, from 2017 to the present.

   **RESPONSE:**

38. Please produce all expert reports concerning Pennsylvania Skill Games that you have used in litigation other than this case.

   **RESPONSE:**

39. Please produce documents sufficient to identify all patents owned, assigned, otherwise controlled by You, or contractually or explicitly licensed by You describing or claiming technologies, processes, logic, or other inventions incorporated into the design, production, or operation of Pennsylvania Skill Games, Fill System or Fills and documents sufficient to show if and how Pennsylvania Skill Games, Fill System, or Fills differ from any disclosures in those patents, including the values or formulas disclosed or incorporated in any figure, table, chart, drawing, or similar.

   **RESPONSE:**

40. Documents sufficient to show how the values in the "Player Return" column (reference no. 302) were determined in US Patent No. 8,118,660.

   **RESPONSE:**

41. Screenshots of the Operator Menu of any Terminal and all sub-menus or options available within or under the Operator Menu.

   **RESPONSE:**

4882-8806-7943 v1

42.    Please produce copies of all the patents used in the design, production, and operation of Pennsylvania Skill Games and Fill System or Fills.

**RESPONSE:**

43.    Please produce copies of the internal transaction logs or transaction histories of 10 Pennsylvania Skill Game Terminals within 40 miles of Parx Casino (identified by TID) that have been in service for at least two years, as far back as the transaction history is available, including at least 1 Terminal located within 1 mile of Parx Casino, as well as the Location and Operator of each of the 10 Terminals.

**RESPONSE:**

44.    Please produce transaction logs covering all or part from January 1, 2021 to present for every Terminal in Pennsylvania.

**RESPONSE:**

45.    Please produce all documents referring to or consisting of any independent testing, auditing, or approval of Pennsylvania Skill Games, including by Gaming Labs International, as well as all documents submitted in support of such testing, auditing or approval.

**RESPONSE:**

46.    Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to the Gaming Act, 4 Pa.C.S. § 1101, *et seq.* or the Crimes Code, 18 Pa C.S. § 5513, or the definition of a slot machine.

**RESPONSE:**

4882-8806-7943 v1

47. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, expert, consultant, legislator, or lobbyist on the other, and any internal documents, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

**RESPONSE:**

48. Please produce records sufficient to show the total number of Pennsylvania Skill Game Terminals in all Locations at all times from January 1, 2017 to the present.

**RESPONSE:**

49. Please produce records sufficient to show the number and location of Pennsylvania Skill Game Terminals located within 40 miles of Parx Casino at all times from January 1, 2017 to present.

**RESPONSE:**

50. Please produce any documents describing or illustrating a Fill, including the manner of its production, delivery, installation, operation, and use.

**RESPONSE:**

51. Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

**RESPONSE:**

52. Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to Fills or the Fill System.

4882-8806-7943 v1

**RESPONSE:**

53.    Please produce copies of all documents used for training Operators of Pennsylvania Skill Games or that refer to or discuss training for Operators.

   **RESPONSE:**

54. Please produce all documents relating to the enforcement of Approved Location Agreements from January 1, 2015 to the present.

   **RESPONSE:**

55. Please produce copies of all documents relating to the enforcement of Pennsylvania Operator Agreements.

   **RESPONSE:**

56. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, and any internal documents, that refer or relate to approval of any Location or Operator or approval of Locations or Operators generally for the placement of Pennsylvania Skill Games.

   **RESPONSE:**

57. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

   **RESPONSE**

4882-8806-7943 v1

58. Please produce all documents demonstrating any attempt by you to seek licensing under the Gaming Act, 4 Pa.C.S. § 1101, et seq.

**RESPONSE:**

59. Please produce documents sufficient to describe and explain the collection of revenue derived from Pennsylvania Skill Games from Locations in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 on behalf of Operators.

**RESPONSE:**

60. In a 10/12/2022 article on Casino.org, Devin O'Connor quoted POM's chief public affairs officer, Michael Barley, as follows: "Every dollar that's made, over 92% of it is staying in the commonwealth, staying in small business." Please provide all documents (a) discussing or referring to the amount of revenue from "Pennsylvania Skill" branded slot machines that stays in small businesses in Pennsylvania; (b) discussing or relating to how the revenue is divided among all the entities that are entitled to a share of it; and (c) calculating or otherwise establishing the percentage of revenue from Pennsylvania Skill Games that stays in small businesses in Pennsylvania.

**RESPONSE:**

61. Please produce all quarterly and annual financial statements prepared for you from 2015 to present, or whatever periodic financial reports you use to manage your business.

**RESPONSE:**

62. Please produce documents showing the total amount of Gross Revenue, Net Revenue, and Payouts to players generated by Pennsylvania Skill Games from the currency inserted into or otherwise played in those machines in each of 2015,

4882-8806-7943 v1

2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022).

**RESPONSE:**

63. Please produce documents showing all financial transactions between POM and Pace-O-Matic or any of their parents, subsidiaries, or affiliates.

**RESPONSE:**

64. Please produce documents sufficient to identify the banks where POM deposits revenues derived from Pennsylvania Skill Games and from Fills.

**RESPONSE:**

65. Please produce documents showing the amount of total amount of taxes imposed or assessed on revenue generated by Pennsylvania Skill Games in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022).

**RESPONSE:**

66. Please produce documents showing the shares of Net Revenue that went to POM, Miele, to Operators, and to Locations or Location Owners in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022), and the dollar amount that went to each of POM, Miele, each Operator and each Location or Location Owner in each year.

**RESPONSE:**

67. Please produce documents showing the Payouts made by each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

4882-8806-7943 v1

**RESPONSE:**

68.    Please produce documents showing the amount of money inserted into each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

69. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

**RESPONSE:**

70.    Please produce all documents and communications related to the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement, including communications with any other defendant, Operator , Location Owner, consultant, expert, members of the Pennsylvania General Assembly or their staff, with lobbyists, or with political action committees and other political organizations.

**RESPONSE:**

71.    Please produce all documents consisting of or summarizing consumer (player) surveys or consumer preference studies in connection with Pennsylvania Skill Games in Pennsylvania.

**RESPONSE:**

72.    Please produce all documents referring to or consisting of market analysis, market studies, or competition, in connection with Pennsylvania Skill Games in Pennsylvania.

4882-8806-7943 v1

**RESPONSE:**

73. Please produce all documents referring to or discussing your competitors and competition with your business in Pennsylvania.

    **RESPONSE:**

74. Please produce copies of any studies concerning expected payouts for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

    **RESPONSE:**

75. Please produce all documents or communications discussing or identifying highly skilled players who regularly win more than most other players.

    **RESPONSE:**

76. Please produce any communications concerning efforts to disable or circumvent any features or skill elements of Pennsylvania Skill Games.

    **RESPONSE:**

77. Please produce all expert reports concerning competition for the dollars of Pennsylvania Skill Game players that you have used in litigation other thanthis case.

    **RESPONSE:**

78. Please produce documents sufficient to show the ownership of POM.

    RESPONSE:

4882-8806-7943 v1

79.    Please produce organization charts for POM from 2015 to present sufficient to show any parent companies, subsidiaries or affiliates of POM, and their relationships to each other.

       **RESPONSE:**


80.    Please produce organization charts showing the divisions and departments within POM.

       **RESPONSE:**


81.    Please produce organization charts showing each employee within the divisions or departments within POM responsible for marketing; game design, development, coding, and quality control; manufacturing; corporate and accounting functions; and strategic planning, including for each employee their name, title, lines of report, and primary work location.

       **RESPONSE:**


82.    Please provide documents sufficient to identify common officers and common employees of Pace-O-Matic and POM, by name, title and job description.

       **RESPONSE:**


83.    Please produce documents showing the frequency of play of the "follow-me" feature compared with the frequency of play of the Tic-Tac-Fruit feature of Pennsylvania Skill Games, including any studies or reports regarding the same.

       **RESPONSE:**


84.    Please produce all documents and all communications between you, on the one hand, and any other defendant, Operator Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to competition between Locations and regulated casinos or slot

4882-8806-7943 v1

machines in Pennsylvania, as well as internal POM documents regarding the same.

**RESPONSE:**

85.    Please produce documents sufficient to identify each instance in which POM fulfilled the Guaranty in paragraph 5 of the Pennsylvania Operator Agreement.

**RESPONSE:**

86.    Please produce documents detailing the resources that POM has spent and continues to spend on "designing and obtaining approval for the Pennsylvania Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications regarding the same.

**RESPONSE:**

87.    Please produce all documents describing any government approvals POM has obtained or attempted to obtain for Pennsylvania Skill Games.

**RESPONSE:**

88.    Please produce all documents referring to, describing, or consisting of business plans for the expansion of Pennsylvania Skill Games in Pennsylvania since 2014, including POM corporate minutes and resolutions and communications with Miele, Pace-O-Matic, or any Operators, Locations, or Location Owners.

**RESPONSE:**

89.    Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

90.  Please produce a list of FOIA requests made by you or on your behalf that directly or indirectly concern Pennsylvania Skill Games.

    **RESPONSE:**

91.  Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

    **RESPONSE:**

92.  Documents sufficient to show how often players win at least 105% of their wagers, the actual average win rate, how often players get to a bonus round or follow-me round, and how often players play a bonus round or follow-me round in part, and how often they play a bonus round or follow-me round to its end.

    **RESPONSE:**

93.  Please produce any documents or communications referring to or consisting of studies, analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

    **RESPONSE:**

94. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

4882-8806-7943 v1

95. Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

96. Please produce any documents supporting your affirmative defenses.

**RESPONSE:**

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**

By:    /s/ _____
Gary Samms, Esquire (Attorney I.D. 58096)
Richard Limburg, Esquire  (Attorney I.D. 39598)
Attorneys for Plaintiff Parx Casino
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
(215) 665-3000

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of Plaintiff, Greenwood Gaming & Entertainment, Inc.'s Requests for Production of Documents (First Set) Directed to POM of Pennsylvania, LLC has been served upon all parties of interest via email and U.S. First Class Mail on this 31st day of May, 2023, and addressed as follows:

Edward T. Butkovitz

4882-8806-7943 v1

Matthew H. Haverstick
Kleinbard, LLC
Three Logan square
1717 Arch Street, 5th Floor
Philadelphia, PA  19103


Mark F. Lovecchio
McCor mick Law Firm
835 West Fourth Street
Williamsport, PA  17701


_____
Gary M. Samms, Esquire

4882-8806-7943 v1

# Exhibit 2

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By:    Gary Samms, Esquire (Attorney I.D. 58096)
       Gary.Samms@obermayer.com
       Richard Limburg, Esquire  (Attorney I.D. 39598)
       Richard.Limburg @obermayer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
 (215) 665-3000
*Counsel for Plaintiff*

| | |
|---|---|
| GREENWOOD GAMING<br>& ENTERTAINMENT, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>POM OF PENNSYLVANIA, LLC,<br>PACE-O-MATIC, INC., and<br>MIELE MANUFACTURING, INC.<br><br>                    Defendants. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF PENNSYLVANIA<br><br><br>CASE No. 2:22-cv-04434-MMB |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED TO DEFENDANT PACE-O-MATIC, INC.

To:    Pace-O-Matic, Inc.
       c/o  Edward T. Butkovitz
       Matthew H. Haverstick
       Kleinbard, LLC
       Three Logan square
       1717 Arch Street, 5th Floor
       Philadelphia, PA  19103

4868-6868-9511 v1

AND NOW this 31st day of May, 2023, Plaintiff, Greenwood Gaming & Entertainment, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby serves the following Requests for Production of Documents (First Set) and Things on Defendant Pace-O-Matic, Inc. (Pace-O-Matic), by and through its counsel pursuant to Fed.R.Civ.P. 34.

## **INSTRUCTIONS**

1.      You are required to produce the requested documents, electronically stored information, and other tangible things pursuant to Fed.R.Civ.P. 34 within thirty (30) days after service upon you.

2.      Unless otherwise indicated in a specific Request, the relevant time-period for these Requests for Production is January 1, 2017 through the present.

3.      As used herein, the words "you" and "your" refer to Defendant Pace-O-Matic, Inc.

4.      In responding to these Requests for Production, you are required to conduct a search to identify all documents or things in your possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you (as defined above) or your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      All electronically stored information should be produced in its native format unless Plaintiff's counsel agrees otherwise.  To the extent that you use search terms or custodians to satisfy your obligations in responding to these requests, you are requested to identify the search terms and custodians you use.

6.      All pages now stapled or fastened together must be produced, stapled or fastened together, and all documents which cannot be legibly copied must be produced in their original form.

7.      If you are unable to respond to any Request in full, you should respond to the extent possible, indicating what portion of any Request cannot be responded to and the reason for your inability to respond.

8.      To the extent that you consider any of the following Requests for Production objectionable, you should respond to so much of each Request as is not objectionable in your view, and separately state that part of each Request to which you object, and each ground for each objection.  If in answering these Requests you

claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, do not refuse to respond but set forth as part of your response the language you deem to be ambiguous and the interpretation you used in responding to the Request.

9.    If you object to producing, or describing the content of, a communication or document on grounds of attorney/client privilege, work product privilege, or any other privilege, you should identify the communication or document that you claim is privileged in whole or in part, specify each privilege you are claiming for the communication or document, and for each such communication or document provide its date, author, addressee(s), and subject, the persons to whom copies of the communication or document were furnished, and the basis on which you claim the privilege.

## DEFINITIONS

1.    The words "and" and "or" shall include "and/or."

2.    Use of the plural form of any word shall be deemed to include the singular form, and use of the singular form shall be deemed to include the plural form.

3.    The term "communication" means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, e-mails, instant messages, voice messages, advertisements, or any other form of oral or written exchanges of words, thoughts or ideas.

4.    "Complaint" refers to the Complaint filed by the Plaintiff Greenwood Gaming & Entertainment, Inc. against Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc. in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2022, No. 00660. "Amended Complaint" refers to the Amended Complaint filed by Plaintiff after the removal of the Complaint to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:22-CV-4434-MMB.

5.    "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography, computerized printout, or other means or process.

4868-6868-9511 v1

6.      The term "document" means any designated documents or electronically stored information in your custody or control, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to:

a.      contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

b.      letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and facsimile messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

c.      memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

d.      desk calendars, appointment books, pocket calendars, and diaries or notes or other personal memoranda;

e.      minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

f.      reports and summaries of interviews or negotiations;

g.      books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

h.      motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

i.      Drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

j.      any non-identical copy of any document; and

k.      information stored in any computer, server, cloud, device, or in any electronic, magnetic or other medium.

4868-6868-9511 v1

7.    The term "meeting" means any gathering, formal or informal, of two or more persons.

8.    Unless otherwise indicated, the word "parties" shall refer to Plaintiff Greenwood Gaming & Entertainment, Inc., and Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc.

9.    "Person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission, board, agency, bureau or department.

10.    "Plaintiff", "Parx", or "Parx Casino" shall mean Greenwood Gaming & Entertainment, Inc.

11.    The terms "refer to," "relate to," "relating to" and "with regard to" shall mean concern or concerning, pertain or pertaining, discuss or discussing, mention or mentioning, reflect or reflecting, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing the specified subject.

12.    The term "writing" shall mean any handwritten, typed, or word-processed note, memorandum, communication or record (such as an email, text, tweet or screenshot).

13.    "Pennsylvania Operator Agreement" means any form of agreement used by POM and Miele to contract Operators and includes signed versions of the Pennsylvania Operator Agreement.

14.    The following capitalized terms have the same meaning as in the Pennsylvania Operator Agreement:

a.    "Pennsylvania Skill Game"

b.    "Pennsylvania Skill Game Terminal" or "Terminal"

c.    "Software"

d.    "Fill" and "Fill System"

e.    "Operator".

f.    "Location"

g. "Location Owner"

h. "Approved Location Agreement"

i. "Distributor"

j. "SSP" or "Software Service Provider"

k. "Gross Revenue"

l. "Net Revenue"

m. "TID" or "terminal identification number"

n. "Marks"

15. "Game" means a Pennsylvania Skill Game title, of which there may be several on a Terminal.

16. "Miele" means Miele Manufacturing, Inc.

17. "POM" means POM of Pennsylvania, LLC.

**Requests for Production of Documents**

1.  Please produce a complete copy of every written agreement between you and POM of Pennsylvania, LLC ("POM") from the formation of POM to the present, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

2.  Please produce a complete copy of every written agreement between you and Miele Manufacturing, Inc. ("Miele") that in any way concerns Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals") , including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

3.  Please produce the register of Pace-O-Matic's shareholders, or documents sufficient to show the ownership of Pace-O-Matic.

    **RESPONSE**

4.  Please produce copies of the articles of incorporation and the by-laws of Pace-O-Matic, along with any amendments adopted from time to time.

    **RESPONSE**

5.  Please produce all Pace-O-Matic board minutes and resolutions referring to POM or Miele, Pennsylvania Skill Games, Terminals, the Pennsylvania Gaming Control Board, casinos, slot machines, Operators, Locations, or Location Owners, from 2014 to present.

**RESPONSE**

6.      Please produce all Pace-O-Matic business plans that refer or relate to POM, or Miele, or any Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

    **RESPONSE**

7.      Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to Pennsylvania Skill Games or Terminals.

    **RESPONSE**

8.      Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, consultant, legislator, lobbyist, or any testifying expert you have used, on the other, that refer to sales, distribution, expansion, growth, competition, manufacturing, lobbying, or public relations related to Pennsylvania Skill Games or Terminals.

    **RESPONSE**

9.      Please produce all documents referring to, describing, or consisting of business plans for the expansion of Pennsylvania Skill Games in Pennsylvania since 2014, including Pace-O-Matic corporate minutes and resolutions.

    RESPONSE:

10.     Please produce all communications between you, on the one hand, and any other defendant, Operator or Location, consultant, legislator, lobbyist, or any testifying expert you have used, on the other, and any internal documents that refer to the Gaming Act, 4 Pa.C.S. § 1101, *et seq.* or the Crimes Code, 18 Pa C.S. § 5513.

**RESPONSE:**

11.    Please produce all communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

        **RESPONSE:**

12.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to advertising, marketing materials, brochures or promotions for Pennsylvania Skill Games or Terminals.

        **RESPONSE**

13.    Please produce copies of all written materials that you have approved for lobbying the Pennsylvania General Assembly, or otherwise communicating with any members of the General Assembly.

        **RESPONSE**

14.    Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by Pace-O-Matic in advertising and promoting Pennsylvania Skill Games.

        **RESPONSE:**

15.    Please produce copies of all advertising, marketing materials, brochures, and promotions that you have approved for use by Operators or Locations in connection with Pennsylvania Skill Games.

4868-6868-9511 v1

**RESPONSE**

16.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or any testifying expert you have used, on the other, that refer to the legality of Pennsylvania Skill Games or to litigation involving the legality of Pennsylvania Skill Games.

   **RESPONSE:**

17.    Please produce all documents that refer to or contain any communications from players or consumers of Pennsylvania Skill Games, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

   **RESPONSE**

18.    Please produce all published reviews and articles concerning Pennsylvania Skill Games that you have collected.

   **RESPONSE**

19.    Please produce all documents that refer to Pennsylvania Skill Games and a "gaming experience" or "gambling".

   **RESPONSE:**

20.    Please produce all documents that refer to the design, look, feel, operation, gameplay, or "gaming experience" of Pennsylvania Skill Games, or that refer to Pennsylvania Skill Games and "gambling."

**RESPONSE:**

21. Please produce all documents that refer to the licensing of Pennsylvania Skill Games, related software, game fills or trademarks for use by others.

   **RESPONSE:**

22. Please produce all documents that concern the manufacture of Pennsylvania Skill Games and Terminals.

   **RESPONSE:**

23. Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to the Software.

   **RESPONSE:**

24. Please provide any documents describing or illustrating the game logic and algorithms governing the game play and prizes or awards for Pennsylvania Skill Game titles that were first introduced after 2017, including puzzles, memory games, shooting games, or other challenges, the use of random numbers or random number generqtors, the sequencing of games and of challenges within games, paylines, pay tables, relation of rewards to player performance, theoretical return to player, and relation of rewards to theoretical return to player.

   **RESPONSE:**

25. Please produce any documents referring to the incorporation and purpose of a random number generator in Pennsylvania Skill Games.

   **RESPONSE:**

4868-6868-9511 v1

26.     Please produce a human readable copy of the codebase for the proprietary Software utilized in Pennsylvania Skill Games and all updates to the software from 2017 to the present.

    **RESPONSE:**

27.     Please produce any documents describing or illustrating a Fill, including the manner of its production, delivery, installation, operation, and use.

    **RESPONSE:**

28.     Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

    **RESPONSE:**

29.     Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to Fills or the Fill System.

    **RESPONSE:**

30.     Please produce all quarterly and annual financial statements prepared for you from 2017 to present, or whatever periodic financial reports you use to manage your business, showing revenues, expenses, taxes, and profit from Pennsylvania Skill Games.

    **RESPONSE:**

31.     Please produce documents showing all financial transactions between POM and Pace-O-Matic or any of their parents, subsidiaries, or affiliates.

    **RESPONSE:**

4868-6868-9511 v1

32.    Please produce documents sufficient to identify the banks where Pace-O-Matic deposits revenues derived from Pennsylvania Skill Games and from Fills.

    **RESPONSE:**

33.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, and any internal documents, that refer to or consist of approval of any Location for the placement of Pennsylvania Skill Games, or of any Operator, including documents that refer to such approvals generally.

    **RESPONSE:**

34.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

    **RESPONSE**

35.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the collection of revenue derived from Pennsylvania Skill Games from any Location.

    **RESPONSE:**

36.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the number of Pennsylvania Skill Games in any individual Location.

    **RESPONSE:**

4868-6868-9511 v1

37.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to promotional events for Pennsylvania Skill Games.

    **RESPONSE:**

38.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to training for Operators concerning Pennsylvania Skill Games.

    **RESPONSE:**

39.    Please produce documents that evidence in what amounts and in what percentages Net Revenue generated by Pennsylvania Skill Games was divided between Locations, Operators, Miele, POM and you in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

    **RESPONSE:**

40.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

    **RESPONSE:**

41.    Please produce all communications between you, on the one hand, and any other defendant, Operator, Location Owner, consultant, legislator, or lobbyist, or any testifying expert you have used, on the other, and any internal documents that refer to or consist of the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement.

    **RESPONSE:**

4868-6868-9511 v1

42.    Please produce all documents referring to or consisting of consumer surveys, market analysis, or discussion of competition in connection with Pennsylvania Skill Games.

    **RESPONSE:**

43.    Please produce organization charts for Pace-O-Matic from 2015 to present sufficient to show any parent companies, subsidiaries or affiliates of Pace-O-Matic, and their relationships to each other.

    **RESPONSE:**

44.    Please produce organization charts showing each employee within the divisionsor departments of Pace-O-Matic that are responsible for marketing; game design, development, coding, and quality control; manufacturing; corporate and accounting functions; and strategic planning, including for each employee their name, title, primary work location, and lines of report.

    **RESPONSE:**

45.    Please provide documents sufficient to identify common officers and common employees of Pace-O-Matic and POM, by name, title and job description.

    **RESPONSE:**

46.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer to the frequency of play of the "follow-me" feature of Pennsylvania Skill Games.

    RESPONSE:

4868-6868-9511 v1

47. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to competition between Locations and regulated casinos in Pennsylvania.

   RESPONSE:

48. Please produce all studies or reports that refer to or discuss the frequency of play of the "follow-me" feature of Pennsylvania Skill Games.

   RESPONSE:

49. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to competition between Pennsylvania Skill Games and slot machines or skill games in Pennsylvania.

   RESPONSE:

50. Please produce documents detailing the resources that Pace-O-Matic has spent and continues to spend on "designing and obtaining approval for the Pennsylvania Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications referring to such expenditures,.

   RESPONSE:

51. Please produce all documents describing any government approvals Pace-O-Matic has obtained for Pennsylvania Skill Games.

   RESPONSE:

52. Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

4868-6868-9511 v1

**RESPONSE:**

53.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer to expected payouts, player win rates, or profits for any Pennsylvania Skill Games, or the average skill level possessed by players of Pennsylvania Skill Games.

   **RESPONSE:**

54.    Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games, or the average skill level possessed by players of Pennsylvania Skill Games.

   **RESPONSE:**

55.    Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania Skill Games.

   **RESPONSE:**

56.    Please produce documents sufficient to identify all patents owned, assigned, or otherwise controlled by you, or contractually or explicitly licensed by you, describing or claiming technologies, processes, logic, or other inventions incorporated into the design, production, or operation of Pennsylvania Skill Games, the Fill System, or Fills, as well as documents sufficient to show if and how any Pennsylvania Skill Games, the Fill System, or any Fills differ from any disclosures in those patents, including the values or formulas disclosed or incorporated in any figure, table, chart, drawing or similar presentation or illustration.

   **RESPONSE:**

4868-6868-9511 v1

57.    Please produce documents sufficient to show how the values in the "Player Return" column (reference no. 302) were determined in US Patent No. 8,118,660.

   **RESPONSE:**

58.    Please produce screenshots of the Operator Menu and all sub-menus or options available within or under the Operator Menu of any Terminal.

   **RESPONSE:**

59.    Please produce any documents supporting your affirmative defenses.

   **RESPONSE:**

60.    Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

   **RESPONSE:**

61.    Please produce a list of Pennsylvania Skill Games by title.  For each Game, produce sufficient documents to describe and explain the gameplay, and the expected and actual pay tables.

   **RESPONSE:**

62.    Please produce copies of all representations made to Operators or players concerning the payouts, profits, or legality of Pennsylvania Skill Games.

   **RESPONSE:**

4868-6868-9511 v1

63.    Please produce any communications concerning efforts to disable or circumvent any features or skill elements of Pennsylvania Skill Games.

   **RESPONSE:**

64.    Please produce all documents or communications discussing or identifying highly skilled players who regularly win more than most other players.

   **RESPONSE:**

65.    Please produce all documents referring to or consisting of any independent testing, auditing, or approval of Pennsylvania Skill Games, including by Gaming Labs International.

   **RESPONSE:**

66.    Please produce an executable copy of the Software for each Game, plus the compiler, linker, other build tools, configurations and build instructions used by the developers of the Software, from 2017 to the present.

   **RESPONSE:**

67.    Please produce a human readable copy of the sourcecode or codebase for the Software for each Game, from 2017 to the present.

   **RESPONSE:**

68.    Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

   **RESPONSE:**

4868-6868-9511 v1

69. Documents sufficient to show how often players win 105% of their wagers, the actual average win rate, how often players get to a bonus round or follow-me round, and how often they play a bonus round or follow-me round.

   **RESPONSE:**

70. Please produce any documents referring to, discussing, or consisting of analysis of compulsive or addictive play or reports of same in connection with Pennsylvania Skill Games.

   **RESPONSE:**

71. Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

   **RESPONSE:**

72. Please produce any documents or communications referring to or consisting of studies , analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

   **RESPONSE:**

<div align="center">

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**

</div>

By:    */s/ Gary M. Samms*
       Gary Samms, Esquire (Attorney I.D. 58096)
       Richard Limburg, Esquire  (Attorney I.D. 39598)

4868-6868-9511 v1

Attorneys for Plaintiff Parx Casino
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
(215) 665-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff, Greenwood Gaming & Entertainment, Inc.'s Requests for Production of Documents (First Set) Directed to POM of Pennsylvania, LLC has been served upon all parties of interest via email and U.S. First Class Mail on this 31st day of May 2023addressed as follows:

Edward T. Butkovitz
Matthew H. Haverstick
Kleinbard, LLC
Three Logan square
1717 Arch Street, 5th Floor
Philadelphia, PA  19103

Mark F. Lovecchio
McCor mick Law Firm
835 West Fourth Street
Williamsport, PA  17701

/s/ Gary M. Samms
Gary M. Samms, Esquire

4868-6868-9511 v1

# Exhibit 3

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By:   Gary Samms, Esquire (Attorney I.D. 58096)
       Gary.Samms@obermayer.com
       Richard Limburg, Esquire  (Attorney I.D. 39598)
       Richard.Limburg @obermayer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
 (215) 665-3000
*Counsel for Plaintiff*

| | |
|---|---|
| GREENWOOD GAMING<br>& ENTERTAINMENT, INC.<br><br>             Plaintiff,<br><br>v.<br><br>POM OF PENNSYLVANIA, LLC,<br>PACE-O-MATIC, INC., and<br>MIELE MANUFACTURING, INC.<br><br>             Defendants. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF PENNSYLVANIA<br><br><br>CASE No. 2:22-cv-04434-MMB |

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED TO DEFENDANT MIELE MANUFACTURING, INC.

To:   Miele Manufacturing, Inc.
       c/o  Marc F. Lovecchio

       McCormick Law Firm
       835 West Fourth Street
       Williamsport, PA 17701


AND NOW this 31st day of May, 2023, Plaintiff, Greenwood Gaming & Entertainment, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby

serves the following Requests for Production of Documents (First Set) and Things on Defendant Miele Manufacturing, Inc. ("Miele"), by and through its counsel pursuant to Fed.R.Civ.P. 34.

## INSTRUCTIONS

1.      You are required to produce the requested documents, electronically stored information, and other tangible things pursuant to Fed.R.Civ.P. 34 within thirty (30) days after service upon you.

2.      Unless otherwise indicated in a specific Request, the relevant time-period for these Requests for Production is January 1, 2017 through the present.

3.      As used herein, the words "you" and "your" refer to Defendant Miele Manufacturing, Inc.

4.      In responding to these Requests for Production, you are required to conduct a search to identify all documents or things in your possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you (as defined above) or your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      All electronically stored information should be produced in its native format unless Plaintiff's counsel agrees otherwise.  To the extent that you use search terms or custodians to satisfy your obligations in responding to these requests, you are requested to identify the search terms and custodians you use.

6.      All pages now stapled or fastened together must be produced, stapled or fastened together, and all documents which cannot be legibly copied must be produced in their original form.

7.      If you are unable to respond to any Request in full, you should respond to the extent possible, indicating what portion of any Request cannot be responded to and the reason therefore.

8.      To the extent that you consider any of the following Requests for Production objectionable, you should respond to so much of each Request as is not objectionable in your view, and separately state that part of each Request to which you object and each ground for each objection.  If in answering these Requests you claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, do not refuse to respond but set forth as part of your response the

4892-8788-5159 v1

language you deem to be ambiguous and the interpretation you used used in responding to the Request.

9.    If you object to producing, or describing the content of, a communication or document on grounds of attorney/client privilege, work product privilege, or any other privilege, you should identify the communication or document you claim is privileged in whole or in part, specify each privilege you are claiming for the communication or document, and for each such communication or document provide its date, author, addressee(s), and subject, the persons to whom copies of the communication or document were furnished, and the basis on which you claim the privilege.

## DEFINITIONS

1.    The words "and" and "or" shall include "and/or."

2.    Use of the plural form of any word shall be deemed to include the singular form, and use of the singular form shall be deemed to include the plural form.

3.    The term "communication" means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, e-mails, instant messages, voice messages, advertisements, or any other form of oral or written exchanges of words, thoughts or ideas.

4.    "Complaint" refers to the Complaint filed by the Plaintiff Greenwood Gaming & Entertainment, Inc. against Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc. in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2022, No. 00660. "Amended Complaint" refers to the Amended Complaint filed by Plaintiff after the removal of the Complaint to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:22-CV-4434-MMB.

5.    "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography, computerized printout, or other means or process.

6.    The term "document" means any designated documents or electronically stored information in your custody or control, including writings,

4892-8788-5159 v1

drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to:

a.  contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

b.  letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and facsimile messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

c.  memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

d.  desk calendars, appointment books, pocket calendars, and diaries or notes or other personal memoranda;

e.  minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

f.  reports and summaries of interviews or negotiations;

g.  books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

h.  motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

i.  Drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

j.  any non-identical copy of any document; and

k.  information stored in any computer, server, cloud, device, or in any electronic, magnetic or other medium.

7.  The term "meeting" means any gathering, formal or informal, of two or more persons.

8. Unless otherwise indicated, the word "parties" shall refer to Plaintiff Greenwood Gaming & Entertainment, Inc., and Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc.

9. "Person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission, board, agency, bureau or department.

10. "Plaintiff", "Parx", or "Parx Casino" shall mean Greenwood Gaming & Entertainment, Inc.

11. The terms "refer to," "relate to," "relating to" and "with regard to" shall mean concern or concerning, pertain or pertaining, discuss or discussing, mention or mentioning, reflect or reflecting, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing the specified subject.

12. The term "writing" shall mean any handwritten, typed, or word-processed note, memorandum, communication or record (such as an email, text, tweet or screenshot).

13. "Pennsylvania Operator Agreement" means any form of agreement used by POM and Miele to contract Operators and includes signed versions of the Pennsylvania Operator Agreement.

14. The following capitalized terms have the same meaning as in the Pennsylvania Operator Agreement:

   a. "Pennsylvania Skill Game"

   b. "Pennsylvania Skill Game Terminal" or "Terminal"

   c. "Software"

   d. "Fill," and "Fill System"

   e. "Operator"

   f. "Location"

   g. "Approved Location Agreement"

4892-8788-5159 v1

h.    "Distributor"

i.    "SSP" or "Software Service Provider"

j.    "Gross Revenue"

k.    "Net Revenue"

l.    "Payouts"

m.    "TID" or "terminal identification number"

n.    "Marks"

15.    "Game" means a Pennsylvania Skill Game title, of which there may be several on a Terminal.

16.    "POM" means POM of Pennsylvania, LLC.

17.    "Pace-O-Matic" means Pace-O-Matic, Inc.

4892-8788-5159 v1

**Requests for Production of Documents**

1.  Please produce signed copies of all Pennsylvania Operator Agreements between POM, Miele, and Operators that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements.

    **RESPONSE:**

2.  Please produce a complete copy of every written agreement between you and POM that in any way refers to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals") or the manufacture, distribution, programming, software licensing, or operation of Pennsylvania Skill Games or Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

3.  Please produce a complete copy of every written agreement between you and Pace-O-Matic that in any way refers to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals, or the manufacture, distribution, programming software licensing, or operation of Pennsylvania Skill Games or Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

4.  Please produce your records of the owner and mailing address of each Operator from January 1, 2017 to the present , including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements.

    **RESPONSE:**

4892-8788-5159 v1

5.     Please produce signed copies of all Approved Location Agreements that are or were in effect at any time from and after January 1, 2017.

       **RESPONSE:**

6.     Please produce records sufficient to show the number and location of Pennsylvania Skill Game Terminals located within 40 miles of Parx Casino at all times from January 1, 2017 to present.

       **RESPONSE:**

7.     Please produce your records of the owner and mailing address of each approved Location during the period from January 1, 2017 to present, whether or not there is an Approved Location Agreement for every Location.

       **RESPONSE:**

8.     Please produce a list of all Locations, including: (1) the name of entity (2) its location (3) the name of the primary contact person (4) contact information; (5) the time periods when Pennsylvania Skill Game Terminals were  in place at each Location; (6) the number of Terminals at Location; (7) the total sum of money wagered on each Terminal by game and by month; (8) the Gross Revenue from each Terminal by game and by month; (9) the Payouts from each Terminal by Game and by month; (10) other expenses by Location and Operator by month; (11) each Operator's share of Net Revenue by Game and by month; (11) POM's share of Net Revenue by Game by month; and (12) Miele's share of Net Revenue by Game per month.

       **RESPONSE:**

9.     Please produce the articles of incorporation and by-laws for Miele along with any amendments adopted from time to time.

4892-8788-5159 v1

**RESPONSE:**

10.    Please produce documents sufficient to identify the ownership of Miele from 2014 to the  present.

   **RESPONSE:**

11. Please produce all Miele board minutes and resolutions referring to POM, Pace-O-Matic, Pennsylvania Skill Games, the Pennsylvania Gaming Control Board or other Pennsylvania state agency, licensed casinos or slot machines, or Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

   **RESPONSE:**

12. Please produce all Miele business plans referring to POM, Pace-O-Matic, Pennsylvania Skill Games, the Pennsylvania Gaming Control Board or other Pennsylvania state agency, casinos, or slot machines, or Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

   **RESPONSE:**

13.    Please produce any documents describing or illustrating a Fill, including the manner of its delivery, installation, operation, and use.

      **RESPONSE:**

14.    Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

      **RESPONSE:**

4892-8788-5159 v1

15.    Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to Fills or the Fill System.

       **RESPONSE:**

16.    Please produce documents showing the sales of Fills to each Operator from January 1, 2017 to present.

       **RESPONSE:**

17.    Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to software for Pennsylvania Skill Games.

       **RESPONSE:**

18. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, and any internal documents, that refer to the Gaming Act, 4 Pa.C.S. § 1101, et seq. or the Crimes Code, 18 Pa C.S. § 5513, or the definition of a slot machine.

    **RESPONSE:**

19. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, and any internal documents, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

    **RESPONSE:**

20.    Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by Miele in advertising and promoting Pennsylvania Skill Games.

    **RESPONSE:**

21.    Please produce all advertising, marketing materials, brochures and promotions that Miele has approved for use by Operators.

    **RESPONSE:**

22.    Please produce all documents that refer or relate to promotional events for Pennsylvania Skill Games.

    **RESPONSE:**

23.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to the advertising, marketing materials, brochures or promotions for Pennsylvania Skill Games.

    **RESPONSE:**

24.    Please produce all documents referring to or consisting of the loyalty or other incentive programs mentioned in ¶4 of the Pennsylvania Operator Agreement.

    **RESPONSE:**

25.    Please produce all documents that refer to or contain any communication from a consumer or user of any Pennsylvania Skill Game, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

4892-8788-5159 v1

**RESPONSE:**

26.    Please produce all documents that refer to the design, look, feel, operation, or gameplay of Pennsylvania Skill Games, or that refer to Pennsylvania Skill Games and a "gaming experience" or "gambling.".

**RESPONSE:**

27.    Please produce any documents describing or illustrating the specifications for Pennsylvania Skills Games Terminals.

**RESPONSE:**

28.    Please produce all documents that refer to the manufacture of Pennsylvania Skill Games Terminals.

**RESPONSE:**

29.    Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to Pennsylvania Skills Games or Terminals.

**RESPONSE:**

30. Please produce copies of all written materials that you have approved for lobbying or otherwise communicating on your behalf with the Pennsylvania General Assembly or any other of its constituent members.

**RESPONSE**

4892-8788-5159 v1

31.    Please produce the internal transaction history of 10 Pennsylvania Skill Game Terminals (identified by TID) that have been in service for at least two years, as far back the transaction history is available, including at least 1 Terminal located within 1 mile of Parx Casino. as well as the Location and Operator of each of the 10 Terminals.

   **RESPONSE:**

32.    Please produce all documents referring to or consisting of the enforcement of Approved Location Agreements from January 1, 2015 to the present.

   **RESPONSE:**

33.    Please produce copies of all documents referring to or consisting of the enforcement of Pennsylvania Operator Agreements.

   **RESPONSE:**

34. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

   **RESPONSE**

35.    Please produce all documents demonstrating any attempt by you to seek licensing under the Gaming Act, 4 Pa.C.S. § 1101, *et seq.*

   **RESPONSE:**

36.    Please produce all documents referring to or consisting of any independent testing or auditing of Pennsylvania Skill Games Terminals.

4892-8788-5159 v1

**RESPONSE:**

37.    Please produce your records showing the total number of Pennsylvania Skill Game Terminals in all Locations at all times from January 1, 2017 to the present.

   **RESPONSE:**

38.    Please produce your records showing the number of Pennsylvania Skill Game Terminals located in each Location at all times from January 1, 2017 to present.

   **RESPONSE:**

39.    Please produce all documents that refer to or consist of training for Operators of Pennsylvania Skill Games.

   **RESPONSE:**

40.    Please produce all documents that refer to the collection of revenue derived from Pennsylvania Skill Games from any Location.

   **RESPONSE:**

41.    Please produce documents sufficient to identify any individuals that have collected revenue derived from Pennsylvania Skill Games from Locations in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 on behalf of Operators.

   **RESPONSE:**

42.    Please produce all quarterly and annual financial statements prepared for you from 7 to present, or whatever periodic financial reports you use to manage your business showing revenues, expenses, taxes and profit from the sale of Pennsylvania Skill Games.

4892-8788-5159 v1

**RESPONSE:**

43.    Please produce all quarterly and annual financial statements prepared for you from 2015 to present, or whatever periodic financial reports you use to manage your business showing revenues, expenses, taxes and profit from the operation of Pennsylvania Skill Games.

   **RESPONSE:**

44.    Please produce documents showing the amount and percentage of Net Revenue that went to Miele, Operators and Locations in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022), and the dollar amount that went to Miele, each Operator and each Location in each year.

   **RESPONSE:**

45.    Please produce documents showing the Payouts made by each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

   **RESPONSE:**

46.    Please produce documents showing the amount of money inserted into each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

   **RESPONSE:**

47.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

   **RESPONSE:**

4892-8788-5159 v1

48. Please produce all documents related to the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement, including communications between you, on the one hand, and any other defendant, Operator, Location Owner, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, referring thereto or consisting thereof.

   **RESPONSE:**

49. Please produce all documents referring to or consisting of market analysis, competition, or consumer surveys in connection with Pennsylvania Skill Games.

   **RESPONSE:**

50. Please produce all documents referring to your competitors and competition with your business in Pennsylvania.

   **RESPONSE:**

51. Please produce all expert reports concerning competition for the dollars of Pennsylvania Skill Game players that you have provided to opponents in litigation before this case.

   **RESPONSE:**

52. Please produce organization charts for Miele from 2015 to present, sufficient to show any parents, subsidiaries, or affiliates of Miele and their relationships to one another.

   **RESPONSE:**

4892-8788-5159 v1

53. Please produce organization charts for Miele sufficient to show the divisions and departments within Miele.

   **RESPONSE:**

54. Please produce documents sufficient to identify all subsidiaries, divisions, or affiliates of Miele that have entered into a Pennsylvania Operator Agreement with POM and Miele.

   **RESPONSE:**

55. Please produce documents sufficient to show the ownership of Miele.

   **RESPONSE:**

56. Please produce documents showing what measures Miele uses to monitor and enforce compliance with Pennsylvania Operator Agreements and Approved Location Agreements.

   **RESPONSE:**

57. Please produce all communications and documents that refer to competition between Locations and casinos in Pennsylvania, or to competition between Pennsylvania Skill Games ans slot machines or skill games in Pennsylvania.

   **RESPONSE:**

58. Please produce all communications and documents referring to or consisting of Miele's fulfillment of the Terminal Warranty in paragraph 12 of the Pennsylvania Operator Agreement.

   **RESPONSE:**

59. Please produce documents detailing the resources that Miele has spent and continues to spend on "designing and obtaining approval for the Pennsylvania

4892-8788-5159 v1

Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications referring to the same.

**RESPONSE:**

60.    Please produce all documents describing any government approvals Miele has obtained for Pennsylvania Skill Games.

**RESPONSE:**

61.    Please produce all documents (including Miele corporate minutes and resolutions and documents describing or consisting of business plans) that refer to the expansion of Pennsylvania Skill Games in Pennsylvania since 2014.

**RESPONSE:**

62.    Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

63.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

64.    Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

4892-8788-5159 v1

65.    Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania Skill Games.

**RESPONSE:**

66.    Please produce any documents supporting your affirmative defenses.

**RESPONSE:**

67.    Please produce documents sufficient to identify the banks where Miele deposits revenues derived from Pennsylvania Skill Games and from Fills.

**RESPONSE:**

68.    Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

**RESPONSE:**

69.    Please produce all communications from Operators referring to or consisting of complaints concerning higher than expected payouts and/or lower than expected profits.

**RESPONSE:**

70.    Please produce any documents referring to, discussing, or consisting of analysis by you, POM or Pace-Matic, of the legality or regulation of Pennsylvania Skill Games, including internal communications and communications with consultants, legislators, lobbyists, testifying experts you have used in other litigation, or members of the gaming industry.

**RESPONSE:**

4892-8788-5159 v1

71.   Please produce any documents or communications referring to or consisting of studies, analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

      **RESPONSE:**

72.   Please produce any documents referring to, discussing, or consisting of analysis of compulsive or addictive play or reports of same in connection with Pennsylvania Skill Games.

      **RESPONSE:**

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**

By:   */s/ Gary M. Samms*
     Gary Samms, Esquire (Attorney I.D. 58096)
     Richard Limburg, Esquire  (Attorney I.D. 39598)
     Attorneys for Plaintiff Parx Casino
     Centre Square West
     1500 Market Street, Suite 3400
     Philadelphia, Pennsylvania 19102
     (215) 665-3000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff, Greenwood Gaming

& Entertainment, Inc.'s Requests for Production of Documents (First Set) Directed

4892-8788-5159 v1

to POM of Pennsylvania, LLC has been served upon all parties of interest via email

and U.S. First Class Mail on this 31 day of May, 2023, and addressed as follows:


Edward T. Butkovitz
Matthew H. Haverstick
Kleinbard, LLC
Three Logan square
1717 Arch Street, 5th Floor
Philadelphia, PA  19103


Mark F. Lovecchio
McCor mick Law Firm
835 West Fourth Street
Williamsport, PA  17701


_/s/ Gary M. Samms_____
Gary M. Samms, Esquire

4892-8788-5159 v1

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING &
ENTERTAINMENT, INC.,

    *Plaintiff,*

v.

POM OF PENNSYLVANIA, LLC,
PACE-O-MATIC, INC., and
MIELE MANUFACTURING, INC.,

    *Defendants.*

No. 2:22-CV-04434-MMB

## POM OF PENNSYLVANIA, LLC'S OBJECTIONS TO PARX'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant POM of Pennsylvania, LLC (POM), by and through its undersigned counsel, hereby objects to the First Request for Production of Documents and Things by Plaintiff Greenwood Gaming & Entertainment, Inc. (Parx) as follows:

## GENERAL OBJECTIONS

1.    Kleinbard LLC has conducted interviews and/or communicated with POM and its representatives for purposes of rendering legal services related to the claims made in this action. Such communications and related documents are subject to the attorney-client privilege and the work product doctrine, and constitute litigation or trial preparation materials. POM objects to each request to the extent it seeks disclosure of such communications and related documents. POM also objects to each request to the extent it seeks documents or information subject to

the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may require additions or changes to these responses. POM reserves the right to supplement these objections as it collects potentially responsive documents.

3. POM objects to each request to the extent it seeks documents that are in Parx's possession, custody, or control, publicly available, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

4. POM objects to the scope of Instruction 4 to the extent it seeks documents not in POM's possession, custody, or control. POM will not produce documents that are not within its possession, custody, or control.

5. POM objects to the scope of Instruction 4 to the extent it requires POM to produce documents or information covered by confidentiality agreements with others, or that would require POM to violate the privacy interests of others.

6. Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld on the basis of such privilege will be identified on a privilege log.

7. POM objects to each request to the extent that it purports to impose more obligations than required under the Federal Rules of Civil Procedure.

8.      POM objects generally to producing documents of a confidential or commercially sensitive nature and will withhold any such responsive documents until a protective order has been approved by the Court.

9.      The production of any documents or information by POM is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

**OBJECTIONS TO SPECIFIC REQUESTS**

1. Please produce a complete copy of every written agreement between you and Miele that in any way concerns Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals"), including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence, including in particular the Software Service Provider agreement and Pennsylvania Skill Games distribution agreement.

RESPONSE: The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is

3

unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

2. Please produce a complete copy of every written agreement between you and Pace-O-Matic that in any way concerns to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

3. Please produce signed copies of all Pennsylvania Operator Agreements between POM, Miele, and Operators that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements, and any related correspondence.

4

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

4. Please produce a list of all Operators including: (1) the name of entity (2) its location (3) the name of the primary contact person (4) contact information.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

5

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

5. Please produce signed copies of all Approved Location Agreements that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements, and any related correspondence.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

6. Please produce documents sufficient to identify and explain the criteria for approval of an Operator and show how applications for approval of Operators are evaluated.

6

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

7. Please produce documents sufficient to identify and explain the criteria for approval of a Location and show how applications for approval of Locations are evaluated.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

7

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

8. Please produce a list of all Locations, including: (1) the name of entity (2) its street address (3) the name of the primary contact person (4) contact information for the location; (5) the time periods when Pennsylvania Skill Game Terminals were in place at each Location; (6) the number of Terminals at Location and TIDs for each; (7) the total sum of money wagered on each Terminal by Game and by month; (8) the Gross Revenue from each Terminal by Game and by month; (9) the Payouts from each Terminal by Game and by month; (10) each Operator's share of Net Revenue by Game and by month; (11) POM's share of Net Revenue by Game by month; (12) Pace-O-Matic's share of Net Revenue by Game by month.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and

8

confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

9. Please produce a signed copy of your Software Service Provider agreement with Miele Manufacturing, Inc., including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

RESPONSE: The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

10. Please produce a signed copy of the Pennsylvania Skill Games distribution agreement with Miele Manufacturing, Inc. including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreements, and any related correspondence.

RESPONSE: The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad

9

faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

11. Please produce documents establishing POM's ownership of or interest in the Marks.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based

10

on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

12. Please produce documents establishing POM's ownership of or interest in the Software.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

13. Please produce the articles of organization and operating agreement for POM along with any amendments adopted from time to time.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple

11

Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

14. Please produce documents sufficient to identify the members and managers of POM as an LLC from its formation to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

12

15. Please produce documents showing all distributions by POM to its members from 2015 to present.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

16. Please produce any documents (including patents) describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency*

13

*and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

17. Please produce any communications between you, on the one hand, and any other defendant, on the other, that refer to Fills or the Fill System.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device.

Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

18. Please produce documents showing the annual sales of Fills to Operators and the revenue generated by the sale of Fills.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling

15

production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

19. Please produce a list of Pennsylvania Skill Games by title. For each Game, produce sufficient documents to describe and explain the gameplay, and the expected and actual pay tables.

RESPONSE: The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

20. Please produce any documents or communications between you, on the one hand, and any other defendant, Operator, Location, consultant, or testifying expert that you have used in other litigation, on the other, describing or illustrating the software for Pennsylvania Skill Games, including its design, operation, gameplay, optional settings, customizable features, and elements that can be enabled or disabled.

RESPONSE: The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

16

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

21. Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by POM in advertising and promoting Pennsylvania Skill Games, or approved by POM for use by Miele, Operators or Location Owners.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

17

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

22. Please produce copies of all information made available to the public by you, directly or indirectly, concerning the payouts of Pennsylvania Skill Games, how to play or win Pennsylvania Skill Games, or the legality of Pennsylvania Skill Games.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

23. Please produce sufficient documents to identify and describe every promotion or promotional event for Pennsylvania Skill Games since January 1, 2017.

18

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

24. Please produce all documents evaluating the loyalty or other incentive programs mentioned in ¶4 of the Pennsylvania Operator Agreement.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

19

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

25. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to the legality of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

26. Please produce copies of all written materials that you have approved for lobbying or otherwise communicating on your behalf with the Pennsylvania General Assembly or any of its constituent members.

20

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

27. Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

21

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

28. Please produce copies of all representations made to Operators or players concerning the payouts, profits, or legality of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

29. Please produce all documents that refer to or contain any complaint from an Operator regarding payouts, profit, length of game play, or skill or chance elements of game play.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

30. Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D.*

23

*No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

31. Please produce all documents that refer to or contain any communication from a consumer or user of any Pennsylvania Skill Game, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

32. Please produce all documents that discuss the design, look, feel, gameplay, or "gaming experience" of Pennsylvania Skill Games, or that compare or contrast Pennsylvania Skill Games with slot machines, regulated casinos, or gambling.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

24

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

33. Please produce any documents describing or illustrating the specifications for Pennsylvania Skills Game Terminals.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D.*

25

*No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

34. Please provide any documents describing or illustrating the game logic and algorithms governing the game play and prizes or awards for all Pennsylvania Skill Game titles that were first introduced after 2017, including puzzles, memory games, shooting games, or other challenges, the use of random numbers, the sequencing of games from wager to wager, the sequencing of challenges within games, paylines, pay tables, relation of rewards to player performance, theoretical return to player, and relation of rewards to theoretical return to player.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

35. Please produce any documents referring to the incorporation or inclusion of or other role played by a random number generator in Pennsylvania Skill Games.

26

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

36. Please produce an executable copy of the Software for each Game, plus the compiler, linker, other build tools, configurations and build instructions used by the developers of the Software, from 2017 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

37. Please produce a human readable copy of the sourcecode or codebase for the Software for each Game, from 2017 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for its sourcecode. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of sourcecode). POM's sourcecode is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

38. Please produce all expert reports concerning Pennsylvania Skill Games that you have used in litigation other than this case.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

39. Please produce documents sufficient to identify all patents owned, assigned, otherwise controlled by You, or contractually or explicitly licensed by You describing or claiming technologies, processes, logic, or other inventions incorporated into the design, production, or operation of Pennsylvania Skill Games, Fill System or Fills and documents sufficient to show if and how Pennsylvania Skill Games, Fill System, or Fills differ from any disclosures in those patents, including the values or formulas disclosed or incorporated in any figure, table, chart, drawing, or similar.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests

29

that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

40. Documents sufficient to show how the values in the "Player Return" column (reference no. 302) were determined in US Patent No. 8,118,660.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency*

30

*and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

41. Screenshots of the Operator Menu of any Terminal and all sub-menus or options available within or under the Operator Menu.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

42. Please produce copies of all the patents used in the design, production, and operation of Pennsylvania Skill Games and Fill System or Fills.

31

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

43. Please produce copies of the internal transaction logs or transaction histories of 10 Pennsylvania Skill Game Terminals within 40 miles of Parx Casino (identified by TID) that have been in service for at least two years, as far back as the transaction history is available, including at least 1 Terminal located within 1 mile of Parx Casino, as well as the Location and Operator of each of the 10 Terminals.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests

32

that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

44. Please produce transaction logs covering all or part from January 1, 2021 to present for every Terminal in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device.

33

Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

45. Please produce all documents referring to or consisting of any independent testing, auditing, or approval of Pennsylvania Skill Games, including by Gaming Labs International, as well as all documents submitted in support of such testing, auditing or approval.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

46. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to the Gaming Act, 4 Pa.C.S. § 1101, *et seq.* or the Crimes Code, 18 Pa C.S. § 5513, or the definition of a slot machine.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

34

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

47. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, expert, consultant, legislator, or lobbyist on the other, and any internal documents, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

48. Please produce records sufficient to show the total number of Pennsylvania Skill Game Terminals in all Locations at all times from January 1, 2017 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

49. Please produce records sufficient to show the number and location of Pennsylvania Skill Game Terminals located within 40 miles of Parx Casino at all times from January 1, 2017 to present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

50. Please produce any documents describing or illustrating a Fill, including the manner of its production, delivery, installation, operation, and use.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

51. Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret

documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

52. Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to Fills or the Fill System.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this

39

objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

53. Please produce copies of all documents used for training Operators of Pennsylvania Skill Games or that refer to or discuss training for Operators.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

54. Please produce all documents relating to the enforcement of Approved Location Agreements from January 1, 2015 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple

40

Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

55. Please produce copies of all documents relating to the enforcement of Pennsylvania Operator Agreements.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

41

56.Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, and any internal documents, that refer or relate to approval of any Location or Operator or approval of Locations or Operators generally for the placement of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

57.Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely

42

on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

58. Please produce all documents demonstrating any attempt by you to seek licensing under the Gaming Act, 4 Pa.C.S. § 1101, et seq.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and

43

confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

59. Please produce documents sufficient to describe and explain the collection of revenue derived from Pennsylvania Skill Games from Locations in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 on behalf of Operators.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

60. In a 10/12/2022 article on Casino.org, Devin O'Connor quoted POM's chief public affairs officer, Michael Barley, as follows: "Every dollar that's made, over 92% of it is staying in the commonwealth, staying in small business." Please provide all documents (a) discussing or referring to the amount of revenue from "Pennsylvania Skill" branded slot machines that stays in small businesses in Pennsylvania; (b) discussing or relating to how the revenue is divided among all the entities that are entitled to a share of it; and (c) calculating or otherwise establishing the percentage of revenue from Pennsylvania Skill Games that stays in small businesses in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

61. Please produce all quarterly and annual financial statements prepared for you from 2015 to present, or whatever periodic financial reports you use to manage your business.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil

45

2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

62. Please produce documents showing the total amount of Gross Revenue, Net Revenue, and Payouts to players generated by Pennsylvania Skill Games from the currency inserted into or otherwise played in those machines in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022).

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

63. Please produce documents showing all financial transactions between POM and Pace-O-Matic or any of their parents, subsidiaries, or affiliates.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

64. Please produce documents sufficient to identify the banks where POM deposits revenues derived from Pennsylvania Skill Games and from Fills.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

47

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). POM's Fill System is immaterial and not necessary or relevant to prove Parx's claim. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

65. Please produce documents showing the amount of total amount of taxes imposed or assessed on revenue generated by Pennsylvania Skill Games in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022).

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based

48

on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

66. Please produce documents showing the shares of Net Revenue that went to POM, Miele, to Operators, and to Locations or Location Owners in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022), and the dollar amount that went to each of POM, Miele, each Operator and each Location or Location Owner in each year.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

67. Please produce documents showing the Payouts made by each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests

49

that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

68. Please produce documents showing the amount of money inserted into each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).

No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

69. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

70. Please produce all documents and communications related to the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement, including communications with any other defendant, Operator , Location Owner, consultant, expert, members of the Pennsylvania General Assembly or their staff, with lobbyists, or with political action committees and other political organizations.

51

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

71. Please produce all documents consisting of or summarizing consumer (player) surveys or consumer preference studies in connection with Pennsylvania Skill Games in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

52

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

72. Please produce all documents referring to or consisting of market analysis, market studies, or competition, in connection with Pennsylvania Skill Games in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

73. Please produce all documents referring to or discussing your competitors and competition with your business in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

74. Please produce copies of any studies concerning expected payouts for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

54

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

75. Please produce all documents or communications discussing or identifying highly skilled players who regularly win more than most other players.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

76. Please produce any communications concerning efforts to disable or circumvent any features or skill elements of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

55

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

77. Please produce all expert reports concerning competition for the dollars of Pennsylvania Skill Game players that you have used in litigation other than this case.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil

2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

78. Please produce documents sufficient to show the ownership of POM.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

79. Please produce organization charts for POM from 2015 to present sufficient to show any parent companies, subsidiaries or affiliates of POM, and their relationships to each other.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests

57

that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

80. Please produce organization charts showing the divisions and departments within POM.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device.

Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

81. Please produce organization charts showing each employee within the divisions or departments within POM responsible for marketing; game design, development, coding, and quality control; manufacturing; corporate and accounting functions; and strategic planning, including for each employee their name, title, lines of report, and primary work location.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

82. Please provide documents sufficient to identify common officers and common employees of Pace-O-Matic and POM, by name, title and job description.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests

that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

83. Please produce documents showing the frequency of play of the "follow-me" feature compared with the frequency of play of the Tic-Tac-Fruit feature of Pennsylvania Skill Games, including any studies or reports regarding the same.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).

No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

84. Please produce all documents and all communications between you, on the one hand, and any other defendant, Operator Location, consultant, legislator, lobbyist, or testifying expert that you have used in other litigation, on the other, that refer to competition between Locations and regulated casinos or slot machines in Pennsylvania, as well as internal POM documents regarding the same.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

85. Please produce documents sufficient to identify each instance in which POM fulfilled the Guaranty in paragraph 5 of the Pennsylvania Operator Agreement.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because

it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

86. Please produce documents detailing the resources that POM has spent and continues to spend on "designing and obtaining approval for the Pennsylvania Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications regarding the same.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23,

2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

87. Please produce all documents describing any government approvals POM has obtained or attempted to obtain for Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

88. Please produce all documents referring to, describing, or consisting of business plans for the expansion of Pennsylvania Skill Games in Pennsylvania since 2014, including POM corporate minutes and resolutions and communications with Miele, Pace-O-Matic, or any Operators, Locations, or Location Owners.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

89. Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket*

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

90. Please produce a list of FOIA requests made by you or on your behalf that directly or indirectly concern Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

91. Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

92. Documents sufficient to show how often players win at least 105% of their wagers, the actual average win rate, how often players get to a bonus round or follow-me round, and how often players play a bonus round or follow-me round in part, and how often they play a bonus round or follow-me round to its end.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement*

66

*Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

93. Please produce any documents or communications referring to or consisting of studies, analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

94. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate

67

to expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

95. Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency*

68

*and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

96. Please produce any documents supporting your affirmative defenses.

      **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, POM objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 96 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access POM's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection. Notwithstanding the foregoing, POM is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

69

Dated: June 14, 2023                    /s/ Matthew H. Haverstick
                                        Matthew H. Haverstick (No. 85072)
                                        Edward T. Butkovitz (No. 309565)
                                        Joshua J. Voss (No. 306853)
                                        Shohin H. Vance (No. 323551)
                                        Samantha G. Zimmer (No. 325650)
                                        KLEINBARD LLC
                                        Three Logan Square, 5th Floor
                                        1717 Arch Street
                                        Philadelphia, PA 19103
                                        Phone: (215) 568-2000
                                        Eml: mhaverstick@kleinbard.com
                                        ebutkovitz@kleinbard.com
                                        jvoss@kleinbard.com
                                        svance@kleinbard.com
                                        szimmer@kleinbard.com

                                        *Attorneys for the POM Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I caused a true and correct copy of POM's Objections to

Parx's First Request for Production of Documents to be served via email on the

following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: June 14, 2023          /s/ Matthew H. Haverstick
                              Matthew H. Haverstick

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : | No. 2:22-CV-04434-MMB |
| | : | |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : | |
| | : | |
| *Defendants.* | : | |

### PACE-O-MATIC, INC.'S OBJECTIONS TO PARX'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant Pace-O-Matic, Inc., by and through its undersigned counsel, hereby objects to Plaintiff Greenwood Gaming & Entertainment, Inc.'s (Parx) First Request for Production of Documents and Things as follows:

### GENERAL OBJECTIONS

1.      Kleinbard LLC has conducted interviews and/or communicated with Pace-O-Matic and its representatives for purposes of rendering legal services related to the claims made in this action. Such communications and related documents are subject to the attorney-client privilege and the work product doctrine, and constitute litigation or trial preparation materials. Pace-O-Matic objects to each request to the extent it seeks disclosure of such communications and related documents. Pace-O-Matic also objects to each request to the extent it seeks documents or information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

2.      Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may require additions or changes to these responses. Pace-O-Matic reserves the right to supplement these objections as it collects potentially responsive documents.

3.      Pace-O-Matic objects to each request to the extent it seeks documents that are in Parx's possession, custody, or control, publicly available, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

4.      Pace-O-Matic objects to the scope of Instruction 4 to the extent it seeks documents not in Pace-O-Matic's possession, custody, or control. Pace-O-Matic will not produce documents that are not within its possession, custody, or control.

5.      Pace-O-Matic objects to the scope of Instruction 4 to the extent it requires Pace-O-Matic to produce documents or information covered by confidentiality agreements with others, or that would require Pace-O-Matic to violate the privacy interests of others.

6.      Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld on the basis of such privilege will be identified on a privilege log.

7.      Pace-O-Matic objects to each request to the extent that it purports to impose more obligations than required under the Federal Rules of Civil Procedure.

2

8.      Pace-O-Matic objects generally to producing documents of a confidential or commercially sensitive nature and will withhold any such responsive documents until a protective order has been approved by the Court.

9.      The production of any documents or information by Pace-O-Matic is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

**OBJECTIONS TO SPECIFIC REQUESTS**

1. Please produce a copy of every written agreement between you and POM of Pennsylvania, LLC ("POM") from the formation of POM to the present, including all exhibits, schedules, or attachments to the agreement, and any amendments to the agreement, and any related correspondence.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-

3

Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

2. Please produce a complete copy of every written agreement between you and Miele Manufacturing, Inc. ("Miele") that in any way concerns Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals"), including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

3. Please produce the register of Pace-O-Matic's shareholders, or documents sufficient to show the ownership of Pace-O-Matic.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some

4

72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

4. Please produce copies of the articles of incorporation and the by-laws of Pace-O-Matic, along with any amendments adopted from time to time.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order

5

(C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

5. Please produce all Pace-O-Matic board minutes and resolutions referring to POM or Miele, Pennsylvania Skill Games, Terminals, the Pennsylvania Gaming Control Board, casinos, slot machines, Operators, Locations, or Location owners, from 2014 to present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

6

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

6. Please produce all Pace-O-Matic business plans that refer or relate to POM, or Miele, or any Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

7. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to Pennsylvania Skill Games or Terminals.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of

7

Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

8. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, consultant, legislator, lobbyist, or any testifying expert you have used, on the other, that refer to sales, distribution, expansion, growth, competition, manufacturing, lobbying, or public relations related to Pennsylvania Skill Games or Terminals.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption*

8

*Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

9. Please produce all documents referring to, describing, or consisting of business plans for the expansion of Pennsylvania Skill Games in Pennsylvania since 2014, including Pace-O-Matic corporate minutes and resolutions.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

10. Please produce all communications between you, on the one hand, and any other defendant, Operator or Location, consultant, legislator, lobbyist, or any

9

testifying expert you have used, on the other, and any internal documents that refer to the Gaming Act, 4 Pa.C.S. § 1101, et seq. *or* the Crimes Code, 18 Pa.C.S. § 5513.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

11. Please produce all communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic

10

manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

12. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to advertising, marketing materials, brochures or promotions for Pennsylvania Skill Games or Terminals.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling

11

device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

13. Please produce copies of all written materials that you have approved for lobbying the Pennsylvania General Assembly, or otherwise communicating with any members of the General Assembly.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

14. Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by Pace-O-Matic in advertising and promoting Pennsylvania Skill Games.

12

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

15. Please produce copies of all advertising, marketing materials, brochures, and promotions that you have approved for use by Operators or Locations in connection with Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne,

13

June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

16. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or any testifying expert you have used, on the other, that refer to the legality of Pennsylvania Skill Games or to litigation involving the legality of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold

14

documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

17. Please produce all documents that refer to or contain any communications from players or consumers of Pennsylvania Skill Games, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

18. Please produce all published reviews and articles concerning Pennsylvania Skill Games that you have collected.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional

to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

19. Please produce all documents that refer to Pennsylvania Skill Games and a "gaming experience" or "gambling".

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No.*

16

*142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

20. Please produce all documents that refer to the design, look, feel, operation, gameplay, or "gaming experience" of Pennsylvania Skill Games, or that refer to Pennsylvania Skill Games and "gambling."

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

21. Please produce all documents that refer to the licensing of Pennsylvania Skill Games, related software, game fills or trademarks for use by others.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

22. Please produce all documents that concern the manufacture of Pennsylvania Skill Games and Terminals.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional

18

to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

23. Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to the Software.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No.*

19

*142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

24. Please provide any documents describing or illustrating the game logic and algorithms governing the game play and prizes or awards for Pennsylvania Skill Game titles that were first introduced after 2017, including puzzles, memory games, shooting games, or other challenges, the use of random numbers or random number generators, the sequencing of games and of challenges within games, paylines, pay tables, relation of rewards to player performance, theoretical return to player, and relation of rewards to theoretical return to player.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

25. Please produce any documents referring to the incorporation and purpose of a random number generator in Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

26. Please produce a human readable copy of the codebase for the proprietary Software utilized in Pennsylvania Skill Games and all updates to the software from 2017 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's

21

business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the codebase. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's codebase is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

27. Please produce any documents describing or illustrating a Fill, including the manner of its production, delivery, installation, operation, and use.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six*

22

*Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

28. Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order

23

(C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

29. Please produce any communications between you, on the one hand, and any other defendant, Operator or Location, on the other, that refer to Fills or the Fill System.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically

24

objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

30. Please produce all quarterly and annual financial statements prepared for you from 2017 to present, or whatever periodic financial reports you use to manage your business, showing revenues, expenses, taxes, and profit from Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

25

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

31. Please produce documents showing all financial transactions between POM and Pace-O-Matic or any of their parents, subsidiaries, or affiliates.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

32. Please produce documents sufficient to identify the banks where Pace-O-Matic deposits revenues derived from Pennsylvania Skill Games and from Fills.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some **72** total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further,

26

Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

33. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, and any internal documents, that refer to or consist of approval of any Location for the placement of Pennsylvania Skill Games, or of any Operator, including documents that refer to such approvals generally.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four*

27

*Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

34. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under

28

Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

35. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the collection of revenue derived from Pennsylvania Skill Games from any Location.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

36. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the number of Pennsylvania Skill Games in any individual Location.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this

29

request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

37. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to promotional events for Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*,

30

No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

38. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to training for Operators concerning Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

31

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

39. Please produce documents that evidence in what amounts and in what percentages Net Revenue generated by Pennsylvania Skill Games was divided between Locations, Operators, Miele, POM and you in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

40. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional

32

to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

41. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location Owner, consultant, legislator, or lobbyist, or any testifying expert you have used, on the other, and any internal documents that refer to or consist of the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order

33

(C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

42. Please produce all documents referring to or consisting of consumer surveys, market analysis, or discussion of competition in connection with Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

34

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

43. Please produce organization charts for Pace-O-Matic from 2015 to present sufficient to show any parent companies, subsidiaries or affiliates of Pace-O-Matic, and their relationships to each other.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

44. Please produce organization charts showing each employee within the divisions or departments of Pace-O-Matic that are responsible for marketing; game design, development, coding, and quality control; manufacturing; corporate and accounting functions; and strategic planning, including for each employee their name, title, primary work location, and lines of report.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some

35

72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

45. Please provide documents sufficient to identify common officers and common employees of Pace-O-Matic and POM, by name, title and job description.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order

36

(C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

46. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer to the frequency of play of the "follow-me" feature of Pennsylvania Skill Games.

   **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

47. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to competition between Locations and regulated casinos in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

48. Please produce all studies or reports that refer to or discuss the frequency of play of the "follow-me" feature of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order

38

(C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

49. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to competition between Pennsylvania Skill Games and slot machines or skill games in Pennsylvania.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

39

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

50. Please produce documents detailing the resources that Pace-O-Matic has spent and continues to spend on "designing and obtaining approval for the Pennsylvania Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications referring to such expenditures,.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

51. Please produce all documents describing any government approvals Pace-O-Matic has obtained for Pennsylvania Skill Games.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional

40

to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

52. Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No.*

*142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

53. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer to expected payouts, player win rates, or profits for any Pennsylvania Skill Games, or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

54. Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games, or the average skill level possessed by players of Pennsylvania Skill Games.

42

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

55. Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order

43

(C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

56. Please produce documents sufficient to identify all patents owned, assigned, or otherwise controlled by you, or contractually or explicitly licensed by you, describing or claiming technologies, processes, logic, or other inventions incorporated into the design, production, or operation of Pennsylvania Skill Games, the Fill System, or Fills, as well as documents sufficient to show if and how any Pennsylvania Skill Games, the Fill System, or any Fills differ from any disclosures in those patents, including the values or formulas disclosed or incorporated in any figure, table, chart, drawing or similar presentation or illustration.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under

44

Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for documents related to the Fill system. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of source code). Pace-O-Matic's Fill System is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

57. Please produce documents sufficient to show how the values in the "Player Return" column (reference no. 302) were determined in US Patent No. 8,118,660.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

58. Please produce screenshots of the Operator Menu and all sub-menus or options available within or under the Operator Menu of any Terminal.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

59. Please produce any documents supporting your affirmative defenses.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic

46

manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

60. Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold

47

documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

61. Please produce a list of Pennsylvania Skill Games by title. For each Game, produce sufficient documents to describe and explain the gameplay, and the expected and actual pay tables.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

62. Please produce copies of all representations made to Operators or players concerning the payouts, profits, or legality of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional

48

to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

63. Please produce any communications concerning efforts to disable or circumvent any features or skill elements of Pennsylvania Skill Games.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No.*

49

*142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

64. Please produce all documents or communications discussing or identifying highly skilled players who regularly win more than most other players.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

65. Please produce all documents referring to or consisting of any independent testing, auditing, or approval of Pennsylvania Skill Games, including by Gaming Labs International.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

66. Please produce an executable copy of the Software for each Game, plus the compiler, linker, other build tools, configurations and build instructions used by the developers of the Software, from 2017 to the present.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six*

51

*Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

67. Please produce a human readable copy of the sourcecode or codebase for the Software for each Game, from 2017 to the present.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic also specifically objects to the request for its sourcecode. Disclosure of trade secret documents and information is permitted only when it is relevant and necessary. *See Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 233 (E.D. Pa. 1971) (explaining framework that trade secret disclosure is required only where the

information is relevant and necessary); *JKSoft, Inc.*, No. 18-199, 2020 WL 1951624 (D. N.J. Apr. 23, 2020) (applying this framework to deny compelling production of sourcecode). Pace-O-Matic's sourcecode is immaterial and not necessary or relevant to prove Parx's claim. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

68. Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

      **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

69. Documents sufficient to show how often players win 105% of their wagers, the actual average win rate, how often players get to a bonus round or follow-me round, and how often they play a bonus round or follow-me round.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

70. Please produce any documents referring to, discussing, or consisting of analysis of compulsive or addictive play or reports of same in connection with Pennsylvania Skill Games.

> **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of

54

Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

71. Please produce all policies, procures, or communications concerning Anti-Money Laundering compliance, players under any age threshold, self-excluded players, compulsive players, problem players, surveillance, security, handling cash, moving money boxes, payment of receipts, suitability of Operators and Location Owners.

**RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption*

55

*Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

72. Please produce any documents or communications referring to or consisting of studies, analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

   **RESPONSE:** The above General Objections are incorporated as if fully set forth herein. By way of further objection, Pace-O-Matic objects to this request because it is overly broad, unduly burdensome, and not proportional to the claims, defenses, or needs of the case; indeed, Plaintiff has served some 72 total requests that seek far more records than could ever be proportional to the alleged matters in dispute. Also, this request is not in furtherance of Parx's claims, but a bad faith and predatory attempt to access Pace-O-Matic's business documents for use unrelated to the pending litigation. Further, Parx's claims are premised entirely on the allegation that Pace-O-Matic manufactures illegal slot machines. As multiple Pennsylvania Courts have found, Pace-O-Matic distributes legal, electronic games of skill. *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, order (C.P. Monroe 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014). No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. Pace-O-Matic will withhold documents based on this objection. Notwithstanding the foregoing, Pace-O-Matic is prepared to meet and confer with Plaintiff to establish an

56

appropriate protocol for preserving records should, at some point, such records be relevant and material to this action.

<div align="right">

Respectfully submitted,

</div>

Dated: June 14, 2023

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Edward T. Butkovitz (No. 309565)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Eml: mhaverstick@kleinbard.com
ebutkovitz@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

<div align="center">

57

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of Pace-O-Matic's

Objections to Parx's First Request for Production of Documents to be served via

email on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*


Dated: June 14, 2023                    /s/ Matthew H. Haverstick
                                        Matthew H. Haverstick

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENWOOD GAMING &             :
ENTERTAINMENT, INC.,           :
           Plaintiff,      :    CIVIL ACTION
                              :
                              :
          v.                :
                              :
POM OF PENNSYLVANIA, LLC        :
PACE-O-MATICE, INC. AND         :    NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.       :
           Defendants.    :

**DEFENDANT MIELE MANUFACTURING INC.'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED TO DEFENDANT MIELE MANUFACTURING, INC.**

AND NOW, comes Miele Manufacturing, Inc. (hereinafter "Miele") by and through its attorney, Marc F. Lovecchio, Esquire, and pursuant to the Court's Order of May 5, 2023, files and serves these Objections to Plaintiff's Requests for Production of Documents and Things (First Set) directed to Miele. The Requests were served on Miele on May 31, 2023. The Order directed that all Objections be filed and served within 14 days.

**OBJECTIONS**

1.    Objection. The requested discovery is not relevant to Plaintiff's claims and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The determinative issue in this case is whether the Skill Games manufactured by Miele are illegal slot machines. Plaintiff's claims are premised entirely on the allegation that Miele manufactures illegal slot machines. No Court in Pennsylvania has held that the machine is an illegal gambling device. In fact, multiple Pennsylvania Courts have held that Miele manufactures legal games of skill.

As indicated, the issue at stake in this case is limited to the legality of the games. If the games are legal, Plaintiff has no case under any theory. While the amount in controversy appears to be significant, Plaintiff has objected to providing any documents supporting its claim for damages. The access to the information requested is better achieved through other means. Moreover, based on the allegations of the Complaint, Plaintiff has access to this information. Plaintiff has far more resources to obtain the requested information through other means. This discovery is not at all relevant, determinative or important at this stage in the proceedings. Lastly, the burden and expense on Miele, which would include hundreds of hours of research and investigation in complying the proposed discovery, substantially outweighs its likely benefit.

Miele questions whether the discovery at this stage is in furtherance of Plaintiff's claims and rather an attempt by Plaintiff to access numerous business documents for use unrelated to the pending litigation.

In sum, the Court must consider the needs of this case at this stage and weigh the importance of the requested information against the burden of producing this. This analysis weighs heavily against permitting the discovery.

As a final note, Plaintiff requests Operator Agreements. It is clear, however, from Plaintiff's request that it has at least one copy of an operator agreement. (See Request No's. 24, 48 by way of example).

2.      See Objection to Request No. 1.

3.      See Objection to Request No. 1.

4.      See Objection to Request No. 1.

5.      See Objection to Request No. 1.

6.      See Objection to Request No. 1.

7.      See Objection to Request No. 1.

8.      See Objection to Request No. 1. Furthermore, this is not a Request for Production of Documents. Accordingly, it violates the Court's prior Order. This is a Request for Miele to construct a list.

9.      See Objection to Request No. 1.

10.     See Objection to Request No. 1.

11.     See Objection to Request No. 1.

12.     See Objection to Request No. 1.

13.     See Objection to Request No. 1. Further, and in violation of Rule 34 (b) (1) (A), the request fails to describe with reasonable particularity, the item or category of

items to be inspected. The word "any" is indefinite in quantity and quality and the word "Fill" is not defined.

14.     See Objection to Request No. 13.

15.     See Objection to Request No. 13. Furthermore, while defining the term "communication" in the definitions portion of the Request, it remains vague.

16.     See Objection to Request No. 13.

17.     See Objection to Request No. 15.

18.     See Objection to Request No. 15.

19.     See Objection to Request No. 15.

20.     See Objection to Request No. 1.

21.     See Objection to Request No. 1.

22.     See Objection to Request No. 1.

23.     See Objection to Request No. 15.

24.     See Objection to Request No. 1.

25.     See Objection to Request No. 15.

26.     See Objection to Request No. 1. Further, this Request violates Rule 34 (b) (1) (A) because it does not describe with reasonable particularity each item or category of

items to be inspected. Clearly, usage of the words "look", "feel", and "gaming experience" are not particular and are overly vague.

27.     See Objection to Request No. 1.

28.     See Objection to Request No. 1.

29.     See Objection to Request No. 15.

30.     See Objection to Request No. 1.

31.     See Objection to Request No. 1.

32.     See Objection to Request No. 1.

33.     See Objection to Request No. 1.

34.     See Objection to Request No. 1.

35.     See Objection to Request No. 1.

36.     See Objection to Request No. 1.

37.     See Objection to Request No. 1.

38.     See Objection to Request No. 1.

39.     See Objection to Request No. 1.

40.     See Objection to Request No. 1.

41.     See Objection to Request No. 1.

42.    See Objection to Request No. 1. Further, this Request violates Rule 34 (b) (1) (A) because it fails to describe with reasonable particularity each item or category of items to be inspected. Miele cannot possibly understand the timeframe represented as "from 7 to present".

43.    See Objection to Request No. 1.

44.    See Objection to Request No. 1.

45.    See Objection to Request No. 1.

46.    See Objection to Request No. 1.

47.    See Objection to Request No. 15.

48.    See Objection to Request No. 1.

49.    See Objection to Request No. 1.

50.    See Objection to Request No. 1. Furthermore, this Request violates Rule 34 (b) (1) (A) because it does not describe with reasonable particularity each item or category of items to be inspected. The terms "competitors" and "competition with your business in Pennsylvania" are vague and incapable of definition.

51.    See Objection to Request No. 1.

52.    See Objection to Request No. 1. Further, this Request violates Rule 34 (b) (1) (A) because it does not describe with reasonable particularity each item or category of

items to be inspected. Miele cannot possibly understand what Plaintiff means when it utilizes the term "sufficient to show".

53.    See Objection to Request No. 1. Further, this Request violates Rule 34 (b) (1) (A) because it does not describe with reasonable particularity each item or category of items to be inspected. Miele cannot possibly understand what Plaintiff means when it utilizes the term "sufficient to show".

54.    See Objection to Request No. 53. Miele cannot possibly understand what Plaintiff means when it utilizes the term "sufficient to identify".

55.    See Objection to Request No. 53.

56.    See Objection to Request No. 53.

57.    See Objection to Request No. 50.

58.    See Objection to Request No. 1.

59.    See Objection to Request No. 1.

60.    See Objection to Request No. 1.

61.    See Objection to Request No. 1.

62.    See Objection to Request No. 1.

63.    See Objection to Request No. 15.

64.    See Objection to Request No. 1.

65.     See Objection to Request No. 15.

66.     See Objection to Request No. 1.

67.     See Objection to Request No. 1.

68.     See Objection to Request No. 1.

69.     See Objection to Request No. 1.

70.     See Objection to Request No. 1.

71.     See Objection to Request No. 15.

72.     See Objection to Request No. 1.

Respectfully submitted,

**McCORMICK LAW FIRM**

By_____

Marc F. Lovecchio
ID No. 41244
Attorney for Defendant
Miele Manufacturing, Inc.
835 West Fourth Street
Williamsport, PA 17701
Phone: (570) 326-5131
Fax: (570) 326-5529
Email:  mlovecchio@mcclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING       :
ENTERTAINMENT, INC.,     :
       Plaintiff,    :    CIVIL ACTION
              :
              :
     v.       :
              :
POM OF PENNSYLVANIA, LLC  :
PACE-O-MATICE, INC. AND   :    NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.  :
       Defendants.   :

CERTIFICATE OF SERVICE

    I, Marc F. Lovecchio, hereby certify that a true and correct copy of the forgoing

**DEFENDANT MIELE MANUFACTURING, INC.'S OBJECTIONS TO PLAINTIFF'S**

**REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED**

**TO DEFENDANT MIELE MANUFACTURING, INC.** were served upon the following, this

14th day of June 2023, as follows:

| | |
|---|---|
| **Via Email & Efile** | **Via Email & Efile** |
| Gary Samms, Esquire | Edward T. Butkovitz, Esquire |
| Richard Limburg, Esquire | Matthew H. Haverstick, Esquire |
| Attorneys for Plaintiffs | Joshua Voss, Esquire |
| Centre Square West | Kleinbard LLC |
| 1500 Market Street, Suite 3400 | Three Logan Square |
| Philadelphia, PA 19102 | 1717 Arch Street, 5th Floor \| Philadelphia, |
| *Attorneys for Plaintiffs* | PA  19103 |
| | *Attorneys for POM of PA and* |
| | *Pace-O-Matic of PA* |

**McCORMICK LAW FIRM**

By_____

      Marc F. Lovecchio
      ID No. 41244
      Attorney for Defendant
      Miele Manufacturing, Inc.
      835 West Fourth Street
      Williamsport, PA 17701
      Phone: (570) 326-5131
      Fax: (570) 326-5529
      Email:  mlovecchio@mcclaw.com