IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING         :
ENTERTAINMENT, INC.,        :
         Plaintiff,    :    CIVIL ACTION
                 :
                 :
        v.             :
                 :
SKILL OF PENNSYLVANIA, LLC    :
PACE-O-MATICE, INC. AND     :    NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.    :
         Defendants.    :

**BRIEF OF MIELE MANUFACTURING, INC. ("Miele")**
**IN SUPPORT OF MOTION TO RECONSIDER**

AND NOW, comes Defendant Miele Manufacturing, Inc. ("Miele"), by and through its attorney, Marc F. Lovecchio, Esquire, and files this Brief in support of its Motion to Reconsider, and in support thereof avers as follows:

## I.    <u>Argument</u>

By Order of this Court dated May 5, 2023, the Court denied without prejudice Miele's Motion to Dismiss.

As set forth in the Brief of Co-Defendants, POM of Pennsylvania, LLC and Pace-O-Matic, Inc. in support of their Motion for Reconsideration, Plaintiff Greenwood Gaming and Entertainment, Inc. ("Parx") asserted during the oral argument on the Motion to Dismiss, that this case deals with the interpretation of the Gaming Act and the Crimes Code together. (Doc. 42, Tr., pp. 11, 12).

Parx asserted during the argument before this Court on May 12, 2023, that the Monroe County case presently pending on appeal before the Superior Court of Pennsylvania did not "deal with the issue that's before this Court," (Doc. 42, Tr., p. 12) because it did not deal with "the

interpretation of the two statutes together, the Gaming Act and 50513 (sic) [5513]". (Doc. 42, Tr., p. 12).

Parx further asserted that Monroe County case has not "focused…on 5513 of the Crimes Code." (Doc. 42, Tr., p. 14). Parx asserted that "just the machine itself… is 5413 (sic) argument was never raised period in that [proceeding]" (Doc. 42, Tr., p. 17).  Parx asserted to the Court that "there are no rulings that decide the 5513 issue" (Doc. 42, Tr., p. 20) and that "5513 applies in a different way than…arguing skill versus chance." (Doc. 42, Tr., p. 25).

According to Parx, the "central issue in this case" is the use of the Gaming Act to define the terms of the Crime Code. (Doc. 45).

This Court should reconsider its May 5, 2023 Order to comport with the recently issued precedent from the Commonwealth Court and the clear holding of the Monroe County Court of Common Please with respect to Miele.

On April 20, 2022, Miele was charged with offenses related to gambling devices in violation of 18 Pa. C.S.A. § 5513 (a) (1) and/or (2), as well as conspiracy to commit those offenses.

At a hearing on June 1, 2023, Judge Jonathan Mark of the Court of Common Pleas of Monroe County dismissed all criminal charges against Miele. He noted that the matters before him were "purely legal issues" (See, attached Exhibit "A"; Tr., p. 35) and that his decision "is crystal clear under the law." (Tr., p. 38).

In arriving at this decision, he reasoned that he was collaterally estopped from holding other than that the games at issue were legal. (Tr., pp. 63, 64). More specifically, a prior February 8, 2023 decision of Judge Jennifer Sibum, also of the Court of Common Pleas of Monroe County, collaterally estopped Judge Mark from ruling otherwise. The devices at issue, being the same devices at issue in this lawsuit, are "legal games of skill." (Tr., p. 43). Of note, Judge Mark commented that he "100 % agreed with the analysis set forth by Judge Sibum" with respect to the games at issue. (Tr., p. 60).

Parx cannot predicate a State Law Crimes Code violation based on any Gaming Act analysis. This is crystal clear as held in <u>Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement</u>, No's. 609-112 CD 2022-A.3d-2023 WL 4359462 (Pa. Cmwlth. July 6, 2023). The Commonwealth Court declared that the Gaming Act, 4 Pa. C.S. §§ 1101-1904, did not apply to a Crimes Code analysis. The Court stated that "the instant controversy must be decided under the framework that stems from § 5513 of the Crimes Code." <u>Id</u>. at * 2 n.3 (citing, <u>inter alia, POM of PA, LLC v. Department of Revenue</u>, 221 A.3d 717, 731 (Pa. Cmwlth. 2019)). The Commonwealth Court approved the portion of the Trial Court's Opinion where it "explicitly rejected" application of the Gaming Act. <u>Id</u>.

## II. <u>Conclusion</u>

In sum, the argument by Parx, while creative, has been flatly rejected. There is binding statewide precedent that forecloses Parx's claims in this Court. Miele was criminally charged with violating 18 Pa. C.S. § 5513. Judge Mark dismissed those charges agreeing with Judge Sibum that the devices at issue are legal games of skill, and that the Commonwealth has failed to establish that the devices, as designed, are games of chance. However Parx attempts to confound the issue, precedent clearly holds that first, the Gaming Act does not apply to the devices as they are not slot machines, and second, the devices are not illegal under the Pennsylvania's Crimes Code. Accordingly, Parx has no viable theory upon which it can assert liability against Miele.

WHEREFORE, Miele respectfully requests that this Court grant its Motion to Reconsider and modify the May 5, 2023 Order to grant the Motion to Dismiss.

Respectfully submitted,

**McCORMICK LAW FIRM**

By_____

      Marc F. Lovecchio
      ID No. 41244
      Attorney for Defendant
      Miele Manufacturing, Inc.
      835 West Fourth Street
      Williamsport, PA 17701
      Phone: (570) 326-5131
      Fax: (570) 326-5529
      Email: mlovecchio@mcclaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENWOOD GAMING &
ENTERTAINMENT, INC.,      :
         Plaintiff,        :     CIVIL ACTION
                               :
                               :
        v.                   :
                               :
POM OF PENNSYLVANIA, LLC    :
PACE-O-MATICE, INC. AND      :     NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.   :
        Defendants.        :

**CERTIFICATE OF COMPLIANCE**

      I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                             **McCORMICK LAW FIRM**

                      By _____

                          Marc F. Lovecchio
                          ID No. 41244
                          Attorney for Defendant
                          Miele Manufacturing, Inc.
                          835 West Fourth Street
                          Williamsport, PA 17701
                          Phone: (570) 326-5131
                          Fax: (570) 326-5529
                          Email: mlovecchio@mcclaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING            :
ENTERTAINMENT, INC.,         :
           Plaintiff,          :        CIVIL ACTION
           :
           :
        v.            :
           :
POM OF PENNSYLVANIA, LLC    :
PACE-O-MATICE, INC. AND     :       NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.   :
           Defendants.      :

## CERTIFICATE OF SERVICE

I, Marc F. Lovecchio, hereby certify that a true and correct copy of the

forgoing ***Brief in Support of Motion to Reconsider*** was served upon the

following, this 21st day of July 2023, as follows:

**Via E-filing**
Gary Samms, Esquire
Richard Limburg, Esquire
Attorneys for Plaintiffs
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
gary.samms@obermayer.com
richard.limburg@obermayer.com

William R. Cruse, Esquire
Danielle C. Hudson, Esquire
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
william.cruse@blankrome.com
danielle.hudson@blankrome.com
***Attorneys for Plaintiffs***

Edward T. Butkovitz, Esquire
Matthew H. Haverstick, Esquire
Joshua Voss, Esquire
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor Philadelphia, PA  19103
ebutkovitz@kleinbard.com
mhaverstick@kleinbard.com
jvoss@kleinbard.com
***Attorneys for Defendants POM of Pennsylvania, LLC and
Pace-O-Matic, Inc.***

**McCORMICK LAW FIRM**

By _____

    Marc F. Lovecchio
    ID No. 41244
    Attorney for Defendant
    Miele Manufacturing, Inc.
    835 West Fourth Street
    Williamsport, PA 17701
    Phone: (570) 326-5131
    Fax: (570) 326-5529
    Email:mlovecchio@mcclaw.com