JOSHUA J. VOSS
JVOSS@KLEINBARD.COM
*Direct Dial  267.443.4114*



**KLEINBARD** LLC

July 21, 2023

**VIA CM/ECF**

Hon. Michael M. Baylson
Eastern District of Pennsylvania

**RE:**  ***Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC,
et al.,* No. 2:22-cv-4434-MMB**

Dear Judge Baylson:

On behalf of Defendants POM of Pennsylvania, Inc. and Pace-O-Matic, Inc., and in
follow up to Your Honor's request during the hearing in the above matter on April 12,
2023, I write to bring the Court's attention to new state-law authority relevant to this
dispute. On July 21, 2023, the Pennsylvania Supreme Court quashed the appeal by Parx
Casino from the Commonwealth Court's November 20, 2019 opinion, which held the
Gaming Act does not apply to the POM Skill Game. *See POM of Pennsylvania, LLC v.
Dep't of Rev.*, 221 A.3d 717, 736 (Pa. Cmwlth. 2019) ("we conclude that the POM Game is
not subject to the Gaming Act"). The foregoing appeal was referenced in this Court's
Opinion of May 5, 2023 at pages 3-4 (Document 35). The Supreme Court's quashal order,
as well as the related quashal of two related appeals, is attached as Exhibit A.

Next, on July 19, 2023, the Commonwealth Court entered two relevant orders in
companion appeals concerning the legality of the POM Skill Game under Section 5513 of
the Crimes Code, 18 Pa.C.S. § 5513. Those orders are attached as Exhibits B and C.
Specifically, in *In re: Three Pennsylvania Skill Amusement Devices, One Green Bag
Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023, the
Commonwealth Court ordered expedited briefing and scheduled the matter to be heard
by the Court *en banc* in October 2023. The Court stated that no extensions of the briefing
schedule would be granted "absent extraordinary circumstances." Similarly, in another
appeal concerning the legality of the POM Skill Game under Section 5513, captioned *In
re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal
Containing $18,692.00 in U.S. Currency*, No. 761 CD 2023, the Commonwealth Court
also listed it for expedited briefing and argument *en banc* in October 2023. The Court
again stated the deadlines would not be extended absent "extraordinary circumstances."

Previously, both appeals were pending in the Superior before being transferred.
While they were in the Superior Court, the Commonwealth Court issued an opinion in
yet another matter involving the POM Skill Game where it stated that these two appeals
would "presumably" result in "Commonwealth-wide decisions adjudicating whether the
POM Games are *per se* illegal under the Crimes Code." *POM of Pennsylvania, LLC v.*

July 21, 2023
Page 2



*Bureau of Liquor Control Enf't*, No. 222 MD 2022, 2023 WL 4418536, at *3 (Pa. Cmwlth. July 10, 2023).

Against the above, the legality of the POM Skill Game under the Crimes Code will be fully and finally resolved on appeal by the *en banc* Commonwealth Court in approximately December 2023. Further appeals to the Pennsylvania Supreme Court from the forthcoming opinions would be by discretion and not by right. *See* Pa.R.A.P. 1114(a).

Respectfully submitted,

Joshua J. Voss

cc:    All parties (via CM/ECF)

# Exhibit A

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC | :   No. 12 EAP 2023 |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| COMMONWEALTH OF PENNSYLVANIA, | : |
| DEPARTMENT OF REVENUE, AND CITY | : |
| OF PHILADELPHIA | : |
| | : |
| APPEAL OF:  GREENWOOD GAMING AND | : |
| ENTERTAINMENT, INC., D/B/A PARX | : |
| CASINO, DOWNS RACING, L.P., D/B/A | : |
| MOHEGAN SUN POCONO, | : |
| MOUNTAINVIEW THOROUGHBRED | : |
| RACING ASSOCIATION, LLC, D/B/A | : |
| HOLLYWOOD CASINO AT PENN | : |
| NATIONAL RACE COURSE, | : |
| WASHINGTON TROTTING ASSOCIATION, | : |
| LLC, D/B/A HOLLYWOOD CASINO  AT | : |
| THE MEADOWS, CHESTER DOWNS AND | : |
| MARINA, LLC, D/B/A HARRAH'S | : |
| PHILADELPHIA CASINO & RACETRACK, | : |
| AND WIND CREEK BETHLEHEM, LLC, | : |
| D/B/A WIND CREEK BETHLEHEM | : |

**ORDER**

**PER CURIAM**                                                                    **DECIDED:  July 21, 2023**

**AND NOW,** this 21st day of July, 2023, the Notice of Appeal is QUASHED.  *See*
42 Pa.C.S. § 723(a) (limiting this Court's jurisdiction to "appeals from final orders of the
Commonwealth Court entered in any matter which was originally commenced in the
Commonwealth Court"); Pa.R.A.P. 341(b)(1) (defining a final order as one that "disposes
of all claims and of all parties"); Pa.R.Civ.P. 232(a) ("A discontinuance or nonsuit shall
not affect the right of the defendant to proceed with a counterclaim theretofore filed."). *Cf.*
*Melvin v. Doe*, 836 A.2d 42, 44 n.4 (Pa. 2003) ("[A]n order denying a motion for summary
judgment does not terminate the litigation, and thus is not an appealable order.").

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

POM OF PENNSYLVANIA, LLC        :   No. 10 EAP 2023

               :

               :

        v.               :

               :

               :

COMMONWEALTH OF PENNSYLVANIA,   :

DEPARTMENT OF REVENUE, AND CITY   :

OF PHILADELPHIA,               :

               :

APPEAL OF: COMMONWEALTH OF     :

PENNSYLVANIA, DEPARTMENT OF     :

REVENUE                  :


**ORDER**


**PER CURIAM**                          **DECIDED: July 21, 2023**

**AND NOW,** this 21st day of July, 2023, the Notice of Appeal is QUASHED.  *See* 42 Pa.C.S. § 723(a) (limiting this Court's jurisdiction to "appeals from final orders of the Commonwealth Court entered in any matter which was originally commenced in the Commonwealth Court"); Pa.R.A.P. 341(b)(1) (defining a final order as one that "disposes of all claims and of all parties"); Pa.R.Civ.P. 232(a) ("A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed."). *Cf. Melvin v. Doe*, 836 A.2d 42, 44 n.4 (Pa. 2003) ("[A]n order denying a motion for summary judgment does not terminate the litigation, and thus is not an appealable order.").

The Application for Leave to File Answer to Jurisdictional Statement *Nunc Pro Tunc* is DISMISSED as moot.

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

POM OF PENNSYLVANIA, LLC    :    No. 11 EAP 2023
:
:
:
v.    :
:
:
:
COMMONWEALTH OF PENNSYLVANIA,    :
DEPARTMENT OF REVENUE, AND CITY    :
OF PHILADELPHIA    :
:
:
:
APPEAL OF: PENNSYLVANIA GAMING    :
CONTROL BOARD    :

## ORDER

**PER CURIAM**    **DECIDED:  July 21, 2023**

**AND NOW,** this 21st day of July, 2023, the Notice of Appeal is QUASHED.  *See* 42 Pa.C.S. § 723(a) (limiting this Court's jurisdiction to "appeals from final orders of the Commonwealth Court entered in any matter which was originally commenced in the Commonwealth Court"); Pa.R.A.P. 341(b)(1) (defining a final order as one that "disposes of all claims and of all parties");  Pa.R.Civ.P. 232(a) ("A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed."). *Cf. Melvin v. Doe*, 836 A.2d 42, 44 n.4 (Pa. 2003) ("[A]n order denying a motion for summary judgment does not terminate the litigation, and thus is not an appealable order.").

The Application for Leave to File Answer to Jurisdictional Statement *Nunc Pro Tunc* is DISMISSED as moot.

# Exhibit B

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Three Pennsylvania Skill       :
Amusement Devices, One Green          :
Bank Bag Containing $525.00 in        :
U.S. Currency, and Seven Receipts     :
                                      :
Appeal of: Commonwealth of            :
Pennsylvania                          :          No. 707 C.D. 2023

**PER CURIAM**                    **O R D E R**

NOW, July 19, 2023, upon consideration of the Application to Expedite Briefing Schedule (Application to Expedite) filed by Capital Vending Company, Inc. and Champions Sports Bar, LLC (Appellees), and the Answer thereto filed by the Commonwealth of Pennsylvania (Appellant), the Application to Expedite is GRANTED IN PART.

Appellant shall file eight (8) copies of its appellate brief and eight (8) copies of the reproduced record and serve on Appellees one copy of the appellate brief and one copy of the reproduced record, on or before August 16, 2023.

Appellees shall file eight (8) copies of their appellate brief and serve one copy of their appellate brief on Appellant no later than September 12, 2022.

Any reply brief (eight (8) copies) may be filed and served in accordance with Pa.R.A.P. 2185(a).

The Prothonotary is directed to list this case for oral argument before the *en banc* Court on the October 2023 argument list and the Court will consider this matter on an expedited basis.

**No requests for extension of these deadlines will be considered absent extraordinary circumstances.**

Order Exit
07/19/2023

# Exhibit C

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| In re: Four Pennsylvania Skill | : | |
| Amusement Devices and One Ticket | : | |
| Redemption Terminal Containing | : | No. 761 C.D. 2023 |
| $18,692.00 in U.S. Currency | : | |
| | : | |
| Appeal of: Commonwealth of | : | |
| Pennsylvania, Monroe County | : | |

**PER CURIAM**                    **ORDER**

NOW, July 19, 2023, Appellant Commonwealth of Pennsylvania, Monroe County (Appellant) shall file eight (8) copies of its appellate brief and eight (8) copies of the reproduced record and serve on each Appellee one copy of the appellate brief and one copy of the reproduced record, on or before August 16, 2023.

Appellees L&M Music Company, Inc. and Smokin' Joe's Tobacco Shop, Inc. (Appellees) shall each file eight (8) copies of their appellate brief and serve one copy of their appellate brief on Appellant no later than September 12, 2023.

Any reply brief (eight (8) copies) may be filed and served in accordance with Pa.R.A.P. 2185(a).

Amicus briefs, if any, (eight (8) copies) may be filed and served in accordance with Pa.R.A.P. 531.

The Prothonotary is directed to list this case for oral argument before the *en banc* Court on the October 2023 argument list, and the Court will consider this matter on an expedited basis. This matter will be argued seriately with *In re: Three Pennsylvania Skill Amusement Devices, One Green Bank Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, Docket No. 707 C.D. 2023.

**No requests for extension of these deadlines will be considered absent extraordinary circumstances.**

Order Exit
07/19/2023