**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : : : | No. 2:22-cv-4434-MMB |
| *Plaintiff,* | : | |
| v. | : : | |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : : : : | |
| *Defendants.* | : | |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S
REPLY IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION**

The Court should be clear about what Parx is suggesting. Parx first asks this Court to accept this proposition: the Pennsylvania Commonwealth Court applied the *wrong* test under the Pennsylvania Crimes Code in deciding whether the games of skill in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, No. 609-612 CD 2022, 2023 WL 4359462 (Pa. Cmwlth. July 6, 2023), were criminal devices. *See* Parx Br. at 6 (Document 47). Parx next asks this Court to accept this proposition: had the Office of Attorney General, acting in its law enforcement capacity in *Pinnacle*, better understood the *criminal* laws of the Commonwealth, the devices never would have been returned. *See* Parx Br. at 6.[1] These propositions are not viable.

---

[1] Counsel of record in *Pinnacle* was a Deputy Attorney General. *See* 2023 WL 4359462, at *1. Notably, the Office of Attorney General was also counsel of record in the proceedings described in footnote 2 in Beaver, Dauphin, Luzerne, and York Counties.

And what is further not viable is that Parx asks this Federal Court to find a crime under state law that *no Pennsylvania court*—at any level (trial or appellate)—has found to be a crime concerning the skill games at issue in *Pinnacle* or the POM Skill Game.[2] *See generally Pinnacle.*

Finally, Parx insists that POM's Skill Game has not been found to be "legal" in a statewide appellate decision (it has, however, been found to be legal in *multiple* trial court opinions, *see supra* footnote 2). *See* Parx Br. at 3. True.[3] But while true, this point is immaterial. This is so because Parx's *sole* theory of liability is based on a question of law—the "*pari materia*" issue, *see* Parx Br. at 7-8—that the *Pinnacle* Court just rejected. And make no mistake, this is Parx's *only* theory of liability. Just as it did four times at oral argument, *see* POM Br. at 5-6 (Document 46-1), Parx again admitted in its Brief this legal interpretation is its entire case, stating: "Neither the Commonwealth Court nor any other state or federal court applying Pennsylvania law have final determined *the question* posed in this case …." *See* Parx Br. at 8 (emphasis added). As such, in light of *Pinnacle*, which held the legality

---

[2] *See In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne, June 5, 2023); *Commonwealth v. $14,611.00 U.S. Currency and Six Pennsylvania Skill Video Gambling Devices*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023), *appeal pending* 707 CD 2023 (Pa. Cmwlth.); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, slip op. (C.P. Monroe May 19, 2023), *appeal pending* 761 CD 2023 (Pa. Cmwlth.); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, No. M.D. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).

[3] Of course, the Commonwealth Court just ordered two appeals expedited to resolve this precise issue. *See* POM July 21, 2023 Letter, Exhibits B-C (Document 51).

of a skill game is based solely on the three-part test used by the Pennsylvania Supreme Court since the early 1980s, *see* POM Br. at 9—a test Parx is not asking this Court to apply—there is nothing here to resolve.

In conclusion, far from "chang[ing] nothing" as Parx alleges in its Brief (at 2), the precedential, statewide decision in *Pinnacle* proves the novel theory of Pennsylvania criminal law advanced by Parx is legally incorrect. Stated as simply as possible, the "crime" Parx alleges occurred is not a crime at all. Because of this, there are no predicates to support any of Parx's liability theories and this case should be immediately dismissed in its entirety.

Respectfully submitted,

Dated: July 24, 2023

/s/ Joshua J. Voss
Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Edward T. Butkovitz (No. 309565)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
ebutkovitz@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Reply to be served via the Court's CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: July 24, 2023                    /s/ Joshua J. Voss