# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*      *(215) 569-5447*

*Fax:*        *(215) 832-5447*

*Email:*      *william.cruse@blankrome.com*

July 24, 2023

**VIA E.C.F.**

Hon. Michael M. Baylson
United States District Court
Eastern District of Pennsylvania

Re:    ***Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania,
LLC et al.*, No. 2:22-cv-4434-MMB**

Dear Judge Baylson:

We write on behalf of Plaintiff Greenwood Gaming & Entertainment, Inc. ("Parx Casino")
in response to the letter, dated July 21, 2023, submitted by Defendants POM of Pennsylvania, Inc.
and Pace-O-Matic, Inc., alerting the Court to quashing and dismissal of the appeal to the Supreme
Court of Pennsylvania in the matter *POM of Pennsylvania, LLC v. Commonwealth of
Pennsylvania, Department of Revenue et al.*, Nos. 10 EAP 2023, 11 EAP 2023, and 12 EAP 2023.

As a result of this dismissal, there are no cases pending before the Supreme Court of
Pennsylvania in which it is being asked to decide whether Defendants' devices are illegal "slot
machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the
Crimes Code under the statutory rule of construction of *in pari materia*.[1] As for the two cases to
be heard by the Commonwealth Court in October 2023, the trial court in the case, *In re: Three*

---

[1] *See* 18 Pa.C.S.A. § 5513(a)(1) (defining an illegal "slot machine"), (e.1) (entitled "Construction" and stating:
"Nothing in this section shall be construed to prohibit any activity that is lawfully conducted under . . . (4) [the Gaming
Act].").  A 2017 amendment to the Gaming Act clarified the definition of a "slot machine," defining a device to be a
"slot machine" regardless of whether chance, skill, or any combination thereof is involved. 4 Pa.C.S.A. § 1103
(including within the term "slot machine" any computerized terminal that upon payment of consideration is available
to be played and "***whether by reason of skill or application of the element of chance or both***" may entitle the player
to cash or credits to be exchanged for cash, as well as any "skill slot machine, hybrid slot machine and the devices or
associated equipment necessary to conduct the operation of a skill slot machine or hybrid slot machine."). The POM
Defendants' devices are "skill slot machines." These are illegal under Section 5513 of the Crimes Code pursuant to
the 2017 amendment to the Gaming Act. *Department of Revenue*, 221 A.3d at 725 ("[S]ince POM alleges that players
of the POM game must use skill, if the Gaming Act applies to unlicensed games then the POM Game would fit within
the definition of 'Skill slot machine' under the Act.").

BLANKROME

July 24, 2023
Page 2

*Pennsylvania Skill Amusement Devices*, in fact held that it cannot address the question raised by Parx Casino in its Amended Complaint. *See* **Exhibit 1** at 4, n.2 ("In its post-hearing submission, the Commonwealth argues that the POM Machines are illegal slot machines regardless of whether they are skill games or games of chance. However, this claim was not included in the Commonwealth's Answer to the Petition for Return of Property, nor was it included in the Commonwealth's Counterclaim for forfeiture of property. As such, the sole issue for this Court's consideration is whether the POM Machines are gambling devices."). Because this Court held that Parx Casino's Amended Complaint states legally valid claims,[2] discovery should proceed fully going forward without any limitation. *See* ECF No. 36, ¶ 4 (ordering document discovery to proceed but staying "depositions and more extensive discovery . . . at this time."). The Court's decision to allow document discovery to proceed, but to stay depositions and more extensive discovery, was influenced by the possibility that the Supreme Court of Pennsylvania would decide soon the very question posed by Parx Casino in its Amended Complaint.[3] Now that there is no decision by the Pennsylvania Supreme Court on the horizon, discovery should proceed without any further limitation.

Respectfully submitted,

*/s/ William R. Cruse*

William R. Cruse

cc:    All parties (via ECF)

---

[2] *See* ECF No. 36 (Order, dated May 5, 2023, denying Defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

[3] April 12, 2023 Hearing Transcript at 9 (asking about pending matters before the Supreme Court of Pennsylvania), at 21 (stating: "[n]one of us know what the Pennsylvania Supreme Court is going to do or when it's going to do it. . . ."), at 41 (asking counsel about the next steps before the Pennsylvania Supreme Court in *Department of Revenue*).