Joshua J. Voss
jvoss@kleinbard.com
*Direct Dial  267.443.4114*



**KLEINBARD** llc

July 26, 2023

**VIA CM/ECF**

Hon. Michael M. Baylson
Eastern District of Pennsylvania

**RE:  *Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC, et al.,* No. 2:22-cv-4434-MMB**

Dear Judge Baylson:

On behalf of Defendants POM of Pennsylvania, Inc. and Pace-O-Matic, Inc., I write in follow up to Parx's letter of July 24, 2023 (Document 53), which appears to be an indirect request for reconsideration of the May 5 Order. Parx misdescribes the forthcoming expedited proceedings in the Commonwealth Court in the case docketed at 707 CD 2023, where the undersigned is counsel of record for an appellee. Parx suggests that the Commonwealth—the appellant in the case, who is represented by the Attorney General[1]—does not intend to argue the "*pari materia*" legal argument that Parx lodges here. *See* Doc. 53 at 2.

Not so.

Indeed, just *today* the Attorney General filed on behalf of the Commonwealth a statement with the Commonwealth Court declaring that it intends to brief the following question: "whether the property noted in the caption was properly seized on grounds that the items are illegal gambling devices and the currency is proceeds from illegal gambling?" *See* Exhibit A. Today's filing follows the Commonwealth's submission to the trial court in May 2023, where the Commonwealth averred (in what is often called a "1925 Statement," *see* Pa.R.A.P. 1925(b)) the following error complained of on appeal: "The seized gaming machines are illegal slot machines regardless of whether they are predominately games of skill or games of chance." *See* Exhibit B at ¶ 4. And the Commonwealth's filing today and its 1925 Statement are both borne out of the Commonwealth's Proposed Findings of Fact and Conclusions of Law, submitted to the

---

[1] In the Reply Brief in Further Support of the Motion for Reconsideration (Document 53), the POM Defendants state in footnote 1 that the Attorney General represented one of the parties in the Beaver County action in 2014. Upon further review, that statement is incorrect; while the Commonwealth's Bureau of Liquor Control Enforcement did participate in the case, the Bureau was not, in fact, represented by the Attorney General. However, the Attorney General was involved in the other matters referenced in footnote 1.

July 26, 2023
Page 2



trial court in January 2023, where the Commonwealth asked the trial court to conclude as a matter of law that "any definition of 'slot machine' for purposes of Section 5513 *must* be consistent with the Gaming Act." *See* Exhibit C (relevant pages only) at Proposed Conclusion of Law ¶ 14; *see also id.* at ¶¶ 9-13 (arguing the same statutory construction theory as Parx). While the trial court, as Parx notes in its letter, did refuse to directly opine on this theory, it did opine on the actual meaning of Section 5513 by ordering the POM Skill Games returned after applying the long-standing three-part test. And regardless of the trial court's opinion, the Commonwealth has manifested an intent to brief and argue the very issue Parx suggests will not be briefed and argued in the Commonwealth Court.

Finally, if there is any doubt about what the Attorney General will argue in the Commonwealth Court, the parties here need wait just 21 days until August 16, when the Commonwealth's merits brief is due. *See* Document 51 at Ex. B (page 8 of 11).

In sum, despite *Pinnacle* foreclosing Parx's sole legal theory, *see* Document 49, and despite the Commonwealth's pursuit of the theory in an *en banc* appellate proceeding, Parx insists that this Court move ahead with full discovery. That proposal is unjustified. Instead, the Court should dismiss this matter entirely; failing that, the Court should stay any further proceedings (including discovery) pending the outcome of the above-referenced Commonwealth Court appeal.

Respectfully submitted,

Joshua J. Voss

cc:     All parties (via CM/ECF)

# Exhibit A

Received 7/26/2023 11:17:44 AM Commonwealth Court of Pennsylvania

Filed 7/26/2023 11:17:00 AM Commonwealth Court of Pennsylvania
707 CD 2023

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| In re: Three Pennsylvania Skill Amusement Devices, one green bank bag containing $525.00 in U.S. Currency, and Seven Receipts | : : : : | |
| | : | |
| Appeal of: Commonwealth of Pennsylvania | : : : | No. 707 CD 2023 |
| | : | |

### APPELLANT'S DESIGNATION OF CONTENTS OF THE REPRODUCED RECORD[1]

The issue appellant intends to present for review in this case is: whether the property noted in the caption was properly seized on the grounds that the items are illegal gambling devices and the currency is proceeds from illegal gambling?

In addition to docket entries, appellant intends to include the following items in the Reproduced Record:

1. Notes of Testimony from September 30, 2022;

2. Notes of Testimony from November 22, 2022;

3. Notes of Testimony from December 2, 2022;

4. Petition for Return of Property;

---

[1] An expedited briefing schedule was recently filed in this matter, setting the appellants' deadline for briefing in less than 30 days. The Commonwealth is submitting this designation statement as soon as possible after the order. Appellees have indicated that they have no objection to the timing of this submission.

5.  Answer to Petition and Forfeiture Petition;

6.  The Commonwealth's Proposed Findings of Fact and Conclusions of Law;

7.  Petitioner's Proposed Findings of Fact and Conclusions of Law;

8.  Petitioner's Brief relating to admissibility of field observations;

9.  Commonwealth's Brief relating to admissibility of field observations;

10. Expert Report of Peter Nikiper;

11. Expert Report of David Schoppe;

12. Expert Report of Olaf Vancura.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: ___s/ Susan E. Affronti___
SUSAN E. AFFRONTI
Senior Deputy Attorney General
Attorney ID 88010

Office of Attorney General
Criminal Law Division
Appeals Section                           MICHELE K. WALSH
1000 Madison Avenue, Suite 300            Executive Deputy Attorney General
Norristown, PA 19403                      RONALD EISENBERG
Phone: (717) 437-6727                     Chief Deputy Attorney General
saffronti@attorneygeneral.gov             Appeals Section
                                          HUGH BURNS
                                          Assistant Chief Deputy Attorney General
Date:  July 26, 2023                      Appeals Section

2

# Exhibit B



**IN THE COURT OF COMMON PLEAS**
**DAUPHIN COUNTY, PENNSYLVANIA**

| | |
|---|---|
| IN RE: THREE PENNSYLVANIA SKILL AMUSEMENT DEVICES, ONE GREEN BANK BAG CONTAINING $525.00 IN U.S. CURRENCY, AND SEVEN RECEIPTS | No. 2022-CV-6333-MD |

<u>**COMMONWEALTH'S CONCISE STATEMENT OF THE ERRORS**</u>
<u>**COMPLAINED OF ON APPEAL PURSUANT TO Pa.R.A.P. 1925(b)**</u>

The Commonwealth appealed from the Order entered at the instant docket on March 23, 2023, by Judge Andrew H. Dowling, which granted a motion for return of property.

The Commonwealth avers the following errors complained of on appeal:

1. The trial court improperly granted a motion for return of property where the gaming machines at issue are predominated by chance, rather than skill, and are therefore illegal gambling devices *per se.*

2. The trial court erred by concluding the question of chance versus skill depends on the gaming machines themselves and not on how a player plays them, particularly where the trial court focused on the opportunity to play the optional, secondary "Follow Me" game theme, a game theme which is illusory and only offered to conceal the true nature of the machines as gambling devices.

3. The trial court's determinations that all Commonwealth witnesses, and the Commonwealth as a whole, lacked credibility and were biased is unsupported by the record.

4. The seized gaming machines are illegal slot machines regardless of whether they are predominately games of skill or games of chance.

5. The trial court erred or abused its discretion by sustaining the movants'/appellees' objection to Officer Schoppe testifying to what others told him about the "Follow Me" game where that testimony helped Officer Schoppe form his expert opinion.[1]

6. The trial court erred by not requiring the movants/appellees to file an answer to the Commonwealth's New Matter in the Form of a Petition for Forfeiture.

7. The trial court erred by refusing to allow the Commonwealth to obtain discovery from the movants/appellees after the Commonwealth filed a Petition for Forfeiture.

Respectfully submitted,

Michelle A. Henry
Attorney General

By:    *Christopher J. Schmidt*
Christopher J. Schmidt
Deputy Attorney General
Attorney I.D. #87617

Office of Attorney General
Criminal Law Division
Appeals Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-6348

Date: 05/23/23

---

[1] (N.T., 12/02/22, at 486-88)

# Exhibit C

**IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA**

| | |
|---|---|
| IN RE: THREE PENNSYLVANIA SKILL AMUSEMENT DEVICES, ONE GREEN BANK BAG CONTAINING $525.00 IN U.S. CURRENCY, AND SEVEN RECEIPTS | No. 2022-CV-6333-MD |

**COMMONWEALTH'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

AND NOW, comes the Commonwealth of Pennsylvania, Office of Attorney General, by and through Andrew J. Jarbola, IV, Deputy Attorney General, who hereby submits the following proposed findings of fact and conclusions of law:

**PROPOSED FINDINGS OF FACT**

1.      This action was commenced by the filing of a Petition for Return of Property, which was filed on or about August 23, 2022; the Petition was filed by Capital Vending Company, Inc. ("Capital Vending") and Champions Sports Bar, LLC ("Champions").

2.      Capital Vending is the owner and distributor of the three (3) "Pennsylvania Skill" devices that were seized from Champions.

3.      Champions is a restaurant/bar, which holds a liquor license issued by the Pennsylvania Liquor Control Board, located at 300 Second Street, Highspire, Dauphin County, Pennsylvania, and it has a possessory interest in the three (3) "Pennsylvania Skill" devices that were seized.

4.      On August 24, 2022, a Rule to Show Cause was issued, directing the Commonwealth to file an answer within fifteen (15) days, and scheduling argument for Friday, September 30, 2022 on Capital Vending's and Champions' Petition for Return of Property.

f.     The "Follow Me" game theme is properly classified as a secondary game as it is not included in the list of available game themes upon initiation of play, the instructions for the primary game themes make no mention of the Follow Me game, and a player is not required to play the Follow Me game to win credits or to cash out.

g.     The Follow Me game is extremely difficult, laborious, and requires an excessive amount of time to complete as there are twenty rounds with seven forced intermissions of approximately fourteen seconds each and it takes approximately twelve to fifteen minutes to complete all twenty rounds. Additionally, the maximum amount a player can win by completing the twenty-round Follow Me game is 105% of the original wager; on the other hand, there is no maximum amount a player can win during the primary reel game. Lastly, even if a player knows of the Follow Me game, chooses to select it, and successfully completes all twenty rounds, they will never receive the 5% they win since the devices round down to the nearest $1.00 when redeeming a ticket.

h.     Most players at establishments with "Pennsylvania Skill" devices do not play the optional Follow Me game theme.

i.     As such, the Court finds that the Follow Me game theme is designed in a way to discourage players from playing it, and it is only included as a ruse to try to make an illegal gambling device a game of skill.

## PROPOSED CONCLUSIONS OF LAW

1.     Pace-O-Matic's and Capital Vending's "Pennsylvania Skill" devices are used for gambling purposes.

2.     Chance predominates over skill in the primary portion of the "Pennsylvania Skill" games.

3.     The Crimes Code provides that it is illegal for any person to intentionally or knowingly make, assemble, set up, maintain, sell, lend, lease, give away, or offer for sale, loan, lease or gift, "any punch board, drawing card, slot

machine, or any device to be used for gambling purposes, except playing cards." 18 Pa.C.S.A. §5513(a)(1).

4.      The Pennsylvania Superior Court has held that the term "unlawful gambling" as used in Section 5513, refers to "gambling not specifically authorized by the Commonwealth." **Commonwealth v. Betres**, 352 A.2d 495, 498 (Pa. Super. 1975). **See also, Commonwealth v. Dent**, 2010 Pa. Super 47, ¶24-25 (2010).

5.      Here, "Pennsylvania Skill" devices are not specifically authorized by the Commonwealth.

6.      Therefore, the games violate Pennsylvania law and constitute unlawful gambling devices.

7.      Additionally, the "Pennsylvania Skill" devices are illegal slot machines.

8.      Section 5513(a) of the Crimes Code makes it illegal to intentionally or knowingly make, assemble, set up, maintain, sell, lend or lease "any ... slot machine" except as permitted under the Gaming Act, the State Lottery Law, Bingo Law, or the Local Option Small Games of Chance Act.  18 Pa.C.S.A. §5513(a) and (e.1).

9.      However, the Crimes Code does not define "slot machine."  As such, the definition under Pennsylvania law must be found elsewhere.  1 Pa.C.S.A. §1921(c)(5) ("When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters, [t]he former law, if any, including other statutes upon the same or similar subjects."); **PHD v. RRD**, 56 A.3d 702, 706 (Pa. Super. 2012); **PPL Holtwood, LLC v. Pike County Board of Assessment & Revision of Taxes**, 846 A.2d 201, 207 (Pa. Cmwlth. 2004).

10.     The only legislative definition of "slot machine" in Pennsylvania is in Section 1103 of the Gaming Act.  Section 1103 includes definitions for "slot

machines", "skill slot machines", and "hybrid slot machines", regardless of the extent to which skill or chance determines the outcome.[5]

11.    Specifically, Section 1103 of the Gaming Act, 4 Pa.C.S.A. §1103, provides that the term "Slot Machine" includes:

> (i) Any mechanical, electrical or computerized contrivance, terminal, machine or other device approved by the Pennsylvania Gaming Control Board which, upon insertion of a coin, bill, ticket, token or similar object therein or upon payment of any consideration whatsoever, including the use of any electronic payment system except a credit card or debit card, is available to play or operate, the play or operation of which, ***whether by reason of skill or application of the element of chance or both***:
>
>> (A)  May deliver or entitle the person or persons playing or operating the contrivance, terminal, machine or other device to receive cash, billets, tickets, tokens or electronic credits to be exchanged for cash or to receive merchandise or anything of value whatsoever, whether the payoff is made automatically from the machine or manually.
>>
>> (B)  May utilize spinning reels or video displays or both.
>>
>> (C)  May or may not dispense coins, tickets or tokens to winning patrons.
>>
>> (D)  May use an electronic credit system for receiving wagers and making payouts.
>
> (ii) Associated equipment necessary to conduct the operation of the contrivance, terminal, machine or other device.

---

[5] The Court notes that the Commonwealth Court has ruled that the Title 4 Gaming Act does not apply to unlicensed or illegal slot machines located outside licensed casino facilities.  See POM of Pennsylvania, LLC v. Department of Revenue, 221 A.3d 717 (Pa. Cmwlth. 2019).  However, the "Pennsylvania Skill" devices here are not illegal pursuant to the Gaming Act; the devices are illegal slot machines pursuant to 18 Pa.C.S.A. §5513(a). The Gaming Act is only being used to obtain the definition of a slot machine as it is not defined anywhere else in the Crimes Code or related statute.

> (iii) A skill slot machine, hybrid slot machine and the devices or associated equipment necessary to conduct the operation of a skill slot machine or hybrid slot machine.

4 Pa.C.S.A. §1103 (emphasis added).

12.    In a skill slot machine, the outcomes are predominantly affected by skill. In a hybrid slot machine, the outcomes are affected by a combination of skill and chance. 4 Pa.C.S.A. §1103.

13.    As far as slot machines are concerned, the Gaming Act abolished any distinction between games of skill and games of chance.

14.    The Gaming Act specifically repeals Section 5513 of the Crimes Code in so far as it is inconsistent with the Gaming Act. 4 Pa.C.S.A. §1903(a)(2). As such, any definition of "slot machine" for purposes of Section 5513 *must* be consistent with the Gaming Act.

15.    Therefore, Section 5513 prohibits "slot machines," skill slot machines," and "hybrid slot machines" as defined in the Gaming Act, *unless they are licensed under the Gaming Act.* As a result, all such unlicensed slot machines are illegal under the Crimes Code regardless of the extent to which skill or chance determines the outcome.

16.    "Pennsylvania Skill" branded slot machines are not licensed under the Gaming Act and are, therefore, illegal under the Crimes Code.

17.    Therefore, the devices are illegal slot machines.

18.    Further, the "Pennsylvania Skill" devices are gambling devices *per se.*

19.    Our Supreme Court has provided the following regarding gambling devices *per se*:

> Historically, we have held a machine is a gambling device *per se* if it can be used for no purpose other than gambling. ***Nu-Ken Novelty, Inc. v. Heller***, 288 A.2d 919 (Pa. Super.