# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

| | |
|---|---|
| *Phone:* | *(215) 569-5447* |
| *Fax:* | *(215) 832-5447* |
| *Email:* | *william.cruse@blankrome.com* |

July 27, 2023

**VIA E.C.F.**

Hon. Michael M. Baylson
United States District Court
Eastern District of Pennsylvania

> Re:  ***Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania,
> LLC et al.*, No. 2:22-cv-4434-MMB**

Dear Judge Baylson:

This firm represents Plaintiff Greenwood Gaming & Entertainment, Inc. ("Parx Casino") in the above-referenced matter. We are compelled by Mr. Voss's letter of yesterday afternoon to write again to the Court.

The POM Defendants' strategy is to relitigate again and again this Court's May 5, 2023 Order, denying Defendants' Motion to Dismiss and ordering document discovery to proceed. *See* ECF No. 36. As stated in our letter to the Court, dated July 24, 2023, the Court's decision to allow document discovery to proceed, but to stay depositions and more extensive discovery, was influenced by the possibility that the Supreme Court of Pennsylvania would decide soon the very question posed by Parx Casino in its Amended Complaint.[1] There is no longer any case pending before the Supreme Court of Pennsylvania that addresses the questions raised in Parx Casino's Amended Complaint. None of the Commonwealth Court cases referenced by the POM Defendants in their letters are destined to decide the question of illegal "slot machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the Crimes Code under the rules of statutory construction. As the POM Defendants concede in their letter, the trial court found that the Commonwealth waived its right to raise this question below. That the Commonwealth will seek again to raise this question on appeal (which aggrieved appellants often do) has no bearing on whether the Commonwealth properly preserved the question below and will be able to present

---

[1] April 12, 2023 Hearing Transcript at 9 (asking about pending matters before the Supreme Court of Pennsylvania), at 21 (stating: "[n]one of us know what the Pennsylvania Supreme Court is going to do or when it's going to do it. . . ."), at 41 (asking counsel about the next steps before the Pennsylvania Supreme Court in *Department of Revenue*).

BLANKROME

July 27, 2023
Page 2

it on appeal to the Commonwealth Court. Even if this question is decided by the Commonwealth Court, any decision by that court likely will be appealed by the losing party to the Supreme Court of Pennsylvania.  In short, there is no definitive path in the near future to a final determination of the question at the core of this case. But to be sure, the POM Defendants will continue to write letters to the Court asking again and again for dismissal or a stay of this case based on any development in the state courts, however attenuated.

This Court found that Parx Casino's Amended Complaint states claims upon which relief may be granted. *See* ECF No. 36.  The pending Supreme Court of Pennsylvania case that influenced the Court's decision to limit discovery to only document discovery has now been quashed and dismissed.  The Court should order the parties to proceed with full discovery as set forth in the procedural rules.

Respectfully submitted,

*/s/ William R. Cruse*

William R. Cruse

cc:    All parties (via ECF)