**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : |
| | : No. 2:22-cv-4434-MMB |
| | : |
| *Plaintiff,* | : |
| v. | : |
| | : |
| POM OF PENNSYLVANIA, LLC, | : |
| PACE-O-MATIC, INC., and | : |
| MIELE MANUFACTURING, INC., | : |
| | : |
| *Defendants.* | : |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S BRIEF IN
OPPOSITION TO PARX MOTION FOR CLARIFICATION AND TO COMPEL**

The POM Defendants ask the Court to deny Parx's Motion for Clarification and to Compel (Document 48). Denial is appropriate because this case should be dismissed in its entirety as set forth in the POM Defendants' Motion for Reconsideration (Document 46). In the alternative, the Court should enter an order compelling the parties to preserve, but not exchange, the documents requested pending further order of the Court.

**I.    BACKGROUND**

Parx's Motion falsely alleges the POM Defendants have "engaged in obstruction," Parx Br. at 2 (Document 48-1), alleging as such without presenting a full picture of events happening since the Court's May 5, 2023 Order (Document 36). To that timeline the Court should first turn to give the Parx Motion appropriate context.

To begin, a brief look back in time is warranted. Just a few weeks before the May 5 Order, the York County Court of Common Pleas entered an order on April

17, 2023, compelling the return of POM Skill Games seized by the Commonwealth. *See* Document 33. On May 17, 2023—12 days after the May 5 Order—which was the deadline for the Commonwealth to appeal that order, *see* Pa.R.A.P. 903(a), the Commonwealth *did not* appeal, rendering the April 17 order final. In other words, the Commonwealth did not try to reverse, by appealing, yet another decision finding the POM Skill Game lawful under Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513.

Next, on May 19, 2023, the Monroe County Court of Common Pleas entered a comprehensive opinion, finding the POM Skill Games lawful under the Crimes Code. *See* Document 39.

On the heels on these successes for the POM Defendants, on May 31, 2023, despite this Court describing its desire for the parties to avoid "extensive discovery," *see* May 5 Order at ¶ 4, Parx served *168 document requests* on the POM Defendants (96 on POM and 72 on Pace-O-Matic). *See* Document 48-2. Among other things, the requests seek the POM Defendants' proprietary, intellectual property (*see, e.g.*, Request 26 (expressly asking for "proprietary Software") (Doc. 48-2 at 40), and legion confidential information that one entity trying to put another out of business would be highly desirous of having (*see, e.g.*, Request 9 (asking for business expansion plans) (Doc. 48-2 at 36)).

Next, on June 1, 2023, the Monroe County Court of Common Pleas dismissed criminal charges under Section 5513 of the Crimes Code against several entities, including Defendant Miele. *See* Document 39. In so doing, the Monroe Court

2

rejected the *very* theory pursued by Parx in this Federal Court (i.e., that the POM Skill Games purportedly violate Section 5513).

Then, on June 5, 2023—joining the ranks of Beaver, Dauphin, Monroe, and York Counties—the Luzerne County Court of Common Pleas entered an order that, once again, rejected the proposition that the POM Skill Games violate the Crimes Code. *See* Document 39.[1]

The bad developments for Parx did not end there. On June 12, 2023, the Middle District of Pennsylvania (Judge Jennifer Wilson presiding) entered an order denying a motion to dismiss the second amended complaint in a suit against Pace-O-Matic's former counsel at Eckert, Seamans, Cherin & Mellott. *See Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, No. 20-cv-00292, 2023 WL 3949052 (M.D.Pa. June 12, 2023).[2] The *Pace-O-Matic* matter concerns allegations that counsel represented *both* Pace-O-Matic and Parx Casino "in matters in which POM and Parx had competing and adverse commercial interests[.]" *Id.* at *1. As is material here, the June 12 opinion refused to dismiss a fraud claim wherein Pace-O-Matic alleged that its former counsel "'knowingly, intentionally, and willfully omitted to disclose to POM highly material facts regarding Eckert's representation

---

[1] The Commonwealth did not oppose the trial court's entry of this order, meaning, of course, it did not appeal it in the 30 days after its entry.

[2] Fuller context on the Middle District litigation is found in opinions issued in 2021 and 2022. *See Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, No. 20-cv-00292, 2022 WL 2441556 (M.D.Pa. July 5, 2022); *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, No. 20-cv-00292, 2021 WL 5330641 (M.D.Pa. Nov. 16, 2021). The July 5, 2022 opinion generated several appeals to the Third Circuit, pending at docket numbers 22-2445, 22-2446, 22-2902, 22-2958 and 22-2659.

of Parx and *its plot to destroy POM*.'" *Id.* at *5 (emphasis added). A 2019 email from the Parx Casino posted on the *Pace-O-Matic* docket on June 23, 2023 further showed that Parx had for many years sought to "get into some detailed discovery on" how many skill games are in Pennsylvania, seemingly because Parx's "colleagues in London" were "eager" to get their hands on that information. *See Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, No. 20-cv-00292, Document 307-1 (M.D.Pa. June 23, 2023).

Only against the foregoing developments did the POM Defendants on June 14, 2023 lodge objections to Parx's 168 document requests. Far from saying they would never engage in discovery, the POM Defendants set forth in the objections—among other things—a reasonable counter proposal. They did so in light of the mounting Pennsylvania authorities rejecting Parx's legal theory and in light of information suggesting Parx had been actively seeking, for some time, to destroy POM. *See Pace-O-Matic*, 2023 WL 394952, at *5. That proposal was simply this: rather than the parties needlessly incurring the expense of responding to objections, reviewing documents (for privilege, for responsiveness, and for protective relief), and making productions, the parties should, instead, simply preserve the documents requested pending disputation of the *many* state court proceedings and the lifting of this Court's partial stay.

Next, the series of court opinions undercutting Parx's case continued when on July 6, 2023 the Commonwealth Court issued its published opinion in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, No. 609-612 CD 2022,

4

___A.3d____, 2023 WL 4359462 (Pa. Cmwlth. July 6, 2023). *See* Document 44. In immediate response to *Pinnacle*, the POM Defendants filed their Motion for Reconsideration on July 11, 2023, asking that this case be immediately dismissed in its entirety. That motion, if granted, would of course obviate the need for any discovery.

Notwithstanding the above—in particular, the *Pinnacle* decision—the parties met and conferred on July 12, 2023, via Teams, to discuss discovery. *See* Parx Br. at 5. At the meeting, the POM Defendants, once again, set forth their proposal that the parties should, instead of exchanging documents, simply preserve the requested records and withhold exchanging the same pending further order of this Court. Parx summarily rejected this proposal, claiming—confusingly—this Court had already resolved the proposal, despite it having never been presented to the Court prior to this Brief. Further, the parties *did not* meet and confer on any specific requests or specific objections. The parties, instead, agreed to ask the Court to issue a further deadline for motions to compel should such motions be needed after the Court resolves this Motion.

But the relevant history did not end with the meet and confer. On July 19, 2023, the Commonwealth Court entered companion orders expediting two appeals concerning the legality of the POM Game under the Crimes Code and setting the appeals for *en banc* argument in October 2023. *See* Document 51. Upon information and belief, if that schedule holds, opinions will issue in those expedited appeals in approximately December 2023. *See generally* Commonwealth Court Internal

Operating Procedures §§ 252-253 (describing general timelines for drafting and circulating opinions).

Undeterred by the state-court momentum in favor of the POM Defendants, on July 20, 2023, Parx filed its Motion for Clarification and to Compel with this Court (Document 48).

Then, on July 21, 2023, the Pennsylvania Supreme Court quashed Parx's improper appeal to that Court. *See* Document 51.

## II.    ARGUMENT

The Motion for Clarification should be denied.

Initially, the Motion is needless in light of the arguments described in POM's Motion for Reconsideration. As set forth there, this case should be immediately dismissed because of the *Pinnacle* holding. Attempting to avoid this obvious result, Parx once again lodges its much discussed, but never adopted, *"pari materia"* argument. *See* Parx Br. at 7. But let's assume for a moment this argument needs resolved—it doesn't, *see* POM Defendants' Reply Brief at 2 (Document 52)—it only presents a question of law that this Court can immediately address. Indeed, in presenting this theory, Parx itself describes it as posing a "legal question," and not a question of fact for which Parx now—needlessly—seeks discovery. *See* Parx Br. at 7. Further, in a letter to the Court, Parx describes its theory as one requiring application of a "statutory rule of construction," *see* Document 53, which is, again, a pure question of law not requiring discovery. And if the Court desires extensive briefing on this *"pari materia"* legal issue—despite the directions of *Pinnacle* to the contrary—the POM Defendants are happy to oblige, since this issue has been

presented, and briefed, time-and-again in the various state court proceedings. Yet, even with such briefing, Parx's theory of liability will not and cannot survive, which warrants denying the pending Motion for Clarification and granting the Motion for Reconsideration.

But if the Motion is not denied outright, Parx's proposed relief should be denied in favor of the following proposal. The Court should enter an order compelling the parties to preserve, but not exchange, all documents requested in each party's Rule 34 requests. This proposal equally serves the Court's stated intent with the May 5 Order to protect potentially relevant evidence pending the conclusion of the related state-court proceedings, while avoiding forcing the parties to incur the costs of needless discovery. *See* Parx Br. at 6-7. Moreover, the "preservation period" this proposal would introduce would be short given that the Commonwealth Court intends to resolve a host of issues as early as December 2023. *See supra.* The POM Defendants, as noted above, suggested this proposal to Parx in writing and orally at the meet and confer and Parx rejected it out-of-hand as having been, purportedly, already resolved by this Court. That is, of course, not accurate, so the POM Defendants ask the Court to address it for the first time here, if necessary, particularly in light of the meaningful state-court developments since the Court entered the May 5 Order.

Finally, the POM Defendants wish to underscore a point on which the parties agree: we *have not* met and conferred on particular objections to particular document requests; instead, the parties solely met and conferred to discuss if

documents should be exchanged at all. *See* Parx Br. at 5. Thus, the Motion should not be read as asking to compel particular discovery—as the proposed order might suggest (Document 48-3)—but rather read as asking to resolve a threshold discovery "scope" dispute. If the Court does not grant any of the relief the POM Defendants request above, the POM Defendants join Parx's request that the deadline to file motions to compel—after a substantive meet and confer between the parties—be extended for six weeks. *See* Parx Br. at 2, 5, 8.

## III.   CONCLUSION

The Motion should be denied. Parx's theory of liability is without basis in Pennsylvania law and consequently Parx's demands for discovery are needless. And even if Parx's theory needed resolved by this Court, Parx in its own filing describes its thesis as a mere question of law—discovery is not needed to resolve such questions. However, should the Court be inclined to grant any relief, the Court should only order the parties to preserve but not exchange documents. All state law issues in this case will soon be fully and finally resolved in state court; discovery in the interim is not needed.

Respectfully submitted,

Dated: July 27, 2023

/s/ Joshua J. Voss
Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Edward T. Butkovitz (No. 309565)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
ebutkovitz@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brief to

be served via the Court's CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: July 27, 2023                    /s/ Joshua J. Voss