**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENWOOD GAMING &
ENTERTAINMENT, INC.,

    *Plaintiff,*

v.

POM OF PENNSYLVANIA, LLC,
PACE-O-MATIC, INC., and
MIELE MANUFACTURING, INC.,

    *Defendants.*

No. 2:22-cv-4434-MMB

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR CLARIFICATION AND TO COMPEL
COMPLIANCE WITH THE COURT'S MAY 5, 2023 ORDER**

Plaintiff Greenwood Gaming & Entertainment, Inc. ("Parx Casino") respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Clarification and to Compel to respond to arguments presented in the POM Defendants' opposition brief, filed on July 27, 2023.[1]

### A. The Court Decided Parx Casino Stated Legally Viable Claims and That Document Discovery Should Proceed.

The POM Defendants' response to Parx Casino's Motion for Clarification and to Compel lays to rest any doubt that the POM Defendants' strategy is to relitigate *again and again* this Court's May 5, 2023 decision in which it found: (a) that Parx Casino stated legally viable claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act, the Lanham Act, and for common law unfair competition and tortious interference with business relations; and (b) that document discovery should proceed as provided for under the procedural rules.

Tellingly, the POM Defendants do not address at all in their opposition brief either the text of the Court's May 5, 2023 Order, in which the Court ordered the parties to proceed with document discovery (*see* ECF No. 36), or the Court's statements from the bench explaining its reasoning for document discovery to proceed notwithstanding any state court proceedings. They do not do so because they cannot. Neither this Court's May 5, 2023 Order nor the Court's statements from the bench at the April 12, 2023 hearing on Defendants' Motion to Dismiss provide any footing on which Defendants might justify their obstruction. The Court heard Defendants' arguments against the legal basis for Parx Casino's claims and rejected them. Under the procedural rules, as modified by this Court's May 5, 2023 Order, document discovery must proceed.

The Court could not have been clearer about its desire for document discovery to proceed:

> A third option, which I just want to tell you is in my mind, is, is sort of an
> in-between option. And that would be to deny the motion without prejudice.

---

[1] ECF No. 56.

130298.00613/132374035v.2

> And to allow, to require an answer to be filed by the defendants, any counterclaims if they have any counterclaims they want to file and then to have very limited discovery. By that, I mean basically exchanging documents. And not -- but not having any depositions. . . .  And the reason to exchange documents is to not get into issues three or four years from now if I were to stay the case or, or grant the Motion to Dismiss and the Third Circuit reversed me and the case came back here and all the sudden some of these documents have disappeared and so forth . . . .[2]

The Court further explained that it "envision[ed] discovery in this case is going to take, you know, many months and maybe at least a year."[3] The Court also noted that discovery in cases involving RICO claims, like this one, involve extensive document discovery because "RICO is a very pervasive statute in terms of the issues that raised and discovery in it can be very broad. . . ."[4]

In short, the POM Defendants do not address the substance of Parx Casino's Motion for Clarification and to Compel. Instead, as they have done in a series of letters over the past month (*see* ECF Nos. 44 and 51) and in a motion for reconsideration of the Court's May 5, 2023 Order (that states no basis for reconsideration) (ECF No. 46 and 49), Defendants continue to relitigate the same issues this Court already decided against them again and again and again.

**B.   No Court Has Decided the Question Posed by Parx Casino in This Case.**

As they did in their Motion for Reconsideration (ECF No. 46), the POM Defendants again perpetuate the myth that the Commonwealth Court of Pennsylvania's decision in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement* answered the legal issue at the core of Parx Casino's case against Defendants: whether Defendants' devices are unlawful "slot machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the Crimes Code under the statutory rule of construction, including, without limitation 1 Pa.C.S.A. § 1932 ("Statutes

---

[2] 4/12/23 Transcript at 18:9-19:10.
[3] *Id.* at 21:21-22.
[4] *Id.* at 23:6-10.

in pari materia").[5] ***It does not***, no matter how many times the POM Defendants represent to the Court that it does. The answer is in the plain text of the *Pinnacle Amusement* opinion. ***There is no mention in <u>Pinnacle Amusement</u> of the statutory construction rule of in pari materia or its codification in Pennsylvania statutes, nor does <u>Pinnacle Amusement</u> make any holding as to whether the games at issues in that case—which were <u>not</u> POM's games, to be clear—are or are not "slot machines" under § 5513 of the Crimes Code.*** 1 Pa.C.S.A. § 1932.

In *Pinnacle Amusement*, the Commonwealth Court merely cites to its opinion, dated November 20, 2019, in *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Department of Revenue*, about which this Court has already read a great deal of briefing and heard oral argument on POM's Motion to Dismiss. ECF Nos. 18 & 19. In *Department of Revenue*, the Commonwealth Court determined only that the Gaming Act's statutory regime and the agency that implements it are not intended to regulate "[a]ll [u]nlicensed and/or [i]llegal [s]lot [m]achines." 221 A.2d at 730. After reviewing the Gaming Act and its legislative history, the Commonwealth Court determined that the Gaming Act did not "impliedly repeal" "section 5513 of the Crimes Code, as it pertains to gambling devices." *Id.* at 735. Under Section 1971 of the codified Rules of Statutory Construction, entitled "Implied repeal by later statute," "[w]henever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject."[6] 1 Pa.C.S.A. § 1971.

---

[5] Opp. Br. at 6.

[6] The Commonwealth Court's opinion in *Department Revenue* focuses on the larger question of statutory supplantation and repeal, not the rule of *in pari materia*. For example, the Commonwealth Court explained its decision by citing the following reasons, all of which go to the question of statutory implantation and repeal:

- "First, the Gaming Act does not give the Gaming Control Board the jurisdiction or authority it now claims[,]" (221 A.3d at 731);

Importantly, Section 1971 is a rule pertaining to ***repealing statutes***, not one pertaining to ***statutory construction***. Section 1971 is part of Subchapter E of Pennsylvania's rules of construction, which subchapter is entitled "***Repealing Statutes***." The rule of *in pari materia* is from Subchapter B, which is entitled "***Construction of Statutes***." POM is bootstrapping a Commonwealth Court opinion rejecting a rule of statutory repeal as one that is determinative of statutory construction, including reading statutes *in pari materia*.

As asserted in Parx Casino's First Amended Complaint,[7] Defendants' devices are not just general *per se* unlawful gambling devices, they are more specifically unlawful ***slot machines***, as criminalized by the Crimes Code incorporating the Gaming Act; thus, Defendants are operating their business in violation of the law. *See* 18 Pa.C.S.A. § 5513(a)(1) (defining an unlawful "slot machine"), (e.1) (entitled "Construction" and stating: "Nothing in this section shall be construed to prohibit any activity that is lawfully conducted under . . . (4) [the Gaming Act].").  A 2017 amendment to the Gaming Act clarified the definition of a "slot machine," defining a device to be a "slot machine" regardless of whether chance, skill, or any combination thereof is involved. 4 Pa.C.S.A. § 1103 (including within the term "slot machine" any computerized terminal that upon payment of consideration is available to be played and "***whether by reason of skill or application of the element of chance or both***" may entitle the player to cash or credits to be exchanged for cash, as well as any "skill slot machine, hybrid slot machine and the devices or associated equipment necessary to conduct the operation of a skill slot machine or hybrid slot machine.").[8]

---

- Second, "the Gaming Act specifically regulates licensed slot machines in licensed facilities[,] (*id.*);
- Third, "the Gaming Act . . . gives the Bureau [only] the power to inspect and examine licensed entities" and [t]here is no indication . . . that the Gaming Control Board was given comprehensive authority over all illegal gambling activities in the Commonwealth[.]" (*Id.* at 731-32).

[7] ECF No. 13, ¶¶ 58-68.

[8] The POM Defendants' devices are "skill slot machines." These are illegal under Section 5513 of the Crimes Code pursuant to the 2017 amendment to the Gaming Act. *Department of Revenue*, 221 A.3d at 725 ("[S]ince POM alleges

Under the hornbook rule of statutory construction of *in pari materia*, as codified in 1 Pa.C.S.A. § 1932, the same word used in two contexts (i.e., the Gaming Act and Crimes Code) must be given the same meaning in both contexts unless otherwise defined. Here, the rule of *in pari materia* applies all the more because the Crimes Code expressly defers to the Gaming Act in defining the scope of lawful conduct under the Gaming Act, *see* 18 Pa.C.S.A. § 5513(e.1), and devices meeting the Gaming Act's definition of "slot machine" are unlawful gambling devices. *See Commonwealth v. Dent*, 992 A.2d 190, 196-197 (Pa. Super. 2010) ("Therefore the term 'unlawful,' as used in Section 5513 means not specifically authorized by law . . . [T]he legislature has regulated horse racing, 4 P.S. § 325.101, the lottery, 72 P.S. § 3761-101, playing of Bingo, 10 P.S. § 301, and use of slot machines, 4 Pa.C.S. § 1101."). Neither the Commonwealth Court nor any other state or federal court applying Pennsylvania law has finally determined the question posed in this case regarding the illegality of Defendants' slot machines.

C.    **The POM Defendants' Acts Show They Are Not "Happy to Oblige" Briefing in This Court on Parx Casino's Statutory Construction Argument.**

In their brief, the POM Defendants show false bravado by stating: "If the Court desires extensive briefing on this '*pari materia*' legal issue . . . the POM Defendants are happy to oblige[.]"[9] But the POM Defendants' actions in this case so far show they have made a strategic choice not to have this Court decide this legal question. The POM Defendants answered Parx Casino's Amended Complaint on May 19, 2023.[10] The POM Defendants could have asserted a counterclaim on this legal issue, but they did not do so. The POM Defendants to this very day could bring a motion for judgment on the pleadings or for summary judgment on this legal issue,

---

that players of the POM game must use skill, if the Gaming Act applies to unlicensed games then the POM Game would fit within the definition of 'Skill slot machine' under the Act.").

[9] Opp. Br. at 6.
[10] ECF No. 38.

but they have not done so. Instead, the POM Defendants prefer to pursue a strategy in state courts of perpetuating the myth they have constructed that the Commonwealth Court's holdings in *Department of Revenue* and *Pinnacle Amusement* – which were decided based on rules of statutory repeal and not statutory construction – foreclose this Court or any other court from answering the question the POM Defendants cannot win: whether Defendants' devices are unlawful "slot machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the Crimes Code under the statutory rule of construction.

**D.     Conclusion.**

For the foregoing reasons, Parx Casino respectfully requests that this Court grant this Motion reaffirming its Order that document discovery should proceed. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question.

Dated: August 2, 2023                          Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

*/s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

**BLANK ROME LLP**

*/s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com

6

Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Attorneys for Plaintiff, Greenwood Gaming*
*& Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

/s/ Danielle C. Hudson
DANIELLE C. HUDSON