**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| SKILL OF PENNSYLVANIA, LLC | : | |
| PACE-O-MATIC, INC. AND | : | NO.: 2:22-CV-04434-MMB |
| MIELE MANUFACTURING, INC. | : | |
| Defendants. | : | |

**MIELE MANUFACTURING, INC.'S BRIEF IN RESPONSE TO**
**PLAINTIFF'S MOTION FOR CLARIFICATION AND TO COMPEL COMPLIANCE**

AND NOW, comes Defendant Miele Manufacturing, Inc. ("Miele"), by and through its attorney, Marc F. Lovecchio, Esquire, and files this Brief in Response to Plaintiff's Motion for Clarification and to Compel Compliance, and in support thereof avers as follows:

**I.    INTRODUCTION**

On July 20, 2023, Plaintiff Greenwood Gaming and Entertainment, Inc. ("Parx") filed a Motion for Clarification and to Compel Compliance ("Parx's Motion") along with a Memorandum of Law in support of such. (Docs. 48, 48-1, 48-2, 48-3).

Within Parx's Motion, Parx spends page after page requesting that this Court intervene in order to, "overcome Defendants' foundational objection to producing ***any*** documents in response to document requests issued at the direction of the Court." (Doc. 48-1, Introduction). To put it simply, Parx takes issue with the fact that Miele responded to Parx's discovery requests with the appropriate objections rather than comply with Parx's own personal interpretation of this Court's May 5, 2023, Order.

In addition to the arguments set forth in this Brief, Miele adopts and incorporates by reference all arguments as set forth in Defendants POM of Pennsylvania, LLC and Pace-O-Matic, Inc.'s ("POM Defendants") Brief in Opposition to Parx Motion for Clarification and to Compel filed on July 27, 2023. (Doc. 56).

## II.    ARGUMENT

In this Court's May 5, 2023, Memorandum, it held specifically:

> [T]he **underlying foundational legal question** is **whether these skill machines are legal under Pennsylvania law**. **If the machines are not illegal**, most, if not all, of **Plaintiff's claims would likely fail**. The legality of the skill machines is presently before the Pennsylvania Supreme Court. <u>See</u> Jurisdictional Statement, <u>POM of Pa v. Dept of Rev, Apl of: Greenwood, et al</u>, dkt. No. 12 EAP 2023 (Pa. Mar. 20, 2023). At the oral argument, the Court noted the alternatives that were presented. It is unclear how long that case will take to resolve. Yet **this question is fundamental to the viability of the present case**.

(Doc. 35, p. 8) (emphasis added).

The Court further held that dismissing the Amended Complaint with prejudice could prove to be problematic if the Pennsylvania Supreme Court hands down a decision giving Parx some sort of footing in this matter. However, this Court also held that the outright denial of Defendants' Motion to Dismiss could prove to be problematic in that it would allow full discovery to proceed and, if the Pennsylvania Supreme Court hands down a ruling that favors Defendants' position, that discovery may become improper. As such, this Court chose a middle ground, as noted within its May 5, 2023, Order. (Doc. 35, p. 8-9).

This Court's Order, entered on May 5, 2023, held that all parties, "shall serve Rule 34 Requests within thirty (30) days[,]" "Objections are due within fourteen (14) days, to be followed by the usual meet and confer process[,]" and "The Court envisions by this procedure that the parties will have each other's documents, at least after a first request, but depositions and more extensive discovery will be stayed at this time." (Doc. 36).

Miele, and Defendants collectively, have fully abided by the entirety of this Court's May 5, 2023, Order. The mere fact that Parx is unhappy with how this affects its hidden agenda does not, in turn, translate to mean that Miele, or Defendants collectively, have engaged in any kind of obstruction.

### a. Rule 34.

Rule 34 allows a party to serve discovery requests upon another party as long as those requests are within the scope of Rule 26(b). See Fed. R. Civ. P. 34. Rule 26(b) immediately begins its language with, "[u]nless otherwise limited by court order…" before listing the permissible scope of discovery when a party is serving requests on the other. See Fed. R. Civ. P. 26(b)(1).[1] Rule 26(b) was explicitly written to address and control scenarios exactly like the one that Defendants are currently forced to defend against due to Parx's meritless Motion.

On May 31, 2023, Parx served document requests upon all Defendants. Of those document requests, Parx sent seventy-two (72) of them to Miele. (Doc. 48-2). In accordance with this Court's May 5, 2023, Memorandum and Order and Rule 34, these requests should have been limited to the foundational question of whether these Skill Games are legal under Pennsylvania law. Instead, Parx took it upon itself to request documents from Miele related to: (1) business procedures, materials, communications, and agreements; (2) proprietary and intellectual property; (3) finances; and (4) a plethora of other confidential, unrelated, and irrelevant documents which are outside the scope of the instructions that this Court gave in its May 5, 2023, Order. (Doc. 48-2, Doc. 35).

---

[1] "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Not one single request from Parx relates to the limited scope of discovery regarding the underlying issue. None of what Parx has requested goes to the legality or alleged illegality of the Skill Games. As a result, Miele objected to Parx's requests in compliance with both this Court's May 5, 2023, Order and Rule 34. See Fed. R. Civ. P. 34(b)(2)(C).

Of note, Parx seeks intervention from this Court in the form of compelling Miele to produce documents in accordance with Parx's improper discovery requests, yet Parx itself has failed to produce documents in response to Miele's discovery requests.

Miele submitted fifty-three (53) separate requests for production of documents to Parx on May 22, 2023. Of the fifty-three (53) requests, Parx objected to forty-nine (49) of them – leaving four (4) requests with an obligation to produce the sought-after documents. Parx's objections to ten (10) of the other fifty-three (53) requests further indicated that, "responsive documents will not be withheld" despite an objection.

It has now been two (2) full months since Parx responded to Miele's discovery requests in writing but, without explanation, has refused to produce any documents in accordance with its own responses. The difference between all Defendants and Parx, as it relates to discovery, is that Defendants collectively provide appropriate objections in accordance with this Court's May 5, 2023, Memorandum and Order and the Federal Rules of Civil Procedure, while Parx chooses to intentionally withhold information without ever providing a basis with merit for doing so.

**b. Meet and Confer.**

On July 12, 2023, the Parties in this case met and conferred in an attempt to resolve their differences of opinion with respect to the discovery limitations or lack thereof. While Miele can agree with that fact, it cannot agree with Parx's misrepresentations surrounding this "meet and confer conference" as displayed in Parx's Brief. (Doc. 48-1).

Specifically, Parx's statement at Footnote 10 of its Brief informing the Court that, allegedly unlike Defendants, Parx is willing and ready to exchange documents in response to any requests. (Doc. 48-1, p. 5). This statement by Parx is glaringly false as made evident by the fact that Parx responded to Defendants' requests on June 2, 2023, and produced absolutely nothing despite its responses obligating production, and does not make its self-serving statements until July 20, 2023, when it filed its Motion for Clarification and to Compel Compliance – almost two (2) months after production was required by Parx.

At the July 12, 2023, "meet and confer conference," the Parties were still at odds with their positions because Parx continued, and continues, to push forward its baseless argument that Miele should produce documents in accordance with all discovery requests sent by Parx. Parx fully, and intentionally, twists the meaning of "extensive discovery" in taking the position that since the Court allowed the discovery method of requests for production to occur, that anything it requests is fair game.

While Miele will not tell this Court what its own Order meant, Miele proffers that based on both the May 5, 2023, Memorandum and Order of this Court, Parx is not entitled to any and all documents that it desires. Miele further proffers that it is entitled, under both Rule 34 and the May 5, 2023, Memorandum and Order, to object appropriately.

The only thing agreed upon by the Parties at the July 12, 2023, "meet and confer conference" was that the Parties could not agree. As such, it was not unexpected that Parx would file a Motion for Clarification with this Court. What is unexpected, in addition to both dubious and shameful, is Parx adding on an additional request to this Court to compel Defendants to produce documents in accordance with Parx's improper discovery requests – all while Parx remains the only party engaged in the refusal to produce documents without reason.

**III.    CONCLUSION**

Accordingly, and based on the arguments contained herein, Miele respectfully requests that this Court deny Parx's Motion. Further, given that the need for clarification is the forefront of Parx's Motion, Parx's additional request that this Court compel production by Miele, and Defendants collectively, is premature. Certainly, it would greatly assist the parties if the Court provided clarification, but given arguments set forth above as well as in the POM Defendants' Brief in Opposition (Doc. 56), the Court should only order the parties to preserve but not exchange any documents. All state law issues in this case will soon be fully and finally resolved in state court; discovery in the interim is not needed.

Respectfully submitted,

**McCORMICK LAW FIRM**

By_____
    Marc F. Lovecchio
    ID No. 41244
    Attorney for Defendant
    Miele Manufacturing, Inc.
    835 West Fourth Street
    Williamsport, PA 17701
    Phone: (570) 326-5131
    Fax: (570) 326-5529
    Email: mlovecchio@mcclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING          :
ENTERTAINMENT, INC.,          :
         Plaintiff,         :    CIVIL ACTION
         :
         :
      v.         :
         :
POM OF PENNSYLVANIA, LLC     :
PACE-O-MATICE, INC. AND      :    NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.    :
         Defendants.     :

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                        **McCORMICK LAW FIRM**

By_____
                Marc F. Lovecchio
                ID No. 41244
                Attorney for Defendant
                Miele Manufacturing, Inc.
                835 West Fourth Street
                Williamsport, PA 17701
                Phone: (570) 326-5131
                Fax: (570) 326-5529
                Email: mlovecchio@mcclaw.com

7

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENWOOD GAMING              :
ENTERTAINMENT, INC.,             :
            Plaintiff,             :      CIVIL ACTION
            :
            :
         v.             :
            :
POM OF PENNSYLVANIA, LLC     :
PACE-O-MATICE, INC. AND       :      NO.: 2:22-CV-04434-MMB
MIELE MANUFACTURING, INC.     :
         Defendants.          :

### CERTIFICATE OF SERVICE

I, Marc F. Lovecchio, hereby certify that a true and correct copy of the forgoing ***BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION AND TO COMPEL COMPLIANCE*** was served electronically on all parties to this matter by way of the Court's electronic notification system on August 3, 2023.

**McCORMICK LAW FIRM**

By_____

Marc F. Lovecchio
ID No. 41244
Attorney for Defendant
Miele Manufacturing, Inc.
835 West Fourth Street
Williamsport, PA 17701
Phone: (570) 326-5131
Fax: (570) 326-5529
Email:mlovecchio@mcclaw.com

8