**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
RESPONSE TO DEFENDANT MIELE MANUFACTURING, INC.'S
BRIEF RELATING TO
PLAINTIFF'S MOTION FOR CLARIFICATION AND TO COMPEL**

OBERMAYER REBMANN MAXWELL
& HIPPEL LLP
Gary Samms, Esq.
Richard Limburg, Esq.
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com

BLANK ROME LLP
William R. Cruse, Esq.
Danielle C. Hudson, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff,
Greenwood Gaming & Entertainment, Inc.*

Plaintiff Greenwood Gaming & Entertainment, Inc. ("Parx Casino") respectfully submits this brief in response to the Brief of Miele Manufacturing, Inc. ("Miele") In Opposition to Motion for Clarification and to Compel, filed on August 3, 2023 (ECF No. 60).

With respect to the substance of Plaintiff's Motion for Clarification and to Compel (ECF No. 48), Defendant Miele relies, for the most part, on arguments presented by the POM Defendants,[1] which Parx Casino addressed already in its Reply Brief.[2] But Defendant Miele makes several statements about Parx Casino's conduct in discovery that are *grossly* incorrect.

*First*, Defendant Miele represents to the Court that Parx Casino, "without explanation, has refused to produce any documents in accordance with its own responses" and that Parx Casino "chooses to intentionally withhold information without ever providing a basis with merit for doing so."[3] These statements are demonstrably incorrect. For example, attached as **Exhibit 1** hereto is an email exchange between the undersigned and Defendant Miele's counsel on Saturday, July 22, in which Parx Casino's counsel expresses frustration at "the foundational objection of POM and Miele to producing any documents based on their legality/illegality objection" and the POM Defendants and Defendant Miele's failure to respond at all to the Proposed Protective Order and ESI Protocol that Parx Casino provided to Defendants on June 23, 2023.[4] Subsequently, Parx Casino's counsel and Defendant Miele's counsel had an approximately 10-minute conversation on the afternoon of Saturday, July 22, 2023,[5] in which Parx Casino's counsel stated emphatically to Defendant Miele's counsel the following:

---

[1] *See* ECF No. 56; ECF No. 60 at 2 (adopting the arguments of the POM Defendants).
[2] ECF No. 58.
[3] ECF No. 60 at 4.
[4] Exhibit 1 at 1-2 (Cruse email to Lovecchio at 1:15 p.m.). *See* **Exhibit 2** (June 23, 2023 email from Cruse to Defendants proposing a Protective Order and ESI Protocol so that document discovery might proceed).
[5] Attached as **Exhibit 3** is an image of the undersigned's iPhone showing the calls with Defendant Miele's counsel on Saturday, July 22, 2023.

1. Parx Casino very much wants to move forward with document discovery, as ordered by the Court, but document discovery must be a two-way street and Defendants are refusing to produce any documents based on their assertion that their devices are legal;

2. Parx Casino requires a Protective Order before producing documents to Defendants in order to protect its confidential business information from being used for purposes outside this litigation, a protection that Parx Casino is happy to reciprocally extend to Defendants and presumes Defendants desire as well (which Defendant Miele's counsel did not dispute); and

3. Once these issues are resolved, Parx Casino is ready and very much eager to start document production to Defendants and to receive and review Defendants' document production to Parx Casino.

This telephone discussion was cordial and concluded with Parx Casino's request to Defendant Miele that they come back to Parx Casino on these issues should they desire to proceed with document production. Defendant Miele never reverted to Parx Casino. Instead, it filed its most recent brief – which doesn't even mention Defendant Miele's discussions with Parx Casino on Saturday, July 22, 2023 – representing incorrectly to the Court that Parx Casino, "without explanation, has refused to produce any documents in accordance with its own responses" and that Parx Casino "chooses to intentionally withhold information without ever providing a basis with merit for doing so."[6]

**Second**, Miele Defendants represent to the Court that: "Not one single request from Parx relates to the limited scope of discovery regarding the underlying issue. None of what Parx has requested goes to the legality or illegality of the Skill Games."[7] As a preliminary matter, the Court's May 5, 2023 Order (ECF No. 36) did not limit Parx Casino's document requests to only documents going "to the legality or illegality" of Defendants' devices. Nevertheless, this statement of Defendant Miele's is also demonstrably incorrect based simply upon review of Parx Casino's

---

[6] ECF No. 60 at 4.
[7] *Id.*

3

document requests to Defendant Miele, including, without limitation, Request Nos. 18, 25, 26, 35, 48, 59, 60, and 66.[8] Indeed, it strains credulity to suggest that Request No. 66 for "documents supporting [Miele's] affirmative defenses"[9] does not "relate" or "go[] to the legality or illegality of the Skill Games" when the foundation of Defendant Miele's defense in this case has always been and continues to be—in the very filing this brief responds to nonetheless—that the Illegal Slot Machines are legal.[10]

For the reasons stated in Parx Casino's prior submissions, Parx Casino respectfully requests that this Court grant this Motion reaffirming its Order that document discovery should proceed. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question. Parx Casino is grateful to the Court for this opportunity to correct the misstatements of record in the Defendant Miele's submission.

Dated: August 3, 2023

Respectfully submitted,

**BLANK ROME LLP**

*/s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

---

[8] *See* **Exhibit 4** attached.
[9] *Id*. at Request No. 66.
[10] *See, e.g.*, ECF No. 37 at Aff. Def. ¶¶ 9 ("At no time, whatsoever, did Miele commit any qualifying criminal action."), 23 ("At all times relevant hereto, Miele has fully complied with all applicable federal and state laws.").

*/s/ Gary Samms*

Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102


*Attorneys for Plaintiff, Greenwood Gaming*
*& Entertainment, Inc.*

5

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

*/s/ Danielle C. Hudson*
DANIELLE C. HUDSON