# Exhibit 1

## Cruse, William R.

**From:** Cruse, William R.
**Sent:** Saturday, July 22, 2023 1:38 PM
**To:** Marc Lovecchio
**Subject:** RE: Motion for Clarification-Greenwood v. Miele, et. al. 2:22-cv-4434-MMB

Sorry Marc – As written in my signature block, it is 267 334 7655.  Serves me right for typing on a phone while walking the dog.

**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  |  F: 215.832.5447 | cruse@blankrome.com

**From:** Cruse, William R.
**Sent:** Saturday, July 22, 2023 1:25 PM
**To:** Marc Lovecchio <mlovecchio@mcclaw.com>
**Subject:** Re: Motion for Clarification-Greenwood v. Miele, et. al. 2:22-cv-4434-MMB

See my signature block. You can reach me on my cell. 267 344  7655

Sent from my iPhone

> On Jul 22, 2023, at 1:19 PM, Marc Lovecchio <mlovecchio@mcclaw.com> wrote:

> I am not a posturer. My emails were written not to include as any exhibit. I'm sorry you conclude such. We just disagree on this. I'm an open book. Give me a number and I'll call but I don't see a way to resolve this.

> Get Outlook for iOS

> **From:** Cruse, William R. <william.cruse@blankrome.com>
> **Sent:** Saturday, July 22, 2023 1:15:35 PM
> **To:** Marc Lovecchio <mlovecchio@mcclaw.com>
> **Cc:** gary.samms@obermayer.com <gary.samms@obermayer.com>; Limburg, Richard <Richard.Limburg@obermayer.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>; Joshua Voss <jvoss@kleinbard.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; Frank Fina Sr. <f.fina@paceomatic.com>; Paul Goldean <paul.goldean@paceomatic.com>; Lindsay Sweeley <lsweeley@mcclaw.com>
> **Subject:** RE: Motion for Clarification-Greenwood v. Miele, et. al. 2:22-cv-4434-MMB

> Marc,

You have now written me two multi-paragraph emails and not called me once.  When we had our meet and confer, I specifically said to you that I believe a lot of the objections between my client and yours could be worked out, but we need to get over the foundational objection of POM and Miele to producing any documents based on their legality/illegality objection.  My client wants to move forward with document production.  That is evident in the motion we filed.  It is evident in our sending a draft protective order and ESI protocol to both you and POM, which neither has commented on.  The positions you take in your emails, especially the one below, lead me to conclude these are written for the sole purpose of including them as exhibits to whatever motion you are going to file.  So please file your motion.  We welcome the opportunity to respond and advocate for document discovery moving forward from both sides.

**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  |  F: 215.832.5447 | cruse@blankrome.com

---

**From:** Marc Lovecchio <mlovecchio@mcclaw.com>
**Sent:** Saturday, July 22, 2023 12:29 PM
**To:** Cruse, William R. <william.cruse@blankrome.com>
**Cc:** gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>; Joshua Voss <jvoss@kleinbard.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; Frank Fina Sr. <f.fina@paceomatic.com>; Paul Goldean <paul.goldean@paceomatic.com>; Lindsay Sweeley <lsweeley@mcclaw.com>
**Subject:** RE: Motion for Clarification-Greenwood v. Miele, et. al. 2:22-cv-4434-MMB

Will,

I do not mean to be rude but talking will not, in my opinion, resolve our differences on this issue. I maintain, as I did when we met to confer, that the Motion should have been a joint motion for clarification. You opposed such. You subsequently filed the Motion which is replete with disparaging comments about my client ( " obstructive"; objections to every request; **bolded** language)  and its position in this matter as well as arguments supporting your position. Further, the Motion is misleading because it fails to set forth the position that your client has taken with respect discovery as set forth in my email of yesterday. The Motion reads as if my client is blocking discovery and seeking to indefinitely delay these matters while your client has been completely forthcoming. The Motion could have been far more objective and impartial. " One side interprets the Order this way, while another side interprets it differently. Tell us judge what you meant. In the meantime please extend the time deadline for filing Motions to Compel. "

I appreciate zealous advocacy as well as the contentious nature of this case and the continuing "dogfight" between our clients, but because of the Motion, I am compelled to not only file a detailed and comprehensive responsive Brief but to protect my client with respect to the "obstructive" responses of your client to my client's requests, by filing a Motion to Compel. What choice do I have? In response to my two emails regarding the issues raised my me with respect to discovery, I was met with silence and not one document has been produced by your client despite the vast majority of my requests being related to your client's contention that the games are slot machines and illegal.

Not that it matters, but since returning to the practice of law I am astounded by discovery practice and the seemingly common utilization of objections for delay and hindrance. Yes, I objected but my objections were based on my interpretation of the Judge's order. Your client's objections, in my opinion, are not. Recall that it is your side that interprets the Order as allowing for full scale discovery. Finally, no matter what the judge tells us with respect to the meaning of the Order, it will have no impact on your objections so from my perspective, a Motion to Compel will be necessary either way.

Thank you for your attention to these matters and be well.

**Marc F. Lovecchio |** Of Counsel

**<image001.jpg>**

835 West Fourth Street | Williamsport, PA 17701
(P) 570-326-5131 | (F) 570-326-5529
www.mcclaw.com

---

**From:** Cruse, William R. <william.cruse@blankrome.com>
**Sent:** Friday, July 21, 2023 5:17 PM
**To:** Marc Lovecchio <mlovecchio@mcclaw.com>
**Cc:** gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>; Joshua Voss <jvoss@kleinbard.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; Frank Fina Sr. <f.fina@paceomatic.com>; Paul Goldean <paul.goldean@paceomatic.com>
**Subject:** Re: Motion for Clarification-Greenwood v. Miele, et. al. 2:22-cv-4434-MMB

Marc,

Please call me over the weekend if you would like to talk. Our brief states clearly that once the court clarifies that document production is to proceed over the "legality" objection, the parties are to have 6 more weeks to address other objections and then file motions to compel. I wish you had called before writing the email below. But I cannot prevent you from taking whatever action you deem necessary.

Thank you.

Sent from my iPhone

On Jul 21, 2023, at 4:35 PM, Marc Lovecchio <mlovecchio@mcclaw.com> wrote:

Counsel,

I am in receipt of your Motion for Clarification and Compel. The Motion asserts correctly that the "foundational dispute" must first be resolved but also seeks an order requiring the parties to proceed with exchanging documents responsive to "the Parties first requests for production of documents." Perhaps I misunderstand our prior conversation, but this Motion is not limited to only clarification; it is extended to compel Miele to provide responsive documents.

Of course, I will file a responsive Brief but given the nature of your Motion I am compelled to file a Rule 37 Motion to Compel with respect to your Objections to my client's Document Requests. I do not want to receive an Order requiring my client to respond to your requests and thus foreclose my ability to pursue a remedy against your client. I understand the request to extend the motion to compel deadline but it is

premised on addressing " any remaining substantive objections once document discovery is underway." I would have preferred if your motion was simply styled as a motion for clarification which I would have agreed to, preserving of course my argument to the contrary, and which I thought it would be.

The facts remain as follows:

1. Greenwood lodged General objections which are impermissible under the Rules and controlling case law.
2. Greenwood objected to 49 of 53 requests.
3. Greenwood failed to object to request nos. 12, 19, 22 and 23 but did not produce any documents despite the fact that the requests were served on May 22, 2023.
4. Greenwood indicated that " responsive documents will not be withheld" despite the objections with respect to request nos. 20, 24, 25, 26, 30, 39, 42, 43, 47, and 52. Yet, no documents were produced.
5. Greenwood indicated improperly that " documents may be withheld based on the objection" with respect to request nos. 9, 10, 14, 15, 16, 18, 27, 37, 41, 48,  and 49.
6. I sent emails dated June 12 and 14, requesting that these matters be addressed. My emails were not responded to.
   I will file my Motion to Compel by August 4, 2023. I will note that I attempted to resolve these issue through my emails which I will attach, that we met and conferred on June 12, 2023 but failed to address my concerns, and that it is Greenwood that is engaging in "obstruction and…further delay"( terms used in Greenwood's Memorandum of Law; document 48-1, with respect to Miele) as evidenced above.


**Marc F. Lovecchio |** Of Counsel

**<image001.jpg>**

835 West Fourth Street | Williamsport, PA 17701
(P) 570-326-5131 | (F) 570-326-5529
www.mcclaw.com

The information in this e-mail message is intended for the confidential use of the addressees only.  The information is subject to the attorney-client privilege and/or attorney work product.  Recipients should not file copies of this e-mail with publicly accessible records.  If you are not an addressee or an authorized agent responsible for delivering this e-mail to a designated addressee, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail is strictly prohibited.  If you received this e-mail in error, please notify us immediately at (570) 326-5131.  Thank you.


**********************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************************

# Exhibit 2

**Cruse, William R.**

---

| | |
|---|---|
| **From:** | Cruse, William R. |
| **Sent:** | Friday, June 23, 2023 9:10 AM |
| **To:** | Joshua Voss; Hudson, Danielle C. |
| **Cc:** | gary.samms@obermayer.com; Limburg, Richard; Samantha Zimmer; Matt Haverstick; Edward Butkovitz; mlovecchio@mcclaw.com |
| **Subject:** | RE: Parx v. POM et al. Discovery |
| **Attachments:** | PROPOSED ESI Protocol(132110884.2).docx; Draft Parx Protective Order(132101185.3).docx |

Good morning all,

Attached for your review and comment are: (1) a proposed ESI Protocol and (2) a proposed Protective Order.

Thank you,

Will

**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  |  F: 215.832.5447 | cruse@blankrome.com

---

**From:** Cruse, William R.
**Sent:** Wednesday, June 21, 2023 10:33 AM
**To:** Joshua Voss <jvoss@kleinbard.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>
**Cc:** gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; mlovecchio@mcclaw.com
**Subject:** RE: Parx v. POM et al. Discovery

Thanks Josh.  We will circulate a PO for your review.  If we need to move on this issue in the near term, we will clarify to the Court that POM has not yet formed an opinion on the matter.

**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  |  F: 215.832.5447 | cruse@blankrome.com

---

**From:** Joshua Voss <jvoss@kleinbard.com>
**Sent:** Wednesday, June 21, 2023 10:29 AM
**To:** Cruse, William R. <william.cruse@blankrome.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>
**Cc:** gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Samantha Zimmer

<szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz
<ebutkovitz@kleinbard.com>; mlovecchio@mcclaw.com
**Subject:** RE: Parx v. POM et al. Discovery

> You don't often get email from jvoss@kleinbard.com. Learn why this is important

We need to see your proposal and then discuss the same with you before we can weigh in with a final position. We'll await the written proposal mentioned in Danielle's original email and will review the same once all of us are back from assorted vacations.

Josh

**From:** Cruse, William R. <william.cruse@blankrome.com>
**Sent:** Wednesday, June 21, 2023 9:46 AM
**To:** Joshua Voss <jvoss@kleinbard.com>; Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>
**Cc:** gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz
<ebutkovitz@kleinbard.com>; mlovecchio@mcclaw.com
**Subject:** RE: Parx v. POM et al. Discovery

**This message was received from an external sender.**

Hi Josh,

I appreciate that a meet and confer may have to wait, but does your team have a view on the points Mark Lovecchio raised yesterday, specifically (and I am summarizing what Mark stated fully in his email of yesterday), (1) that J. Baylson's May 5th Order is limited to discovery of issues relating to "illegality" and no other discovery is permitted and (2) a protective order is therefore unnecessary?  We would like to get these issues before Judge Baylson, either as to Miele alone or with respect to POM, too, if correct.

Thank you,


**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  |  F: 215.832.5447 | cruse@blankrome.com


**From:** Joshua Voss <jvoss@kleinbard.com>
**Sent:** Wednesday, June 21, 2023 9:39 AM
**To:** Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>
**Cc:** Cruse, William R. <william.cruse@blankrome.com>; gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>; Samantha Zimmer <szimmer@kleinbard.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; mlovecchio@mcclaw.com
**Subject:** RE: Parx v. POM et al. Discovery

> You don't often get email from jvoss@kleinbard.com. Learn why this is important

Thanks for the email. Vacations and holidays over this week and the following two weeks are coming up for my team, so sometime during the second week of July would be best for us to discuss these items. Please advise as to a date that works best for you the week of July 10-14.

Thanks!

Josh

---

**From:** Hudson, Danielle C. <Danielle.Hudson@BlankRome.com>
**Sent:** Tuesday, June 20, 2023 1:40 PM
**To:** Matt Haverstick <mhaverstick@kleinbard.com>; Edward Butkovitz <ebutkovitz@kleinbard.com>; Joshua Voss <jvoss@kleinbard.com>; mlovecchio@mcclaw.com
**Cc:** Cruse, William R. <william.cruse@blankrome.com>; gary.samms@obermayer.com; Limburg, Richard <Richard.Limburg@obermayer.com>
**Subject:** Parx v. POM et al. Discovery

**This message was received from an external sender.**

---

Dear counsel,

As you saw earlier today, Blank Rome has entered its appearance in this matter on behalf of Parx Casino.  We look forward to working with our co-counsel, Obermayer, and you in this matter.

To move forward with document discovery pursuant to the Court's Order (ECF No. 36), we would like raise with you the following issues:

1. **Protective Order.** Both sides would benefit from a protective order governing production of sensitive business information.  We will circulate to the group this week a draft for review and comment.

2. **Objections/Responses to Document Requests.** We have seen that all parties have served objections to document requests.  But it is not clear what documents the parties have agreed to produce *subject to but without waiver* of objections.  We would like to agree on a date in the very near future to exchange such written responses.

3. **Meet and Confers.** We should start scheduling meet and confers on document production disputes following receipt of all objections and written responses, as described in item 2 above.  Please let us know windows of time you have available the week of June 26-30 and July 5-7.

4. **Rolling Productions.**  We anticipate that once a Protective Order is in place, all sides will begin producing documents that are not subject to objection, starting with a good faith substantial production and followed by a rolling production as documents are collected and reviewed from our respective clients.  We should agree on a deadline for production of documents responsive to each party's first set of document requests.

5. **Motion to Compel Deadline.** We should also agree on a deadline for motions to compel.  Based on the text of the Order, the deadline is somewhat ambiguous.  It is our understanding that the Order contemplates a deadline of August 19, 2023.  But we should discuss this issue.

Please get back to us soon in response to these various action items.

Thank you,

**Danielle C. Hudson** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5405 | C: 717.341.5903  | F: 215.501.5631 | danielle.hudson@blankrome.com

**William R. Cruse** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5447 | C: 267.334.7655  | F: 215.832.5447 | cruse@blankrome.com

**************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**************************************************************************************************

# Exhibit 3



# Exhibit 4

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By:   Gary Samms, Esquire (Attorney I.D. 58096)
      Gary.Samms@obermayer.com
      Richard Limburg, Esquire  (Attorney I.D. 39598)
      Richard.Limburg @obermayer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102
(215) 665-3000
*Counsel for Plaintiff*

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC.<br><br>          Plaintiff,<br><br>v.<br><br>POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC.<br><br>          Defendants. | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>CASE No. 2:22-cv-04434-MMB |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (FIRST SET) DIRECTED TO DEFENDANT MIELE MANUFACTURING, INC.

To:   Miele Manufacturing, Inc.
      c/o  Marc F. Lovecchio

      McCormick Law Firm
      835 West Fourth Street
      Williamsport, PA 17701


     AND NOW this 31st day of May, 2023, Plaintiff, Greenwood Gaming & Entertainment, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby

serves the following Requests for Production of Documents (First Set) and Things on Defendant Miele Manufacturing, Inc. ("Miele"), by and through its counsel pursuant to Fed.R.Civ.P. 34.

## INSTRUCTIONS

1.      You are required to produce the requested documents, electronically stored information, and other tangible things pursuant to Fed.R.Civ.P. 34 within thirty (30) days after service upon you.

2.      Unless otherwise indicated in a specific Request, the relevant time-period for these Requests for Production is January 1, 2017 through the present.

3.      As used herein, the words "you" and "your" refer to Defendant Miele Manufacturing, Inc.

4.      In responding to these Requests for Production, you are required to conduct a search to identify all documents or things in your possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you (as defined above) or your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      All electronically stored information should be produced in its native format unless Plaintiff's counsel agrees otherwise.  To the extent that you use search terms or custodians to satisfy your obligations in responding to these requests, you are requested to identify the search terms and custodians you use.

6.      All pages now stapled or fastened together must be produced, stapled or fastened together, and all documents which cannot be legibly copied must be produced in their original form.

7.      If you are unable to respond to any Request in full, you should respond to the extent possible, indicating what portion of any Request cannot be responded to and the reason therefore.

8.      To the extent that you consider any of the following Requests for Production objectionable, you should respond to so much of each Request as is not objectionable in your view, and separately state that part of each Request to which you object and each ground for each objection.  If in answering these Requests you claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, do not refuse to respond but set forth as part of your response the

language you deem to be ambiguous and the interpretation you used used in responding to the Request.

9.      If you object to producing, or describing the content of, a communication or document on grounds of attorney/client privilege, work product privilege, or any other privilege, you should identify the communication or document you claim is privileged in whole or in part, specify each privilege you are claiming for the communication or document, and for each such communication or document provide its date, author, addressee(s), and subject, the persons to whom copies of the communication or document were furnished, and the basis on which you claim the privilege.

## DEFINITIONS

1.      The words "and" and "or" shall include "and/or."

2.      Use of the plural form of any word shall be deemed to include the singular form, and use of the singular form shall be deemed to include the plural form.

3.      The term "communication" means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, e-mails, instant messages, voice messages, advertisements, or any other form of oral or written exchanges of words, thoughts or ideas.

4.      "Complaint" refers to the Complaint filed by the Plaintiff Greenwood Gaming & Entertainment, Inc. against Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc. in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2022, No. 00660.  "Amended Complaint" refers to the Amended Complaint filed by Plaintiff after the removal of the Complaint to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:22-CV-4434-MMB.

5.      "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography, computerized printout, or other means or process.

6.      The term "document" means any designated documents or electronically stored information in your custody or control, including writings,

drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to:

    a.    contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

    b.    letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and facsimile messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

    c.    memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

    d.    desk calendars, appointment books, pocket calendars, and diaries or notes or other personal memoranda;

    e.    minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

    f.    reports and summaries of interviews or negotiations;

    g.    books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

    h.    motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

    i.    Drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

    j.    any non-identical copy of any document; and

    k.    information stored in any computer, server, cloud, device, or in any electronic, magnetic or other medium.

7.    The term "meeting" means any gathering, formal or informal, of two or more persons.

4892-8788-5159 v1

8.      Unless otherwise indicated, the word "parties" shall refer to Plaintiff Greenwood Gaming & Entertainment, Inc., and Defendants POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc.

9.      "Person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission, board, agency, bureau or department.

10.     "Plaintiff", "Parx", or "Parx Casino" shall mean Greenwood Gaming & Entertainment, Inc.

11.     The terms "refer to," "relate to," "relating to" and "with regard to" shall mean concern or concerning, pertain or pertaining, discuss or discussing, mention or mentioning, reflect or reflecting, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing the specified subject.

12.     The term "writing" shall mean any handwritten, typed, or word-processed note, memorandum, communication or record (such as an email, text, tweet or screenshot).

13.     "Pennsylvania Operator Agreement" means any form of agreement used by POM and Miele to contract Operators and includes signed versions of the Pennsylvania Operator Agreement.

14.     The following capitalized terms have the same meaning as in the Pennsylvania Operator Agreement:

a.      "Pennsylvania Skill Game"

b.      "Pennsylvania Skill Game Terminal" or "Terminal"

c.      "Software"

d.      "Fill," and "Fill System"

e.      "Operator"

f.      "Location"

g.      "Approved Location Agreement"

4892-8788-5159 v1

h. "Distributor"

i. "SSP" or "Software Service Provider"

j. "Gross Revenue"

k. "Net Revenue"

l. "Payouts"

m. "TID" or "terminal identification number"

n. "Marks"

15. "Game" means a Pennsylvania Skill Game title, of which there may be several on a Terminal.

16. "POM" means POM of Pennsylvania, LLC.

17. "Pace-O-Matic" means Pace-O-Matic, Inc.

**Requests for Production of Documents**

1. Please produce signed copies of all Pennsylvania Operator Agreements between POM, Miele, and Operators that are or were in effect at any time from and after January 1, 2017, including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements.

    **RESPONSE:**

2. Please produce a complete copy of every written agreement between you and POM that in any way refers to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals ("Terminals") or the manufacture, distribution, programming, software licensing, or operation of Pennsylvania Skill Games or Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

3. Please produce a complete copy of every written agreement between you and Pace-O-Matic that in any way refers to Pennsylvania Skill Games or Pennsylvania Skill Game Terminals, or the manufacture, distribution, programming software licensing, or operation of Pennsylvania Skill Games or Terminals, including all exhibits, schedules, or attachments to the agreement, and any amendments of the agreement, and any related correspondence.

    **RESPONSE:**

4. Please produce your records of the owner and mailing address of each Operator from January 1, 2017 to the present , including all exhibits, schedules, or attachments to the Agreements, and any amendments of the Agreements.

    **RESPONSE:**

4892-8788-5159 v1

5.      Please produce signed copies of all Approved Location Agreements that are or were in effect at any time from and after January 1, 2017.

      **RESPONSE:**

6.      Please produce records sufficient to show the number and location of Pennsylvania Skill Game Terminals located within 40 miles of Parx Casino at all times from January 1, 2017 to present.

      **RESPONSE:**

7.      Please produce your records of the owner and mailing address of each approved Location during the period from January 1, 2017 to present, whether or not there is an Approved Location Agreement for every Location.

      **RESPONSE:**

8.      Please produce a list of all Locations, including: (1) the name of entity (2) its location (3) the name of the primary contact person (4) contact information; (5) the time periods when Pennsylvania Skill Game Terminals were in place at each Location; (6) the number of Terminals at Location; (7) the total sum of money wagered on each Terminal by game and by month; (8) the Gross Revenue from each Terminal by game and by month; (9) the Payouts from each Terminal by Game and by month; (10) other expenses by Location and Operator by month; (11) each Operator's share of Net Revenue by Game and by month; (11) POM's share of Net Revenue by Game by month; and (12) Miele's share of Net Revenue by Game per month.

      **RESPONSE:**

9.      Please produce the articles of incorporation and by-laws for Miele along with any amendments adopted from time to time.

4892-8788-5159 v1

**RESPONSE:**

10.    Please produce documents sufficient to identify the ownership of Miele from 2014 to the  present.

    **RESPONSE:**

11.    Please produce all Miele board minutes and resolutions referring to POM, Pace-O-Matic, Pennsylvania Skill Games, the Pennsylvania Gaming Control Board or other Pennsylvania state agency, licensed casinos or slot machines, or Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

    **RESPONSE:**

12.    Please produce all Miele business plans referring to POM, Pace-O-Matic, Pennsylvania Skill Games, the Pennsylvania Gaming Control Board or other Pennsylvania state agency, casinos, or slot machines, or Operators, Locations, or Location Owners in Pennsylvania from 2014 to present.

    **RESPONSE:**

13.    Please produce any documents describing or illustrating a Fill, including the manner of its delivery, installation, operation, and use.

    **RESPONSE:**

14.    Please produce any documents describing or illustrating the Fill System, including its operation, the purchase of Fills, the length of extended play authorized by a Fill, the pricing of Fills, and the terms of payment.

    **RESPONSE:**

15. Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to Fills or the Fill System.

   **RESPONSE:**

16. Please produce documents showing the sales of Fills to each Operator from January 1, 2017 to present.

   **RESPONSE:**

17. Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to software for Pennsylvania Skill Games.

   **RESPONSE:**

18. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, and any internal documents, that refer to the Gaming Act, 4 Pa.C.S. § 1101, et seq. or the Crimes Code, 18 Pa C.S. § 5513, or the definition of a slot machine.

   **RESPONSE:**

19. Please produce all communications between you, on the one hand, and any other defendant, Operator, Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, and any internal documents, that refer to the Gaming Control Board, the Pennsylvania State Police, or the Bureau of Liquor Control Enforcement.

   **RESPONSE:**

20. Please produce all of the advertising, marketing materials, and brochures (including but not limited to hardcopy advertising, digital advertising, websites, mailings, scripts, and other forms of communication) employed by Miele in advertising and promoting Pennsylvania Skill Games.

    **RESPONSE:**

21. Please produce all advertising, marketing materials, brochures and promotions that Miele has approved for use by Operators.

    **RESPONSE:**

22. Please produce all documents that refer or relate to promotional events for Pennsylvania Skill Games.

    **RESPONSE:**

23. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to the advertising, marketing materials, brochures or promotions for Pennsylvania Skill Games.

    **RESPONSE:**

24. Please produce all documents referring to or consisting of the loyalty or other incentive programs mentioned in ¶4 of the Pennsylvania Operator Agreement.

    **RESPONSE:**

25. Please produce all documents that refer to or contain any communication from a consumer or user of any Pennsylvania Skill Game, including complaints regarding skill or chance elements of game play, payouts, or length of game play.

**RESPONSE:**

26.    Please produce all documents that refer to the design, look, feel, operation, or gameplay of Pennsylvania Skill Games, or that refer to Pennsylvania Skill Games and a "gaming experience" or "gambling.".

**RESPONSE:**

27.    Please produce any documents describing or illustrating the specifications for Pennsylvania Skills Games Terminals.

**RESPONSE:**

28.    Please produce all documents that refer to the manufacture of Pennsylvania Skill Games Terminals.

**RESPONSE:**

29.    Please produce any communications between you, on the one hand, and any other defendant, Operator, or Location, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, that refer to Pennsylvania Skills Games or Terminals.

**RESPONSE:**

30.Please produce copies of all written materials that you have approved for lobbying or otherwise communicating on your behalf with the Pennsylvania General Assembly or any other of its constituent members.

**RESPONSE**

4892-8788-5159 v1

31. Please produce the internal transaction history of 10 Pennsylvania Skill Game Terminals (identified by TID) that have been in service for at least two years, as far back the transaction history is available, including at least 1 Terminal located within 1 mile of Parx Casino. as well as the Location and Operator of each of the 10 Terminals.

   **RESPONSE:**

32. Please produce all documents referring to or consisting of the enforcement of Approved Location Agreements from January 1, 2015 to the present.

   **RESPONSE:**

33. Please produce copies of all documents referring to or consisting of the enforcement of Pennsylvania Operator Agreements.

   **RESPONSE:**

34. Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to the enforcement of the Pennsylvania Operator Agreement, the Approved Location Agreement, or any other agreement related to Pennsylvania Skill Games to which Operators or Location Owners are parties.

   **RESPONSE**

35. Please produce all documents demonstrating any attempt by you to seek licensing under the Gaming Act, 4 Pa.C.S. § 1101, *et seq.*

   **RESPONSE:**

36. Please produce all documents referring to or consisting of any independent testing or auditing of Pennsylvania Skill Games Terminals.

4892-8788-5159 v1

**RESPONSE:**

37.   Please produce your records showing the total number of Pennsylvania Skill Game Terminals in all Locations at all times from January 1, 2017 to the present.

   **RESPONSE:**

38.   Please produce your records showing the number of Pennsylvania Skill Game Terminals located in each Location at all times from January 1, 2017 to present.

   **RESPONSE:**

39.   Please produce all documents that refer to or consist of training for Operators of Pennsylvania Skill Games.

   **RESPONSE:**

40.   Please produce all documents that refer to the collection of revenue derived from Pennsylvania Skill Games from any Location.

   **RESPONSE:**

41.   Please produce documents sufficient to identify any individuals that have collected revenue derived from Pennsylvania Skill Games from Locations in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 on behalf of Operators.

   **RESPONSE:**

42.   Please produce all quarterly and annual financial statements prepared for you from 7 to present, or whatever periodic financial reports you use to manage your business showing revenues, expenses, taxes and profit from the sale of Pennsylvania Skill Games.

4892-8788-5159 v1

**RESPONSE:**

43.  Please produce all quarterly and annual financial statements prepared for you from 2015 to present, or whatever periodic financial reports you use to manage your business showing revenues, expenses, taxes and profit from the operation of Pennsylvania Skill Games.

**RESPONSE:**

44.  Please produce documents showing the amount and percentage of Net Revenue that went to Miele, Operators and Locations in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 (or, if applicable, your fiscal years beginning in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022), and the dollar amount that went to Miele, each Operator and each Location in each year.

**RESPONSE:**

45.  Please produce documents showing the Payouts made by each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

46.  Please produce documents showing the amount of money inserted into each Pennsylvania Skill Game Terminal (identified by TID) in each of 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

47.  Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location, on the other, that refer to the division or sharing of Net Revenue from Pennsylvania Skill Games.

**RESPONSE:**

4892-8788-5159 v1

48.    Please produce all documents related to the "legal, political, and public relations efforts to ensure the ongoing acceptance of the Pennsylvania Skill Games" in Pennsylvania and the "messages and strategies adopted by SSP and Distributor" referenced in ¶19 of the Pennsylvania Operator Agreement, including communications between you, on the one hand, and any other defendant, Operator, Location Owner, consultant, legislator, lobbyist, or testifying expert you have used in other litigation, on the other, referring thereto or consisting thereof.

   **RESPONSE:**

49.    Please produce all documents referring to or consisting of market analysis, competition, or consumer surveys in connection with Pennsylvania Skill Games.

   **RESPONSE:**

50.    Please produce all documents referring to your competitors and competition with your business in Pennsylvania.

   **RESPONSE:**

51.    Please produce all expert reports concerning competition for the dollars of Pennsylvania Skill Game players that you have provided to opponents in litigation before this case.

   **RESPONSE:**

52.    Please produce organization charts for Miele from 2015 to present, sufficient to show any parents, subsidiaries, or affiliates of Miele and their relationships to one another.

   **RESPONSE:**

4892-8788-5159 v1

53.    Please produce organization charts for Miele sufficient to show the divisions and departments within Miele.

      **RESPONSE:**

54.    Please produce documents sufficient to identify all subsidiaries, divisions, or affiliates of Miele that have entered into a Pennsylvania Operator Agreement with POM and Miele.

      **RESPONSE:**

55.    Please produce documents sufficient to show the ownership of Miele.

      **RESPONSE:**

56.    Please produce documents showing what measures Miele uses to monitor and enforce compliance with Pennsylvania Operator Agreements and Approved Location Agreements.

      **RESPONSE:**

57.    Please produce all communications and documents that refer to competition between Locations and casinos in Pennsylvania, or to competition between Pennsylvania Skill Games ans slot machines or skill games in Pennsylvania.

      **RESPONSE:**

58.    Please produce all communications and documents referring to or consisting of Miele's fulfillment of the Terminal Warranty in paragraph 12 of the Pennsylvania Operator Agreement.

      **RESPONSE:**

59.    Please produce documents detailing the resources that Miele has spent and continues to spend on "designing and obtaining approval for the Pennsylvania

4892-8788-5159 v1

Skill Games as games that are legal under the laws of the Territory," as represented in paragraph 5 of the Pennsylvania Operator Agreement, and all communications referring to the same.

**RESPONSE:**

60.    Please produce all documents describing any government approvals Miele has obtained for Pennsylvania Skill Games.

**RESPONSE:**

61.    Please produce all documents (including Miele corporate minutes and resolutions and documents describing or consisting of business plans) that refer to the expansion of Pennsylvania Skill Games in Pennsylvania since 2014.

**RESPONSE:**

62.    Please produce a copy of your state and federal tax returns filed in 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

**RESPONSE:**

63.    Please produce all communications between you, on the one hand, and any other defendant, Operator, or Location Owner, on the other, that refer or relate to expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

64.    Please produce copies of any studies concerning expected payouts, player win rates, or profits for any Pennsylvania Skill Games or the average skill level possessed by players of Pennsylvania Skill Games.

**RESPONSE:**

4892-8788-5159 v1

65.   Please produce all documents or communications that concern or discuss changing or adjusting the rate of return to players of Pennsylvania Skill Games.

**RESPONSE:**

66.   Please produce any documents supporting your affirmative defenses.

**RESPONSE:**

67.   Please produce documents sufficient to identify the banks where Miele deposits revenues derived from Pennsylvania Skill Games and from Fills.

**RESPONSE:**

68.   Please produce copies of your contracts and communications with advertisers, sponsors, social media influencers, or other marketers.

**RESPONSE:**

69.   Please produce all communications from Operators referring to or consisting of complaints concerning higher than expected payouts and/or lower than expected profits.

**RESPONSE:**

70.   Please produce any documents referring to, discussing, or consisting of analysis by you, POM or Pace-Matic, of the legality or regulation of Pennsylvania Skill Games, including internal communications and communications with consultants, legislators, lobbyists, testifying experts you have used in other litigation, or members of the gaming industry.

**RESPONSE:**

4892-8788-5159 v1

71.   Please produce any documents or communications referring to or consisting of studies, analyses, or discussions of designing Pennsylvania Skill Games to maximize profit or to discourage the play of any skill elements or features of Pennsylvania Skill Games.

      **RESPONSE:**

72.   Please produce any documents referring to, discussing, or consisting of analysis of compulsive or addictive play or reports of same in connection with Pennsylvania Skill Games.

      **RESPONSE:**

                        **OBERMAYER REBMANN
                        MAXWELL & HIPPEL LLP**

             By:    */s/ Gary M. Samms*
                    Gary Samms, Esquire (Attorney I.D. 58096)
                    Richard Limburg, Esquire  (Attorney I.D. 39598)
                    Attorneys for Plaintiff Parx Casino
                    Centre Square West
                    1500 Market Street, Suite 3400
                    Philadelphia, Pennsylvania 19102
                    (215) 665-3000

                    **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Plaintiff, Greenwood Gaming

& Entertainment, Inc.'s Requests for Production of Documents (First Set) Directed

4892-8788-5159 v1

to POM of Pennsylvania, LLC has been served upon all parties of interest via email

and U.S. First Class Mail on this 31 day of May, 2023, and addressed as follows:

Edward T. Butkovitz
Matthew H. Haverstick
Kleinbard, LLC
Three Logan square
1717 Arch Street, 5th Floor
Philadelphia, PA  19103


Mark F. Lovecchio
McCor mick Law Firm
835 West Fourth Street
Williamsport, PA  17701


_/s/ Gary M. Samms_____
Gary M. Samms, Esquire

4892-8788-5159 v1