**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., *Plaintiff,* v. POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
RESPONSE TO SUR-REPLY BRIEF OF THE POM DEFENDANTS IN OPPOSITION
TO MOTION FOR CLARIFICATION AND TO
COMPEL COMPLIANCE WITH THE COURT'S MAY 5, 2023 ORDER**

In their Sur-Reply Brief, the POM Defendants' contend that briefing submitted to the Commonwealth Court of Pennsylvania in matters to be heard in late October 2023[1] somehow changes the calculus behind this Court's holding that (a) that Parx Casino stated legally viable claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act, the Lanham Act, and for common law unfair competition and tortious interference with business relations; and (b) that document discovery should proceed as provided for under the procedural rules. ***It does not***.

---

[1] These matters are: *In re: Three Pennsylvania Skill Amusement Devices, One Green Bank Bag Containing $525.00 in U.S. Currency and Seven Receipts*, No. 707 CD 2023 and *In re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 761 CD 2023.

When this Court issued its Order, dated May 5, 2023 (ECF No. 36), it did so expecting that the Supreme Court of Pennsylvania or other state courts would address the questions at issue in this case in the next several months.[2] The fact that similar issues have been briefed to the Commonwealth Court for a hearing in October 2023 is exactly what the Court anticipated would happen when it ordered document discovery to proceed. And, as stated in our letter to Your Honor, dated July 27, 2023, there is no certainty that the Commonwealth Court will address the issue in this case, as the Pennsylvania trial court has said the Commonwealth failed to preserve the issue below.[3] In sum, nothing has changed that should alter the calculus behind the Court's decision to order document discovery to proceed now.  As the Court stated from the bench:

> [T]he advantage of that [i.e., proceeding with document discovery now], in my mind, and I've done this in other complex cases…is to not get into issues three or four years from now if I were to stay the case [], or grant the Motion to Dismiss and the Third Circuit reversed me…[a]nd that gives the parties to know from each other's documents that they've received…and may allow each side to reassess the strength or weaknesses of their cases if you have this production of documents."[4]

For the reasons stated in Parx Casino's moving brief, Parx Casino respectfully requests that this Court grant this Motion reaffirming its Order that document discovery should proceed. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question.

Dated: August 23, 2023                                  Respectfully submitted,

**BLANK ROME LLP**

*/s/ William R. Cruse*

---

[2] *See Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 4:9-13, 17:14-20:2, 21:7-12, 41:11-18.

[3] *See* ECF No. 55.

[4] *Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 18:16-19:22.

William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103


**OBERMAYER REBMANN MAXWELL**
**& HIPPEL LLP**

 */s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

*Attorneys for Plaintiff, Greenwood Gaming*
*& Entertainment, Inc.*