IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENWOOD GAMING AND ENTERTAINMENT, INC.**<br><br>v.<br><br>**POM OF PENNSYLVANIA ET AL.** | **CIVIL ACTION**<br><br>**NO. 22-4434** |

## O R D E R

AND NOW this 21st day of September, 2023, upon review of the pending Motion for Clarification and to Compel filed by Plaintiff, ECF 48, the pending Motion for Reconsideration by Defendant, ECF 49, and numerous responses, and supplemental briefing, the Court will GRANT the Plaintiff's Motion in part, and DENY it in part. The Court will DENY Defendant's Motion.

After the initial pre-trial Rule 16 conference in this case, the Court filed an Order, ECF 36, where the Court set forth a procedure which was a "middle ground" between the conflicting positions of Plaintiff and Defendants, that the parties would serve Rule 34 requests, that objections could be filed, that documents not objected to would be produced for inspection and copying by the opposing party, and that a delay would take place before any motions to compel would be filed, to allow for a meet and confer.

Since that Order was entered, there have been several opinions by judges of Courts of Common Pleas in Pennsylvania on some of the issues in this case. The parties dispute whether any or all of those decisions are relevant to this case. In addition, the Commonwealth Court has scheduled briefing and argument on some of these same issues to take place in October 2023. Because the Commonwealth Court has "expedited" this appeal, a decision may be forthcoming promptly after the argument.

This Court takes no position at this time on any of the issues pending in the state courts.

Plaintiff's Motion for Clarification and to Compel asserts that Defendants have refused to produce any of the requested documents that were not subject to objection.  The Court agrees with Plaintiff that such production was intended and ordered by this Court in the prior Order.

Defendants take the position that this Court should stay any discovery because of the pending Commonwealth Court argument.

After review of the extensive briefings, the Court ORDERS:

1.    The parties shall produce to each other, for inspection and for copying, documents that were requested by the opposing party and were not subject to objection.

2.    If any of the documents in the possession, custody or control of any party are privileged communications, such documents should be listed on a privilege log, but not produced.

3.    At this time, the Court will require all parties to preserve all documents discoverable under Rule 26. In addition, all parties, its officers and counsel, must keep confidential all facts in any documents subject to discovery under Rule 26.

4.    "Documents" includes electronically stored information ("ESI").

5.    The deadline for a Motion to Compel is extended to January 31, 2024.

6.    Either party may advise the Court of other opinions issued by any Pennsylvania state court it contends are relevant to the issues pending in this case, by a one-sentence letter without argument.

7.    Plaintiff's request for "clarification" is DENIED.

8.    Defendant's Motion for Reconsideration is DENIED.

9.      Counsel are, once again, advised that correspondence on substantive issues is not accepted and will not be read.  Correspondence is allowed only on scheduling matters, or to advise the Court, in a single sentence, of a relevant opinion filed by another court.

BY THE COURT:

_____
MICHAEL M. BAYLSON
United States District Court Judge

O:\CIVIL 22\22-4434 Greenwood Gaming and Entertainment Inc.  v. POM of Pennsylvania et al\22cv4434 order on motion for clarif and compel.docx

3