**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | |
| *Plaintiff,* | No. 2:22-cv-4434-MMB |
| v. | |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | |
| *Defendants.* | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of

Plaintiff Greenwood Gaming & Entertainment, Inc.'s Motion to Overrule Improper Objections

and Compel Production of Documents, its supporting memorandum of law, and any response

thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. It is further

**ORDERED** that the deadline for motions to compel stated in this Court's prior Order, ECF No.

68, is extended by six (6) weeks.

_____
Hon. Michael M. Baylson
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
MOTION TO OVERRULE IMPROPER OBJECTIONS
AND COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino") respectfully moves this Court for an Order overruling Defendants' blanket refusal to produce any documents based on their alleged belief in the legality of their gaming devices and to compel production of documents. This Motion should be granted for the reasons set forth in the accompanying Memorandum of Law.

Dated: October 16, 2023

Respectfully submitted,

**BLANK ROME LLP**

*/s/ William R. Cruse*

William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street

Philadelphia, PA 19103


**OBERMAYER  REBMANN  MAXWELL
& HIPPEL LLP**

 */s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102


*Attorneys for Plaintiff, Greenwood Gaming
& Entertainment, Inc.*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OVERRULE IMPROPER
OBJECTIONS AND TO COMPEL PRODUCTION OF DOCUMENTS**

## I.  INTRODUCTION

In response to each of Greenwood Gaming & Entertainment, Inc.'s ("Parx Casino") document requests, Defendants have refused to produce documents based on their extra-judicial determination that their gaming devices are legal under state law and, therefore, Parx Casino's theory of the case is without support and discovery is unneeded. The POM Defendants' objection states:

> Parx's claims are premised entirely on the allegation that POM manufactures illegal slot machines. As multiple Pennsylvania Courts have found, POM distributes legal, electronic games of skill…No court in Pennsylvania has held the POM Game is an illegal gambling device. Because Plaintiff's entire theory of the case is without support under Pennsylvania law, discovery is unneeded. POM will withhold documents based on this objection.[1]

---

[1] A copy of POM of PA's and POM's responses to Parx Casino's requests for production are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

Likewise, Miele's similar objection states:

> The determinative issue in this case is whether the Skill Games manufactured by Miele are illegal slot machines. Plaintiff's claims are premised entirely on the allegation that Miele manufactures illegal slot machines. No Court in Pennsylvania has held that the machine is an illegal gambling device. In fact, multiple Pennsylvania Court have held that Miele manufactures legal games of skill.[2]

These "case theory objections" to Parx Casino's document requests are wholly improper under the Federal Rules of Civil Procedure. If a party were able under the Rules to evade document requests by merely arguing that they disagree with the other side's theory of the case (even where, as here, the Court has already credited Parx Casino's legal theory of the case by denying a motion to dismiss for failure to state a claim), document discovery would rarely, if ever, proceed in our adversarial system. Because ours is a system which embraces liberal discovery of claims in litigation, this is, of course, not the rule, and Defendants' case theory objections to document requests based on their opinions about Parx Casino's claims are meritless.

Defendants' case theory objections also run afoul of this Court's Orders. In the Court's September 22, 2023 Order denying Defendants' Motion for Reconsideration and granting in part Parx Casino's Motion for Clarification and to Compel Compliance with the Court's May 5, 2023 Order, the Court explicitly stated it "takes no position at this time on any of the issues pending the state courts,"[3] and ordered, *inter alia*, that "[t]he parties shall produce to each other, for inspection and for copying, documents that were requested by the opposing party and were not subject to objection."[4] Defendants' case theory objections to Parx Casino's document requests rest entirely

---

[2] A copy of Miele's responses to Parx Casino's requests for production is attached hereto as **Exhibit 3**.

[3] Order, ECF No. 68 at 2.

[4] *Id*.

on their interpretation of state court cases on which this Court has chosen to take no position with respect to the conduct of document discovery in this case.

Pursuant to this Court's May 5, 2023 and September 22, 2023 Orders and Rule 34 of the Federal Rules of Civil Procedure, Parx Casino is entitled to discover documents relevant to its claims no matter Defendants' improper case theory objections and already defeated arguments against the legal merits of Parx Casino's claims (i.e., their denied Motion to Dismiss and denied Motion for Reconsideration of the same). Accordingly, Parx Casino respectfully requests that this Court issue an Order (1) overruling Defendants' case theory objections to Parx Casino's document requests and (2) compelling Defendants to produce documents notwithstanding their opinions on the legal merits of Parx Casino's claims. Further, Parx Casino also requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question so that the parties may work out any other objections to document requests, which are likely to change once the Court reaffirms that document discovery is to proceed.

## II.    PROCEDURAL HISTORY

In the Court's May 5, 2023 Order denying Defendants' Motion to Dismiss, the Court ordered the parties to "serve Rule 34 requests within thirty (30) days."[5]  The Court further stated in its Order that it "envisions by this procedure that the parties will have each other's documents, at least after a 'first request,' but depositions and more extensive discovery will be stayed at this time."[6]

Adhering to this Order, on May 31, 2023, Parx Casino served separate sets of document requests on Defendants POM of Pennsylvania, LLC ("POM of PA"),[7] Pace-O-Matic, Inc.

---

[5] ECF No. 36.

[6] *Id.*

[7] A copy of Parx Casino's requests for production directed to POM of PA is attached hereto as **Exhibit 4**.

3

("POM")[8] (POM of PA and POM are collectively referred to as the "POM Defendants"), and Miele

Manufacturing, Inc. ("Miele").[9] These requests sought documents relating to topics relevant to

Parx Casino's RICO, False Advertising, Common Law Unfair Competition, and Tortious

Interference claims. For example, Parx Casino's document requests ask for comprehensive data

regarding the Defendants' internal operations, corporate relationships, game mechanics, and

financial operations. Parx Casino's requests also seek materials reflecting the Defendants'

regulatory compliance, any studies or analyses pertaining to potential addictive properties of the

games, and any documentation indicating efforts to enhance gaming profitability or manipulate

skill-based components of the games.

In response to the ninety-six (96) requests to POM of PA, seventy-two (72) requests to

POM, and seventy-two (72) requests to Miele, the Defendants responded with the same

foundational objection to producing documents in response to each and every request.

The POM Defendants' objection states:

> Parx's claims are premised entirely on the allegation that POM
> manufactures illegal slot machines. As multiple Pennsylvania
> Courts have found, POM distributes legal, electronic games of
> skill…No court in Pennsylvania has held the POM Game is an
> illegal gambling device. Because Plaintiff's entire theory of the case
> is without support under Pennsylvania law, discovery is unneeded.
> POM will withhold documents based on this objection.[10]

Likewise, Miele's similar objection states:

> The determinative issue in this case is whether the Skill Games
> manufactured by Miele are illegal slot machines. Plaintiff's claims
> are premised entirely on the allegation that Miele manufactures

---

[8] A copy of Parx Casino's requests for production directed to POM is attached hereto as **Exhibit 5**. On May 19, 2023, the POM Defendants served forty-nine (49) requests directed to Parx Casino.

[9] A copy of Parx Casino's requests for production directed to Miele is attached hereto as **Exhibit 6**. On May 22, 2023, Miele served fifty-three (53) requests for production directed to Parx Casino.

[10] *See* Exs. 1 and 2.

illegal slot machines. No Court in Pennsylvania has held that the machine is an illegal gambling device. In fact, multiple Pennsylvania Court have held that Miele manufactures legal games of skill.[11]

Following a meet and confer process, Parx Casino filed its Motion for Clarification and to Compel Compliance with the Court's May 5, 2023 Order.[12]

On September 22, 2023, the Court granted in part Parx Casino's Motion. As part of a "middle ground" approach consistent with its May 5, 2023 Order, the Court's September 22, 2023 Order directed, among other things, that "[t]he parties shall produce to each other, for inspection and for copying, documents that were requested by the opposing party and were not subject to objection."[13] The Court also stated that it "takes no position at this time on any of the issues pending in the state courts."[14]

However, since the Court's September 22, 2023 Order, both the POM Defendants and Miele have unequivocally conveyed to Parx Casino that they are maintaining their legality-based objections and ***do not intend to produce any documents***.[15] Worse, despite Parx Casino's efforts to proceed with the discovery process as directed by the Court, Defendants have yet to agree to an ESI Protocol or Protective Order.[16]

---

[11] *See* Ex. 3.

[12] Parx Casino's Motion for Clarification and to Compel Compliance with the Court's May 5, 2023 Order, ECF No. 48.

[13] Order, ECF No. 68 at 2.

[14] *Id.*

[15] *See* October 13, 2023 email chain between W. Cruse and J. Voss on behalf of the POM Defendants attached hereto as **Exhibit 7**; September 25, 2023 emails from M. Lovecchio on behalf of Miele to W. Cruse attached hereto as **Exhibit 8** ("I will not be producing any documents and am withholding all responsive documents, if any, pursuant to my objections.").

[16] *See* Ex. 7.

The "middle ground" discovery approach adopted by the Court has ground to a halt because of the Defendants' "case theory objections" to each of Parx Casino's document requests. Even though the Court did clarify in its September 22, 2023 Order that "production was intended and ordered by this Court in the prior [May 5, 2023] Order," absent the Court overruling Defendants' case theory objections and ordering document production no matter Defendants' opinions of the legal merits of Parx Casino's claims (which this Court already disagreed with), the Defendants will not produce any documents, thus frustrating the Court's "middle ground" approach and Orders.

III.    **LEGAL ARGUMENT**

It is well-established that "[t]here are three basic appropriate responses to a request for production: (1) an objection to the scope, time, method, and manner of the requested production; (2) an answer agreeing to the requested scope, time, place, and manner of production; or (3) a response offering a good faith, reasonable alternative production."[17]  Here, the Defendants minted a new objection to document requests: the case theory objection. Defendants' new construct has no foundation in the procedural rules governing discovery.

The "party resisting [production] bears the burden of persuasion on its objections." *Fidelity & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 520 (E.D. Pa. 1996). Federal Rule of Civil Procedure 26(b) provides, among other things, that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, and that discovery need not be admissible in evidence to be discoverable. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could

---

[17] 7-34 Moore's Federal Practice - Civil § 34.13 (citing *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997)).

lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal Rule of Civil Procedure 34(a) requires a party to produce all responsive documents to a document request. Where, as here, a party has received evasive or incomplete answers to discovery, Rule 37 authorizes that party to bring a motion to compel disclosure of materials sought. Fed. R. Civ. P. 37(a)(4). Likewise, Rule 37 permits a party to move for an order compelling disclosures or discovery "if a party fails to produce documents or fails to respond that inspection will be permitted." Fed. R. Civ. P. 37(a)(3)(B)(iv).[18]

The Court's September 22, 2023 Order states:

> This Court takes no position at this time on any of the issues pending in the state courts.
>
> 1.    The parties shall produce to each other, for inspection and for copying, documents that were requested by the opposing party and were not subject to objection.

Defendants' case theory objection is not based on any recognized basis for resisting a document request, such as relevancy, undue burden, or oppression. Evading the Court's directive, Defendants bypass their document discovery obligations resting on their own theory of the case— that their devices are not illegal under Pennsylvania law and therefore Parx Casino's case is without merit. This Court already rejected Defendants' argument in denying their Motion to Dismiss.[19] And there is no procedural rule permitting a party to object to a document request based on the fact that they disagree with the other side's legal theory of the case.

---

[18] Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if the instant motion is granted, Parx Casino requests this Court to award it the reasonable expenses incurred in making the motion.

[19] Order Denying Defendants' Motions to Dismiss, ECF No. 36.

Further, this Court has explicitly stated that it takes no position on the issues pending before Pennsylvania state courts.[20] Allowing Defendants to withhold all documents based merely on their opinions of the legal merits of Parx Casino's claims would effectively overturn the document discovery process embraced by the Federal Rules of Civil Procedure. Any defendant could evade document discovery by stating they simply "disagree with Plaintiff's case theory." This is not the law (and for obvious good reason).

Parx Casino is prepared to proceed with document discovery in accordance with the Court's September 22, 2023 Order. But without this Court overruling Defendants' improper case theory objection to Parx Casino's document requests, document discovery in this RICO case focused on Defendants' conduct would involve only one-way document production by Parx Casino to the Defendants about Parx Casino's business. This imbalance makes no sense and is severely prejudicial to Parx Casino. Parx Casino therefore requests that the Court overrule Defendants' case theory objections asserted in response to every document request and compel production of responsive documents no matter Defendants' disagreements with Parx Casino's claims.

Any disagreements stemming from Defendants' other objections to Parx Casino's document requests will be addressed, if necessary, in a Motion to Compel prior to the Court's deadline for motions to compel[21] and after a meet and confer with Defendants. The Court's determination of the propriety of Defendants' blanket case theory objections will likely reset the parties' positions with respect to all remaining objections to document discovery.

---

[20] Order, ECF No. 68 at 2.

[21] Order, ECF No. 68 at 2. Parx Casino respectfully requests that the Court extend the motion to compel deadline to six (6) weeks from the Court's determination of this question so that the parties may work out any other objections to document requests, which are likely to change once the Court reaffirms that document discovery is to proceed.

## IV.    CONCLUSION

For the foregoing reasons, Parx Casino respectfully requests that this Court grant this Motion overruling Defendants' case theory objections in response to each and every request and compelling production of responsive documents no matter Defendants' disagreements with Parx Casino's claims.

Dated: October 16, 2023                          Respectfully submitted,

**BLANK ROME LLP**

*/s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103


**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

*/s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102


*Attorneys for Plaintiff, Greenwood Gaming & Entertainment, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

*/s/ Danielle C. Hudson*
DANIELLE C. HUDSON