**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : : : | No. 2:22-cv-4434-MMB |
| *Plaintiff,* | : : |
| v. | : : |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : : : : |
| *Defendants.* | : : |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S BRIEF IN
OPPOSITION TO PARX MOTION TO OVERRULE IMPROPER
OBJECTIONS AND TO COMPEL PRODUCTION OF DOCUMENTS**

The POM Defendants ask the Court to deny Parx's Motion to Overrule Improper Objections and to Compel Production of Documents (Document 69). The Motion should be denied for at least three reasons. Further, the Court should award the POM Defendants their reasonable attorneys' fees for having to respond to the Motion.

As a preliminary matter, the timing of Parx's Motion, challenging the POM Defendants' position that the POM Game is entirely lawful under Pennsylvania law, is curious. Indeed, just four days ago, the Commonwealth Court of Pennsylvania issued yet-another published opinion observing that skill games are entirely *lawful* in Pennsylvania, stating the skill games industry "remains legal and legitimate in Pennsylvania." *See Better Bets Ventures LLC v. Pa. Gaming Control Bd.*, Nos. 386-390 CD 2022, 2023 WL 6627811, at \*9 (Pa. Cmwlth. Oct. 12, 2023). And just one day before the decision in *Better Bets*, the Commonwealth Court—

sitting *en banc*—heard oral argument on the precise question of the legality of the POM Game in *In re Three Pennsylvania Skill Amusement Devices, One Green Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023 (Pa. Cmwlth.). Seeing the writing on the wall about the lawfulness of the POM Game, Parx suddenly rushed to Court—prematurely, *see infra*—seeking large batches of sensitive documents from the POM Defendants.

Regardless of the curious timing, the Court should deny the Motion for the following three reasons.

*First*, the Court should summarily deny the Motion because it fails to contain the certification required by Local Rule 26.1(f). That rule provides that discovery motions must contain "a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." LR 26.1(f). No such certification is attached to Parx's Motion. On that ground alone, the Motion should be denied. *Cf.* Hon. Gene E.K. Pratter, *General Pretrial and Trial Procedures*, at 21 ("Failure to include such a certification [under L.R. 26.1(f)] can result in summary denial without substantive consideration.").

*Second*, for good reason Parx's Motion does not contain the required LR 26.1(f) certification: the parties *never met and conferred* about the Motion before Parx filed it, which is yet another reason to deny it. *See* Hon. Michael M. Baylson, *Pretrial and Trial Procedures-Civil Cases*, at 3-4 ("Counsel must discuss any problems that arise concerning discovery with each other and make good faith attempts to resolve those problems before filing any discovery Motions."). The

closest Parx comes to suggesting the parties met and conferred is to attach a (partial) email exchange between the parties discussing one objection—of several[1]—to the document requests. *See* Motion at 15, Ex. 7 (Doc. 69-1 at pages 215-217 of 220). But the email exchange was never presented to the POM Defendants by Parx as its attempt at a meet and confer, nor was the substance of Parx's inquiry even clear. On that front, the POM Defendants—twice—asked Parx to explain why one of the POM Defendants' many objections needed to be *withdrawn* in light of this Court's September 22, 2023 Order (Doc. 68). Parx never explained its question. And the explanation is critical because Parx did not ask the POM Defendants if they would produce documents notwithstanding this or any other objection; instead, Parx asked if the objection was being withdrawn outright. Of course, withdrawal of an existing objection is significant because such action results in waiver of the right to later appeal the merits of the objection. *See U.S. v. Trevino*, 829 F.3d 668, 675 (8th Cir. 2016) (noting withdrawn objections cannot be appealed); *see also Amouri v. Holder*, 572 F.3d 29, 36 (1st Cir. 2009) (citing cases discussing waiver of withdrawn objections).

As equally important, the POM Defendants were, and remain, under the impression that the parties were going to meet and confer about *all* objections via Teams or a conference call before any motion practice was undertaken. Indeed, counsel for Defendant Miele proposed just that on September 25, stating: "As a

---

[1] Parx partially quotes one of several objections the POM Defendants' lodged to the discovery requests.

follow up, I suggest that we do meet to discuss these matters. It makes sense and is required. We can do it by phone or remotely through Teams or another platform." *See* Motion, Ex. 8 (Doc. 69-1 at 219 of 220). All Defendants are awaiting Parx's response to the proposed meeting. Despite Parx's silence on when the parties can meet and confer, Parx is now before the Court asking it to resolve objections one-by-one on a piecemeal basis before the parties have come to an impasse on *any* objection, let alone the single one before the Court. And, notably, the POM Defendants lodged several objections, including proportionality, burden, and relevance, so the Court stepping in now is premature.

*Third*, Parx is before the Court asking for relief with decidedly unclean hands. In the Court's Order of September 22, 2023 (Doc. 68), the Court ordered that "the parties *shall produce* to each other … documents that were requested by the opposing party *and* were not subject to objection." Order at ¶ 1 (emphasis added). The POM Defendants objected on several grounds to each of Parx's requests, *see* Mot., Exs. 1-2; on the other hand, Parx only objected to 23 of the POM Defendants 49 requests. Despite the September 22 Order, and despite the POM Defendants asking Parx *twice* to produce records responding to the 26 requests that received no objections, *see* Mot., Ex. 7 (Doc. 69-1 at pages 215-216 of 220), Parx has produced ***nothing***. Nevertheless, Parx is now before the Court asking for relief while standing in flagrant disregard of a clear order; that is, it is asking for equity despite offering none.

4

Lastly, Parx asks for expenses for filing the Motion, *see* Mot. at 7 n.18, but if the Court awards any such expenses, they should be awarded to the POM Defendants. Such a remedy is appropriate under FRCP 37(a)(5)(B) where the moving party's discovery motion is denied and the motion was not "substantially justified" or where awarding fees would not be "unjust." For the reasons set forth above—primarily Parx's failure to even attempt to meet and confer before coming to Court—the Motion is *not* substantially justified and awarding reasonable attorneys' fees to the POM Defendants is warranted to deter future premature motion practice by Parx.

Therefore, for each of the foregoing reasons, the Court should deny the Motion and award reasonable attorneys' fees to the POM Defendants.

Respectfully submitted,

Dated: October 16, 2023

/s/ Joshua J. Voss
Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Edward T. Butkovitz (No. 309565)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
ebutkovitz@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brief to

be served via the Court's CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: October 16, 2023                    /s/ Joshua J. Voss