**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
OMNIBUS REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO OVERRULE IMPROPER OBJECTIONS
AND TO COMPEL PRODUCTION OF DOCUMENTS**

Despite the smoke and mirrors presented in the POM Defendants' and Miele's Opposition Briefs, the core issue remains undeniable: Defendants blatantly refuse to exchange any documents based on their improper case theory objection interposed to every single one of Parx Casino's document requests. Notably absent from both the POM Defendants' and Miele's Opposition Briefs is any challenge to this point.[1] At the heart of Defendants' refusal is a wholly improper objection to discovery based on Parx Casino's case theory and whether the Defendants' devices are legal under state law. The threshold issue of Defendants' case theory objection must be resolved promptly before any meaningful discussion on other objections can proceed. This objection has

---

[1] *See generally* POM Defendants' Brief in Opposition to Parx Casino's Motion to Overrule Improper Objections and to Compel Production of Documents, ECF No. 70 ("POM Defendants' Opposition Brief"); Miele's Brief in Opposition to Parx Casino's Motion to Overrule Improper Objections and to Compel Production of Documents, ECF No. 71 ("Miele Opposition Brief") (collectively the "Opposition Briefs").

become an unpassable wall to obtaining any documents from Defendants, preventing further discussions on Defendants' other objections.[2]

With respect to the certification required by Local Rule 26.1(f), Parx Casino respectfully attaches this certification hereto. However, Defendants did not make any "reasonable effort" to engage in a meet and confer.[3] On September 25, Miele's counsel offered to meet and confer the week of December 18th, ***nearly three months later***, to accommodate his commitments as a soccer coach and his pursuits in Nepal teaching jurists about sex trafficking.[4] While these pursuits are noble, they should not serve as justification to delay court-ordered discovery.[5] As for the meet and confer process with the POM Defendants, beyond their evasive response to a simple email request raised in Parx Casino's opening brief, the improper objection based on "legality"—which is nothing more than a legal case theory—has been repeatedly discussed and briefed in this Court.[6] Indeed, the Court has even advised the Parties to limit new developments on this topic to a succinct one-sentence letter.[7]

---

[2] Miele suggests that Parx Casino misrepresented the nature of Miele's "multifaceted" objections. *See* Miele Opposition Brief at 2. To clarify, Parx Casino's Motion to Overrule specifically addresses the improper case theory objection, which Defendants raise in response to every document request and which forms the cornerstone of the Defendants' refusal to produce any documents. Parx Casino remains ready and willing to meet and confer on the Defendants other objections once the issue of the case theory objection is resolved.

[3] Defendants' refusal to engage in meaningful discovery conversations is further evidenced by their evasion of commenting on the ESI Protocol and Protective Order Parx Casino drafted and proposed to initiate the document exchange process. *See* Parx Casino Motion to Overrule, ECF No. 69 at 5.

[4] *See* September 25, 2023 emails from M. Lovecchio on behalf of Miele to W. Cruse attached hereto as **Exhibit 1**.

[5] Interestingly, amidst counsel's commitments, Mr. Lovecchio still found the time to file a Motion for Sanctions and a Motion for a Protective Order against Parx Casino's lobbyist, Sean Scafer, ***the following week***. *See* October 5, 2023 Motion for Sanctions and Motion for a Protective Order in *POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic v. Sean D. Schafer et al.*, No. CV-22-00363 (Lycoming Cnty.), collectively attached hereto as **Exhibit 2**.

[6] For brevity, the issue of the legality of Defendants' devices under state law has been raised in: ECF Nos. 7, 11, 12, 18, 19, 22, 25, 26, 31, 34, 37, 38, 39, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 65, and 67.

[7] Order, ECF No. 68 at 3, ¶9 ("Correspondence is allowed only on scheduling matters, or to advise the Court, in a single sentence, of a relevant opinion filed by another court.").

Finally, the "unclean hands" contention presented by the POM Defendants underscores the entire essence of Parx Casino's motion. While Parx Casino acknowledges its current non-production of documents, this halt stems from Defendants' refusal to even consider a proposed Protective Order and ESI Protocol presented to them months ago.[8] Indeed, Parx Casino is fully prepared and eager to proceed—but not in isolation. One-sided discovery without the protections granted by a Protective Order and ESI Protocol is not only counterproductive for this case's progression but also risks placing Parx Casino at a precarious competitive disadvantage to its direct competitors.

Moreover, while Defendants insist on the impropriety of discovery based on their case theory objection, they paradoxically demand Parx Casino produce documents. This dichotomy is glaring. Should the Court sustain their case theory objection, Parx Casino is prepared to amend its responses to Defendants' discovery requests to embed this same objection. Defendants' current position effectively allows them both the benefit of demanding documents and the advantage of withholding theirs simply on the grounds that they disagree with Parx Casino's theory of the case. Defendants cannot have their cake and eat it too.

For the foregoing reasons, Parx Casino respectfully requests that this Court grant its Motion overruling Defendants' case theory objections in response to each and every request and compelling production of responsive documents no matter Defendants' disagreements with Parx Casino's claims.

Dated: October 19, 2023

Respectfully submitted,

**BLANK ROME LLP**

 /s/ William R. Cruse
William R. Cruse

---

[8] See Parx Casino Motion to Overrule, ECF No. 69 at 5.

3

Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

 */s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

*Attorneys for Plaintiff, Greenwood Gaming & Entertainment, Inc.*