IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : |
| | : No. 2:22-cv-4434-MMB |
| *Plaintiff*, | : |
| v. | : |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : |
| *Defendants*. | : |

## POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Today—in a published, unanimous, *en banc* opinion—the Pennsylvania Commonwealth Court held the POM Games "are not slot machines under the Crimes Code" and "are not gambling devices *per se*," thereby rejecting the liability theories advanced in Parx's Amended Complaint. *See In re: Three Pennsylvania Skill Amusement Devices, One Green Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023, ___A.3d____, slip op. at 8-12, 15-18 (Pa. Cmwlth. Nov. 30, 2023) (hereafter, *In re: Three Pennsylvania Skill*) (Exhibit A). Accordingly, under FRCP 12(c), Defendants POM of Pennsylvania, LLC and Pace-O-Matic, Inc. (collectively, the POM Defendants) are entitled to judgment on the pleadings due to Plaintiff's failure to state a claim for relief. The pending Motion for Judgment on the Pleadings should thus be immediately granted and the Amended Complaint dismissed with prejudice.

## I. PROCEDURAL HISTORY AND FACTS

### A. Procedural History

Much of the procedural history of this matter is at page 3 of the Court's May 5, 2023 Memorandum Opinion (Doc. 35). That Opinion explains the denial—without prejudice—of the POM Defendants' Motion to Dismiss (Doc. 18) the Amended Complaint (Doc. 13). In response to the Opinion, the POM Defendants filed their Answer to the Amended Complaint on May 19, 2023 (Doc. 38).

### B. Facts from the Amended Complaint

Plaintiff Parx operates a casino in Bensalem, Pennsylvania. Amd. Compl. ¶¶ 4, 70, 81. In addition to table games, it offers gambling opportunities through slot machines, both in-person at its facility and online through an interactive gaming license. Amd. Compl. ¶¶ 4, 70, 81, 85-89.

Parx alleges Pace-O-Matic "designs and licenses software and game fills" for the machines branded "'Pennsylvania Skill' Games" (hereafter, the POM Game). Amd. Compl. ¶ 7. Regarding POM, Parx states that it "is an affiliate of Pace-O-Matic." Amd. Compl. ¶ 11. Parx's Amended Complaint pleads four counts: (1) a RICO claim under 18 U.S.C. § 1962(c); (2) violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); (3) common law unfair competition; and (4) tortious interference with business relations.

### C. The *Pari Materia* Theory

The essential core of all four counts is the allegation that the POM Game is "illegal" under Pennsylvania law. On that front, Parx, in paragraphs 59 through 66 of the Amended Complaint, expressly asks this Court—as a matter of law—to apply

the definition of "slot machine" in the Pennsylvania Race Horse Development and Gaming Act (the Gaming Act) to the phrase "slot machine" in the Pennsylvania Crimes Code to find the POM Games "illegal."[1] *See* 4 Pa.C.S. § 1103; 18 Pa.C.S.

---

[1] The Amended Complaint (Document 13), states in relevant part as follows:

59. Section 5513(a) of the Pennsylvania Crimes Code makes it illegal to intentionally or knowingly make, assemble, set up, maintain, sell, lend or lease "any ... slot machine or any device to be used for gambling purposes" except as permitted under the Gaming Act, the State Lottery Law, Bingo Law, or the Local Option Small Games of Chance Act. 18 Pa. C.S. § 5513(a) and (e.1).

60. Because Section 5513(a) of the Crimes Code and the Gaming Act each relate to the same things or to the same class of things, *i.e.*, slot machines or any devices to be used for gambling purposes, the Pennsylvania Rules of Construction require that they "shall be construed together, if possible, as one statute." 1 Pa.C.S. §1932; *see also* 1 Pa.C.S. §1921(c)(5); *PHD v. RRD*, 56 A.3d 702, 706 (Pa.Super. 2012); *PPL Holtwood, LLC v. Pike County Board of Assessment & Revision of Taxes*, 846 A.2d 201, 207 (Pa.Cmwlth. 2004).

61. Section 1103 of the Gaming Act as amended defines "slot machines," "skill slot machines," and "hybrid slot machines," regardless of the extent to which skill or chance determines the outcome.

62. Section 1103 of the Gaming Act provides that the term "**Slot Machine**" includes:

....

63. In 2017, the Commonwealth enlarged the definition of "slot machine" to include "skill slot machine" and "hybrid slot machine." 4 Pa.C.S. §1103, "Slot Machine," (1)(a)(iii), as enacted by 2017, October 30, P.L. 419, No. 42, §3, effective immediately. In a skill slot machine, the outcomes are predominantly affected by skill. In a hybrid slot machine, the outcomes are affected by a combination of skill and chance.

64. As far as slot machines are concerned, the Gaming Act abolished any distinction between games of skill and games of chance.

65. The Gaming Act repealed Section 5513 of the Crimes Code but only in so far as it is inconsistent with the Gaming Act. 4 Pa.C.S. §1903(a)(2), as enacted by 2004, July 5, P.L. 572, No. 71, §1, effective immediately. Thus, all slot machines – whether purely games of chance, games of skill or some hybrid – remain illegal in Pennsylvania except as specifically allowed and regulated by the Gaming Act.

66. The Illegal Slot Machines at issue here, which are not licensed under the Gaming Act, are thus illegal under the Crimes Code. 18 Pa.C.S. §5513(a)(1) and §5513(e.1)(4).

3

§ 5513. This theory of legality—framed as a *pari materia* argument—is the central tentpole of the Amended Complaint, without which all claims fail.

Indeed, at oral argument on the POM Defendants' Motion to Dismiss, Parx conceded its *only* theory of liability in the Amended Complaint was the *pari materia* one. Parx serially took pains to highlight that its liability claims were based on using the Gaming Act to define the Crimes Code. Parx identified this argument as "the issue" before this Court no less than four times:

- MR. SAMMS: It is important to note that none of those Common Pleas decisions that are being appealed currently *deal with **the issue** that's before this Court*. First of all, obviously, they're not RICO claims, obviously, but secondly, *they don't deal with the interpretation of the two statutes together, obviously, the gaming act and [5513]*.

  Transcript at 11:25-12:5 (Doc. 42) (emphasis added).

- MR. SAMMS: So, I just wanted to -- those cases were decided on chance versus skill, *nowhere near the Crimes Code **interpretation that we're presenting** to the Court*.

  Transcript at 15:6-8 (emphasis added).

- MR. SAMMS: And I apologize if I have been unclear, Your Honor. It cites 5513 for respective skill versus chance. What we're saying in our argument is that you have to read, Your Honor, according to the Pennsylvania statutes, 1932 statutes in pari materia, "statutes or parts of statutes that are pari materia when they relate to the same persons or things or to the same class of persons of persons or things." Okay? So, here we're talking about slot machines. Okay? There is no definition of a slot machine in 5513 so you have to use the definition, read the statutes as one and it clearly says, Your Honor, in statute 1103 of 5513 that -- I'm sorry, of the Gaming Act. …. It's available to play or operate, the play or operation of which, whether by reason of skill or application of the element of chance or both. *So, what we're saying is **our issue** is, now that you read it with this definition, 5513 applies in a different way than what they've been arguing skill versus chance.*

  Transcript at 24:10-25:2 (emphasis added).

4

- MR. SAMMS: They are still hung up on the skill versus chance issue with these midwestern and western parts of the state's seizures. *They are not presenting **the issue** that we are with respect to the reading of the statutes together that makes whether they are skill games or chance games illegal slots.* And that has never been decided by any Court of Common Pleas, Your Honor.

  Transcript at 47:19-25 (emphasis added).

After the above oral argument, Parx then submitted multiple filings to the Court explaining that the sole and central predicate issue in the Amended Complaint is the *pari materia* question of law:

- More importantly, as Parx Casino makes clear in its contemporaneously filed Opposition to the POM Defendants' Motion for Reconsideration, no Pennsylvania state or federal court has addressed ***the specific question central to Parx Casino's case***: whether Defendants' devices constitute illegal 'slot machines' as defined in the 2017 amendment to the Gaming Act and criminalized by the Crimes Code under the statutory rule of construction *in pari materia.*

  Parx Memo. of Law (Doc. 48-1) at 7 (original emphasis removed; new emphasis added).

- Here, the rule of *in pari materia* applies all the more because the Crimes Code expressly defers to the Gaming Act in defining the scope of lawful conduct under the Gaming Act, *see* 18 Pa.C.S.A. § 5513(e.1), and devices meeting the Gaming Act's definition of "slot machine" are unlawful gambling devices. …. Neither the Commonwealth Court nor any other state or federal court applying Pennsylvania law has finally determined ***the question posed in this case*** regarding the illegality of Defendants' slot machines.

  Parx Reply Brief (Doc. 58) at 5 (emphasis added).

- Lastly, the Commonwealth Court's Opinion in *Pinnacle* does not address ***a central issue in this case***: the Gaming Act's enlargement of the definition of a "slot machine," which modified Section 5513 of the Crimes Code.

  Parx Letter (Doc. 45) at 2 (emphasis added).

5

- *Pinnacle Amusement* also does not address **a central question in this case**: whether Defendants' devices are illegal "slot machines" as defined in the 2017 amendments to the Gaming Act and, thus, criminalized by the Crimes Code under the statutory rule of construction of *pari materia*.

Parx Response to Motion (Doc. 47) at 3 (emphasis added).

- And, as stated in our letter to Your Honor, dated July 27, 2023, there is no certainty that the Commonwealth Court will address **the issue in this case**, as the Pennsylvania trial court has said the Commonwealth failed to preserve the issue below.

Parx Response to Sur-Reply (Doc. 67) at 2 (emphasis added).[2]

Thus, Parx has several times reiterated that the sole predicate for liability in the Amended Complaint is whether the POM Game is a "slot machine" under the Gaming Act's definition of the same as applied to the Pennsylvania Crimes Code.[3]

### D. Recent Pennsylvania State Court Opinions

During the pendency of this case, the Pennsylvania Commonwealth Court, sitting in its appellate jurisdiction, issued three published decisions undercutting and/or outright rejecting Parx's sole liability theory.[4]

---

[2] Ultimately, the Commonwealth Court did *not* find that the Commonwealth had waived the *pari materia* argument in *In re: Three Pennsylvania Skill*, as Parx alleged it might. *See id.* at 6 n.6.

[3] Neither the Parx filings nor the oral argument transcript referenced above are necessary for the Court to resolve this motion for judgment on the pleadings; i.e., this motion does not need converted, under FRCP 12(d), to one for summary judgment. Rather, these items are referenced solely to show that even Parx agrees the Amended Complaint presents a single predicate theory of liability under Pennsylvania law: the *pari materia* theory.

[4] The Commonwealth Court is one of two intermediate appellate courts in Pennsylvania. *See generally* 42 Pa.C.S. § 762 (describing appellate jurisdiction of Commonwealth Court). Appeals from the Commonwealth Court's appellate jurisdiction decisions are only by allowance of appeal and not by right. *See* Pa.R.A.P. 1112; 42 Pa.C.S. § 724(a).

1. *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*

On July 6, 2023, in *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, 298 A.3d 447 (Pa. Cmwlth. 2023),[5] the Commonwealth Court published an opinion reviewing a trial court's finding that certain skill games—created by Banilla Games and owned by Pinnacle Amusements—were *not* illegal "slot machines" under Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513. *Id.* at 449-51.[6] At the outset of its appellate review, the Commonwealth Court declared the Gaming Act did not apply to a Crimes Code analysis. Indeed, the Court stated that "the instant controversy must be decided under the framework that stems from Section 5513 of the Crimes Code." *Id.* at 451 n.3 (citing, *inter alia*, *POM of Pa., LLC v. Dep't of Revenue*, 221 A.3d 717, 731 (Pa. Cmwlth. 2019)). In so stating, the Commonwealth Court approved the portion of the trial court's opinion where it "explicitly rejected" application of the Gaming Act, doing so after the Bureau of Liquor Control Enforcement "acknowledged the inapplicability of the Gaming Act[.]" *See id.* (citing trial court opinion at 17).

From this gating legal principle on the inapplicability of the Gaming Act, the Commonwealth Court then proceeded to analyze whether the allegedly unlawful "slot machines" were legal games of skill under the Crimes Code. *See id.* at 451-55. The Court did so under an established three-part test under Section 5513, which

---

[5] The BLCE filed a petition for allowance of appeal with the Pennsylvania Supreme Court regarding *Pinnacle*, docketed at 479-482 MAL 2023 (Pa.).

[6] The trial court opinion affirmed by the Commonwealth Court in *Pinnacle* is on the docket in this case at Document 44, Exbibit B (page 18 of 44).

7

involves an analysis of the elements of consideration, chance, and reward. *See id.* at 452. After setting forth the test and reviewing the factual record against the same, the Commonwealth Court sided with the trial court's finding that the skill games at issue were not illegal gambling devices under the Crimes Code and affirmed the order compelling their return to the owner. *See id.* at 455.

### 2. *Better Bets Ventures, LLC v. Pennsylvania Gaming Control Board*

Next, on October 12, 2023, the Commonwealth Court again weighed in on the lawfulness of skill games in Pennsylvania in its published opinion in *Better Bets Ventures, LLC v. Pennsylvania Gaming Control Board*, Nos. 386-390 CD 2022, 2023 WL 6627811, ___A.3d___ (Pa. Cmwlth. Oct. 12, 2023), *allocatur filed*, Nos. 600-604 MAL 2023 (Pa.). In *Better Bets*, the Commonwealth Court reviewed the Pennsylvania Gaming Control Board's decisions denying certain Gaming Act licenses to various applicants due to their "involvement in and association with the 'skill games' industry in Pennsylvania[,]" including, specifically, their association with the POM Game. *Id.* at *1. As is material here, the Court held the Board's decisions constituted an abuse of discretion. *Id.* at *11. In so concluding, the Court specifically held the skill games industry *"remains legal and legitimate in Pennsylvania." Id.* at *9 (emphasis added). Notably, the Court reserved judgment as to whether the POM Game specifically is legal, stating that such a decision was forthcoming in "other litigation pending in this Court[.]" *See id.* at *9 n.4.

The "other litigation" referenced in *Better Bets* was *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill Amusement Devices and One Ticket*

8

*Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 762 CD 2023 (Pa. Cmwlth.). On November 14, 2023, the Commonwealth Court issued its decision in the latter case, ultimately resolving it on various procedural grounds (immaterial to this Motion). *See In re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 762 CD 2023, 2023 WL 7509657 (Pa. Cmwlth. Nov. 14, 2023), *allocatur filed*, No. 607 MAL 2023 (Pa.). However, on November 30, 2023, the Commonwealth Court published a merits opinion in *In re: Three Pennsylvania Skill*, which bears directly on the legal viability of the Amended Complaint.

### 3. *In re: Three Pennsylvania Skill*

In the above matter, the Pennsylvania State Police, Bureau of Liquor Control Enforcement (BLCE) seized three POM Games from Champions Bar in Dauphin County, Pennsylvania. *In re: Three Pennsylvania Skill* at 1-2. The POM Games seized from Champions were supplied by Capital Vending. *Id.* at 2 n.2. Champions and Capital moved before the Dauphin County Court of Common Pleas for return of the POM Games. The trial court granted their motion after a three-day evidentiary hearing, finding the POM Games were not gambling devices *per se*. *Id.* at 3.

On appeal to the Commonwealth Court, the Commonwealth made three arguments, all of which were rejected: (1) the definition of "slot machine" in the Crimes Code should be read *in pari materia* with the Gaming Act; (2) the POM Games are gambling devices *per se* under the Crimes Code; and (3) the Gaming Act alone justified seizing the POM Games (the Court rejected this particular argument

9

outright, finding it resolved by prior *en banc* precedent and waived on appeal). *In re: Three Pennsylvania Skill* at 3.

Regarding the Commonwealth's *pari materia* argument (which exactly matches Parx's argument in this case), the Commonwealth Court held the word "slot machine" in the Crimes Code has a clear definition—one supplied by the Commonwealth itself—and the POM Game does not meet it. *In re: Three Pennsylvania Skill* at 9-10, 10 n.8. The Court further rejected the *pari materia* argument because the Crimes Code and the Gaming Act do not relate to the same class of things. *Id.* at 10-11. The Court also rejected the argument because the Commonwealth neither identified an ambiguity in the Crimes Code nor could the Court independently identify one, which ambiguity was necessary before the Court could resort to the rule of statutory construction. *Id.* at 11. The Court concluded its *pari materia* analysis this way: "In summary, the POM machines are not slot machines as commonly defined, and we decline to import a broad definition used to regulate legal gambling into this criminal statute." *Id.* at 11.

Turning then to whether the POM Games violated the Crimes Code's traditional "gambling" test—a three part evaluation of consideration, chance, and reward—the Commonwealth Court also held the POM Games satisfied this test. *In re: Three Pennsylvania Skill* at 14, 15-18. Relying on the *Pinnacle* precedent discussed *supra*—which, in turn, relied on the Pennsylvania Supreme Court's 1983 precedent regarding the elements of "gambling," *In re: Three Pennsylvania Skill* at 14 (citing *Commonwealth v. Two Electronic Poker Game Machines*, 465 A.2d 973

10

(Pa. 1983))—the Commonwealth Court held the trial court's findings on the issue were supported by the record. *Id.* at 18. The Commonwealth Court summarized its holding as follows: "Further, based on this evidence, we discern no legal error in the trial court's determination that the POM machines are primarily games of skill and, thus, not gambling devices *per se.*" *Id.*

## II. ARGUMENT

The "foundational legal question" in this Federal dispute is whether the POM Game is "legal under Pennsylvania law." *See* Memo. Op. at 8 (Doc. 35). "[T]his question is fundamental to the viability of the present case." *See id.* The Pennsylvania Commonwealth Court—sitting *en banc*—just definitively answered that question as a matter of law: Yes, the POM Game is legal. This forecloses all claims in the Amended Complaint and warrants immediate dismissal, with prejudice, of this Federal action under FRCP 12(c).[7]

---

[7] *Wolfington v. Reconstructive Orthopaedic Associates II, P.C.*, 268 F. Supp. 3d 756, 760 (E.D. Pa. 2016) (Baylson, J.), *aff'd*, 935 F.3d 187 (3d Cir. 2019):
> Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). "The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Zion v. Nassan*, 283 F.R.D. 247, 254 (W.D. Pa. 2012). Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), (h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is

11

As explained above, the entire predicate behind all counts of the Amended Complaint is the argument that the POM Game is, as a matter of law, an unlawful "slot machine" *if* the Crimes Code is read in *pari materia* with the Gaming Act. *See* Amd. Compl. at ¶¶ 59-66; *see also* Parx Letter (Doc. 45) at 2; Parx Response to Motion (Doc. 47) at 3; Parx Memo. of Law (Doc. 48-1) at 7; Parx Reply Brief (Doc. 58) at 5; Parx Response to Sur-Rely (Doc. 67) at 2. The unanimous, *en banc* Commonwealth Court just rejected that legal theory outright. *In re: Three Pennsylvania Skill* at 8-12. The Court's clearest articulation of its rejection of this theory is as follows: "We further reject the Commonwealth's assertion that the Crimes Code must be read *in pari materia* with the Gaming Act, thus importing its broad definition of 'slot machine' in order to give effect to the General Assembly's objective in the Gaming Act of protecting the public. Such an interpretation *is inappropriate*." *In re: Three Pennsylvania Skill* at 10 (emphasis added). In light of the foregoing, Pennsylvania law does not support Parx's central thesis for liability under any state or Federal theory: the "foundation" for each is infirm as a matter of *unanimous* law.

Finally, this Court must give the Commonwealth Court's appellate decision on this state-law question significant deference. Where the Pennsylvania Supreme Court has not yet spoken on an issue—such as is the case here—Federal courts

---

filed, but a Rule 12(c) motion can be made "[a]fter the pleadings are closed."

applying Pennsylvania law "must attempt to predict how that tribunal would rule." *In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014). In so predicting, Federal courts must "give due deference to the decisions of intermediate state courts[,]" which, although not binding, are persuasive. *See id.* "The opinions of intermediate appellate state courts are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (quoting *West v. AT & T Co.*, 311 U.S. 223, 237 (1940)).

Here, nothing exists suggesting the Pennsylvania Supreme Court would decide the issue of the POM Game's legality differently from the Commonwealth Court.[8] For starters, the Commonwealth Court applied settled *pari materia* principles to reject that argument, rejecting it in *several* ways. *See In re: Three*

---

[8] Notably, no court in Pennsylvania has held the POM Game is an illegal gambling device; to the contrary, multiple trial courts have ordered the return of the POM Game after it was seized by the Commonwealth, despite the Commonwealth's arguments regarding the Game's purported illegality. *See In re: Three Pennsylvania Skill Amusement Devices, One Ticket Redemption Terminal Containing Approximately $31,8081, Cash Boxes with a Key, and Bulk Cash*, No. CI-23-02254, order (C.P. Lancaster Nov. 22, 2023); *Com. v. $923.00 U.S. Currency*, No. CP-07-MD-599-2022, order (C.P. Blair Sept. 8, 2023); *In re: Six Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal*, No. 2022-SU-001993, order (C.P. York Aug. 22, 2023); *In re Four Pennsylvania Skill Amusement Devices*, No. 2022-08552, order (C.P. Luzerne June 5, 2023); *Com. v. $14,611.00 U.S. Currency*, No. CP-67-MD-2529-2022, order (C.P. York Apr. 17, 2023); *In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-06333-MD, 2023 WL 2666472 (C.P. Dauphin Mar. 23, 2023), *aff'd* No. 707 CD 2023, slip op. (Pa. Cmwlth. Nov. 30, 2023); *In re Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 6673 Civil 2021, slip op. (C.P. Monroe May 19, 2023), *aff'd* No. 762 CD 2023, 2023 WL 7509657 (Pa. Cmwlth. Nov. 14, 2023); *In re: Pace-O-Matic Equipment, Terminal I.D. No. 142613*, No. M.D. 965-2013, 2014 WL 12999182 (C.P. Beaver Dec. 23, 2014).

*Pennsylvania Skill* at 8-9 (describing Pennsylvania law on *pari materia*). Further, on the non-*pari materia* question (i.e., whether the POM Game involves "gambling"), the Court likewise applied settled law. Since 1983 the Pennsylvania Supreme Court has defined what constitutes an illegal gambling device under Section 5513 according to the very three-part test (consideration, chance, and reward) applied by the Commonwealth Court. *See Com. v. Two Elec. Poker Game Machines*, 465 A.2d 973, 977 (Pa. 1983) (three part test); *Com. v. Twelve Video Poker Machines*, 537 A.2d 812, 813 (Pa. 1988) (same); *Com. v. Irwin*, 636 A.2d 1106, 1107 (Pa. 1993) (same).[9] This long-established test under the Crimes Code signals that the Commonwealth Court proceeded correctly in rejecting all theories of "illegality" advanced by the Commonwealth in *In re: Three Pennsylvania Skill*. Finally, and notably, the Commonwealth Court's decision was *en banc*—with seven judges sitting—and unanimous, leaving no room to argue that the Commonwealth Court's appellate decision was equivocal in some way.

---

[9] The Supreme Court's 1983 opinion adopted a test for "gambling" that Pennsylvania trial and intermediate appellate courts had been applying for many decades prior. *See Com. v. 9 Mills Mechanical Slot Machines*, 437 A.2d 67, 70 (Pa. Cmwlth. 1981); *In re Gaming Devices Seized at Am. Legion Post No. 109*, 176 A.2d 115, 122 (Pa. Super. 1961); *Com. v. Mihalow*, 16 A.2d 656, 657 (Pa. Super. 1940); *Petition of Superintendent of Police of City of Philadelphia, for Ord. to Destroy Gambling Implements*, 173 A. 753, 755 (Pa. Super. 1934), *opinion adopted sub nom. Appeal of Mills Novelty Co.*, 175 A. 548 (Pa. 1934); *Return of Trombetta*, 16 Pa. D. & C.2d 363, 380 (Pa. Quar. Sess. Fayette 1959), *aff'd sub nom. In re Trombetta*, 149 A.2d 483 (Pa. Super. 1959), *aff'd*, 156 A.2d 107 (Pa. 1959); *Petition of Le Strange*, 22 Pa. D. & C. 684, 685 (Pa. Quar. Sess. Phila. 1935); *Northampton Mint Co. v. Frederick*, 9 Pa. D. & C. 59, 60 (C.P. Northampton 1926).

Considering the above, this Court should grant the Motion for Judgment on the Pleadings. The Commonwealth Court has decided the "foundational legal question" in this case—as a matter of law—against Parx, applying unbroken settled Pennsylvania Supreme Court precedent. As a result, Parx has presented no legally viable theory to make plausible any of its state or Federal claims. Thus, it has failed to state a claim for relief as a matter of law.

## III. CONCLUSION

Therefore, the POM Defendants respectfully request that the Court grant the Motion for Judgment on the Pleadings and dismiss the Amended Complaint with prejudice.

Respectfully submitted,

Dated: November 30, 2023

/s/ Joshua J. Voss
Matthew H. Haverstick (No. 85072)
Edward T. Butkovitz (No. 309565)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Phone: (215) 568-2000
Email: mhaverstick@kleinbard.com
ebutkovitz@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the POM Defendants' Motion for Judgment on the Pleadings, and Brief in Support, to be served via the Court's CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: November 30, 2023             /s/ Joshua J. Voss