**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., : | No. 2:22-cv-4434-MMB |
| : | |
| *Plaintiff,* : | |
| v. : | |
| : | |
| POM OF PENNSYLVANIA, LLC, : | |
| PACE-O-MATIC, INC., and : | |
| MIELE MANUFACTURING, INC., : | |
| : | |
| *Defendants.* : | |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S
<u>BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY</u>**

Defendants POM of Pennsylvania, LLC and Pace-O-Matic, Inc. (collectively,

the POM Defendants) respectfully request that the Court stay discovery pending

disposition of the Motion for Judgment on the Pleadings.

**I.    BACKGROUND**

**A.    Procedural History**

Much of the procedural history of this matter is at page 3 of the Court's

May 5, 2023 Memorandum Opinion (Doc. 35). That Opinion explains the denial—

without prejudice—of the POM Defendants' Motion to Dismiss (Doc. 18) the

Amended Complaint (Doc. 13). In response to the Opinion, the POM Defendants

filed their Answer to the Amended Complaint on May 19, 2023 (Doc. 38). Next, the

POM Defendants filed a Motion for Judgment on the Pleadings under FRCP 12(c)

(Doc. 80). Defendant Miele Manufacturing, Inc. separately filed its own motion

under FRCP 12(c) (Doc. 81). In turn, the Plaintiff and Defendants together filed the

Joint Motion to Extend Response Deadline and to Stay Discovery (Doc. 82),

requesting that discovery be stayed until January 9, 2024. The Court granted the Joint Motion by Order dated December 5, 2023 (Doc. 84).

### B.    Facts

As explained in the Motion for Judgment on the Pleadings, the sole legal theory behind all counts of the Amended Complaint is that the POM Game is "unlawful" under the Pennsylvania Crimes Code because, Parx alleges, it meets the definition of a "slot machine" in the Pennsylvania Gaming Act. The Pennsylvania Commonwealth Court just rejected that theory outright, while also finding the POM Game lawful under the traditional three-part test under Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513. *See In re: Three Pennsylvania Skill Amusement Devices, One Green Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023, ___A.3d_____, 2023 WL 8264547 (Pa. Cmwlth. Nov. 30, 2023) (hereafter, *In re: Three Pennsylvania Skill*), *allocatur filed*, No. 7 MAL 2024 (Pa.). As such, the POM Defendants filed the Motion for Judgment on the Pleadings, which, if granted, would entirely dispose of this matter.

## II.    ARGUMENT

Pending disposition of the potentially case-dispositive Motion for Judgment on the Pleadings, the Court should stay discovery. A district court may stay discovery under Federal Rule of Civil Procedure 26. *Weisman v. Mediq, Inc.*, No. 95-cv-1831, 1995 WL 273678, at *1 (E.D. Pa. May 3, 1995) (Rendell, J.); *see also* FRCP 26(c). The decision to stay discovery is subject to the trial court's discretion and is, thus, reviewed on appeal under an abuse of discretion standard. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001). Staying discovery

can be "appropriate" while evaluating a dispositive motion where, "if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010). Stated otherwise, a stay is warranted where a pending motion poses "determinative issues of law … which may impact what discovery, if any, is appropriate." *See Bowman v. American Homecare Supply, LLC*, No. 07-cv-3945, Doc. 32 (E.D. Pa. Aug. 29, 2008) (Baylson, J.) (order granting motion to stay discovery).

Discovery should be stayed upon a movant's showing of "good cause" for such relief. *Perelman v. Perelman*, No. 10-cv-5622, 2011 WL 3330376, at \*1 (E.D. Pa. Aug. 3, 2011) (Padova, J.); *see also* FRCP 26(c). Good cause is essentially shown where "'the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay.'" *See Perelman*, 2011 WL 3330376, at \*1 (quoting *Weisman*, 1995 WL 273678, at \*2). In deciding the balance of harms, a court should consider "(1) the scope of the pending motion; (2) the breadth of the non-party discovery underway; (3) the harm and expense to which continued discovery would subject the movant or third parties; and (4) the harm that a delay in discovery would cause for the non-movant." *Id.* (citing *Weisman*, 1995 WL 273678, at \*2).

Under these four considerations, good cause exists to grant the Motion to Stay Discovery pending disposition of the Motion for Judgment on the Pleadings.

*First*, the Motion for Judgment on the Pleadings poses a question of law, challenging the merits of the entirety of Amended Complaint; thus, if granted, it

would end the case. This augers in favor of staying discovery. *See Perelman*, 2011 WL 3330376, at \*2 ("Having reviewed the Motion for Summary Judgment, we conclude that, even if the Motion is not granted in its entirety, a partial grant of summary judgment may potentially narrow the issues in this case and correspondingly narrow discovery."); *Weisman*, 1995 WL 273678, at \*2 ("Having reviewed the motion to dismiss, but without having formed an opinion as to the merits, I find that the comprehensive motion--which challenges both federal claims as well as all state claims--may be decided on the pleadings and may potentially lead to dismissal of the entire action."); *cf. Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-cv-7061, 1993 WL 13139559, at \*3 (E.D. Pa. Mar. 8, 1993) (denying motion to stay where motion to dismiss challenged only the sufficiency of the complaint and not its merits).

*Second*, no non-party discovery is underway, so this factor is neutral.

*Third*, the harm and expense continued discovery would subject the POM Defendants to is great. As to harm, Parx is seeking, in effect, the entirety of the POM Defendants' business models, including information about proprietary software code, operational organization, employees, clients, income, and expansion plans. *See, e.g.*, Parx Requests for Production to POM, at Requests # 4-5,13-15, 36, 81, 88-89 (Doc. 69-1 at Pages 143-169 of 220). Turning this information over to Parx risks the very existence of the POM Defendants' continuing operations. And Parx essentially *admits* as much: in the Amended Complaint it avers its *intent* is to put the POM Defendants out-of-business. *See* Amd. Compl. at 33 ("Parx Casino

4

respectfully requests that this Court enjoin the Defendants from Pace-O-Matic and Miele from *making, selling, leasing, and promoting* the Illegal Slot Machines …" (emphasis added)). Next, as to expense, Parx has served over one hundred documents requests on the POM Defendants, seeking essentially "everything" they have. Responding has so far taken, and will continue to take, many employee, vendor, and attorney hours, and, consequently, significance expense. Avoiding this expense also justifies a stay. *See Weisman*, 1995 WL 273678, at *2.

*Fourth*, Parx will not suffer any harm if discovery is stayed. Discovery has already been stayed—by *voluntary* agreement of the parties—since December 5, 2023 (Doc. 84). Further, the Court itself initially partially stayed discovery, *sua sponte*, seemingly concluding Parx will not be harmed by a stay, at least as discovery regards depositions and interrogatories. *See* May 5, 2023 Order (Doc. 36), at ¶ 4. Also, per the Order of September 21, 2023, the Court expressly directed the parties to preserve documents responsive to the pending documents requests. *See* Sept. 22, 2023 Order (Doc. 68), at ¶ 3. Thus, if a stay is granted, documents are unlikely to be lost pending disposition of the Motion for Judgment on the Pleadings. The foregoing justifies the Court finding no prejudice to Parx and granting a stay. *Cf. Weisman*, 1995 WL 273678, at *2 ("I am not persuaded by plaintiff's contention that a delay will result in loss or alteration of potential evidence or witness testimony. Such conduct would constitute a serious breach of ethics and a possible violation of law.").

In sum, good cause exists to justify a stay of discovery because the likelihood that the pending Motion for Judgment on the Pleadings may result in the outright elimination of discovery outweighs the non-existent harm that the short delay might produce.[1]

## III.   CONCLUSION

Therefore, the POM Defendants respectfully request that the Court grant the Motion to Stay Discovery.

Respectfully submitted,

Dated: January 8, 2024

/s/ Joshua J. Voss
Matthew H. Haverstick (No. 85072)
Edward T. Butkovitz (No. 309565)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Phone: (215) 568-2000
Email: mhaverstick@kleinbard.com
ebutkovitz@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for the POM Defendants*

---

[1] Before filing the present Motion with the Court, the POM Defendants sought Plaintiff Parx's concurrence in the relief requested. Parx advised that it does not concur in the requested stay. Separately, Defendant Miele Manufacturing advised that it concurs in the requested stay.

6

**<u>CERTIFICATION</u>**

Per FRCP 26(c) and LR 26.1(f), I certify that before filing this Motion to Stay Discovery with the Court I attempted to meet and confer with Plaintiff regarding the relief sought herein. Specifically, I emailed counsel on January 3, 2024 to request Plaintiff's concurrence in the requested stay. On January 5, 2024, counsel advised that Plaintiff does not concur in the relief requested. Separately, counsel for Defendant Mielie Manufacturing advised that Miele concurs in the request for a stay. Accordingly, the POM Defendants and Plaintiff Parx, after reasonable effort, are unable to resolve the stay dispute.

Dated: January 8, 2024                    /s/ Joshua J. Voss

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the POM Defendants'

Motion to Stay Discovery, and Brief in Support, to be served via the Court's

CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Rebecca D. Ward, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Rebecca.Ward@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: January 8, 2024                    /s/ Joshua J. Voss