**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., <br><br> *Plaintiff,* <br><br><br> v. <br><br><br><br> POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., <br><br> *Defendants.* | No. 2:22-cv-4434-MMB |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S
*OMNIBUS* RESPONSE BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

OBERMAYER REBMANN MAXWELL
& HIPPEL LLP
Gary Samms, Esq.
Richard Limburg, Esq.
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com

BLANK ROME LLP
William R. Cruse, Esq.
Danielle C. Hudson, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff,*
*Greenwood Gaming & Entertainment, Inc.*

## I.    **<u>INTRODUCTION</u>**

The Defendants' Motions for Judgment on the Pleadings[1] (collectively the "Motion") prematurely seek to foreclose Parx Casino's RICO claims. The critical question of the legality of Defendants' devices remains in active litigation in state courts, including, importantly, through the Commonwealth's recent allocatur petition to the Supreme Court of Pennsylvania of the very decision on which Defendants rely in their Motion, *In re: Three Pennsylvania Skill Amusement Devices, One Green Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023, __ A.3d____, slip. op. (Pa. Cmmwlth. Nov. 30, 2023) ("*In re: Three Pennsylvania Skill*").[2] The Supreme Court of Pennsylvania will speak on the issue at the center of this case one way or another, whether by granting allocatur in *In re: Three Pennsylvania Skill* or denying allocatur and leaving open the question for appeals through other cases pending in the lower courts. Until such time as the Supreme Court of Pennsylvania rules on the Commonwealth's allocatur petition, *In re: Three Pennsylvania Skill* is automatically stayed and without legal effect.[3] In sum, nothing has changed to entitle Defendants to the relief requested. The question of the legality of Defendants' devices remains open and Defendants' Motion must therefore be denied, just as this Court denied Defendants' Motion to Dismiss,[4] Defendants' subsequent Motion for Reconsideration,[5] and Defendants' "case theory" discovery objection.[6]

---

[1] ECF Nos. 80 & 81.

[2] *See* Commonwealth's Petition for Allowance of Appeal, *In re: Three Pennsylvania Skill*, 7 MAL 2024 (Jan. 2, 2024) attached hereto as **Exhibit 1**; Parx Casino's and Other Operators of Licensed and Regulated Pennsylvania Casinos' Brief of *Amici Curiae*, *In re: Three Pennsylvania Skill*, 7 MAL 2024 (Jan. 2, 2024) attached hereto as **Exhibit 2**.

[3] Pa. R.A.P. 1736 (the filing of a petition for allowance of appeal by the Commonwealth acts as an automatic *supersedeas* of the intermediate appellate court's decision).

[4] ECF Nos. 18 & 19.

[5] ECF Nos. 49 & 50.

[6] ECF No. 76.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

One of the central issues in this case is whether Defendants' devices are unlawful under Pennsylvania law. As this Court has previously recognized, and as remains unchanged by *In re: Three Pennsylvania Skill*, the Supreme Court of Pennsylvania has yet to rule on that issue.

Throughout the course of this litigation, this Court has routinely held that the rulings of the various cases pending in Pennsylvania's trial and intermediate appellate state courts are not determinative on that issue. Defendants first raised this issue in their Motion to Dismiss.[7] In ruling on that motion, on May 5, 2023, the Court denied Defendants' Motion to Dismiss and granted discovery pending the Supreme Court of Pennsylvania's ruling in *POM of Pennsylvania, LLC v. Department of Revenue Appeal of: Greenwood, et al.*, 12 EAP 2023 (Pa. Mar. 20, 2023) ("*Department of Revenue*").[8] The Court explained the question of the legality of Defendants' devises "is fundamental to the viability of the present case" and "[i]t is unclear how long that case will take to resolve."[9] The Court adopted a "middle" ground approach permitting some discovery pending the resolution of *Department of Revenue*, reasoning in part:

> If the Court dismissed the Amended Complaint with prejudice, it would allow Plaintiff to take an immediate appeal to the Third Circuit, which would preclude any discovery that may be relevant in the event that the Supreme Court of Pennsylvania handed down a decision which gave Plaintiff some right to proceed, on its Amended Complaint, which of course, could be amended further if necessary.[10]

The Court issued its May 5, 2023 Order expecting that the Supreme Court of Pennsylvania

---

[7] ECF Nos. 18 & 19

[8] ECF Nos. 35 & 36.

[9] ECF No. 35 at 8.

[10] *Id.* at 8-9.

would address the questions at issue in this case at a later date.[11] On July 21, 2023, the Supreme Court of Pennsylvania quashed the notice of appeal in *Department of Revenue* for procedural reasons.[12] Three days later, on July 24, 2023, Defendant POM of Pennsylvania, LLC filed an application to stay the underlying *Department of Revenue* Commonwealth Court case pending the appeals in *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 761 CD 2023 (Pa. Commw. July 19, 2023) ("*In re: Four Pennsylvania Skill*").[13] On August 14, 2023, the Commonwealth Court granted Defendant POM of Pennsylvania, LLC's Application for Stay pending the resolution of the related appeals in *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill*.[14] Even though the POM Defendants' stay of the *Department of Revenue* case deprived the Supreme Court of Pennsylvania an opportunity to speak to the issue at the core of this case, the Commonwealth's recent allocatur petition in *In re: Three Pennsylvania Skill* presents a new opportunity for a decision by Pennsylvania's highest court relevant to this case.

In this case, the Defendants revisited the matter of their devices' legality as adjudicated by state courts in their Motion for Reconsideration filed on July 11, 2023,[15] which this Court later denied.[16] On July 20, 2023, Parx Casino filed a Motion for Clarification and to Compel Compliance with the Court's May 5, 2023 Order ("Motion for Clarification and to Compel"),

---

[11] *See Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 4:9-13, 17:14-20:2, 21:7-12, 41:11-18.

[12] Miscellaneous Docket Sheet, *Department of Revenue*, 12 EAP 2023 (Pa. 2023) (last accessed January 7, 2024) attached hereto as **Exhibit 3**.

[13] POM of Pennsylvania, LLC's Application to Stay, *Department of Revenue*, 418 MD 2018 (Pa. Commw. Ct. July 24, 2023) attached hereto as **Exhibit 4**.

[14] Miscellaneous Docket Sheet, *Department of Revenue*, 418 MD 2018 (Pa. Commw. Ct. 2023) (last accessed January 7, 2024) at 36, attached hereto as **Exhibit 5**.

[15] ECF Nos. 46 & 50.

[16] ECF No. 68.

explaining that the Defendants refused to produce *any* documents on the basis of their "case theory" objection that no Pennsylvania state court has held that Defendants' devices were illegal.[17] On September 21, 2023, in this Court's Order on Defendants' Motion for Reconsideration and Parx Casino's Motion for Clarification and to Compel,[18] the Court granted Parx Casino's Motion for Clarification and to Compel in part and denied Defendants' Motion for Reconsideration in its entirety.[19] The September Order required the exchange of documents and explained "[t]his Court takes no position at this time on any of the issues pending in the state courts."[20]  Additionally, this Court made it explicitly clear that "***[e]ither party may advise the Court of other opinions issued by any Pennsylvania state court it contends are relevant to the issues pending in this case, by a one-sentence letter without argument***."[21]

Despite this Court's September 21, 2023 Order which required the exchange of documents and abstained from taking a position on the state court litigation, Defendants still refused to produce documents on the basis of their "case theory" objection. Defendants again claimed that because no state court had determined that Defendants' devices were unlawful, they were under no obligation to produce documents. On October 16, 2023, Parx Casino filed a Motion to Overrule Improper Objections and Compel Production of Documents.[22] On November 6, 2023, this Court overruled Defendants' "case theory" objection.[23]

---

[17] ECF No. 48.

[18] ECF No. 48.

[19] ECF No. 68.

[20] ECF No. 68 at 2.

[21] *Id.* (emphasis added). At the time of the Court's September Order, the parties in *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill* were in the midst of submitting their appellate briefing on the legality of the Defendants' devices.

[22] ECF No. 69.

[23] ECF No. 76.

Defendants' present Motion is yet another attempt to relitigate this Court's decisions in denying Defendants' Motion to Dismiss and Motion for Reconsideration and in granting Parx Casino's Motion for Clarification and to Compel and Motion to Overrule Improper Objections and Compel Production of Documents. The Commonwealth Court's stayed decision in *In re: Three Pennsylvania Skill* is just another nondeterminative, nonbinding decision by a state intermediate appellate court. It is not grounds for a motion for judgment on the pleadings. If anything, it is merely something the Defendants should have brought to the Court's attention in a "one-sentence letter without argument," as the Court previously ordered.

## III.    LEGAL ARGUMENT

### A.    Standard of Review

The standard of review governing motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is as follows:

> A party may move for judgment on the pleadings [a]fter the pleadings are closed—but early enough not to delay trial. . . . A court may grant a Rule 12(c) motion if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. . . .  A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, construing all allegations in the complaint as true and drawing all reasonable inferences in the light most favorable to the nonmoving party. . . . . Judgment on the pleadings should be granted when the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law.

*Haney-Filippone v. Agora Cyber Charter Sch.*, 538 F. Supp. 3d 490, 493 (E.D. Pa. 2021) (citations and quotations omitted).  Motions for judgment on the pleadings are analyzed under the same standards as motions to dismiss. *See id.*; *Crozer-Chester Med. Ctr. v. Crozer-Chester Nurses Ass'n*, No. CIV.A. 11-7300, 2012 WL 2500930, at *4 (E.D. Pa. June 29, 2012) ("In deciding a motion for judgment on the pleadings under Rule 12(c), courts use the same standard as when deciding a motion to dismiss under Rule 12(b)(6)."). "Thus, the motion will be granted only when it is certain

5

that no relief could be granted under any set of facts that could be proved by the plaintiff." *Crozer-Chester Med. Ctr.*, 2012 WL 2500930, at *4 (citing *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998)).

**B.      Defendants' Motion for Judgment on the Pleadings Must Be Denied Because the Issue of the Legality of Defendants' Devices Remains in Litigation, Including Before the Supreme Court of Pennsylvania**

Just as it denied Defendants' Motion to Dismiss and subsequent Motion for Reconsideration, the Court should deny the Defendants' latest attempt to dispatch Parx Casino's action against them. The question of the legality of Defendants' devices may be addressed by the Supreme Court of Pennsylvania through the Commonwealth's recent allocatur petition to overturn the Commonwealth Court's decision in *In re: Three Pennsylvania Skill*. The Commonwealth's allocatur petition raises issues, like those raised in *Department of Revenue*, that this Court found to be "fundamental to the viability of the present case."[24] The Commonwealth asks the Supreme Court of Pennsylvania to consider:

1.      Does an electronic slot machine cease to be an illegal "gambling devices," governed predominantly by chance, if the machines, manufacturers embed into its programming a so-called "skill" element that is almost entirely hidden from view and is almost impossible to complete?

2.      Should gambling statutes governing "slot machines" be read *in pari materia* to supply an appropriate definition of the term?[25]

To dismiss this case based on the decisions of the lower state courts cited by Defendants with the very same issues now presented to the Commonwealth's highest court would be improper and a gross injustice. This is particularly true when the Commonwealth Court's decision in *In re:*

---

[24] ECF No. 35 at 8.

[25] Commonwealth's Petition for Allowance of Appeal, *In re: Three Pennsylvania Skill*, 7 MAL 2024 (Jan. 2, 2024) attached hereto as Exhibit 1 at 4.

*Three Pennsylvania Skill* has been automatically stayed and has no legal effect. Pursuant to Pennsylvania Rule of Appellate Procedure 1736, the Commonwealth's petition in *In re: Three Pennsylvania Skill* acts as an automatic *supersedeas* to the Commonwealth Court's decision and that decision will not become "final" until the Supreme Court of Pennsylvania's adjudication of the Commonwealth's allocatur petition. *See Tourscher v. McCullough*, 184 F.3d 236, 241 (3d Cir. 1999) (Superior Court's decision reversing prisoner's conviction did not become "final" until the stay expired upon the Supreme Court of Pennsylvania's denial of the Commonwealth's petition for allowance of appeal and the prisoner remained a "duly convicted prisoner" until that stay's expiration); *Larson v. Peirce Junior College*, 314 A.2d 572 (Pa. Commw. 1973) (grant of a *supersedeas* has effect of suspending enforcement of the Commonwealth Court's order pending final adjudication of the appeal). Until the Supreme Court of Pennsylvania either grants the Commonwealth's allocatur petition and makes a determination on the legality of Defendants' devices or denies the same, the Commonwealth Court's decision in *In re: Three Pennsylvania Skill* has no legal effect. The case is in suspension pending action by the Supreme Court of Pennsylvania.

    **C.**    **Irrespective of the Commonwealth's Allocatur Petition, the Commonwealth Court's Decision in *In re: Three Pennsylvania Skill* Is Not Binding on This Court**

Even absent the allocatur petition to the Supreme Court of Pennsylvania, the Commonwealth Court's decision in *In re: Three Pennsylvania Skill* is not binding on this Court. *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002) ("Lower state court decisions are persuasive, but not binding, on the federal court's authority."). Given that the Commonwealth Court's decision does not bind this Court, this Court could determine that the Defendants' devices are in fact unlawful and that Defendants are engaged in illegal conduct in

7

violation of the RICO statutes. Nevertheless, since the pertinent issue of the Defendants' devices' illegality is now pending before the Supreme Court of Pennsylvania, the Court need not now issue such a determination. Just as this Court thoughtfully declined to determine the issue of the legality of Defendants' devices when presented with this very question in Defendants' Motion to Dismiss, Defendants' subsequent Motion for Reconsideration, and in the context of Defendants' "case theory" discovery objection, Parx Casino respectfully requests that the Court continue to refrain from making a determination on this matter now, awaiting the forthcoming ruling from Pennsylvania's highest court.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the POM Defendants' Motion should be denied.

Dated: January 9, 2024

Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

*/s/ Gary Samms*
Gary Samms, Esq.
Richard Limburg, Esq.
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

**BLANK ROME LLP**

*/s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Attorneys for Plaintiff, Greenwood Gaming & Entertainment, Inc.*

8

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

/s/ Danielle C. Hudson
DANIELLE C. HUDSON

Dated:  January 9, 2024

130298.00613/134071951v.5