**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : |
| | :    No. 2:22-cv-4434-MMB |
| *Plaintiff,* | : |
| v. | : |
| | : |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | : |
| | : |
| *Defendants.* | : |

**POM OF PENNSYLVANIA, LLC AND PACE-O-MATIC, INC.'S
REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR
<u>JUDGMENT ON THE PLEADINGS</u>**

Per Section C.2 of the Court's Pretrial and Trial Procedures – Civil Cases, the

POM Defendants submit this reply brief in further support of their Motion for

Judgment on the Pleadings (Doc. 80). They do so to rebut just three arguments

made by Plaintiff Parx in its Response Brief (Doc. 86).

## I.    ARGUMENT

### A.    Parx misstates Pennsylvania law as it concerns the effect of a petition for allowance of appeal on the precedential value of the underlying opinion.

While true that the Commonwealth's filing of its petition for allowance of

appeal automatically acts as a supersedeas in *In re Three Pennsylvania Skill

Amusement Devices*, No. 707 C.D. 2023, \_\_\_A.3d\_\_\_, 2023 WL 8264547 (Pa. Cmwlth.

Nov. 30, 2023), under Pennsylvania Rule of Appellate Procedure 1736(b), the

supersedeas impacts only the *order* and not the *opinion*. *See Jackson v. Hendrick*,

503 A.2d 400, 404 n.7 (Pa. 1986) ("Pursuant to Pa.R.A.P. 1736(b), the taking of that

appeal operated as an automatic supersedeas *of the contempt order*." (emphasis added)); *Com. v. Benn*, 680 A.2d 896, 897 (Pa. Super. 1996) ("By operation of Pa.R.A.P. 1736, the Commonwealth appeal effected an automatic supersedeas which stayed *both furlough Orders*." (emphasis added)); *Township of S. Park v. Cnty. of Allegheny*, 641 A.2d 20, 22 (Pa. Cmwlth. 1994) ("This appeal operated as an automatic supersedeas *of Common Pleas' order*, pursuant to Pa.R.A.P. 1736(b)." (emphasis added)); *see also* 20A West's Pa. Prac., Appellate Practice § 1736:3 ("Unless the trial court or an appellate court orders otherwise, an appeal filed by any of the parties enumerated in Rule 1736(a) acts as an automatic supersedeas *of the order* from which the appeal is taken." (emphasis added)).

Thus, while the Commonwealth Court order affirming the trial court's order compelling the return of the disputed POM Games cannot be acted on by the prevailing parties in that case, the opinion remains untouched by the supersedeas.

Indeed, Pennsylvania courts have been uniform in holding the presence of a petition for allowance of appeal in a matter does not eliminate the underlying opinion's precedential effect. For instance, the Commonwealth Court has held "[i]t is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court." *Germantown Cab Co. v. Philadelphia Parking Auth.*, 27 A.3d 285, 287 (Pa. Cmwlth. 2011). The Pennsylvania Superior Court is in accord, holding, in a case where a petition of allowance of appeal was filed in a related matter, "we have long held that as long as the decision has not been overturned by our Supreme

Court, a decision by our Court remains binding precedent." *Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000); *see also Sorber v. American Motorists Ins. Co.*, 680 A.2d 881, 882 (Pa. Super. 1996) ("[Appellant] argues that the Supreme Court has not yet denied a pending petition for allowance of appeal filed in the *Chambers* case. It therefore claims *Chambers* is not binding precedent. We reject this claim. As long as the decision has not been overturned by our Supreme Court, it remains binding precedent."); *see generally Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 571 (M.D. Pa. 2015) (quoting *Sorber*). Pennsylvania trial courts likewise apply this principle. *See Calabrese v. Colonial Ins. Co. of California*, 45 Pa. D. & C.4th 228, 240 (C.P. Lackawanna 2000) ("While it is true that *allocatur* has been granted in *Winslow-Quattlebaum*, Colonial has not articulated any compelling reason for delaying the disposition of this matter any further.").

The precedential effect of an opinion in these circumstances continues even if a petition for allowance of appeal in the relevant case has been *granted*. *See Marks*, 762 A.2d at 1101; *see also Com. v. Elverton*, No. 1183 WDA 2022, 2023 WL 8883434, at *50 n.25 (Pa. Super. Dec. 18, 2023) ("[T]he Supreme Court's decision to grant allocator [sic] does not diminish the *stare decisis* effect of *Price* on lower courts."); *Calabrese*, 45 Pa. D. & C.4th at 240.

This principle is such a basic staple of Pennsylvania law that it appears in a leading treatise. Pennsylvania Standard Practice states: "A decision by an appellate court is binding precedent even during the period before the supreme court denies a

3

pending petition for allowance of appeal; a decision remains binding precedent as long as it has not been overturned. This principle applies even when the supreme court has granted a petition for allowance of appeal in the previous case."
1 Standard Pennsylvania Practice 2d § 2:248 (footnotes omitted).

The decision in *Tourscher v. McCullough*, 184 F.3d 236 (3d Cir. 1999), is not to the contrary. *See* Parx Br. at 7. In *Tourscher*, the Third Circuit was tasked with determining, factually, when a person ceased being a "duly convicted prisoner" based on when a Superior Court judgment vacating his conviction became effective, legally. *See id.* at 241-42 ("Tourscher was a duly convicted prisoner until the automatic stay of the Pennsylvania Superior Court's judgment expired on September 4, 1977."). The Third Circuit never held the Superior Court's *opinion* regarding the prisoner was ineffectual pending appeal, but rather observed the *judgment* in support of the opinion was stayed for a period of time. Hence, at best, *Tourscher* is inapposite under present circumstances.

Considering the foregoing, Parx's argument that the unanimous, *en banc* opinion in *In re Three Pennsylvania Skill* "has no legal effect," *see* Parx Br. at 7, or that it is "without legal effect," *see id.* at 1, is contrary to Pennsylvania law.

> **B.**  **Even though *In re Three Pennsylvania Skill* has been appealed, the opinion is precedential and this Court must be "convinced" by "persuasive data" that the Supreme Court would decide the case differently; no such data exists.**

The significance of the principle that the opinion underlying an order appealed to the Pennsylvania Supreme Court remains precedential is simply this: this Court's task set forth in the Brief in Support of the Motion for Judgment on the

4

Pleadings (at 12-13) remains the same. Specifically, this Court must give significant

deference to the Commonwealth Court's published decision on the state-law

question regarding the legality of the POM Games. *See In re Makowka*, 754 F.3d

143, 148 (3d Cir. 2014). "The opinions of intermediate appellate state courts are 'not

to be disregarded by a federal court unless it is convinced by other persuasive data

that the highest court of the state would decide otherwise.'" *Nationwide Mut. Ins.*

*Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (quoting *West v. AT & T Co.*, 311

U.S. 223, 237 (1940)). Thus, while *In re Three Pennsylvania Skill*, as an

intermediate appellate court opinion, is not "binding" on this Court, *see* Parx Br. at

7, the Court must give it deference unless "convinced" by "persuasive data" that the

Pennsylvania Supreme Court would decide the issues presented therein otherwise.[1]

---

[1] In making its argument about the binding effect of *In re Three Pennsylvania Skill*, Parx relies on *Pahle v. Colebrooke Township*, 227 F. Supp. 2d 361 (E.D. Pa. 2002). *See* Parx Br. at 7. However, Parx's parenthetical quoting *Pahle* is incomplete in stating the pertinent Federal standard. That Court stated the full standard as follows:

> Lower state court decisions are persuasive, but not binding, on the federal court's authority. If the State's highest court has not spoken on a particular issue, the "federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Smith v. Whitmore*, 270 F.2d 741, 745 (3rd Cir.1959); *see also Polselli v. Nationwide Mut. Fire Ins.*, 126 F.3d 524, 528 (3rd Cir.1997); *Scranton Dunlop, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2000 WL 1100779, *1 (E.D.Pa.2000) ("Since this is a matter of state law that has not been decided by the Pennsylvania Supreme Court, a prediction must be made as to how that court would rule if confronted with the same facts.").

*Id.* at 367.

Parx makes no effort to meet this "persuasive data" burden in its Response Brief. At most, Parx observes the Commonwealth poses relevant questions in its petition for allowance of appeal, *see* Parx Br. at 6, but Parx sets forth no data sufficient to convince this Court that the unanimous, *en banc*, published opinion would be reversed by the Pennsylvania Supreme Court. As set forth at length in the POM Defendants' opening brief (at 13-14), no such data exists here.

C.   **In light of *In re Three Pennsylvania* Skill, the only "gross injustice" that could occur here is permitting this case to continue, where Parx's underlying state law theories of liability have been rejected by a Pennsylvania appellate court.**

Finally, Parx incorrectly suggests it would be "improper and a gross injustice" for this Court to dismiss the Amended Complaint. *See* Parx Br. at 6. To explain why the only injustice that could flow here is to the POM Defendants from continuing the action, let's restate Parx's position for what it really is. Parx's belief is that even though *no court* in Pennsylvania has adopted its theory of "illegality," *cf.* POM Br. at 13 n.8, including, critically, the unanimous, *en banc* Commonwealth Court, in *Federal* Court it should be able to subject the POM Defendants to litigation based only on Parx's infirm state-law theory. Parx supports this position by saying *maybe* the Pennsylvania Supreme Court will grant allocatur, and then *maybe* the Supreme Court will then reverse the Commonwealth Court. But let's examine the odds and, as equally important, the timing of those two "maybes" coming to fruition.

Just looking at September through November 2023, the Pennsylvania Supreme Court resolved 317 petitions for allowance of appeal, granting just 28 of them, ***or 8.8%***. *See* Tableau Public, *Caseload Highlights – Appellate Court*

6

*Dispositions by AOPC*[2]; *see also* The United Judicial System of Pennsylvania, *Court Opinions and Postings*.[3] This percentage of petitions granted is consistent with prior periods. *See* Melissa Blanco & Mathieu J. Shapiro, *Appealing to the Justices: Five Mistakes to Avoid When Petitioning the Supreme Court of Pennsylvania for Allowance of Appeal,* Obermayer News & Insights (June 12, 2023) ("In 2021, the Court granted only 6 percent of the petitions for allowance of appeal it received.")[4]; Francis G. Notarianni, *Allocatur Grant Watch: Five Cases Pa. High Court Will Likely Review*, Law.com (Dec. 13, 2022) ("Through September, the Pennsylvania Supreme Court granted allocatur on 81 out of 944 petitions—an approximately 8.5% success rate.").[5]

According to the Supreme Court's internal operating procedures, petitions for allowance of appeal can be resolved at any time, but generally the Court affords itself **at least five months** of review. *See* Pa. Supreme Court Internal Operating Procedures § 6.B ("Allowance of appeal reports shall be circulated within ninety (90)

---

[2] *Available at* https://public.tableau.com/app/profile/aopc/viz/CaseloadHighlights-AppellateCourtDispositions/DispositionsDB (selecting 2023 October Edition report through 2023 December Edition report for Appellate Courts-Dispositions, which show the prior month's outcomes).

[3] *Available at* https://www.pacourts.us/courts/supreme-court/court-opinions (selecting "Petitions for Allowance of Appeal" for period Sept. 1, 2023 through Nov. 30, 2023).

[4] *Available at* https://www.obermayer.com/appealing-to-the-justices-five-mistakes-to-avoid-when-petitioning-the-supreme-court-of-pennsylvania-for-allowance-of-appeal/.

[5] *Available at* https://www.law.com/thelegalintelligencer/2022/12/13/allocatur-grant-watch-five-cases-pa-high-court-will-likely-review/. The author of this article is an associate at Kleinbard LLC.

days of receipt of such an assignment. The proposed disposition shall not be greater than sixty (60) days.").

Next, if allocatur is granted, the appeal must be briefed and argued. *See* Pa. Supreme Court Internal Operating Procedures § 6.B ("Upon the affirmative vote of three or more Justices, allowance of appeal will be granted and the case will be listed for oral argument, unless the order indicates that the matter will be submitted on the briefs."). A standard briefing schedule on a Pennsylvania appeal follows a 40-30-14 day format after the record is received, meaning the opening brief—if no extensions are sought—is due 40 days after the record arrives, the response is due 30 days thereafter (again, if no extension is sought), and finally a reply is due 14 days after the response brief. *See* Pa.R.A.P. 2185(a)(1). This standard period alone takes 84 days—nearly ***three months***—again, assuming the record is quickly sent and assuming no extensions are sought and granted. The matter is then set for oral argument, which only occurs in the Supreme Court in 2024 and 2025 just six times each year, meaning the parties must wait for a schedule to be available before they are heard. *See* The Unified Judicial System of Pennsylvania, *Calendar*.[6] After a case is argued, the Supreme Court can decide it anytime it wants, but its internal rules contemplate ***several months*** of review, which review varies depending on the number of issues in the case. *See* Pa. Supreme Court Internal Operating Procedures § 4.

---

[6] *Available at* https://www.pacourts.us/courts/supreme-court/calendar.

In total, it would not be unreasonable for the parties to wait at least *five months* to find out if allocatur will be granted—a *less than 9%* possibility— and then *more than a year* to find out if the Commonwealth Court's opinion is affirmed or reversed. An allocatur petition pursued by the undersigned is typical of this timeline: the petition for allowance of appeal was filed on May 25, 2017, it was granted on November 29, 2017, and the Supreme Court issued its final opinion on August 20, 2019—a total period just over *two years*. *See generally Feleccia v. Lackawanna College*, 215 A.3d 3 (Pa. 2019).

Returning then to the "injustice" argument, Parx believes it is fair to subject the POM Defendants to as much as two years of uncertainty, costs, and burdens in this Federal case, when no court has ever adopted Parx's state-law theory of liability—with every court rejecting the theory unanimously.

In the end, the petition for allowance of appeal does nothing to change the result that should occur here. All current caselaw is contrary to Parx's position. Parx does not deny this in its Response Brief, nor could it. And no persuasive data exists to justify this Court rejecting the Commonwealth Court's reasoning. The petition of allowance of appeal, even if granted, does not diminish the precedential value of *In re Three Pennsylvania Skill*. The Court should rely on it to grant the pending Motion. *Cf. Marks*, 762 A.2d at 1101; *Calabrese*, 45 Pa. D. & C.4th at 240. That is the only fair and just thing to do under the circumstances.

## II.   CONCLUSION

The published, unanimous, *en banc* opinion in *In re Three Pennsylvania Skill* resolves all legal questions in this dispute. Parx, in its Response Brief, does not

deny this. Instead, it attempts to argue the opinion is of no legal effect. That argument is simply not true under Pennsylvania law. Hence, all that remains of Parx's case is for this to Court to be convinced that *In re Three Pennsylvania Skill* would be decided differently by the Pennsylvania Supreme Court if it heard it. But no "persuasive data" is before the Court to reach such a conclusion. Therefore, the pending Motion for Judgment on the Pleadings should be immediately granted, and the Amended Complaint should be dismissed with prejudice.

                                        Respectfully submitted,

Dated: January 16, 2024                 /s/ Joshua J. Voss
                                        Matthew H. Haverstick (No. 85072)
                                        Edward T. Butkovitz (No. 309565)
                                        Joshua J. Voss (No. 306853)
                                        Shohin H. Vance (No. 323551)
                                        Samantha G. Zimmer (No. 325650)
                                        KLEINBARD LLC
                                        Three Logan Square
                                        1717 Arch Street, 5th Floor
                                        Philadelphia, PA 19103
                                        Phone: (215) 568-2000
                                        Email: mhaverstick@kleinbard.com
                                        ebutkovitz@kleinbard.com
                                        jvoss@kleinbard.com
                                        svance@kleinbard.com
                                        szimmer@kleinbard.com

                                        *Attorneys for the POM Defendants*

10

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the POM Defendants'

Reply Brief in Further Support of Motion for Judgment on the Pleadings to be

served via the Court's CM/ECF system on the following:

Gary Samms, Esq.
Richard Limburg, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Gary.Samms@obermayer.com
Richard.Limburg@obermayer.com

William R. Cruse, Esq.
Rebecca D. Ward, Esq.
Danielle C. Hudson, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Rebecca.Ward@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff Greenwood Gaming & Entertainment, Inc.*

Marc F. Lovecchio, Esq.
McCORMICK LAW FIRM
835 West Fourth Street
Williamsport, PA 17701
mlovecchio@mcclaw.com

*Attorney for Defendant Miele Manufacturing, Inc.*

Dated: January 16, 2024                    /s/ Joshua J. Voss