**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., *Plaintiff,* v. POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., *Defendants.* | C.A. No. 2:22-cv-4434-MMB |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion to Stay Discovery (ECF No. 85) and Plaintiff Greenwood Gaming & Entertainment, Inc.'s Opposition thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED**.

_____
Hon. Michael M. Baylson
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | |
| *Plaintiff,* | C.A. No. 2:22-cv-4434-MMB |
| v. | |
| POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC., | |
| *Defendants.* | |

**PLAINTIFF GREENWOOD GAMING & ENTERTAINMENT, INC.'S**
**RESPONSE BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

OBERMAYER REBMANN MAXWELL
& HIPPEL LLP
Gary Samms, Esq.
Richard Limburg, Esq.
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102
Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com

BLANK ROME LLP
William R. Cruse, Esq.
Danielle C. Hudson, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com

*Attorneys for Plaintiff,*
*Greenwood Gaming & Entertainment, Inc.*

I.      **INTRODUCTION**

The Defendants' Motion to Stay Discovery (the "Motion"), which is a tag-along motion to their pending Motion for Judgment on the Pleadings, overlooks a crucial detail: this Court has previously navigated similar considerations when *POM of Pennsylvania, LLC v. Department of Revenue* et al., 418 MD 2018 (Pa. Commw. Ct.) ("*Department of Revenue*") was on appeal to the Supreme Court of Pennsylvania in 2023 and ordered that document discovery should proceed under a "middle" ground approach. Despite the Court's decision, which the Court has now reaffirmed several times, Defendants persist in their efforts to impede both the progress of this case and the discovery process, blatantly disregarding the Court's "middle" ground approach sanctioning the exchange of document productions.

In their Motion, Defendants again prematurely seek to foreclose Parx Casino's RICO claims while, as explained in Parx Casino's Opposition to Defendants' Motion for Judgment on the Pleadings and again below, the critical question of the legality of Defendants' devices remains in active litigation in state courts. This includes the likely forthcoming appeals from the Commonwealth Court's January 16, 2024 entry of final judgment in *Department of Revenue*, the Commonwealth's recent allocatur petition to the Supreme Court of Pennsylvania of the very decision on which Defendants rely in their Motion, *In re: Three Pennsylvania Skill Amusement Devices, One Green Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, No. 707 CD 2023, __ A.3d____, slip. op. (Pa. Cmmwlth. Nov. 30, 2023) ("*In re: Three Pennsylvania Skill*"),[1] and the ongoing appeals in *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control*

---

[1] *See* Commonwealth's Petition for Allowance of Appeal, *In re: Three Pennsylvania Skill*, 7 MAL 2024 (Jan. 2, 2024) attached hereto as **Exhibit 1**; Parx Casino's and Other Operators of Licensed and Regulated Pennsylvania Casinos' Brief of *Amici Curiae*, *In re: Three Pennsylvania Skill*, 7 MAL 2024 (Jan. 2, 2024) attached hereto as **Exhibit 2**.

*Enforcement*, 28 EAP 2023 (Pa. 2023).  The reality, irrespective of Defendants' decision to admit it or not, is that the procedural posture in this matter remains unchanged since this Court's rulings on Defendants' Motion to Dismiss,[2] Defendants' subsequent Motion for Reconsideration,[3] and Defendants' "case theory" discovery objection.[4] For these reasons, Defendants' Motion must be denied.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

One of the central issues in this case is whether Defendants' devices are unlawful under Pennsylvania law. As this Court has previously recognized, and as remains unchanged by *Department of Revenue* or *In re: Three Pennsylvania Skill* or any other case, the Supreme Court of Pennsylvania has yet to rule on that issue.

Throughout the course of this litigation, this Court has routinely held that the rulings of the various cases pending in Pennsylvania's trial and intermediate appellate state courts are not determinative on that issue. Defendants first raised this issue in their Motion to Dismiss.[5] In ruling on that motion, on May 5, 2023, the Court denied Defendants' Motion to Dismiss and granted discovery pending the Supreme Court of Pennsylvania's ruling in *Department of Revenue*.[6] The Court explained the question of the legality of Defendants' devises "is fundamental to the viability of the present case" and "[i]t is unclear how long that case will take to resolve."[7] The Court adopted

---

[2] ECF Nos. 18 & 19.

[3] ECF Nos. 49 & 50. The Court adhered to its "middle" ground approach when determining Defendants' Motion for Reconsideration after Defendants alerted the Court to *Pinnacle Amusement, LLC v. Bureau of Liquor Control Enforcement*, Nos. 609-12 CD 2022, _ A.3d _, 2023 WL 4359462 (Pa. Commw. Ct. July 6, 2023). Similar to *Department of Revenue* and *In re: Three Pennsylvania Skill*, *Pinnacle* was also a Commonwealth Court decision and is likewise awaiting the Supreme Court of Pennsylvania's decision on allocatur.

[4] ECF No. 76.

[5] ECF Nos. 18 & 19

[6] ECF Nos. 35 & 36.

[7] ECF No. 35 at 8.

2

a "middle" ground approach permitting some discovery pending the resolution of *Department of Revenue*, reasoning in part:

> If the Court dismissed the Amended Complaint with prejudice, it would allow Plaintiff to take an immediate appeal to the Third Circuit, which would preclude any discovery that may be relevant in the event that the Supreme Court of Pennsylvania handed down a decision which gave Plaintiff some right to proceed, on its Amended Complaint, which of course, could be amended further if necessary.[8]

The Court issued its May 5, 2023 Order expecting that the Supreme Court of Pennsylvania would address the questions at issue in this case at a later date.[9] On July 21, 2023, the Supreme Court of Pennsylvania quashed the notice of appeal in *Department of Revenue* for procedural reasons.[10] Three days later, on July 24, 2023, Defendant POM of Pennsylvania, LLC filed an application to stay the underlying *Department of Revenue* Commonwealth Court case pending the appeals in *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency*, No. 761 CD 2023 (Pa. Commw. July 19, 2023) ("*In re: Four Pennsylvania Skill*").[11]

On January 16, 2024, since the filing of Parx Casino's Opposition to Defendants' Motion for Judgment on the Pleadings and following the decision in *In re: Three Pennsylvania Skill*, the Commonwealth Court lifted the stay in *Department of Revenue* and dismissed the Department of Revenue's outstanding counterclaim, asserting that the Defendants' devices are unlawful under

---

[8] *Id.* at 8-9.

[9] *See Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 4:9-13, 17:14-20:2, 21:7-12, 41:11-18.

[10] Miscellaneous Docket Sheet, *Department of Revenue*, 12 EAP 2023 (Pa. 2023) (last accessed January 7, 2024) attached hereto as **Exhibit 3**.

[11] POM of Pennsylvania, LLC's Application to Stay, *Department of Revenue*, 418 MD 2018 (Pa. Commw. Ct. July 24, 2023) attached hereto as **Exhibit 4**.

the Gaming Act.[12] Additionally, per the Commonwealth Court's Order "[a]s all outstanding maters in this case have now been resolved, the prothonotary is directed to mark this matter CLOSED, so that any aggrieved party or entity denied intervenor status may seek review of this matter before the Pennsylvania Supreme Court."[13] Denied intervenors include Parx Casino and other operators of licensed and regulated Pennsylvania casinos.[14] Consequently, the question of Defendants' devices' legality is ripe for adjudication before the Supreme Court of Pennsylvania in both *Department of Revenue* and *In re: Three Pennsylvania Sill*.

Review of the central issue in this case also has a direct pathway to decision by the Supreme Court of Pennsylvania in *In re: Three Pennsylvania Skill*.[15] The Commonwealth's recent allocator petition in *In re: Three Pennsylvania Skill* presents yet another opportunity for Pennsylvania's highest court to rule on the core issue in this case: the illegality of Defendants' slot machines.[16]

In this case, the Defendants revisited the matter of their devices' illegality in their Motion for Reconsideration filed on July 11, 2023,[17] which this Court later denied and ordered "middle" ground document discovery to continue.[18] When Defendants still would not cooperate in document discovery, Parx Casino filed a Motion for Clarification and to Compel Compliance with the Court's May 5, 2023 Order ("Motion for Clarification and to Compel") on July 20, 2023, explaining that the Defendants refused to produce *any* documents on the basis of their "case

---

[12] Order, *Department of Revenue*, 418 MD 2018 (Pa. Commw. Ct. January 16, 2024) attached hereto as **Exhibit 6**.

[13] *Id.* at 3.

[14] *Id.* at 2.

[15] Miscellaneous Docket Sheet, *Department of Revenue*, 418 MD 2018 (Pa. Commw. Ct. 2023) (last accessed January 7, 2024) at 36, attached hereto as **Exhibit 5**.

[16] *See* note 1 *supra*.

[17] ECF Nos. 46 & 50.

[18] ECF No. 68.

theory" objection that no Pennsylvania state court has held that Defendants' devices were illegal.[19] On September 21, 2023, in this Court's Order on Defendants' Motion for Reconsideration and Parx Casino's Motion for Clarification and to Compel,[20] the Court granted Parx Casino's Motion for Clarification and to Compel in part and denied Defendants' Motion for Reconsideration in its entirety.[21] The September Order required the exchange of documents and explained "*[t]his Court takes no position at this time on any of the issues pending in the state courts.*"[22] Additionally, this Court made it explicitly clear that "*[e]ither party may advise the Court of other opinions issued by any Pennsylvania state court it contends are relevant to the issues pending in this case, by a one-sentence letter without argument.*"[23]

Despite this Court's September 21, 2023 Order requiring the exchange of documents and affirming again that it is abstaining from taking a position on state court litigation, Defendants still refused to produce documents on the basis of their "case theory" objection. Defendants again claimed that because no state court had determined that Defendants' devices were unlawful, they were under no obligation to produce documents. On October 16, 2023, Parx Casino filed a Motion to Overrule Improper Objections and Compel Production of Documents.[24] On November 6, 2023, this Court overruled Defendants' "case theory" objection and ordered "middle" ground document discovery to proceed.[25]

---

[19] ECF No. 48.

[20] ECF No. 48.

[21] ECF No. 68.

[22] ECF No. 68 at 2.

[23] *Id.* (emphasis added). At the time of the Court's September Order, the parties in *In re: Three Pennsylvania Skill* and *In re: Four Pennsylvania Skill* were in the midst of submitting their appellate briefing on the legality of the Defendants' devices.

[24] ECF No. 69.

[25] ECF No. 76.

Most recently, on November 30, 2023, Defendants filed a Motion for Judgment on the Pleadings, premised on the same *In re: Three Pennsylvania Skill* argument presented in this Motion.[26] The instant Motion to Stay is merely a tag-along motion, arguing the same theme. Defendants are merely attempting to relitigate yet again the "middle" ground approach to discovery adopted by this Court pending a decision by the Supreme Court of Pennsylvania. The Commonwealth Court's stayed decision in *In re: Three Pennsylvania Skill* is not grounds for a motion to stay discovery given this Court's prior rulings and the "middle ground" approach to discovery it adopted pending a decision by the Supreme Court of Pennsylvania. If anything, it is merely something the Defendants should have brought to the Court's attention in a "one-sentence letter without argument," as the Court previously ordered. The question of the legality of Defendants' devices has yet to be determined by the Supreme Court of Pennsylvania, and once more Parx Casino reiterates to the Court ***nothing has changed.***

### III.    LEGAL ARGUMENT

#### A.    Standard of Review

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001). The moving party on a motion to stay discovery carries the burden of demonstrating "good cause" for suspending the discovery process. Fed. R. Civ. P. 26(c). Further, "[m]otions to stay discovery are not favored because when discovery is delayed or

---

[26] ECF Nos. 80 & 81. As noted in Defendants' Motion, Parx Casino and Defendants filed a Joint Motion to Extend Response Deadline and to Stay Discovery, which the Court granted, staying discovery until January 9, 2024. (*See* ECF Nos. 82 & 84.) However, this Motion omits the rationale for this joint request. Specifically, as detailed in the Joint Motion, Parx Casino "wishe[d] to submit responses to the Motions [for Judgment on the Pleadings] after reviewing any petition for allowance of appeal that the Commonwealth may file in *In re Three*, which petition is due on January 2, 2024." (*See* ECF No. 82.) As stated above, the allocatur petition has since been filed. Parx Casino incorporated the petition into its Opposition to Defendants' Motion for Judgment on the Pleadings, and consequently the need for a stay has been rendered moot.

6

prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. CIV.A. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002); *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993) (same). Courts in this district have used a balancing test weighing four factors in deciding these types of motions. The factors are "(1) the scope of the pending motion; (2) the breadth of the nonparty discovery underway; (3) the harm and expense to which continued discovery would subject the movant or third parties; and (4) the harm that a delay in discovery would cause for the non-movant." *Perelman v. Perelman*, No. CIV.A. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) (citing *Weisman v. Mediq, Inc.*, Civ. A. No. 95–1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)).

The Defendants assume that they are entitled to a stay of discovery merely because they filed a motion for judgment on the pleadings. However, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Marrero v. MJ Ministries Spreading the Gospel, Inc.*, No. CV 21-5467, 2023 WL 173917, at *4 (E.D. Pa. Jan. 12, 2023) (internal quotations and citations omitted).

**B.   Defendants Have Not Met Their Burden of Demonstrating Good Cause and Consequently, Their Motion to Stay Must Be Denied**

Defendants concede that "good cause" must be shown to stay discovery. The "good cause" they put forward is that the scope of their Motion for Judgment on the Pleadings "poses a question of law challenging the merits of the Amended Complaint."[27] But Defendants overlook that this Court has thrice-dismissed their attempts to derail the progress of this case based on the same

---

[27] Motion at 4.

argument, choosing instead to allow document discovery to proceed under a "middle" ground approach pending a decision from the Pennsylvania Supreme Court.

Next, Defendants assert that the second factor, the breadth of the non-party discovery underway, is neutral, citing that no non-party discovery has commenced. However, it must be respectfully noted that the sole reason for the lack of progress in *any* discovery, despite this Court's explicit directives for discovery, is due to Defendants' persistent obstruction at every turn.

Defendants also assert that the continuation of discovery would inflict significant harm upon them. They claim that Parx Casino is "seeking, in effect, the entirety of the POM Defendants' business models, including information about proprietary software code, operational organization, employees, clients, income, and expansion plans" and that turning this information over to Parx Casino "risks the very existence of the POM Defendants' continuing operations."[28] Without getting into the merits or veracity of Defendants' allegation, Parx Casino understands the sensitive nature of the documents at issue and the potential exposure of competitive and proprietary information. This understanding underpinned Parx Casino's repeated requests for a protective order in this case, which was only entered following the Court ordering the parties to agree to such an order so that document discovery might proceed.[29] Fortunately, a protective order has since been filed.[30] Should the Defendants be concerned about the release of "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party" they have the option

---

[28] Motion at 4.

[29] ECF No. 72 at 2 ("Defendants' refusal to engage in meaningful discovery conversations is further evidenced by their evasion of commenting on the ESI Protocol and Protective Order Parx Casino drafted and proposed to initiate the document exchange process. *See* Parx Casino Motion to Overrule, ECF No. 69 at 5.").

[30] ECF No. 79.

to designate those documents as "Confidential" and, in certain circumstances, "Attorneys' Eyes Only."[31] In sum, there is no legitimate concern under this factor that weighs in favor of a stay.

Finally, Defendants assert that Parx Casino will not suffer any harm if discovery is stayed. But the harm that Parx Casino will face if discovery is stayed is the same harm that this Court explained when adopting its "middle" ground approach. From the bench at the hearing on Defendants' Motion to Dismiss, the Court explained its decision about document discovery proceeding:

> [T]he advantage of that, in my mind, and I've done this in other complex cases…is to not get into issues three or four years from now if I were to stay the case, or grant the Motion to Dismiss and the Third Circuit reversed me…[a]nd that gives the parties to know from each other's documents that they've received…and may allow each side to reassess the strength or weaknesses of their cases if you have this production of documents." [32]

The Court recognized that timely discovery is key to ensuring an informed legal progress. The postponement of discovery hinders its ability to effectively evaluate and adapt its legal strategy and as the Court explained assess "the strength and weaknesses." Given the undeniable complexity of this case, any delay in commencing discovery only compounds the harm to Parx Casino.

## IV.    CONCLUSION

For the foregoing reasons, the POM Defendants' Motion should be denied.

Dated: January 22, 2024                    Respectfully submitted,

                                           OBERMAYER  REBMANN  MAXWELL
                                           & HIPPEL LLP

                                           */s/ Gary Samms*
                                           Gary Samms, Esq.
                                           Richard Limburg, Esq.

---

[31] ECF No. 79 at 2, 4.

[32] *See Greenwood Gaming & Entertainment, Inc. v. POM of Pennsylvania, LLC et al.*, No. 2:22-cv-4434 (E.D. Pa. Apr. 12, 2023) (Transcript of Motion to Dismiss Hearing) at 18:16-19:22; *see also* ECF No. 35 at 8-9 (deciding to adopt a "middle" position as explained in the oral argument).

Gary.Samms@obermeyer.com
Richard.Limburg@obermeyer.com
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA, 19102

**BLANK ROME LLP**

 */s/ William R. Cruse*
William R. Cruse
Danielle C. Hudson
William.Cruse@blankrome.com
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Attorneys for Plaintiff, Greenwood Gaming & Entertainment, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

*/s/ Danielle C. Hudson*
DANIELLE C. HUDSON

Dated:  January 22, 2024