# EXHIBIT 6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM of Pennsylvania, LLC,        :
          Petitioner     :
       :
      v.          :
       :
Commonwealth of Pennsylvania,   :
Department of Revenue, and City   :
of Philadelphia,        :
       Respondents   :     No. 418 M.D. 2018

**PER CURIAM**           **ORDER**

NOW, January 16, 2024, upon consideration of the Commonwealth of Pennsylvania, Department of Revenue's (Department) "Application for Relief in the Nature of a Motion to Vacate Stay and Enter Judgment" (Application), which is opposed by POM of Pennsylvania, LLC (Petitioner), this Court issues the following Order:

Proceedings in this matter were stayed pending resolution of the related appellate matters of *In re: Three Pennsylvania Skill Amusement Devices, One Green Bank Bag Containing $525.00 in U.S. Currency, and Seven Receipts*, ___ A.3d ___ (Pa. Cmwlth., No. 707 C.D. 2023, filed November 30, 2023), and *In re: Four Pennsylvania Skill Amusement Devices and One Ticket Redemption Terminal Containing $18,692.00 in U.S. Currency* (Pa. Cmwlth., No. 761 C.D. 2023, filed November 14, 2023). This Court determined in *In re: Three Pennsylvania Skill Amusement Devices* that the POM Game is not prohibited under Section 5513(a) of the Crimes Code.[1]

---

[1] 18 Pa.C.S. §§101-7707.

The Commonwealth of Pennsylvania filed a petition for allowance of appeal of this Court's decision in *In re: Three Pennsylvania Skill Amusement Devices,* on January 2, 2024. The Commonwealth similarly filed a petition for allowance of appeal in *In re: Four Pennsylvania Skill Amusement Devices* but subsequently discontinued the matter.

As the question of whether the POM Game is unlawful under both the Crimes Code and the Race Horse Development and Gaming Act (Gaming Act)[2] has been fully litigated before this Court in 707 C.D. 2023 and this matter,[3] it is appropriate at this time to GRANT the Department's Application, LIFT the Stay entered on August 14, 2023, and DISMISS the Department's outstanding Counterclaim which asserts that the POM Game is unlawful under the Gaming Act.

Petitioner's March 29, 2023 "Application for Summary Relief in the Nature of a Request for the Court to Refuse to Enter Judgment Under 42 Pa.C.S. § 7537" is DISMISSED AS MOOT.

The outstanding Applications for Leave to Intervene filed by Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC and the Pennsylvania Gaming Control Board are DENIED for the same reasons set forth in this Court's Memorandum Opinion in *POM of Pennsylvania, LLC, Petitioner v. Pennsylvania State Police, Bureau of Liquor Control Enforcement, Respondent* (Pa. Cmwlth. No. 503 M.D. 2018, filed August 14, 2023).

---

[2] 4 Pa.C.S. §§ 1101-1904.

[3] *See POM of Pa., LLC v. Dep't of Revenue*, 221 A.3d 717, 734-735 (Pa. Cmwlth. 2019) (*en banc*) ("[W]e conclude that unlicensed slot machines and/or slot machines that **are not approved** by the Gaming Control Board, such as the POM Game, are not subject to the Gaming Act.")

As all outstanding matters in this case have now been resolved, the Prothonotary is directed to mark this matter CLOSED, so that any aggrieved party or entity denied intervenor status may seek review of this matter before the Pennsylvania Supreme Court.

Order Exit
01/16/2024