**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC., | : |
| | :   No. 2:22-cv-4434-MMB |
| | : |
| *Plaintiff,* | : |
| v. | : |
| | : |
| POM OF PENNSYLVANIA, LLC, | : |
| PACE-O-MATIC, INC., and | : |
| MIELE MANUFACTURING, INC., | : |
| | : |
| *Defendants.* | : |

## <u>ORDER</u>

AND NOW, this  __14th__  day of  March , 20__24__, upon notice from the parties that they mutually consent to present all discovery disputes (including disputes regarding Confidential or Attorneys' Eyes Only designations under the Confidentiality Order (Doc. 79)) in the first instance to a special master, and upon notice that the parties have mutually agreed to Hon. Joel Schneider (Ret.) as the special master, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A), it is hereby ORDERED that Joel Schneider is APPOINTED Special Discovery Master. It is further ORDERED as follows:

It is the Court's policy and expectation in regard to discovery motion practice that all parties and nonparties will act reasonably and attempt to resolve their differences amicably before seeking judicial intervention, which is costly and time consuming. *See* Local Rule 26.l(f); Fed.R.Civ.P. 26. The discovery process in this case is expected to create discovery issues and disputes between the parties.

It is the Court's view that the administration of the discovery process in this case will require intense and immediate supervision, direction, and coordination of the parties to resolve complex disputes. The Court finds that this process can best be administered by a Special Discovery Master in cooperation with the Court and the parties. It is the Court's view that many such disputes can be promptly resolved at the time and place of their occurrence if there is available a capable, competent, and dedicated neutral party in the person of a Special Discovery Master. The Court finds that the introduction of a Special Discovery Master, who will be in a position to promptly and informally consider the views of the parties and attempt to mediate them, will be an invaluable aid to the overall administration of the case.

Despite the best efforts of the parties and the mediation of the neutral Special Discovery Master, there may nevertheless be instances when a particular dispute necessitates a more formal presentation to the Court. If the Special Discovery Master is unable to succeed in resolving a particular dispute informally, the Special Discovery Master is authorized to render a written report and recommendation to the Court. This more formal second step will allow the participating parties and, if necessary, nonparties, to secure a written recommendation from the Special Discovery Master after a fair and full review of the participating parties' and nonparties' respective positions, with any party or nonparty thereafter having the right within 21 days to object to or move to modify such decision before the Court, which will promptly consider the matter *de novo* pursuant to Fed. R. Civ. P. 53.

To execute the duties of a special master, the Special Discovery Master shall be vested with all the powers described and contemplated under Fed. R. Civ. P. 53(c), (d), and (e), including but not limited to the right to:

1.     review and analyze all papers, affidavits and legal memoranda filed with the Court bearing upon discovery disputes including, but not limited to, disputes over (a) the scope of discovery, (b) discovery scheduling, timing and deadlines, and (c) claims of privilege;

2.     schedule, convene, preside over and otherwise conduct any meetings, hearings, conferences or proceedings deemed necessary to facilitate discovery or resolve disputes;

3.     prepare and file recommendations and other necessary reports, including reports at appropriate intervals on the progress of activities covered by this order, which may be filed under seal if deemed appropriate;

4.     pursuant to Fed. R. Civ. P. 53(b)(2)(B), the Special Discovery Master is authorized to conduct *in camera* review of documents for purposes of resolving any disputes regarding designations pursuant to the Confidentiality Order (Docket 79) or for purposes of making any determination about the attorney-client or other privileges or the work product doctrine. No other *ex parte* contact with the parties and nonparties may occur without either consent of the parties and nonparties or further order of the Court; and

5.     incur necessary expenses and costs at reasonable levels to permit the Special Discovery Master, or attorneys the Special Discovery Master

3

chooses to assist, to function fully in pursuance of the tasks covered by this reference.

The Special Discovery Master shall be copied on all correspondence and papers filed with the Court and the Special Discovery Master and any assistant(s) shall have access to all documents previously or hereafter filed under seal.

The Special Discovery Master shall be compensated by the parties, as discussed below, for services at the rate of $900 per hour, and for all costs related to the Special Discovery Master's duties, subject to Court approval. For the services of other attorneys in the Special Discovery Master's office, the parties shall compensate those individuals at a rate of no more than $475 per hour, depending on seniority. The parties may agree to discount the above rates under terms agreed upon between the Special Discovery Master and the parties.

At reasonable intervals, the Special Discovery Master shall submit to the Court, with copies thereof to the parties, an application for approval of counsel fees and costs associated with the Special Discovery Master's services and, in that respect, is authorized to incur only such fees and costs as may be reasonably necessary to fulfill his duties under this Order, or such other orders as the Court may issue from time to time hereafter. The Special Discovery Master's fees and costs will be allocated equally between the parties at one-quarter each unless the Special Discovery Master shall recommend to the Court, or a party make application to the Court, for a different allocation of some or all such fees and costs

for cause shown. The Special Discovery Master shall have discretion to recommend any allocation, other than as set forth above, to be assessed against one or more parties or nonparties due to the particular circumstances of a dispute. The Special Discovery Master shall make a recommendation for such an allocation to the Court along with a brief explanation of the reasons for the allocation recommended. Counsel will have seven calendar days to file an objection to the fee application and/or allocation. To the extent the Court approves the Special Discovery Master's application for fees and costs, the Court will notify counsel for the parties and any affected nonparties of the approved amount and allocation of fees and costs. The Special Discovery Master is authorized to bill the parties monthly, and the parties are authorized to pay such invoices to take advantage of the agreed discount, pending the Court's approval thereof, and adjustments will be made in conformity with any change or modifications to such invoices ordered by the Court.

In those instances where a ruling made by the Special Discovery Master is accepted by the participating parties, the Special Discovery Master shall confirm the same by letter to the parties (but not to the Court), if a party requests such a written confirmation. All rulings made by the Special Discovery Master on disputes that are not accepted by any affected party or nonparty shall be prepared by the Special Discovery Master as a "Report and Recommendation" sequentially numbered beginning with the first such determination and recommendation. It shall be served upon all parties (and participating non-parties, if applicable) and the Court.

Any affected party or nonparty may file objections to or a motion to modify the Special Discovery Master's Recommendation within 21 days from the date the Recommendation is filed with the Court, to appeal in the form of a motion with the Court, and attach a copy of the Recommendation thereto. The objections or motion should set forth the relief requested. If no objections or motions to modify are filed with the Clerk within the 21-day period, the Recommendation will be deemed to be accepted by all parties and affected nonparties, and the Court will enter an order accordingly.

The Court has considered the Affidavit of the Special Discovery Master, supplied pursuant to Fed. R. Civ. P. 53(b)(3) (attached hereto), and believes that the Special Discovery Master possesses the requisite skills, experience, and knowledge and other attributes that will be necessary to serve in the capacity as Special Discovery Master for this action.

BY THE COURT:

/s/ Michael M. Baylson
Hon. Michael M. Baylson

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREENWOOD GAMING & ENTERTAINMENT, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>POM OF PENNSYLVANIA, LLC, PACE-O-MATIC, INC., and MIELE MANUFACTURING, INC.,<br><br>*Defendants.* | No. 2:22-cv-4434-MMB |

**AFFIDAVIT IN CONNECTION WITH
APPOINTMENT AS SPECIAL DISCOVERY MASTER**

I, Judge Joel Schneider (Ret.), hereby depose and say that:

1.    I am employed as Of Counsel to the law firm of Montgomery, McCracken, Walker & Rhoads, LLP.

2.    I was admitted to the PA Bar in 1980 and the NJ Bar in 1985. From 1980-2006 I practiced civil litigation in PA and NJ. From November 1, 2006 to January 15, 2021 I served as a U.S. Magistrate Judge in the District of NJ, Camden Vicinage, where I managed thousands of civil cases and routinely resolved discovery disputes. Following retirement from the Bench from February 1, 2024 to the present I have been Of Counsel to Montgomery, McCracken where I do mediations, arbitrations, and serve as a Special Master. I am presently serving as a Court-appointed Special Master in several matters including the PA Opioid Litigation and the Johnson & Johnson Talc/Baby Powder MDL.

3.    I submit this Affidavit in accordance with the requirements of Federal Rule of Civil Procedure 53(b)(3)(A) in connection with my appointment as Special Discovery Master in the above captioned litigation.

6479968v1

-2-

4.      Pursuant to Rules 53(a)(2) and 53(b)(3)(A), I state that I do not have a relationship with the parties, attorneys, action or court requiring disqualification under 28 U.S.C. §455.

By: _____
        Judge Joel Schneider (Ret.)

STATE OF NEW JERSEY    :

                                          :        SS.

COUNTY OF ATLANTIC    :


Sworn and subscribed to me this ___9___ day of March, 2024.


By: _____

_____
Notary Public

My commission expires: _7/12/2028_

THERESA BANCHERI
Notary Public, State of New Jersey
Comm. # 50211400
My Commission Expires 7/12/2028

-2-

6479968v1